JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Melinda Mehigan and Fonda Kubiak

## DEFENDANTS
Ascena Retail Group, Inc. and Tween Brands, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Franklin County, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William Pietragallo and Kevin Raphael, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, 1818 Market St., Suite 3402, Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Consumer class action for false advertising

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Over $5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
02/12/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| Melinda Mehigan, Fonda Kubiak, Esq., and others similarly situated, | : | |
| | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION |
| | : | NO. |
| v. | : | |
| Ascena Retail Group, Inc. and Tween Brands, Inc., d/b/a Justice Stores | : | |
| | : | |
| Defendants | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.    (See § 1:03 of the plan set forth on the reverse side of this form.)    In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus — Cases brought under 28 U.S.C. § 2241 through § 2255.                                      (    )

(b)   Social Security — Cases requesting review of a decision of the Secretary of Health
        and Human Services denying plaintiff Social Security Benefits.                                                    (    )

(c)   Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.              (    )

(d)   Asbestos — Cases involving claims for personal injury or property damage from
        exposure to asbestos.                                                                                                                   (    )

(e)   Special Management — Cases that do not fall into tracks (a) through (d) that are
        commonly referred to as complex and that need special or intense management by
        the court.    (See reverse side of this form for a detailed explanation of special
        management cases.)                                                                                                                     ( X  )

(f)    Standard Management — Cases that do not fall into any one of the other tracks.                          (    )

Date   2/12/15                    Attorney-at-law: _____

                                                          Kevin E. Raphael

Attorney for:   Melinda Mehigan, Fonda Kubiak, Esq., and others similarly situated

Telephone:   215-988-1442      FAX Number: 215-754-5172      E-Mail Address:   KER@Pietragallo.com

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   1818 Market St., Suite 3402, Philadelphia, PA 19103

Address of Defendant:   200 Heritage Drive, Pataskala, OH 43062

Place of Accident, Incident or Transaction:   Walden Galleria, Cheektowaga, New York 14225

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☒    No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☒    No ☐

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____

Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL: (Place __ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases
(Please specify)   Consumer Class-Action

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____ Kevin E. Raphael _____, counsel of record do hereby

certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: __2/12/15__          _____          ___72673___
                              Attorney-at-Law                Attorney I.D.#

NOTE:   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/12/15__          _____          ___72673___
                              Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   1818 Market St., Suite 3402, Philadelphia, PA 19103

Address of Defendant:   200 Heritage Drive, Pataskala, OH 43062

Place of Accident, Incident or Transaction:   Walden Galleria, Cheektowaga, New York 14225

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☒   No☐

Does this case involve multidistrict litigation possibilities?     Yes☒   No☐

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____
Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ___ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1.  ☐  Indemnity Contract, Marine Contract, and All Other Contracts
2.  ☐  FELA
3.  ☐  Jones Act-Personal Injury
4.  ☐  Antitrust
5.  ☐  Patent
6.  ☐  Labor-Management Relations
7.  ☐  Civil Rights
8.  ☐  Habeas Corpus
9.  ☐  Securities Act(s) Cases
10. ☐  Social Security Review Cases
11. ☐  All other Federal Question Cases
          (Please specify) _____

B.  *Diversity Jurisdiction Cases:*
1.  ☐  Insurance Contract and Other Contracts
2.  ☐  Airplane Personal Injury
3.  ☐  Assault, Defamation
4.  ☐  Marine Personal Injury
5.  ☐  Motor Vehicle Personal Injury
6.  ☐  Other Personal Injury (Please specify)
7.  ☐  Products Liability
8.  ☐  Products Liability — Asbestos
9.  ☒  All other Diversity Cases
(Please specify)   Consumer Class-Action

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____ Kevin E. Raphael _____, counsel of record do hereby

certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of

$150,000.00 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: ____2/12/15_____          _____          ____72673_____
                                                    Attorney-at-Law                                      Attorney I.D.#

NOTE:   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court

except as noted above.

DATE: ____2/12/15_____          _____          ____72673_____
                                                    Attorney-at-Law                                      Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melinda Mehigan, Fonda Kubiak, Esq., and others similarly situated,    : | |
| : | |
| : | |
| Plaintiffs,    : | COMPLAINT – CLASS ACTION |
| : | |
| v.    : | JURY TRIAL REQUESTD |
| : | |
| Ascena Retail Group, Inc., d/b/a Justice Stores    : | |
| c/o CSC-Lawyers Incorporating Service : | CIVIL ACTION |
| (Corporation Service Company) : | |
| 50 W. Broad St. Suite 1800    : | No. _____ |
| Columbus, OH 43215    : | |
| : | |
| and    : | |
| : | |
| Tween Brands, Inc., d/b/a Justice Stores    : | |
| c/o CT Corporation System : | |
| 1300 East Ninth Street : | |
| Cleveland, OH 44114    : | |
| : | |
| Defendants.    : | |

## <u>COMPLAINT – CLASS ACTION</u>

Plaintiffs Melinda Mehigan on behalf of herself and other New Jersey residents similarly

situated, and Fonda Kubiak, Esq., on behalf of herself and other New York residents similarly

situated ("Plaintiffs"), by and through their attorneys, Pietragallo Gordon Alfano Bosick &

Raspanti, LLP, Mansour Gavin, LPA, and Robert Mansour, Esquire, for their Class Action

Complaint against Defendants Ascena Retail Group, Inc., and Tween Brands, Inc., d/b/a Justice

Stores ("Defendants"), allege as follows:

### NATURE OF ACTION

1.      Plaintiffs bring this action against Defendants for engaging in a systematic

scheme of advertising product discounts which are actually the everyday price of the item, in

violation of the statutory and common laws of New Jersey and New York. Defendants sell children's apparel, fashion accessories, and other items (the "products"), which are available to purchase at any of Defendants' stores across the country.

2.      The consumer protection laws of these states prohibit deceptive advertising, including advertising discounts and price advantages which do not exist.

3.      In violation of the laws of New Jersey and New York, Defendants advertised significant "discounts" on products which never ended and continued, week in and week out. The result is that the prices for these products were always the same and were never actually discounted.

4.      Defendants' illicit advertising practices began at least as early as February 2009 and have continued into 2015 ("Class Period").

5.      By advertising discounts without actually providing a discount to their customers, Defendants were violating the consumer protection laws and the common law of these states. Plaintiffs are bringing this lawsuit against Defendants for violation of these consumer protection laws, as well as for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express warranty, and unjust enrichment to stop this unlawful practice and recover for customers the overcharges which they paid, and obtain for the customers the actual discounts they were entitled to receive but did not.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The Plaintiffs and Defendants are citizens of different states and the matter in controversy exceeds the sum of $5,000,000.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because, at all times relevant to the Complaint, Defendants transacted business, were found, or acted through agents present in this district.

8.      This Court has *in personam* jurisdiction over the Defendants because, *inter alia*, the Defendants: (a) transacted business in this district; (b) maintained continuous and systematic contacts with this district prior to and during the Class Period; and (c) purposefully availed themselves of the benefits of doing business in this district. Accordingly, the Defendants maintain minimum contacts with this district which are more than sufficient to subject it to service of process and to comply with due process of law.

PARTIES

9.      Plaintiff Melinda Mehigan is an individual and resident of New Jersey. During the relevant time period, Plaintiff shopped at Defendants' stores in New Jersey and suffered an ascertainable loss and/or monetary damages as a result of Defendants' illegal conduct alleged herein. For instance, Ms. Mehigan spent $120.00 at a New Jersey Justice store on November 23, 2014 and a $187.23 on December 15, 2014.

10.      Plaintiff Fonda Kubiak, Esq., is an individual and a resident of New York. During the relevant time period, Plaintiff shopped at Defendants' stores in New York and suffered an ascertainable loss and/or monetary damages as a result of Defendants' illegal conduct alleged herein. For instance, Ms. Kubiak spent $125.00 at a New York Justice store on December 19, 2013.

11.      Defendant Ascena Retail Group, Inc. is a corporation organized under the laws of Delaware and headquartered in New Albany, OH.

12.     Defendant Tween Brands, Inc. is a corporation organized under the laws of Delaware and headquartered in New Albany, OH.

13.     Defendants own and operate over 900 Justices stores across the United States, at which Defendants sell consumer products, including children's clothing, fashion apparel, and more.

## FACTUAL ALLEGATIONS

14.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

15.     Defendants posted signs and notices, both in store and out of store, advertising "40% off entire store."  This alleged discount was not for a limited period but continued persistently.

16.     Defendants likewise sent postcards and/or catalogues to customers advertising "40% off entire store."

17.     Defendants likewise advertised on their website that in-store shoppers would receive discounts of "40% off entire store." This advertisement, prominently placed as a top-billed banner on the front page of www.shopjustice.com, specifically stated "in stores: no coupon necessary." In the same matter as all their other marketing, the alleged price advantage was *permanent*.

18.     The prices Defendants represented as "40% off" were actually the regular prices.

19.     Defendants utilized these in-store signs and in-and-out-of-store advertisements for the purpose of attracting customers to Defendants' stores with the promise of a discount which never existed.

20.     On their purchase receipts, Defendants listed the regular price, which was the purported regular full price of the product, a discount or savings amount, and then the sales price

4

after the purported discount.  The receipt listed the alleged savings the Defendants purport to give the customer.  Purchase receipts clearly represented that the customer was receiving the benefit of a 40% sale.

21.     Defendants' purported "discounts" as described above did not exist. Defendants *always* sold their products at the "discounted" price. As such, Defendants' allegedly reduced price was, in fact, Defendants' *regular* price.

22.     Occasionally, Defendants would advertise and offer discounts above and beyond the alleged 40% off (e.g. 40% + 20% off).  But the baseline sale price had continuously been the 40% off and, upon information and belief, at all times relevant, Defendants advertised all of the products in all of their stores to be "discounted" at least 40% off.

23.     These deceptive advertising practices were kept secret.  As a result, Plaintiffs and Class members were unaware of Defendants' unlawful conduct alleged herein and did not know they were actually paying the everyday prices for Defendants' products, rather than the purported discount price, throughout the Class Period.  Defendants affirmatively and fraudulently concealed their unlawful conduct.

24.     Plaintiffs and Class members did not discover, nor could they have discovered through reasonable diligence, that Defendants were violating the law until shortly before this litigation was initially commenced, because Defendants used methods to avoid detection and to conceal their violations.

25.     Defendants did not tell Plaintiffs or Class members that they were engaged in the deceptive advertising practices alleged herein.  By its very nature, Defendants' unlawful advertising practices were self-concealing.

### PLAINTIFFS' PURCHASES

26.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

27.     During the relevant time period, Plaintiffs contracted with Defendants to purchase products from Defendants that Defendants had represented, through their signs and other advertising, both in store and out, to be 40% off.

28.     On the receipt for Plaintiffs' purchases, Defendants listed the purported regular full price of the product; a Purchase Price, which is the price after the application of the purported discount; and a Discount or savings amount.  Plaintiffs' purchase receipts also stated the purported savings the Defendants provided to the Plaintiffs, and clearly represented that Plaintiffs had received the benefit of a 40% sale.

29.     Defendants' representations in their in-store and out-of-store advertising – that Plaintiffs would receive a discount price advantage – were false.  The products Plaintiffs purchased were not discounted by 40% and Plaintiffs did not receive this advertised price advantage.

### CLASS ACTION ALLEGATIONS

30.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

31.     Plaintiffs also bring this action on behalf of themselves and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, seeking damages and injunctive relief pursuant to state consumer protection statutes and state law on behalf of the following class ("the Class"):

All persons who were residents of New Jersey or New York during the Class Period, and, who, during the Class Period, purchased any product(s) from Defendants in New Jersey or New York during any day that Defendants advertised a discount of "40% off entire store," or other similar discount language. Excluded from the Class are Defendants, their officers, employees, agents, and representatives.

32. Plaintiffs reserve the right to amend the Class definition prior to certification.

33. Plaintiffs do not know the exact size of the Class. However, Plaintiffs believe that there are at least tens of thousands of individuals in the Class. Given Defendants' size and the systematic nature of their failure to comply with the applicable state laws, the members of the Class are so numerous that joinder of all members is impractical.

34. Class members are identifiable from information and records in their possession and in the possession of Defendants.

35. Plaintiffs' claims are typical of the claims of other members of the Class, and Plaintiff will fairly and adequately protect the interest of the Class. Plaintiffs' interests are coincident with, and not antagonistic to, those of the members of the Class. Plaintiffs have retained competent counsel experienced in the prosecution of class action litigation.

36. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. These common questions include but are not limited to:

    a. Whether Defendants deceptively advertised as "discount" prices what were in fact everyday prices.

    b. The length of time Defendants were engaged in these advertising practices.

    c. Whether these practices violated the consumer protection laws of New Jersey and New York.

    d. Whether these practices constituted a breach of contract.

e.      Whether these practices constituted a breach of the implied covenant of good faith and fair dealing.

f.      Whether these practices constituted a breach of an express warranty.

g.      Whether Defendants were unjustly enriched.

h.      The nature and extent of class-wide injury and the measure of damages for the injury.

37.      Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38.      Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

39.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members are not great enough to enable them to maintain separate suits against Defendants.

40.      Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

**FIRST CLAIM FOR RELIEF**
**Violation of New Jersey and New York Consumer Protection Statutes**

41.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

42.     This count is brought pursuant to the respective consumer protection statutes of New Jersey and New York. At all relevant times hereto, including at all times during the transactions between Plaintiffs and Defendants, and the consumer transactions between the putative class members and Defendants, Defendants' advertising practices were subject to these statutes.

43.     In connection with the consumer transactions alleged herein, including the consumer transactions between Plaintiffs and Defendants, and the consumer transactions between the putative class members and Defendants, Defendants' representations, acts, and/or practices regarding purported sale pricing were unfair and deceptive, to wit:

   a.     Through the language stated above, and similar language, Defendants advertised, both in store and out, a sales price and compared such price to an alleged regular price; however that prior price was never the price of the product and, therefore, was never the "regular" price of the product.

   b.     On their purchaser receipts, Defendants indicated to the purchaser a savings amount that was the alleged difference between Defendants' alleged regular price and their stated sale price. However, since the alleged regular price is not and was never the price at which the good is or was regularly sold, Defendants' representation of a savings is false.

   c.     Defendants charged what amounts to the full price of these products rather than the purported discount that Defendants advertised.

44.     For the products within the class definitions, it appears that Defendants NEVER sold these products at the regular prices.

45.     Defendants' deceptive representations of a discounted sales price impacted the consumer transaction between Plaintiffs and Defendants, and the putative class members and Defendants, in that the deceptive representations: 1) deceived Plaintiffs and the putative class members into believing that they were receiving the ubiquitously advertised "40% off of everything in the store" discount when they made their purchases during the Class Period; and 2) caused Plaintiffs and the putative class members to reasonably make purchases with the understanding that they would be receiving Defendants' ubiquitously advertised "40% off of everything in the store" discount when they made their purchases during the Class Period.

46.     Plaintiffs and every putative class member who purchased a product from Defendants during the Class Period suffered injury or monetary damages as they did not receive the store-wide advertised 40% discount on their purchases.

47.     Defendants' deceptive advertising practices violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and related administrative regulations.

48.     Defendants' deceptive advertising practices violated New York General Business Law §§ 349 and 350 as well as related administrative regulations.

49.     Plaintiffs and members of the Class have been injured as a result of Defendants' unlawful advertising practices.  Plaintiffs and members of the Class have paid full price for what were advertised as discounted products.  These injuries are of the type the laws of the above states were designed to prevent and flow from that which makes Defendants' conduct unlawful.

50.     In addition, Defendants have profited significantly from their illicit advertising practices.  Defendants' profits derived from these practices come at the expense and to the detriment of the Plaintiffs and members of the Class.

51.     As a direct and proximate result of Defendants' violations, Plaintiffs and the putative class members have been injured in an amount to be established at trial.

52.     Accordingly, Plaintiffs and the members of the Class in each of the above jurisdictions seek damages (including statutory damages where applicable), to be treble or otherwise increased as permitted by the respective jurisdiction's applicable law, and costs of suit, including reasonable attorney's fees, to the extent permitted by the respective state laws.

**SECOND CLAIM FOR RELIEF**
**Breach of Contract**

53.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

54.     Plaintiffs and the putative class members entered into a contract with Defendants.

55.     The contract provided that Plaintiffs and the putative class members would pay Defendants for their products.

56.     The contract further provided that Defendants would provide Plaintiffs and the putative class members a discount on the price of their purchases.  A specific term of the contract is that the customer is receiving a discount. That term was material and it was breached. Plaintiffs and the putative class members paid Defendants for these products, and satisfied all other conditions, or same were waived.

57.     Defendants breached the contract by failing to comply with the material term of providing a discount, and instead charging Plaintiffs and the putative class members what was actually the full price of these products purchased by the Plaintiffs and the putative class members.

58.     As a direct and proximate result of Defendants' breach, Plaintiffs and the putative class members have been injured in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF
**Breach of Contract Under the Implied Covenant of Good Faith and Fair Dealing**

59.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

60.     In breaching their contract with customers by failing to comply with the material term of providing a discount, Defendants also breached the implied covenant of good faith and fair dealing.

61.     As a direct result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs and the putative class members have been injured in an amount to be established at trial.

### FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**

62.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

63.     Plaintiffs, and each member of the putative class, formed a contract with Defendants at the time they purchased a product for the sale of goods. The terms of that contract include the promises and affirmations of fact made by Defendants through their marketing campaign, as alleged above, including, but not limited to, representing that the product was being discounted.

64.     This product advertising constitutes express warranties, became part of the basis of the bargain, and is part of the contract between Plaintiffs and the putative members of the class on the one hand, and Defendants on the other.

65.     The affirmations of fact made by Defendants were made to induce Plaintiffs and members of the purported class to purchase the products.

66.     Defendants intended Plaintiffs and the putative class members to rely on those representations in making their purchase, and they did so.

67.     All conditions precedent to Defendants' liability under the warranty have been performed by Plaintiffs and the putative class members or have been waived.

68.     Defendants breached the terms of the express warranty because the products did not conform to the description provided by Defendants, to wit: that the products were being sold at a discounted price, when they were not.

69.     As a direct and proximate result of Defendants' breach, Plaintiffs and the putative class members have been injured in an amount to be established at trial.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

70.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

71.     This claim is asserted in the alternative to a finding of breach of contract. This claim asserts that it is unjust to allow Defendants to retain profits from their deceptive, misleading, and unlawful conduct alleged herein.

72.     Defendants charged Plaintiffs and the putative class members for their products.

73.     Defendants represented that these products were discounted.

74.     As detailed above, the products were not discounted.

75.     Because the products were advertised as being discounted when they were not, Defendants collected more than if the products had been discounted as promised.

76.     As a result of these actions, Defendants received benefits under circumstances where it would be unjust to retain these benefits.

77.     Defendants have knowledge or an appreciation of the benefit conferred upon it by Plaintiffs and the putative class members.

78.      Defendants have been unjustly enriched.

79.     Plaintiffs and the putative class members are entitled to restitution and/or disgorgement of all profits, benefits, and other compensation obtained and retained by the Defendants from their deceptive, misleading, and unlawful conduct.

## PRAYER FOR RELIEF

Accordingly, Plaintiffs respectfully request that:

A.      The Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to each and every member of the Class, that Plaintiffs be appointed as Class representatives, and that Plaintiffs' counsel be appointed Interim Lead Counsel for the Class.

B.      That the unlawful conduct alleged herein be adjudged and decreed in violation of the state laws cited above.

C.      Plaintiffs and the members of the Class recover damages, to the maximum extent allowed under such laws, and that a joint and several judgment in favor of Plaintiff and the members of the Class be entered against Defendants in an amount to be trebled to the extent such laws permit;

D.      Plaintiffs and the members of the Class recover damages, to the maximum extent allowed by such laws, in the form of restitution and/or disgorgement of profits

unlawfully gained from them.

E.      Plaintiffs and the members of the Class be awarded restitution, including disgorgement of profits Defendants obtained as a result of their unlawful advertising practices.

F.      Plaintiffs and the members of the Class be awarded interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint.

G.      Plaintiffs and the members of the Class recover their costs of suit, including reasonable attorney's fees, as provided by law.

H.      Plaintiffs and members of the Class have such other and further relief as the case may require and the Court may deem just and proper.

Respectfully submitted,


PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP


By:

WILLIAM PIETRAGALLO II, ESQ.
KEVIN E. RAPHAEL, ESQ.
I.D. Nos. 16413 and 72673
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 320-6200


MANSOUR GAVIN LPA
ANTHONY COYNE, ESQ.
BRENDON P. FRIESEN, ESQ.
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500

*Seeking Pro Hac Admission*

ROBERT MANSOUR, ESQ.
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio  44122
(216) 514-3127
Rmansour@competitivetitle.com

*Seeking Pro Hac Admission*


*Attorneys for Plaintiffs*

Date: February 12, 2015

2889988v1

16