## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Rougvie, et al., | : |
|     Plaintiffs, | :    COMPLAINT - CLASS ACTION |
| | : |
|     v. | :    JURY TRIAL REQUESTED |
| | : |
| Ascena Retail Group, Inc.,et al., | :    CIV. NO. 2:15-cv-00724-MAK |
|     Defendants. | : |
| | : |

### THIRD AMENDED COMPLAINT – CLASS ACTION

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton ("Plaintiffs"), by and through their attorneys, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin, LPA, Edward J. Westlow, Esquire, and Robert Mansour, Esquire, for their Third Amended Class Action Complaint against Defendants Ascena Retail Group, Inc., and Tween Brands, Inc., d/b/a Justice Stores ("Defendants"), allege as follows:

### NATURE OF ACTION

1.       Plaintiffs bring this nationwide action against Defendants for engaging in a systematic scheme of advertising product discounts which are actually the everyday prices of the items, in violation of the common law and Consumer Protection Laws of numerous states. Defendants sell children's apparel, fashion accessories, and other items (the "products"), that are available to be purchased online or in any of Defendants' "Justice" brand stores across the country.

2.      State Consumer Protection Laws and common law prohibit deceptive advertising, including advertising discounts and price advantages which do not exist.

3.      In violation of the Consumer Protection Laws, Defendants advertised significant "discounts" on products that never ended and continued, week in and week out, so that the prices for those products were always the same and were never actually discounted.

4.      These advertising practices began on approximately January 1, 2012 and continued until approximately February 28, 2015 (the "Relevant Period").

5.      By advertising discounts that were not actually provided to their customers, Defendants violated the Consumer Protection Laws as well as the common law.

6.      Plaintiffs are bringing this lawsuit against Defendants to stop this unlawful practice;  recover for customers the overcharges which they paid; and obtain for the customers the actual discounts they were entitled to receive but did not.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum of $5,000,000.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because, at all times relevant to the Complaint, Defendants transacted business, were found, or acted through agents present in this district.

9.      This Court has *in personam* jurisdiction over the Defendants because, *inter alia*, the Defendants: (a) transacted business in this district; (b) maintained continuous and systematic contacts with this district prior to and during the Relevant Period; and (c) purposefully availed themselves of the benefits of doing business in this district.  Accordingly, the Defendants

maintain minimum contacts with this district which are more than sufficient to subject it to service of process and to comply with due process of law.

## PARTIES

10.     Plaintiff Carol Rougvie is an individual and a resident of California.  During the Relevant Period, Plaintiff shopped at Defendants' stores in California and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

11.     Plaintiff Marguerite Sinkler Gilder is an individual and a resident of Florida. During the Relevant Period, Plaintiff shopped at Defendants' stores in Florida and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

12.     Plaintiff Caroline Mansour is an individual and a resident of Illinois.  During the Relevant Period, Plaintiff shopped at Defendants' stores in Illinois and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

13.     Plaintiff Melinda Mehigan is an individual and resident of New Jersey.  During the Relevant Period, Plaintiff shopped at Defendants' stores in New Jersey and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.  For example, Ms. Mehigan spent $120.00 on November 23, 2014 and $187.23 on December 15, 2014 in a Justice store located in New Jersey.

14.     Plaintiff Fonda Kubiak is an individual and a resident of New York.  During the Relevant Period, Plaintiff shopped at Defendants' stores in New York and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged

herein.  For example, on December 19, 2013, Ms. Kubiak spent $125.00 at the Justice store in the Walden Galleria in Cheektowaga, New York.

15.      Plaintiff Carol Cowhey is an individual and a resident of Pennsylvania.  During the Relevant Period, Plaintiff shopped at Defendants' stores in Pennsylvania and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

16.      Plaintiff Kara Bell is an individual and a resident of Georgia, Texas.  During the Relevant Period, Plaintiff shopped at Defendants' stores in Texas and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

17.      Plaintiff Tiffany Bolton is an individual and a resident of Waco, Texas.  During the Relevant Period, Plaintiff shopped at Defendants' stores in Texas and suffered an ascertainable loss and/or monetary damages as a result of Defendants' unlawful conduct alleged herein.

18.      Defendant Ascena Retail Group, Inc. is a corporation organized under the laws of Delaware and headquartered in New Albany, OH.

19.      Defendant Tween Brands, Inc. is a corporation organized under the laws of Delaware and headquartered in New Albany, OH.

20.      Defendants own and operate over 900 Justices stores across the United States, in which Defendants sell consumer products, including children's clothing, fashion apparel, and other merchandise.  Defendants have a regular commercial presence throughout the United States.

21.      Defendants operate Justice stores in the following states: Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan,

Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.   Defendants also sell merchandise via the Justice website and mail-order catalog, both of which ship to all fifty states, including Alaska and Hawaii, as well as the District of Columbia.

## FACTUAL ALLEGATIONS

22.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

23.     Defendants posted signs and notices, both in store and out of store, advertising "40% off entire store."   This alleged discount was not for a limited period but continued persistently.

24.     Defendants sent postcards and/or catalogues to customers advertising "40% off entire store."

25.     Defendants advertised on their website that in-store shoppers would receive discounts of "40% off entire store." This advertisement, prominently placed as a top-billed banner on the front page of www.shopjustice.com, specifically stated "in stores: no coupon necessary."

26.     The prices that Defendants represented as "40% off" were actually the regular prices.

27.     Defendants utilized these in-store signs and in- and out-of-store advertisements for the purpose of attracting customers to Defendants' stores with the promise of discounts that never existed.

28.     On each of their purchase receipts, Defendants listed the regular price, (which was the purported regular full price of the product), a discount or savings amount, and then the sales price after the purported discount.   These receipts listed the alleged savings that the Defendants purported to give their customers.   Purchase receipts clearly represented that the customers were receiving the benefit of a 40% sale.

29.     Defendants' purported "discounts" as described above did not exist. Defendants *always* sold their products at the "discounted" price. As such, Defendants' allegedly reduced price was, in fact, Defendants' *regular* price.

30.     Occasionally, Defendants would advertise and offer discounts above and beyond the alleged 40% off (e.g. 40% + 20% off).   However, during the entire Relevant Period, the baseline sale price was continuously the 40% off "discounted" price.

31.     Upon information and belief, at all times during the Relevant Period, Defendants advertised all of the products in all of their stores to be "discounted" at least 40% off.

32.     These deceptive advertising practices were kept secret.   As a result, Plaintiffs and other Justice customers were unaware of Defendants' unlawful conduct alleged herein and did not know they were actually paying the everyday prices for Defendants' products, rather than the purported discount price.

33.     Throughout the Relevant Period, Defendants affirmatively and fraudulently concealed their unlawful conduct.

34.     Plaintiffs and class members did not discover, nor could they have discovered through reasonable diligence, that Defendants were violating the law until shortly before this litigation was initially commenced, because Defendants used methods to avoid detection and to conceal their violations.

35.     Defendants did not tell Plaintiffs or Justice customers that they were engaged in the deceptive advertising practices alleged herein.  By its very nature, Defendants' unlawful advertising practices were self-concealing.

## PLAINTIFFS' PURCHASES

36.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

37.     During the relevant time period, Plaintiffs contracted with Defendants to purchase products from Defendants that Defendants had represented, through their signs and other advertising, both in store and out, to be 40% off.

38.     On each of the receipts for Plaintiffs' purchases, Defendants listed the purported regular full price of the product; a Purchase Price, which is the price after the application of the purported discount; and a Discount or savings amount.  Plaintiffs' purchase receipts also stated the purported savings the Defendants provided to the Plaintiffs, and clearly represented that Plaintiffs had received the benefit of a 40% off sale.

39.     Defendants' representations in their in-store and out-of-store advertising – that Plaintiffs would receive a 40% discount price advantage – were false.  The products Plaintiffs purchased were not discounted by 40% and Plaintiffs did not receive this advertised price advantage.

## CLASS ACTION ALLEGATIONS

40.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

41.     Plaintiffs bring this action on behalf of themselves and also as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, seeking damages pursuant to state consumer protection statutes and state law on behalf of the following class (the "class"):

> All individuals throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015.

Excluded from the class are (1) all present and former directors, officers, and management employees of Defendant, (2) any customers of Defendant who filed a lawsuit involving any of the claims asserted herein, (3) employees of Plaintiff's Class Counsel in the case, (4) any judge assigned to this case and their staff, Defendant's counsel of record and their immediate families, (5) any person who is within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty, OH) (unless they also made purchases outside the time frame encompassed by the *Perez* settlement), and (6) all persons who make a timely and proper election to be excluded from the class.

42.     The class is comprised of more than 18,000,000 members. The members of the Class are so numerous that joinder of all members is impractical.

43.     Class members are identifiable from information and records in their possession and in the possession of Defendants.

44.     Plaintiffs' claims are typical of the claims of other members of the Class, and Plaintiff will fairly and adequately protect the interests of other members of the Class. Plaintiffs' interests are coincident with, and not antagonistic to, other members of the Class. Plaintiffs have retained competent counsel experienced in the prosecution of class action litigation.

45.     Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual class members.   These common questions include but are not limited to:

a.     Whether Defendants deceptively advertised as "discount" prices what were in fact everyday prices.

b.     The length of time Defendants were engaged in these advertising practices.

c.     Whether these practices violated state consumer protection laws.

d.     Whether these practices constituted a breach of contract.

e.     Whether these practices constituted a breach of the implied covenant of good faith and fair dealing.

f.     Whether these practices constituted a breach of an express warranty.

g.     Whether Defendants were unjustly enriched.

h.     The nature and extent of class-wide injury and the measure of damages for the injury.

46.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.   Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.   No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

47.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the class members are not great enough to enable them to maintain separate suits against Defendants.

49.     Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and other members of the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

**FIRST CLAIM FOR RELIEF**
**Violation of State Consumer Protection Statutes**
**(Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Utah, Vermont, Virginia,  Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia)**

50.     Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

51.     This count is brought pursuant to the respective consumer protection statutes of Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Utah, Vermont, Virginia,  Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia. At all relevant times hereto, including at all times during the transactions between Plaintiffs and Defendants, and the consumer transactions between other

members of the Class and Defendants, Defendants' advertising practices were subject to these statutes.

52.     In connection with the consumer transactions alleged herein, including the consumer transaction between Plaintiffs and Defendants, and the consumer transactions between members of the Class and Defendants, Defendants' representations, acts, and/or practices regarding purported sale pricing were unfair and deceptive, to wit:

a.     Through the language stated above, and similar language, Defendants advertised, both in store and out, a sales price and compared such price to an alleged regular price; however that prior price was never the price of the product and, therefore, was never the "regular" price of the product.

b.     On their purchase receipts, Defendants indicated to the purchaser a savings amount that was the alleged difference between Defendants' alleged regular price and their stated sale price. However, since the alleged regular price is not and was never the price at which the good was or was regularly sold, Defendants' representation of a savings was false.

c.     Defendants charged the full price of these products rather than the purported discount that Defendants advertised.

53.     For the products within the class definitions, it appears that Defendants NEVER sold these products at the regular prices.

54.     Defendants' deceptive representations of a discounted sales price impacted the consumer transactions between Plaintiffs and Defendants, and the members of the Class and Defendants, in that the deceptive representations: (1) deceived Plaintiffs and other members of the Class into believing that they were receiving the ubiquitously advertised "40% off of everything in the store" discount when they made their purchases during the Relevant Period; and (2) caused Plaintiffs and other members of the Class to make purchases with the reasonable understanding that they would be receiving Defendants' ubiquitously advertised "40% off of everything in the store" discount when they made their purchases during the Relevant Period.

55.     Plaintiffs and every other member of the Class who purchased a product from Defendants during the Relevant Period suffered injury or monetary damages as they did not receive the store-wide advertised 40% discount on their purchases.

56.     Defendants' deceptive advertising practices violated the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471 *et seq.*, and related administrative regulations.

57.     Defendants' deceptive advertising practices violated the Arizona Consumer Fraud Act, A.R.S. §§ 44-1522 *et seq.*, and related administrative regulations.

58.     Defendants' deceptive advertising practices violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 *et seq.*, and related administrative regulations.

59.     Defendants' deceptive advertising practices violated the California Legal Remedy Act, Cal. Civ. Code § §1770(a) *et seq.*, the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, and related administrative regulations.

60.     Defendants' deceptive advertising practices violated the Colorado Consumer Protection Act, Col. Rev. Stat. §§ 6-1-101 *et seq.*, and related administrative regulations.

61.     Defendants' deceptive advertising practices violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §§ 442-110(a) *et seq.*, and related administrative regulations.

62.     Defendants' deceptive advertising practices violated the Delaware Consumer Fraud Act, 6 Del. Code Ann. Tit. 6, §§ 2511 *et seq.*, and related administrative regulations.

63.     Defendants' deceptive advertising practices violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.*, the Florida Misleading Advertising statute, Fla. Stat. § 817.41 *et seq.*, and related administrative regulations.

64.      Defendants' deceptive advertising practices violated the Hawaii Unfair Practices and Unfair Competition Act, HRS § 480-1 *et seq.*, and related administrative regulations.

65.      Defendants' deceptive advertising practices violated the Idaho Consumer Protection Act, I.C. §§ 48-601 *et seq.*, and related administrative regulations.

66.      Defendants' deceptive advertising practices violated the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, and related administrative regulations.

67.      Defendants' deceptive advertising practices violated the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 *et seq.*, and related administrative regulations.

68.      Defendants' deceptive advertising practices violated the Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H *et seq.*, the Iowa Consumer Fraud Act, Iowa Code §§ 714.16 *et seq.*, and related administrative regulations.

69.      Defendants' deceptive advertising practices violated the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-634 *et seq.*, and related administrative regulations.

70.      Defendants' deceptive advertising practices violated the Kentucky Consumer Protection Act, K.R.S. §§ 367.110 *et seq.*, and related administrative regulations.

71.      Defendants' deceptive advertising practices violated the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A-214 *et seq.*, the Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211 *et seq.*, and related administrative regulations.

72.      Defendants' deceptive advertising practices violated the Maryland Consumer Protection Act, Md. Code Ann. Com. Law §§13-101 *et seq.*, and related administrative regulations.

73.     Defendants' deceptive advertising practices violated the Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. L. Ch. 93A, §§ 9 *et seq.*, and related administrative regulations.

74.     Defendants' deceptive advertising practices violated the Michigan Consumer Protection Act, M.C.L. §§ 445.901 *et seq.*, and related administrative regulations.

75.     Defendants' deceptive advertising practices violated the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.44 *et seq.*, and related administrative regulations.

76.     Defendants' deceptive advertising practices violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. 407-010 *et seq.*, and related administrative regulations.

77.     Defendants' deceptive advertising practices violated the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 *et seq.*, the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 *et seq.*, and related administrative regulations.

78.     Defendants' deceptive advertising practices violated the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 41.600 *et seq.*, and related administrative regulations.

79.     Defendants' deceptive advertising practices violated New Hampshire's Regulation of Business Practices for Consumer Protection, RSA 358-A:1 *et seq.*, and related administrative regulations.

80.     Defendants' deceptive advertising practices violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* and related administrative regulations.

81.     Defendants' deceptive advertising practices violated the New Mexico Unfair Trade Practices Act, N.M. Stat. § 57-12-1 *et seq.*, and related administrative regulations.

82.     Defendants' deceptive advertising practices violated New York General Business Law §§ 349 and 350 as well as related administrative regulations.

83.     Defendants' deceptive advertising practices violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.*, and related administrative regulations.

84.     Defendants' deceptive advertising practices violated the North Dakota Unfair Trade Practices Law, N.D. Cent. Code §§ 51-10-01 *et seq.*, and related administrative regulations.

85.     Defendants' deceptive advertising practices violated the Ohio Consumer Sales Practices Act, ORC § 1345.01 *et seq.*, and related administrative regulations.

86.     Defendants' deceptive advertising practices violated the Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751 *et seq.*, and related administrative regulations.

87.     Defendants' deceptive advertising practices violated the Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq.*, and related administrative regulations.

88.     Defendants' deceptive advertising practices violated the Pennsylvania Unfair Trade Practices and Consumer Fraud Law, 73 Pa. Stat. Ann. §§ 201-1 *et seq.*, and related administrative regulations.

89.     Defendants' deceptive advertising practices violated the Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I.G.L. §§ 6-13.1-1 *et seq.*, and related administrative regulations.

90.     Defendants' deceptive advertising practices violated the South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1 *et seq.*, and related administrative regulations.

91.     Defendants' deceptive advertising practices violated the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§17.41 *et. seq.* and related administrative regulations.

92.     Defendants' deceptive advertising practices violated the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 *et seq.*, and related administrative regulations.

93.     Defendants' deceptive advertising practices violated the Vermont Consumer Fraud Act, 9 V.S.A. §§2451 *et seq.*, and related administrative regulations.

94.     Defendants' deceptive advertising practices violated the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*, and related administrative regulations.

95.     Defendants' deceptive advertising practices violated the Washington Consumer Protection Act, RCW 19.86.010 *et. seq.*, and related administrative regulations.

96.     Defendants' deceptive advertising practices violated the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.*, and related administrative regulations.

97.     Defendants' deceptive advertising practices violated the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18(1) *et seq.*, and related administrative regulations.

98.     Defendants' deceptive advertising practices violated the Wyoming Consumer Protection Law, W.S. §§ 40-12-101 *et seq.*, and related administrative regulations.

99.     Defendants' deceptive advertising practices violated the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901 *et seq.*, and related administrative regulations.

100.    Plaintiffs and other members of the Class in each of the above states have been injured as a result of Defendants' unlawful advertising practices.  Plaintiffs and other members of the Class have paid full price for what were advertised as discounted products.  These injuries

are of the type the laws of the above states were designed to prevent and flow from that which makes Defendants' conduct unlawful.

101.    In addition, Defendants have profited significantly from their illicit advertising practices.  Defendants' profits derived from these practices come at the expense and to the detriment of the Plaintiffs and other members of the Class.

102.    As a direct and proximate result of Defendants' violations, Plaintiffs and other members of the Class have been injured in an amount to be established at trial.

103.    Accordingly, Plaintiffs and other members of the Class in each of the above jurisdictions seek damages (including statutory damages where applicable), to be trebled or otherwise increased as permitted by the respective jurisdiction's applicable law, and costs of suit, including reasonable attorney's fees, to the extent permitted by the respective state laws.

**SECOND CLAIM FOR RELIEF**
**<u>Breach of Contract</u>**
**(All 50 States and the District of Columbia)**

104.    Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

105.    Plaintiffs and other members of the Class entered into contracts with Defendants.

106.    The contracts provided that Plaintiffs and other members of the Class would pay Defendants for their products.

107.    The contracts further provided that Defendants would provide Plaintiffs and other members of the Class a discount on the price of their purchases.  A specific term of the contracts was that the customer was receiving a discount. That term was material and it was breached. Plaintiffs and other members of the Class paid Defendants for these products, and satisfied all other conditions, or same were waived.

108.    Defendants breached the contract by failing to comply with the material term of providing a discount, and instead charging Plaintiffs and other members of the Class what was actually the full price of these products purchased by the Plaintiffs and the other members of the Class.

109.    As a direct and proximate result of Defendants' breach, Plaintiffs and other members of the Class have been injured in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF
### Breach of Contract Under the Implied Covenant of Good Faith and Fair Dealing
### (All 50 States and the District of Columbia)

110.    Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

111.    In breaching their contract with customers by failing to comply with the material term of providing a discount, Defendants also breached the implied covenant of good faith and fair dealing.

112.    As a direct result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs and the other members of the Class have been injured in an amount to be established at trial.

### FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty
### (All 50 States and the District of Columbia)

113.    Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

114.    Plaintiffs, and the other members of the Class, formed contracts with Defendants at the time they purchased a product for the sale of goods. The terms of such contracts included the

promises and affirmations of fact made by Defendants through their marketing campaign, as alleged herein, including, but not limited to, representing that the product was being discounted.

115.    This product advertising constitutes express warranties, became part of the basis of the bargain, and is part of the contract between Plaintiffs and other members of the Class on the one hand, and Defendants on the other.

116.    The affirmations of fact made by Defendants were made to induce Plaintiffs and other members of the Class to purchase the products.

117.    Defendants intended Plaintiffs and other members of the Class to rely on those representations in making their purchases, and they did so.

118.    All conditions precedent to Defendants' liability under the warranty have been performed by Plaintiffs and the other members of the Class or have been waived.

119.    Defendants breached the terms of the express warranty because the products did not conform to the description provided by Defendants, to wit: that the products were being sold at a discounted price, when they were not.

120.    As a direct and proximate result of Defendants' breach, Plaintiffs and the other members of the Class have been injured in an amount to be established at trial.

### FIFTH CLAIM FOR RELIEF
### Unjust Enrichment
### (All 50 States and the District of Columbia)

121.    Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

122.    This claim is asserted in the alternative to a finding of breach of contract. This claim asserts that it is unjust to allow Defendants to retain profits from their deceptive, misleading, and unlawful conduct alleged herein.

123.    Defendants charged Plaintiffs and the other members of the Class for their products.

124.    Defendants represented that these products were discounted.

125.    As detailed above, the products were not discounted.

126.    Because the products were advertised as being discounted when they were not, Defendants collected more money than if the products had been discounted as promised.

127.    As a result of these actions, Defendants received benefits under circumstances where it would be unjust to retain these benefits.

128.    Defendants have knowledge or an appreciation of the benefit conferred upon it by Plaintiffs and the other members of the Class.

129.    Defendants have been unjustly enriched.

130.    Plaintiffs and the other members of the Class are entitled to restitution and/or disgorgement of all profits, benefits, and other compensation obtained and retained by the Defendants from their deceptive, misleading, and unlawful conduct.

## PRAYER FOR RELIEF

Accordingly, Plaintiffs respectfully request that:

A.    The Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to each and every member of the Class, that Plaintiffs be appointed as Class representatives, and that Plaintiffs' counsel be appointed both Interim Lead Counsel and Lead Counsel for the Class.

B.    That the unlawful conduct alleged herein be adjudged and decreed in violation

of the state laws cited above.

C.       Plaintiffs and other members of the Class recover damages, to the maximum extent allowed under such laws, and that a joint and several judgment in favor of Plaintiff and the other members of the Class be entered against Defendants in an amount to be trebled to the extent such laws permit;

D.       Plaintiffs and the other members of the Class recover damages, to the maximum extent allowed by such laws, in the form of restitution and/or disgorgement of profits unlawfully gained from them.

E.       Plaintiffs and the other members of the Class be awarded restitution, including disgorgement of profits Defendants obtained as a result of their unlawful advertising practices.

F.       Plaintiffs and the other members of the Class be awarded interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint.

G.       Plaintiffs and the other members of the Class recover their costs of suit, including reasonable attorney's fees, as provided by law.

H.       Plaintiffs and other members of the Class have such other and further relief as the case may require and the Court may deem just and proper.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By: _____
WILLIAM PIETRAGALLO II, ESQ.
KEVIN E. RAPHAEL, ESQ.
EDWARD H. SKIPTON, ESQ.
I.D. Nos. 16413; 72673; and 309485
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 320-6200


MANSOUR GAVIN LPA
ERNEST MANSOUR, ESQ.
ANTHONY COYNE, ESQ.
BRENDON P. FRIESEN, ESQ.
emansour@mggmlpa.com
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500

EDWARD J. WESTLOW, ESQ.
Bank of America Center
Beachwood, Ohio  44122
Richmond, VA 23219-3532
(804) 780-0305
EJW@Whitehall1756.us

and

ROBERT MANSOUR, ESQ.
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio  44122
(216) 514-3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

Date:  September 17, 2015