## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CLASS ACTION |
| | : | |
| vs. | : | No. 15-724 |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF THE CLASS, APPOINTMENT OF CLASS COUNSEL AND APPROVAL OF NOTICE TO THE CLASS**

### I.      INTRODUCTION

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton ("Plaintiffs") and Defendants Tween Brands, Inc. d/b/a Justice and Ascena Retail Group, Inc., d/b/a Justice Brand ("Justice"), file their joint motion for the entry of an order: (i) granting preliminary approval to the Proposed Settlement of the above-captioned litigation as embodied in the Settlement Agreement, dated September 23, 2015, attached hereto as Exhibit A; (ii) conditionally certifying this case as a class action and appointing Plaintiffs as Class Representatives and Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin L.P.A., Robert Mansour, Esq., and Edward J. Westlow, Esq., as counsel for the class for settlement purposes only; (iii) appointing Claims Administrator and approving the form and manner of giving notice of the Proposed Settlement to the class; and (iv) setting a hearing for final approval of the Proposed Settlement and related matters.

Plaintiffs respectfully request that this motion be granted.  Public policy favors the settlement of litigation and the Proposed Settlement is fair, reasonable and adequate under the

governing standards for evaluating class action settlements in this Circuit. *See Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).

In determining whether preliminary approval of the Proposed Settlement is warranted, the sole issue before the Court is whether the Proposed Settlement is within the range of what could be found to be fair, adequate, and reasonable, so that notice should be given to the class, and a hearing should be scheduled to consider final approval of the Proposed Settlement. *See Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Description of Litigation

#### 1.   The Parties and Plaintiffs' Claims

Plaintiffs brought this class action suit against Justice on behalf of all persons in the United States who purchased items that were purportedly on sale for at least 40% off but which Plaintiffs allege were actually sold at their regular or everyday price.

Justice is operated by Tween Brands, Inc., a subsidiary of Ascena Retail Group, a Delaware corporation headquartered in New Jersey. Tween Brands, a Delaware corporation, is headquartered in Ohio. There are over 900 brick and mortar Justice Stores across the continental United States. Justice also maintains a website and accepts orders from customers over its website and by phone.

Plaintiffs, who were all Justice customers during the time of the underlying allegations, purchased items from Justice that were advertised as being at least 40% off. However, Plaintiffs allege that, because these sale items were never sold above the 40% off price, the "sale price" was in fact the regular, or every day, price. Plaintiffs further allege that such misleading advertising practices are in violation of state consumer protection statutes, state administrative regulations,

2

and common law.  Justice denies these allegations and Justice believes that no customers were ever harmed by Justice's price advertising and discounting practices.

## 2. Procedural Background

Plaintiff Carol Cowhey initially brought a Pennsylvania class action suit against Justice in the Philadelphia County Court of Common Pleas on February 6, 2015 ("*Cowhey* action").  That case was subsequently removed by Justice on March 19, 2015.  Carol Rougvie, along with Fonda Kubiak and Melinda Mehigan, also filed suit against Justice, bringing identical allegations, in the United States District Court for the Eastern District of Pennsylvania on February 12, 2015 ("*Mehigan* action").  ECF Dkt. at 1.  The *Mehigan* action was amended on February 17, 2015, ECF Dkt. at 3, and consolidated with the *Cowhey* action on April 8, 2015 under the master caption *Mehigan, et al. v. Ascena Retail Group, Inc., et* al., 2:15-cv-0724-MAK, ECF Dkt. at 33.  A Second Amended Complaint was filed that same day. ECF Dkt. at 34.[1]

Shortly after filing the initial complaints, Justice's counsel and Plaintiffs' counsel engaged in preliminary settlement discussions, based upon the investigation done to date by counsel.  Over the next several months, Justice produced thousands of pages of informal discovery in response to plaintiffs' requests.

Contemporaneously, the parties began settlement negotiations in March 2015.  The parties met, in person, in Philadelphia, more than ten times over five months.  Justice provided additional materials and documentation subject to an agreement to provide, as necessary, affidavits and depositions to verify and confirm the information provided by Justice.  After an all-day in person meeting attended by counsel for the Plaintiffs and Justice, including authorized representatives of Justice, the parties finally reached a settlement agreement in principle on July 2,

---

[1]     A Third Amended Complaint is being filed simultaneously with the preliminary settlement approval documents to reflect the same settlement class as defined in the Settlement Agreement.

2015 ("Settlement Agreement in Principle").  In the intervening period, Plaintiffs' counsel and counsel for Justice negotiated the remaining issues not addressed in the Settlement Agreement in Principle, modified some terms in the Settlement Agreement in Principle, and memorialized the final terms in a Settlement Agreement executed on September 23, 2015 ("Settlement Agreement").

### B.   The Proposed Settlement

#### 1.   The Settlement Benefits

The Proposed Settlement was based upon the average number of transactions multiplied by the weighted value per transaction multiplied by the compromised liability factor returned to the consumer.  As described below, the Settlement provides a substantial benefit for all Class Members, with a user-friendly claims process, a significant cash settlement fund, and a default voucher that will automatically provide value to *all known* class members *regardless* of whether or not they choose to participate in the claims process.

#### a.   The Settlement Class

The Proposed Settlement Class ("Settlement Class") is defined as:

All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products at Justice stores from January 1, 2012 to February 28, 2015 (the "Class Period").

Justice customers who are within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty. OH) are excluded ("Excluded Class Members").  However, Excluded Class Members who also purchased from Justice from January 1, 2012 to June 30, 2012 or from September 1, 2014 through February 28, 2015 are eligible for participation in this settlement for purchases made in this particular timeframe.

Under the Proposed Settlement, class members have two options from which to choose.

4

Case 2:15-cv-00724-MAK   Document 71-1   Filed 09/24/15   Page 5 of 147

Option One allows residents in treble recovery states[2] who submit a claim form to have the choice to receive either $20 in cash or a $30 Justice voucher (with no requirement to spend any additional money).  Residents in single recovery states[3] who submit a claim form will have the choice to receive either $13 in cash or a $20 Justice voucher (usable on a purchase of $25 or more). And residents in limited recovery states[4] who submit a  claim form will have the choice to receive either $7 in cash or a $10 Justice voucher (usable on a purchase of $25 or more).  Class members for whom Justice does not have contact information can submit a claim under Option One by submitting the claim form with proof of one purchase (credit care statement, bank statement or receipt) during the class period.

Alternatively, in Option Two, any class member who, during the Class Period, either: (a) made more than five (5) purchases; or (b) spent $105 or more (in one or more purchases), may submit a claim (with receipts or bank\credit card statements as proof of purchase) to receive, at their choice, either: 1) a check for 14% of their total purchases or 2) a voucher for 20% of their total purchases.

Those Class Members who do not opt out, and who do not make an affirmative choice under Options One or Two, will automatically receive a Justice voucher in the amount appropriate for those Class Members' states of residence.

As there are no Justice stores in Alaska or Hawaii, residents of those states will receive

---

[2]         Those states whose consumer protection statutes provide for up to *treble* damages: Colorado, Hawaii, Idaho, Indiana, Massachusetts, New Hampshire, New Mexico, New Jersey, New York, Nevada, North Carolina, Ohio, Pennsylvania, Texas, Virginia, Washington, Wisconsin, and the District of Columbia.

[3]         Those states whose consumer protection statutes provide for *actual* damages: Alaska, Arkansas, Arizona, California, Connecticut, Delaware, Iowa, Illinois, Florida, Kansas, Kentucky, Maryland, Maine, Michigan, Minnesota, Missouri, North Dakota, Nebraska, Oklahoma, Oregon, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wyoming.

[4]         Those states which *do not allow* class actions to be brought under their consumer protection laws or do not allow class actions: Alabama, Georgia, Louisiana, Mississippi, Montana, South Carolina, and Tennessee.

5

gift cards instead of vouchers. This will occur whether the Alaska/Hawaii resident chooses a voucher under Option One or Two, or receives the voucher automatically.

The Proposed Settlement is thus structured to give class members a choice regarding the relief they feel provides them with the greatest value. The Proposed Settlement allows class members who no longer shop at Justice a cash recovery. Alternatively, class members that continue to shop at Justice may prefer a voucher that gives them a greater dollar value than a cash award.

The Proposed Settlement also takes into account both the differences in the state consumer protection statutes as well as the differences in state law concerning the availability of class actions. Those class members who reside in states in which their consumer protection statutes offer potential damages up to treble the amount purchased fall within the "treble recovery" category. Those class members who reside in states in which their consumer protection statutes permit only actual damages recovery fall within the "single recovery" category. And those class members who reside in states that recognize no class actions or whose consumer protection statutes do no permit class actions, fall within the "limited recovery" category. The treble recovery class members get a compromised enhancement of their damages in recognition of the possible right to receive enhanced damages. The limited recovery class members receive a compromised reduction in the damages in recognition of their states' limited ability to recover damages pursuant to a class action. All class members have the option to exclude themselves from this Proposed Settlement if they determine that pursuing an individual action under their states' individual consumer fraud statutes or common law is beneficial to them.

### b.    The Settlement Fund

Under the terms of the Proposed Settlement, Justice will set aside a Settlement Fund of

$50,800,000. An amount of $27,800,000 will be designated to pay the claimants under Options One and Two; $8,000,000 will be designated to pay for administration of the settlement[5]; and $15,000,000 will be designated for attorneys' fees and costs, which reflects 29.5% of the Settlement Fund, and does not include the value of the vouchers.[6] Finally, Justice has confirmed through the Settlement Agreement that it has ceased the practices that were of concern, and ceased them within a month of the filing of the *Cowhey* complaint. Additionally, under the Proposed Settlement, Justice will be obligated to issue and honor vouchers distributed to Class Members pursuant to the agreed upon terms of those vouchers. For this reason, any funds not claimed by the class will revert back to Justice.

### 2. Reasons For and Benefits of the Settlement

Based on the strengths and weaknesses of the claims asserted, the litigation risks associated with certifying the class if opposed by Justice, the damages that might be proven at trial, and the expense and time required for proceedings necessary to prosecute the action through trial and appeals, Plaintiffs and Plaintiffs' counsel believe that the Proposed Settlement – for the benefits described above in exchange for a release of the claims and dismissal of the action – provides an excellent recovery for the class members. They have also considered the uncertain outcome and the risk of continued litigation, especially in a complex action such as this one, as well as the difficulties and delays inherent in any such litigation. Therefore, Plaintiffs and Plaintiffs' counsel believe that it is desirable that the released claims be fully and finally

---

[5] Any balance of the $8,000,000 not used for administrative costs will accrue to the Net Settlement Fund for distribution to the Class Members.

[6] In addition to the $27,800,000 in the Net Settlement Fund, assuming full estimated participation for Option One and Option Two, the total possible voucher value to the class is estimated to be **over Four Hundred Million Dollars ($400,000,000)**. Even assuming, for argument's sake, an extremely conservative voucher redemption rate of 10%, the value to the class would be over Forty Million Dollars ($40,000,000).

compromised, settled and resolved with prejudice, and barred, as set forth in the Settlement Agreement.

Based upon their evaluation, Plaintiffs' counsel have determined that the Proposed Settlement is fair, reasonable and adequate, and in the best interests of the class and confers substantial benefits upon the class members. Justice has denied any wrongdoing and liability. Justice's counsel has defended the case vigorously, and has indicated that, absent the Settlement, it will continue to do so. Thus, in light of the risks, expense, and time consuming nature of complex litigation such as this one, Plaintiffs' counsel believe it is in the best interests of the class to settle the action now.

C.   **Proposed Timetable**

The proposed preliminary approval order includes one blank date to be provided by the Court based on the convenience of its calendar – i.e., the date of the final fairness hearing to consider the Proposed Settlement. In this regard, the parties have consented to the following schedule of events, if the Court is inclined to preliminarily approve the Proposed Settlement:

| Event | Time for Compliance |
|---|---|
| Deadline for the emailing and mailing of the Summary Notice of Justice Brand Class Action Settlement | Within Sixty (60) days of entry of the Preliminary Approval Order |
| Deadline for the Filing of Objections | No later than Forty-Five (45) days prior to the Hearing on Final Approval |
| Filing of Motion in Support of Final Settlement Approval | No later than Sixty (60) days prior to the Hearing on Final Approval |

| | |
|---|---|
| Filing of Motion for Attorneys' Fees and Costs | No later than Fifty (50) days before the Hearing on Final Approval |
| Hearing on Final Approval Date | No earlier than Two-Hundred (200) days and no later than Two-Hundred and Ten (210) days after entry of the Preliminary Approval Order, or later at the Court's convenience |

Many of the dates for the events set forth above are tied either to the entry of the proposed preliminary approval order or to the hearing on final approval, which Plaintiffs and Justice respectfully request to be scheduled no earlier than 200 days and no later than 210 days after the entry of the preliminary approval order, or at a later date at the Court's convenience[7]. If this schedule is not convenient for the Court, the parties request that the Court utilize similar time intervals for the events in completing the proposed preliminary approval order.

## III.   ARGUMENT

### A.   Preliminary Approval Of The Settlement Should Be Granted

The principle that there is a significant public interest in settling class action litigation is well established and recognized in the Third Circuit. *See In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 535 (3d Cir. 2004) ("there is an overriding public interest in settling class action litigation, and it should therefore be encouraged"); *see also Ehrheart v. Verizon Wireless,* 609 F.3d 590, 594 (3d Cir. 2010) ("[a presumption in favor of voluntary settlement agreements] is especially strong in 'class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation'") (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 784 (3d Cir. 1995)).

---

[7]      A minimum of 200 days will permit the Claims Administrator to prepare a report of all claims submitted by the class members and processed by the Claims Administrator.  This timeframe will also allow the Claims Administrator Report to be available for briefing approval prior to the Hearing on Final Approval.

The resolution of class action litigation through a class-wide settlement requires the Court's approval. *See* Fed. R. Civ. P. 23(e); *see also In re Flonase Antitrust Litig.,* 291 F.R.D. 93, 98 (E.D. Pa. 2013). Whether a Court grants approval to such settlement is discretionary. *In re Warfarin,* 391 F.3d at 535. Approval of a class action settlement involves a two-step process: (1) the Court makes a preliminary fairness evaluation of the proposed terms of settlement, and (2) after notice of the settlement is provided to the class and a fairness hearing is conducted, the Court may grant a final approval of the settlement. *See Manual for Complex Litigation* § 21.632 (4th ed. 2004) (hereinafter "*MCL*"); *Gates v. Rohm and Haas Co.,* 248 F.R.D. 434, 438 (E.D. Pa. 2008); *see also* 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:25, at 38039 (4th ed. 2002) (hereafter, "*Newberg*") (endorsing two-step process).

When deciding preliminary approval, the Court's preliminary fairness evaluation is not a "definitive proceeding on the fairness of the proposed settlement, and the judge must be careful to make clear that the determination permitting notice to members of the class is not a finding that the settlement is fair, reasonable and adequate." *In re Mid-Atlantic Toyota Antitrust Litig.,* 564 F. Supp. 1379, 1384 (D.C. Md. 1983); *see also In re Gen. Motors Corp.,* 55 F.3d at 785 (holding that the "preliminary determination establishes an initial presumption of fairness."). The final assessment of the fairness, reasonableness, and adequacy of a proposed settlement is a matter for determination at the final approval hearing. *See In re Linerboard Antitrust Litig.,* 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

Instead, when evaluating a settlement for preliminary approval, courts in this Circuit have recognized that the Court need only determine "whether the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and

whether it appears to fall within the range of possible approval." *Mehling v. N.Y. Life Ins. Co.,* 246 F.R.D. 467, 472 (E.D. Pa. 2007) (internal citations omitted) (quoting *Thomas v. NCO Fin. Sys., Inc.,* No. 00-5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002)). In sum, where the proposed settlement is free of obvious deficiencies, does not improperly provide preferential treatment to class representatives or segments of the class, appears to be the product of serious, informed, non-collusive negotiations, and falls within the range of possible approval, preliminary approval is warranted. *See Gates,* 248 F.R.D. at 439; *MCL* 4th § 21.632.

In undertaking this analysis, courts give substantial weight to the experience of counsel who negotiated the settlement. *See In re Auto Refinishing Paint Antitrust. Litig.,* No. MDL 1426, 2003 WL 23316645, *2 (E.D. Pa. Sept. 15, 2003) ("[I]t is appropriate to give deference [at preliminary approval] to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, in making this determination."). Accordingly, when a proposed settlement that has been negotiated at arm's length by experienced counsel is presented to the court for preliminary approval, there is an initial presumption of fairness. *See In re Corel Corp. Sec. Litig.,* 293 F. Supp. 2d 484, 491 (E.D. Pa. 2003); *see also Newberg* at § 11.41, p. 90; *see also Lake v. First Nationwide Bank,* 156 F.R.D. 615, 628 (E.D. Pa. 1994) (giving "due regard to the recommendations of the experienced counsel in this case, who have negotiated this settlement at arms-length and in good faith" in assessing whether a settlement was fair, adequate, and reasonable).

**B.    The Proposed Settlement is Fair, Reasonable, and Adequate**

In this Circuit, the fairness of a settlement is determined by consideration of the nine factors articulated in *Girsh v. Jepson,* 521 F.2d 153 (3d Cir.1975). These factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the

settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Id.*

In appraising the fairness of a proposed settlement, the opinion of experienced counsel is entitled to considerable weight. *See Daniel B. v. O'Bannon*, 633 F. Supp. 919, 926 (E.D. Pa. 1986); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 488-489 (E.D. Pa. 1985).

A settlement was reached here after: (1) Plaintiffs' counsel conducted an extensive investigation of the facts underlying the claims; (2) Plaintiffs' counsel reviewed thousands of pages of documents provided by Justice, including detailed transactional and other financial data; and (3) Plaintiffs' counsel and Justice met numerous times over several months and engaged in extensive, arm's length settlement negotiations.  In addition, Plaintiffs' counsel has retained and received advice from an expert forensic accounting firm with extensive complex litigation experience, to review relevant transactional data and damages calculations, and to assess the value to the class of the Proposed Settlement.  Thus, the parties have had the opportunity to evaluate carefully the strengths and weaknesses of their claims and have concluded that the Proposed Settlement is fair.

When examined under the applicable criteria, it is clear that the Proposed Settlement is not only fair, adequate and reasonable, but an outstanding result for the class members.  Balanced against the possibility of no recovery at all, the Proposed Settlement achieves an immediate and substantial recovery for the *entire* class.  Additionally, the Proposed Settlement is structured to

give the class members a choice of a cash award or a voucher award (at higher value than the cash award), so the class members can decide which offers the greatest value to them. If the class members no longer shop at Justice, they can choose a cash award. However, if the class members continue to shop at Justice, and wish to continue to do so, the choice of a voucher gives the class members a greater value than a cash award.

### C.   Analysis of the Nine *Girsh* Factors

#### 1.   The Complexity, Expense, and Likely Duration of the Litigation

As noted above, settlements of disputed class action claims are clearly favored by the courts to avoid the high costs of continued litigation. *See In re General Motors Corp.*, 55 F.3d at 784. Therefore, the first *Girsh* factor reflects "the probable costs in both time and money, of continued litigation."

If it had not settled, this case would have necessitated complex, expensive, and lengthy litigation against Justice including: researching and drafting a class certification motion, merits and expert discovery, summary judgment, and trial – with the ultimate outcome uncertain. The Proposed Settlement secures for the class an immediate benefit without the delay, risk, and uncertainty of continued litigation.

#### 2.   The Reaction of the Class to the Settlement

Since the notice has yet to be approved, the class has not received notice of the Proposed Settlement. The proposed notice submitted to the Court will advise members of the class how they may participate in the Proposed Settlement, and, if they so choose, how they may object or exclude themselves from the Proposed Settlement. The parties will know the class' reaction once the class is notified. The named Plaintiffs involved in this settlement, all of whom are class members, believe that the settlement is an excellent result and is fair to the class.

### 3.      Stage of the Proceedings and the Amount of Discovery Completed

The extent of the proceedings and the amount of discovery the parties have completed are other factors considered in determining the fairness, reasonableness and adequacy of a settlement. *Girsh*, 521 F.2d at 157.   These factors allow the court to decide whether plaintiffs have had access to sufficient information to evaluate their case and fully assess the adequacy of the proposed settlement.

Here, the stage of the proceedings is a factor favoring approval of the Proposed Settlement.   Plaintiffs' counsel conducted a lengthy investigation of the facts underlying the claims as well as the extensive procedural challenges surrounding certification of a nationwide class.   Additionally, Plaintiffs' counsel reviewed extensive transactional and other confidential financial data provided by Justice, engaged in months of settlement talks where the strengths and weaknesses of the case were explored in detail by both sides, and structured a settlement to fairly compensate the class members through a straightforward claims process.   This is not a situation where plaintiffs' counsel has only conducted a perfunctory investigation or failed to fully wrestle with the consequences of settlement.   This case has required the full-time attention and commitment of two highly experienced law firms.

### 4.      The Risks of Establishing Liability

Plaintiffs' counsel believe that Plaintiffs have a reasonably strong liability case against Justice.   Nevertheless, Plaintiffs recognize that a finding of liability is by no means certain.   In fact, Justice denied and continues to deny that its sales practices violated state consumer protection laws or common law, and asserts that there are both legal and equitable defenses available to them.   In assessing the Proposed Settlement, the Court should balance the benefits afforded the class, including the immediacy and certainty of a recovery, against the continuing

14

risk of establishing liability and damages through litigation. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 317 (3d Cir. 1998). While Plaintiffs' counsel believe there would be sufficient evidence to support their claims, the complexities and uncertainties of this litigation clearly warrant approval of the Proposed Settlement.

Among the risks if this litigation continued is the possibility that the Court would not certify a nationwide class action because of the variations in the relevant state consumer protection laws. If the class was certified and went to trial, Plaintiffs also face the risk that a jury would find that Justice's sales practices were not unlawful. Additionally, a jury could find that the Plaintiffs paid for what they wanted, and as such received the benefit of their bargain.

### 5. The Risks of Establishing Damages

If Plaintiffs were successful in proving liability on their consumer protection and related common law claims, the measure of damages for Plaintiffs would be largely formulaic based on what was spent at Justice and what penalty amount could be attributable to the sales practice complained of. Additionally, while Plaintiffs allege that Justice advertised discounts of 40% off all merchandise throughout the class period, that discount was a baseline which was often combined with other additional advertised savings – thus further complicating damages calculations. These inquiries would be magnified when trying to establish damages on a class wide basis.

The challenge that Plaintiffs would have faced to establish a reliable measure of damages is a substantial one that supports the Proposed Settlement.

### 6. The Risks of Maintaining the Class Action Through Trial

Plaintiffs believe that their case is well-suited for class certification, but recognize that there are always risks involved with maintaining a certified class, particularly a nationwide

consumer class alleging violations of state law.

Assuming this action was certified as a class action and proceeded toward trial, there would always be the risk that the Court would reconsider or modify its decision at any time before final judgment. *See* Fed. R. Civ. P. 23(c)(l)(C).

Plaintiffs would have faced significant challenges both procedurally, in terms of getting a nationwide consumer class action certified, and substantively, specifically with regards to establishing and ascertaining damages.   Consequently, the risks of maintaining this class action, weighed against the substantial and favorable terms of the Proposed Settlement, strongly favor its approval.

### 7.      The Ability of Defendants to Withstand a Greater Judgment

This *Girsh* factor addresses whether defendants "could withstand a judgment for an amount significantly greater that the [proposed] Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 240 (3d Cir. 2001).   Here, the Proposed Settlement offers *every* class member for whom Justice has contact information a voucher for Justice *whether or not* they go online to fill out the electronic claim form.   Those that submit an Option One claim will be entitled to choose between receiving cash or a voucher. Those class members eligible for, and who choose Option Two can receive a cash refund of 14%, or a voucher equal to 20%, of their total purchases.   Class members who choose a voucher, or who receive a voucher automatically because they did not opt to submit a claim form, receive considerable value.   In addition to the $27,800,000 in the Settlement Fund, assuming full estimated participation for Option One and Option Two, the total possible voucher value is estimated to be **over $402,000,000**.   Even assuming for argument's sake an extremely conservative voucher redemption rate of 10%, the value to the class would be over $40,000,000. The sum of $27,800,000 is itself a stiff fine to pay, since Justice can argue that every consumer

16

walked out with their merchandise at a price they were willing to pay, making this settlement a fair one.

### 8. The Range of Reasonableness of the Settlement Fund in Light of the Best Possible Recovery and All Attendant Risks of Litigation

With respect to the last two *Girsh* factors, the determination of a "reasonable" settlement is not susceptible to mathematical precision. Rather, in a given case, in regards to settlement, there is a range of reasonableness. *See Fickinger v. C.I. Planning Corp.*, 646 F. Supp. 622, 630 (E.D. Pa. 1986). In assessing the Proposed Settlement, the Court must balance the benefits to the class against the significant litigation risks. *Prudential*, 148 F.3d at 317.

In light of the risks of establishing liability and damages at trial, Plaintiffs believe that this Proposed Settlement, which automatically provides a choice of relief to every single class member, through either a valuable voucher or significant cash award, falls within the range of reasonableness and is unquestionably better than the other possible alternatives: little or no recovery.

In consequence, all of the relevant *Girsh* factors lead to the conclusion that the Proposed Settlement is fair, reasonable, and adequate and should thus receive preliminary approval.

### D. The Proposed Notices To Class Members Are Adequate

Plaintiffs and Justice propose that notice be given by emailing the Short Form Notice, appended to the attached Settlement Agreement as Exhibit 3, to each class member for whom Justice has an email address in its records, and by mailing the summary notice as a postcard to those class members for whom Justice does not have an email address in its records but has a mailing address (after cross checking the mailing addresses against U.S. Postal Office forwarding and change of address information). The Claims Administrator will mail the summary notice to

17

those class members whose email notice is returned and for whom Justice has postal address information. The Class Administrator will also mail notice again to class members for whom the mailed notice is returned, but for whom a forwarding address is provided. Plaintiffs and Justice further propose to publish the Long Form Notice, appended to the attached Settlement Agreement as Exhibit 4, on a website maintained by the Claims Administrator. In addition, Publication Notice, appended to the attached Settlement Agreement as Exhibit 6, will be published in People Magazine and Parade and a Press Release, appended to the attached Settlement Agreement as Exhibit 5, will be distributed by a national press release service. Class Members can access and submit the claim form through the website, for either Option One or Option Two, or can contact the Claims Administrator directly for a claim form or to ask any questions.[8]

Such a notice program clearly fulfills the requirements of due process by alerting and informing those members of the class who can be identified through reasonable efforts of: (a) the terms of the Proposed Settlement; (b) the opportunity to exclude oneself or to object to the Proposed Settlement; and (c) the opportunity to appear and be heard regarding the Proposed Settlement at the final fairness hearing. *See Esslinger v. HSBC Bank Nev., N.A.,* Civ. A. No. 10-3213, 2012 WL 5866074 (E.D. Pa. Nov. 19, 2012) (finding that email and postcard notice meet the requirements of Rule 23 and due process). Thus, the forms of notice and proposed procedures for notice satisfy the requirements of due process.

E.   **Certification Of Settlement Class And Appointment Of Class Representatives Is Appropriate**

1.   **The Standard For Class Certification**

One of this Court's functions in reviewing a proposed settlement of a class action is to determine whether the action may be maintained as a class action under Rule 23 of the Federal

---

[8]    The Claims Form is also appended to the attached Settlement Agreement as Exhibit 1.

Rules of Civil Procedure.

The certification of a settlement class was authorized by the United States Supreme Court in *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591 (1997). Accordingly, before the approval of a class settlement agreement, "a district court first must determine that the requirements for class certification under Fed. R. Civ. P. 23(a) and (b) are met." *Sullivan v. DB Invs., Inc.,* 667 F.3d 273, 296 (3d Cir. 2011) (en banc) (internal quotation marks omitted). The district court's analysis of the Rule 23 requirements must be applied rigorously, while remaining mindful of the strong judicial policy in favor of the settlement of class action litigation. *See Rodriguez v. Nat'l City Bank,* 726 F.3d 372, 380 (3d Cir. 2013).

The four requirements under Rule 23(a) are described as numerosity, commonality, typicality, and adequate representation. *See Montgomery Cnty., Pa. ex rel. Becker v. MERSCORP, Inc.,* 298 F.R.D. 202, 209 (E.D. pa. 2014). In addition to the satisfaction of all four of these requirements, class certification also requires that Rule 23(b) be satisfied as well. *See Amchem,* 521 U.S. at 593-94; *see also McCall v. Drive Fin. Servs., L.P.,* 236 F.R.D. 246, 249 (E.D. Pa. 2006). Pursuant to Rule 23(b), certification requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

As discussed below, these requirements are met for the purposes of settlement in the present case.

### 2. The Numerosity Requirement is Satisfied

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no precise number for establishing

numerosity, the Third Circuit has held that generally a class of more than forty will satisfy the numerosity requirement of Rule 23(a). *Stewart v. Abraham,* 275 F.3d 220, 226-27 (3d. Cir. 2001); *see also Sherman v. Am. Eagle Express, Inc.,* Civ. A. No. 09-575, 2012 WL 748400, *4 (E.D. Pa. Mar. 8, 2012).

Here, the Settlement Class is comprised of approximately 18,422,784 members for whom Justice has contact information and an estimated additional 1,700,000 members for whom Justice has no contact information. Given the size of the class, the numerosity requirement is satisfied as joinder is plainly impractical.

### 3. The Commonality Requirement is Satisfied

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Third Circuit, a putative class satisfies the commonality requirement if "the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Rodriguez,* 726 F.3d at 382 (quoting *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994)).

In this case, the common questions of fact and law are myriad, including: (1) whether Justice deceptively advertised as "discount" prices what were in fact everyday prices; (2) the length of time Justice was engaged in these advertising practices; (3) whether these practices violated state consumer protection laws; (4) whether these practices constituted a breach of contract; (5) whether these practices constituted a breach of the implied covenant of good faith and fair dealing; (6) whether these practices constituted a breach of an express warranty; (7) whether Justice was unjustly enriched; and (8) the nature and extent of class-wide injury and the measure of damages for the injury.

### 4.    The Typicality Requirement is Satisfied

Rule 23(a)(3) requires that the claims of a representative plaintiff be "typical" of those of other class members. Fed. R. Civ. P. 23(a)(3).   The typicality requirement is satisfied if the representative plaintiff's claims arise from the same course of conduct that give rise to the same legal theories as those of absent class members. *Baby Neal,* 43 F.3d at 57-58. Even where some factual distinctions may exist between the injury of named plaintiffs and the class members, typicality exists so long as those injuries arise from the same course of conduct. *See id.* In other words, cases challenging the same unlawful conduct that affects both the named plaintiffs and the members of the class satisfy typicality. *Id.*

Here, all class members made purchases while Justice maintained substantially identical "40% off entire store" advertisements during the Class Period.   These purchases during the advertised sales form the basis of the class claim. Because this case challenges Justice's uniform course of conduct as it affects the entire class, typicality is satisfied.

### 5.    The Adequacy of Representation Requirement is Satisfied

Rule 23(a)(4) requires that "the representative part[y] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   This requirement "assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Allen v. Holiday Universal*, 249 F.R.D. 166, 180 (E.D. Pa. 2008) (citing *Baby Neal,* 43 F.3d at 55).   Satisfaction of this requirement involves a two-pronged analysis that tests (1) whether plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *See Allen*, 249 F.R.D. at 180; *McCall,* 236 F.R.D. at 250. Here, both prongs are readily met.

21

As to the first prong, Plaintiffs' counsel are competent and able to conduct the litigation on behalf of the class. They have a wealth of experience in litigating complex class action lawsuits and have negotiated a substantial settlement for the class in this case.

As to the second prong, the representative Plaintiffs have no conflicts with the class members, as their claims arise from the same course of conduct by Justice and seek the same remedies, and there is nothing to suggest that the representative Plaintiffs have any interests antagonistic to the class.  Given the identical nature of the claims and class damages between the representative plaintiff and class members, there is no potential for conflicting interests in this class action. *See Allen,* 249 F.R.D. at 180.

Accordingly, the adequacy of representation requirement is readily met, as are all of the elements of Rule 23(a).

### 6.      The Requirements of Rule 23(b)(3) are Satisfied

Certification of the settlement class under Rule 23(b)(3) involves two components: predominance and superiority. *See* Fed. R. Civ. P. 23(b)(3). When assessing these components, the court may consider that the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required. *See Amchem,* 521 U.S. at 618 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

In the Third Circuit, the inquiry into predominance focuses on "whether the defendant's conduct was common as to all class members, and whether all of the class members were harmed by the defendant's conduct." *Sullivan,* 667 F.3d at 298. This criterion is normally satisfied when there is an essential common factual link between all class members and the defendant for which

the law provides a remedy. *See Lake,* 156 F.R.D. at 625. Here, and as mentioned above, myriad common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual class members. Again, all class members made purchases during the Class Period – the time during which Plaintiffs allege that Justice merchandise was being advertised as 40% off.  Accordingly, the issues of fact and law are straightforward and predominate.

The second component of Rule 23(b)(3) is that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(3). The Settlement Agreement and plan of notice provide members of the class with the ability to obtain prompt, predictable, and certain relief, and contain well-defined administrative procedures to assure due process, including leaving members free to opt-out and pursue their own actions if they wish.  Efficiency is a primary focus in determining whether the class action is the superior method for resolving the controversy presented. *See Lake,* 156 F.R.D. at 625-26. Here, the settlement would relieve the substantial judicial burdens potentially caused by repeated adjudication of the same issues in thousands of individualized trials against Justice.

In this case, there is no better method available for the adjudication of the claims that might be brought by each individual consumer subjected to Justice's advertising practices.

Additionally, the class is readily ascertainable. *See, e.g., Byrd v. Aaron's Inc.,* 784 F.3d 154 (3d Cir. 2015).   Through its transactional data, Justice has identified approximately 18,422,784 class members for which the company has email and/or mailing addresses, with Justice estimating an additional 1,700,000 class members for whom it does not have this information.

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied,

certification of the proposed settlement class is appropriate.

IV.   **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court grant this joint motion, and enter the proposed preliminary approval order, which will provide: (i) preliminary approval of the Settlement; (ii) certification of this case as a class action and appointment of the Plaintiffs as class representative for settlement purposes; (iii) appointment of Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin L.P.A., and Edward J. Westlow, Esq. as class counsel; (iv) approval of the form and manner of giving notice to the settlement classes of the Settlement; (v) an injunction against other related actions proceeding; and (vi) a hearing date and time to consider final approval of the Settlement and related matters.

Dated: September 24, 2015                          Respectfully submitted,


                                        BY:   */s/ Kevin E. Raphael*
                                        William Pietragallo, II, Esquire
                                        Kevin E. Raphael, Esquire
                                        Kenneth D. McArthur, Esquire
                                        Edward H. Skipton, Esquire
                                        PIETRAGALLO GORDON ALFANO
                                        BOSICK & RASPANTI, LLP
                                        1818 Market Street
                                        Suite 3402
                                        Philadelphia, PA 19103
                                        Tel: 215.320.6200

                                        -and-

                                        MANSOUR GAVIN LPA
                                        Ernest Mansour, Esquire
                                        Anthony Coyne, Esquire
                                        Brendon P. Friesen, Esquire
                                        emansour@mggmlpa.com
                                        acoyne@mggmlpa.com

bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523.1500

Edward J. Westlow, Esquire
EJW@Whitehall1756.us
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219-3532
(804) 780-0305

-and-

Robert Mansour, Esquire
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
(216) 514.3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

3017984v1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CAROL ROUGVIE, et al. | : | Civ. No. 2:15-cv-00724-MAK |
|  | : |  |
| Plaintiffs, | : |  |
| v. | : |  |
|  | : |  |
| ASCENA RETAIL GROUP, INC. d/b/a | : |  |
| JUSTICE STORES | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| TWEEN BRANDS, INC. d/b/a | : |  |
| JUSTICE STORES | : |  |
|  | : |  |
| Defendants. | : |  |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into this 23rd day of September, 2015, by and among Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Kara Bell, Tiffany Bolton, and Carol Cowhey ("Plaintiffs") and Defendants Ascena Retail Group, Inc. and Tween Brands, Inc. d/b/a Justice Stores (collectively "Justice" or "Defendant") (Defendant and collectively with Plaintiffs, the "Settling Parties"). Each of the foregoing Settling Parties and their respective counsel, agree that this lawsuit, subject to Court approval, and the matters raised in the litigation referred to herein are hereby settled, compromised and dismissed, on the merits and with prejudice, on the terms and conditions set forth herein (the "Settlement").

1

FINAL AND EXECUTABLE

## RECITALS

### I.      PROCEDURAL BACKGROUND

1.      WHEREAS, on February 12, 2015, Plaintiff Melinda Mehigan ("Mehigan") and Plaintiff Fonda Kubiak ("Kubiak") filed an action in the United States District Court for the Eastern District of Pennsylvania, *Mehigan et al v. Ascena Retail Grp., Inc. et al*, Civil Action No. 2:15-cv-00724-MAK ("the *Mehigan* Action"), bringing claims under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, New York General Business Law §§ 349 and 350, breach of contract, breach of contract under the implied covenant of good faith and fair dealing, breach of express warranty, and unjust enrichment (the "Mehigan Complaint").

2.      WHEREAS, the Mehigan Complaint alleges that Justice engaged in a systematic scheme of advertising product discounts that was misleading and deceptive and in violation of state consumer protection statutes. Dkt. No. 1.[1]

3.      WHEREAS, the Mehigan Complaint further alleges that Justice posted signs and notices, both in-store and out of store, advertising "40% off entire store." Justice also sent postcards and/or catalogues, and advertised on the Justice website that in-store shoppers would receive "40% off entire store."  The Mehigan Complaint alleges that this discount was not for a limited period but continued persistently.  Furthermore, the Mehigan Complaint alleges that the prices that Justice represented as "40%" off were actually the regular prices. *Id.*

4.      WHEREAS, on February 17, 2015, Plaintiffs Mehigan and Kubiak filed an amended complaint with this Court, adding Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Kara Bell and Tiffany Bolton (the "Mehigan Amended Complaint").  The Mehigan Amended Complaint brought additional claims under the California Legal Remedy Act,

---

[1] Unless otherwise noted, all references to "Dkt. No. ____" are to docket entries in *Rougvie*, which was previously known as *Mehigan*.  *See* Paragraph 6.

2

FINAL AND EXECUTABLE

Cal. Civ. Code §1770(a), the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq.*, the Florida Misleading Advertising statute, Fla. Stat. § 817.41 *et seq.*, the Illinois consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, and the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§17.41 *et seq.*; Dkt. No. 3.

5.      WHEREAS, on February 6, 2015, Plaintiff Carol Cowhey, filed a substantially similar case, *Cowhey et al v. Ascena Retail Grp., Inc. et al,* Case No. 001156, in the Court of Common Pleas of Philadelphia County on February 6, 2015 ("the *Cowhey* Action"). In the *Cowhey* Action, Plaintiff Carol Cowhey, individually and on behalf of a putative class of Pennsylvania customers of Justice, made allegations substantially similar to the *Mehigan* Action and asserted claims under the Pennsylvania Unfair Trade Practice and Consumer Protection Law ("PUTPCPL"), 73 P.S. § 201-1 *et seq.*, breach of contract, breach of contract under the implied covenant of good faith and fair dealing, breach of express warranty, and unjust enrichment. Dkt. No. 33. Tween timely removed the *Cowhey* Action to this Court on March 19, 2015, where it was designated as a related case to the *Mehigan* Action.

6.      WHEREAS, on April 8, 2015, the Court ordered consolidation of the *Mehigan* Action and the *Cowhey* Action under the lead caption, *Rougvie, et al. v. Ascena Retail Group et al.* (the "*Rougvie* Action") and Plaintiffs filed their Second Amended Complaint in the *Rougvie* Action ("Second Amended Complaint").

7.      WHEREAS, the Second Amended Complaint added claims under the Arizona Consumer Fraud Act, A.R.S. §§ 44-1522 *et seq.*, the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 *et. seq.*, the Colorado Consumer Protection Act, col. Rev. Stat. §§

3

FINAL AND EXECUTABLE

6-1-101 *et seq.*, Connecticut Unfair Trade Practices Act, Conn. Gen. Ann. §§ 442-110(a) *et seq.*, the Delaware Consumer Fraud Act, 6 Del. Code Ann. Tit. 6, §§ 2511 *et seq.*, the Idaho Consumer Protection Act, I.C. §§ 48-601 *et seq.*, the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 *et seq.*, the Private Right of Action for Consumer Frauds Act, Iowa Code §§ 714H *et seq.*, the Iowa Consumer Fraud Act, Iowa Code §§ 714.16 *et seq.*, the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-634 *et seq.*, the Kentucky Consumer Protection Act, K.R.S. §§ 367.110 *et seq.*, the Maine Unfair Trade Practices Act., 5 M.R.S.A. §§ 1211 et seq., the Maryland Consumer Protection Act, Md. Code Ann. Com. Law §§13-191 *et seq.*, the Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. L. Ch. 93A, §§ 9 *et seq.*, the Michigan Consumer Protection Act, M.C.L §§ 445.901 *et seq.*, the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.44 *et seq.*, the Missouri Merchandising Practice Act, Mo. Rev. Stat. 407-010 *et seq.*, the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 *et seq.*, the Nebraska Uniform Deceptive Trade Practice Act, Neb. Rev. Stat. §§ 87-301 *et seq.*, the Nevada Deceptive Trade Practice Act, Nev. Rev. Stat. §§ 41.600 *et seq.*, the New Mexico Unfair Trade Practices Act, N.M. Stat. §§ 57-12-1 *et seq.*, the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 *et seq.*, the North Dakota Unfair Trade Practices Law, N.D. Cent. Code §§ 51-10-01 *et seq.*, the Oklahoma Consumer Protection Act, Okla. Stat. Tit. 15, §§ 751 *et seq.*, the Oregon Unlawful Trade Practices Act, ORS 646.605 *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Fraud Law, 73 P.S. § 201-1 *et seq.*, the Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I.G.L. §§ 6-13.1-1 *et seq.*, South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1 *et seq.*, the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 *et seq.*, the Vermont Consumer Fraud Act, 9 V.S.A.

§§2451 *et seq.*, the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*, the Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.*, the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18(1) *et seq.*, and the Wyoming Consumer Protection Law, W.S. §§ 40-12-101 *et seq.* Dkt. No. 34.

8.    WHEREAS, the Second Amended Complaint therefore sought certification of a class of residents of 47 states, excluding Alaska and Hawaii (where Justice does not have stores) and Ohio (where there was a previous settlement in *Perez v. Tween Brands, Inc.*, No. 14CV001119 (Ct. Comm. Pl. Lake Cty. Ohio) (the "*Perez* Settlement") for residents of Ohio that made purchases in Ohio stores).

9.    WHEREAS, Plaintiffs filed a Third Amended Complaint on or about the date of this Agreement repeating the allegations of previous iterations of the complaints in the *Mehigan* Action and *Rougvie* Action,  modifying the class definition, and adding common law claims for Alaska, the District of Columbia, Hawaii, and Ohio, and under the Consumer Fraud Statutes and related administrative regulations of Alaska, the District of Columbia, Hawaii, and Ohio, and an express reference to the consumer protection laws of New Hampshire, respectively set forth herein:  Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471 *et seq.*; the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901 et seq., Hawaii Unfair Practices and Unfair Competition Act, HRS § 480-1 *et seq.* ; the New Hampshire Regulation of Business Practices for Consumer Protection, RSA 358-A:1 *et seq.*, and Ohio Consumer Sales Practices Act, ORC § 1345.01 *et seq.*

10.    WHEREAS, the Third Amended Complaint therefore sought certification of a class of residents of all 50 states and the District of Columbia, excluding only those residents of

Ohio who were covered by the *Perez* Settlement. Although Justice has no stores in Alaska and Hawaii, there are residents of those states who made purchases from Justice online or through phone order. The *Perez* Settlement included only those Ohio residents who made purchases from Ohio stores. The Third Amended Complaint seeks certification of a class including Ohio residents who may have made purchases from stores in other states, online, or by phone order.

11.    WHEREAS, from March 24, 2015 to July 2, 2015, the Settling Parties met in person or by conference call approximately fifteen (15) times, either in Pittsburgh, Pennsylvania or Philadelphia, Pennsylvania, to discuss the facts, legal issues, documents provided by Justice, potential discovery and merits of this Action and an eventual settlement.

12.    WHEREAS, the foregoing discussions culminated in an all-day meeting in Philadelphia on July 2, 2015 between the Settling Parties, including counsel for all Settling Parties and authorized representatives of Justice.

13.    WHEREAS, based upon the discussions stated above, as well as an investigation that included an extensive exchange of documents under Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 408 Plaintiffs and Class Counsel have agreed to settle the claims asserted in the Action pursuant to the provisions of this Agreement. In so doing, Class Counsel have considered numerous risks of continued litigation and other factors, including but not limited to the following:

  A. the expense and length of time necessary to prosecute the Action through trial;

  B. the uncertainty of outcome at trial and the possibility of an appeal by either side following the trial;

  C. the possibility that a contested class might not be certified, and if certified, the possibility that such certification would be reversed on appeal;

D. the differences in state laws on relevant issues and how that would complicate dispositive motions or trial even if a class was certified;

E. the substantial benefits being made available to Plaintiffs and the Settlement Class Members under the terms of this Agreement.

14. WHEREAS, weighing the above factors, as well as all other risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiffs and the Settlement Class Members.

15. WHEREAS, Defendant expressly disclaims any liability or any wrongdoing of any kind whatsoever. Nevertheless, Defendant considers it desirable that this Action be resolved upon the terms and conditions set forth in this Agreement in order to avoid the expense, risk, uncertainty, and interference with ongoing business operations inherent in any litigation, and to put to rest and to obtain its peace, forever, from all claims that will be barred by the releases described herein.

NOW, THEREFORE, subject to the Final Approval of the Court as required herein and by applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that any Released Claims against any Released Parties shall be settled, compromised and forever released upon the following terms and conditions.

<u>**TERMS AND CONDITIONS OF SETTLEMENT**</u>

II. <u>**DEFINITIONS**</u>

16. As used in this Agreement and in exhibits herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

FINAL AND EXECUTABLE

A.    **"Action"**

"Action" means the civil actions filed by Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Kara Bell, Tiffany Bolton, and Carol Cowhey and consolidated under the caption *Rougvie et al v. Ascena Retail Grp., Inc. et al*, Civil Action No. 2:15-cv-00724-MAK (E.D.P.A., Kearney, J.).

B.    **"Cash Settlement Amount"**

"Cash Settlement Amount" shall be the Fifty Million Eight Hundred Thousand Dollars ($50,800,000.00) deposited by Justice into the settlement fund described in Paragraph 34.

C.    **"Claim Form"**

"Claim Form" shall mean the claim form, in the form of Exhibit 1 attached hereto and incorporated herein, but which may be modified as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court.

D.    **"Claimant"**

"Claimant" means a Settlement Class Member that submits a valid Claim Form that is reviewed and accepted by the Claims Administrator.

E.    **"Claims Administration Expenses"**

"Claims Administration Expenses" means all necessary and usual fees and expenses incurred by the Claims Administrator, including without limitation, Notice Expenses, establishment of the Settlement Website and the processing, handling, reviewing and paying of claims made by Claimants. All Claims Administration Expenses shall be paid from the Cash Settlement Amount.

FINAL AND EXECUTABLE

**F.**    **"Claims Administrator"**

"Claims Administrator" means the Person selected by the Settling Parties and approved by the Court to oversee, among other things, publication of Class Notice, the Settlement Website and the processing, handling, reviewing, approving Claim Forms and distribution of payments and/or vouchers to the Claimants and, as applicable, the Settlement Class Members.

**G.**    **"Claims Period"**

"Claims Period" shall be the ninety (90) days (not including the day of the event) following the later of (i) the sending of Direct Notice; (ii) the initial publication of Publication Notice; or (iii) establishment of the Settlement Website.

**H.**    **"Class Counsel"**

"Class Counsel" means Mansour Gavin LPA and Pietragallo Gordon Alfano Bosick & Raspanti, LLP.

**I.**    **"Class Notice"**

"Class Notice" means the Court-approved notices of this Agreement that are directed to the Settlement Class Members, with proposed notices, subject to Court approval, attached as Exhibit 3-6.

**J.**    **"Court"**

"Court" means the United States District Court for the Eastern District of Pennsylvania.

**K.**    **"Days"**

"Days" or "days" means calendar days, unless otherwise specified.

**L.**    **"Defense Counsel"**

"Defense Counsel" means the law firm of Morgan, Lewis & Bockius LLP.

**M.    "Effective Date"**

"Effective Date" means thirty-five (35) days after the Court enters an Order and Final Judgment approving the Settlement, if no appeal is taken.  If an appeal is taken, the Effective Date shall mean the first date all appellate rights (including proceedings in the Supreme Court) with respect to said Order and Final Judgment have expired or been exhausted in such a manner as to affirm the Order and Final Judgment.

**N.    "Fee Award"**

"Fee Award" means the award of fees and costs sought by application to and approved by the Court that is payable to Class Counsel, as described in Paragraph 42.

**O.    "Final Approval"**

"Final Approval" means the Court's entry of an Order and Final Judgment following the Hearing on Final Approval.

**P.    "Gross Settlement Fund"**

"Gross Settlement Fund" means the Cash Settlement Amount, as defined herein, and any interest earned thereon.

**Q.    "Hearing on Final Approval"**

"Hearing on Final Approval" means the hearing to be conducted by the Court to finally determine the fairness, adequacy and reasonableness of this Agreement.

**R.    "Justice"**

"Justice" means, collectively, "Ascena Retail Group, Inc." and "Tween Brands, Inc., d/b/a Justice Stores," and all of their current and former parents, predecessors, successors, assigns, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and/or future officers, directors, employees, stockholders, partners, agents,

servants, successors, attorneys, representatives, advisors, consultants, resellers, brokers, distributors, wholesalers, retailers, subrogees and assigns of any of the foregoing, and representatives of any and all of the foregoing.

**S.    "Incentive Award"**

"Incentive Award" means any award sought by application to and approved by the Court that is payable to the named Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Kara Bell, Tiffany Bolton, and Carol Cowhey from the Gross Settlement Fund.

**T.    "Net Settlement Fund"**

"Net Settlement Fund" shall mean the Gross Settlement Fund, as defined herein, less Claims Administration Expenses (including Notice Expenses), any Fee Award as described in Paragraph 42 below, any Incentive Award, taxes on interest earned by the Cash Settlement Amount, and tax expenses.  It is expressly provided that all Claims Administration Expenses, Incentive Awards, Fee Award, taxes and tax expenses, as described in this paragraph shall be paid from Net Settlement Fund before any funds are returned to Justice.

**U.    "Notice Expenses"**

"Notice Expenses" means all reasonable fees, costs and expenses expended in publishing the Class Notice and providing notice to the appropriate State and Federal officials, including: (i) preparing, printing, mailing, disseminating, posting, promoting, internet hosting and publishing the Class Notice; (ii) obtaining any expert opinions regarding the sufficiency of notice program; and (iii) any other necessary notice or notice-related

FINAL AND EXECUTABLE

**AA.   "Preliminary Approval"**

"Preliminary Approval" means the Court's entry of an order, substantially in the form attached hereto and incorporated herein as Exhibit 2, approving the timing, content and manner of Class Notice, conditionally certifying the class of Settlement Class Members, preliminarily approving this Agreement, and enjoining the commencement or continued prosecution by any of the Related Actions and any Releasing Parties of any Released Claims against any Released Parties.

**BB.   "Related Actions"**

"Related Actions" means the actions other than the Action that is the subject of this Agreement filed in state or federal courts asserting claims and alleging facts substantially similar to those asserted and alleged in this Action, including but not limited to the following:   *Joiner v. Tween Brands, Inc.*, No. 1:15-cv-01590 (D. Md.); *Legendre v. Tween Brands, Inc.*, No. 2:15-cv-04088 (D.N.J.); *Gallagher v. Tween Brands, Inc.*, No. 4:15-cv-00833 (E.D. Mo.); *Kallay v. Tween Brands, Inc.*, No. 2:15-cv-02238 (S.D. Ohio); *Metoyer v. Tween Brands, Inc.*, 5:15-cv-01007 (C.D. Cal.); *Loor v. Tween Brands, Inc.*, No. 6:15-cv-00953 (M.D. Fla.); and *Traynor-Lufkin v. Tween Brands, Inc.*, No. 2:15-cv-02712-MAK (E.D. Pa.).

**CC.   "Released Claims"**

"Released Claims" means any case, claim, cause of action, cross-claim, liability, right, demand, suit, action, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action, of every kind and description that the Releasing Parties had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted

13

on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Parties either in the Action or in the Related Actions or in any action or proceeding this Court or any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or relating to the allegations in the Complaint, Amended Complaint, Second Amended Complaint, or Third Amended Complaint and prior to the Effective Date of this Settlement, including but not limited to all claims that were brought or could have been brought in the Action or the Related Actions.

**DD.** **"Released Parties"**

"Released Parties" means Justice as defined in "R," above.

**EE.** **"Releasing Parties"**

"Releasing Parties" means the Plaintiffs, each Settlement Class Member who has not filed a valid Request for Exclusion, and any Person claiming by or through him/her/it as his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

**FF.** **"Request for Exclusion"**

"Request for Exclusion" is the written communication that a Settlement Class Member may submit to the Claims Administrator in order to be excluded from the Settlement as provided for in Paragraphs 30-32.

FINAL AND EXECUTABLE

### GG.   "Settled Defendant's Claims"

"Settled Defendant's Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and unknown claims, that have been or could have been asserted in the Action or any other forum by Defendant or the successors and assigns of it against any of the Plaintiffs, Class Counsel, Plaintiffs' Counsel or any counsel representing the Plaintiffs in this Action, which arise out of or relate to the institution, prosecution, or Settlement of the Action (except for claims to enforce the Settlement and/or this Agreement).

### HH.   "Settlement Class Members"

"Settlement Class Members" means all individuals throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015.   "Settlement Class Members" excludes Ohio residents within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty OH) except for the following: Ohio residents who were part of the *Perez v. Tween Brands Inc.* class settlement who also made purchases at a Justice store outside the time frame of the *Perez v. Tween Brands Inc.* and within the time frame of this Agreement (January 1, 2012 and June 30, 2012 AND September 1, 2014 to February 28, 2015).

FINAL AND EXECUTABLE

activities.   All Notice Expenses, as described herein, are included in the Claims Administration Expenses, and shall be paid before any funds are returned to Justice.

**V.      "Notice of Missing Information"**

"Notice of Missing Information" means the notice sent by the Claims Administrator to a Settlement Class Member who has submitted a Claim Form with incomplete or missing information that is required for the Settlement Class Member to be considered eligible for the class relief provided by the Settlement.

**W.      "Objection"**

"Objection" is the written communication that a Settlement Class Member may file with the Court in order to object to this Agreement as provided for in Paragraphs 26-29.

**X.      "Order and Final Judgment"**

"Order and Final Judgment" means the final order to be entered by the Court approving the Settlement pursuant to the provisions of this Agreement, granting certification of the class of Settlement Class Members, dismissing the Action with prejudice, releasing the Released Claims, and otherwise directing as the Court or the Settling Parties deem necessary and appropriate in order to effectuate the terms and conditions of this Agreement.

**Y.      "Person"**

"Person" means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective successors or assigns.

**Z.      "Plaintiffs' Counsel"**

"Plaintiffs' Counsel" means Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin, LPA; Robert Mansour, Esquire; and Edward J. Westlow, Esquire.

FINAL AND EXECUTABLE

II.      **"Settlement Website"**

"Settlement Website" means the dedicated website to be administered by the Claims Administrator for purposes of receiving Claim Forms and providing Class Notice and other information regarding this Agreement to Settlement Class Members and others.

### III.      PRELIMINARY APPROVAL

**Motion for Preliminary Approval**

17.      Following execution of this Agreement, Class Counsel shall promptly submit this Agreement to the Court and petition the Court for an order that: (1) appoints Plaintiffs to be class representatives for the Settlement Class Members; (2) appoints Class Counsel to represent the Settlement Class Members; (3) appoints McGladrey LLP as the Claims Administrator; (4) conditionally certifies the class of Settlement Class Members under Federal Rule of Civil Procedure 23 for settlement purposes only; (5) preliminarily approves this Agreement for purposes of issuing Class Notice; (6) approves and directs the timing, content and manner of the Class Notice as being the best notice practicable and in accordance with Fed. R. Civ. P. 23; (7) approves and directs the provision of notice to the Attorney General of the United States and the Attorneys General of each state or territory in which a Settlement Class Member resides as being in compliance with the notification provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715 ("CAFA"); (8) enjoins the commencement or continued prosecution by any Releasing Parties of any Released Claims against any Released Parties or any Related Actions; (9) sets deadlines for any objection or Request for Exclusion; (10) schedules the Hearing on Final Approval; and (11) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

FINAL AND EXECUTABLE

### Stay of this Action

18.     Following Preliminary Approval, all activity in the Action shall be stayed except to the extent necessary to effectuate this Agreement unless and until this Agreement is terminated pursuant to its terms and conditions. Further, upon Preliminary Approval, the commencement or continued prosecution of any Related Actions shall be enjoined.

### Cooperation

19.     The Settling Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Agreement.

## IV.     NOTICE

### Cost of Notice

20.     All Notice Expenses are part of the Claims Administration Expenses, and shall be paid from the Gross Settlement Fund.

### Notice to State and Federal Officials

21.     In compliance with the notification provisions of CAFA, Defendant shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state or territory in which a Settlement Class Member resides within ten (10) days after the motion for Preliminary Approval is filed.  Defendant shall file with the Court a certification stating the date(s) on which the CAFA notices were sent.  Defendant will provide Class Counsel with any substantive responses received in response to any CAFA notice served by it.

### Notice to the Settlement Class Members

22.    Within sixty (60) days of, but not before Preliminary Approval, the Settling Parties or their designees shall cause the Class Notice to be made by the Claims Administrator as follows:

A.    Direct Notice.  The Claims Administrator will email the Short Form Notice (Exhibit 3), in the form approved by the Court, to those Settlement Class Members for whom Justice has email addresses in its Customer Relations Management system.  The Claims Administrator will also provide the Short Form Notice (Exhibit 3), in the form approved by the Court, to the remaining Settlement Class Members for whom Justice has postal addresses in its Customer Relations Database by First Class Mail.  The Claims Administrator will monitor and document Notices sent by emails that are returned ("Returned Email Class Members").  For those Returned Email Class Members for which the Claims Administrator received postal addresses from Justice, the Claims Administrator will send the Short Form Notice to the Returned Email Class Members by First Class Mail.  The Claims Administrator will monitor and document forwarding addresses and/or returned mail to Settlement Class Members delivered by First Class Mail ("Returned Mail Class Members").  The Claims Administrator will mail new Short Form Notice to Returned Mail Class Members for whom the Claims Administrator receives forwarding addresses.  Within ten (10) days following Preliminary Approval of this Agreement, Justice shall provide to the Claims Administrator the name, email address and postal address of each Settlement Class Member who can be identified with reasonable effort from Justice's business records.  This Settlement Class Member data shall be provided to the Claims Administrator in an electronic format agreed upon between Justice and the Claims Administrator.

B.      Publication Notice.  The Claims Administrator will cause the Publication Notice, as described below and in the form approved by the Court, to be published to the Settlement Class Members within sixty (60) days of, but not before, Preliminary Approval. Having consulted with the Claims Administrator, and subject to Court approval, the Settling Parties agree that Publication Notice shall be published in the following media:

        i.      Press Release.

A press release with the Class Notice only will be issued by the Claims Administrator via PR Newswire's national distribution list which is comprised of approximately 4,200 print and broadcast and 5,500 online press outlets in the United States.  A form of the press release, subject to the Court's approval, is attached as Exhibit 5.

        ii.      Publication Notice

The Claims Administrator will also cause notice (substantially in the form attached as Exhibit 6) to appear one time in the national edition of *People* magazine and also one time in *Parade* Magazine.

C.      Website Notice.  The Claims Administrator will establish a Settlement Website for the purposes of disseminating the Class Notice, in the form attached as Exhibit 4 (Long Form Notice), this Agreement, information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings, forms of the vouchers and other information relevant to the Settlement. The Claims Administrator shall establish the Settlement Website within thirty (30) days of Preliminary Approval in this Action using a URL

FINAL AND EXECUTABLE

to be approved by the Settling Parties. The Settlement Website also shall contain an electronic Claim Form to allow on-line submission of claims as well as a Claim Form which can be downloaded, printed, and either scanned and submitted (with proof(s) of purchase) via the settlement website or mailed (with proof(s) of purchase) to the Claims Administrator.

D.    Notice on Class Counsels' Websites.  Class Counsel shall post on their respective websites the Class Notice along with a link to the Settlement Website.

E.    Communication and Disclosures.  Except as set forth herein, the Settling Parties agree that they will not effectuate any additional press releases or similar statements concerning the Settlement.  The Settling Parties further agree that all press inquiries will be responded to with either no comment or by reference to the publicly available information on the Settlement Website.  Notwithstanding the foregoing, Justice may: (1) make any disclosures it deems necessary to its investors, stockholders, or industry analysts relevant to Justice, including through issuance of an SEC Form 8-K, related to this Agreement and the matters contemplated herein; and (2) respond to inquiries from investors, stockholder or industry analysts relevant to Justice about Justice's ongoing and future operations and the effect of this Settlement on those ongoing and future operations.

### Contents of Notice

23.    Notice to the Settlement Class Members:  As set forth above and in Exhibits 3-6, as approved by the Court, the Class Notice shall advise Settlement Class Members of their rights, including the right to opt-out of or object to the Settlement and the applicable procedures and deadlines for doing so, shall direct them to the Settlement Website where an electronic Claim Form shall be located, shall provide instructions for contacting Class Counsel and the Claims Administrator in order to obtain a paper Claim Form and to request additional information, for

downloading a paper Claim Form from the Settlement Website, and shall contain other information as agreed to by the Settling Parties. The Class Notice shall advise Settlement Class Members that objections to the Agreement, and papers submitted in support of said objections, shall only be considered at the Hearing on Final Approval if they are submitted pursuant to the procedures set forth in Paragraphs 26-29. The Class Notice shall advise Settlement Class Members that the time and place of the Hearing on Final Approval may change and shall be posted on the Settlement Website.

## V.    ELIGIBILITY FOR RELIEF

### Review of Claims

24.    The Claims Administrator shall review all timely submitted Claim Forms within a reasonable time to determine each Settlement Class Member's eligibility for class relief, and the amount of such relief, if any. Copies of submitted Claim Forms shall be provided to Defense Counsel and Class Counsel upon request. Settlement Class Members submitting completed Claim Forms shall be entitled to the relief identified in Paragraph 40, unless the Claims Administrator has a good faith belief that one or more required fields containing material fact(s) identified in the Claim Form is/are fraudulent or materially inaccurate.  Within thirty (30) days after the Claims Period ends, the Claims Administrator shall submit a report to Class Counsel and Defense Counsel regarding all claims made, the disposition thereof, and the basis for rejection of any claims. The Claims Administrator will also notify each Settlement Class Member whose Claim is rejected. Any Settlement Class Member whose Claim is rejected may seek reconsideration by contacting the Claims Administrator. The Claims Administrator shall accept all completed Claim Forms that are timely submitted to the Claims Administrator and which the Claims Administrator does not believe are fraudulent or materially inaccurate.

**Incomplete Claim Forms**

25.     Submitted Claim Forms omitting required information shall be returned via First Class Mail by the Claims Administrator to the Settlement Class Member's address indicated on the Claim Form as part of a Notice of Missing Information. Settlement Class Members whose Claim Forms are returned because of missing required information shall have until the end of the Claims Period, or thirty (30) days from when the Notice of Missing Information was mailed, whichever is later, to reply to the Notice of Missing Information and provide a revised Claim Form that includes all required information.  If a Settlement Class Member fails to respond by the end of the Claims Period or within thirty (30) days from when the Notice of Missing Information was mailed, whichever is later, or the Claims Administrator is unable to return the submitted Claim Form as a result of the omitted information, the Claims Administrator will not be obligated to make any payment on such claims.

## VI.     **OBJECTIONS AND OPT-OUTS**

**Objections**

26.     Settlement Class Members shall have the right to appear and object, if they have any reason why the terms of this Agreement should not be given Final Approval (an "Objector"). An Objection must be in writing, filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set forth in the Class Notice, no later than 45 days before the Hearing on Final Approval.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

27.     If a Settlement Class Member hires an attorney to represent him or her at the Hearing on Final Approval, he or she must do so at his or her own expense. No Settlement Class Member represented by an attorney shall be deemed to have objected to the Agreement unless an Objection signed by the Settlement Class Member also is filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Class Notice no later than 45 days before the Hearing on Final Approval.

28.     Any Objection regarding or related to this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Rougvie et al v. Ascena Retail Grp., Inc. et al*" and also shall contain information sufficient to identify and contact the Objector (or his or her attorney, if any), as well as a clear and concise statement of the Objector's position , documents sufficient to establish the basis for their standing as a Settlement Class Member, *i.e.*, verification under oath as to the approximate date(s) and location(s) or circumstances of their purchase(s) from Justice or receipt(s) or credit/bank account statement(s) reflecting such purchase(s), the facts supporting the Objection, and the legal grounds on which the Objection is based. If an Objector chooses to appear at the Hearing on Final Approval, no later than 30 days before the Hearing on Final Approval, a notice of intention to appear, either in person or through an attorney, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear. For the avoidance of doubt, the filing of an Objection is not sufficient to also allow an Objector to appear at the Hearing on Final Approval.

**Right to Respond to Objections**

29.     The Settling Parties shall have the right to respond to any Objection no later than fifteen (15) days prior to the Hearing on Final Approval. Any Settling Party so responding shall file a copy of the response with the Court, and shall serve a copy, by regular mail, hand or

overnight delivery, to the objector (or counsel for the objector) and via email and overnight delivery to Class Counsel and Defense Counsel.

### Opt Outs

30.     Any Settlement Class Member who does not wish to participate in this Settlement must write to the Claims Administrator stating an intention to "opt out" or be "excluded" from this Settlement ("Request for Exclusion"). This written Request for Exclusion must be sent via First Class Mail to the Claims Administrator at the address set forth in the Class Notice and postmarked no later than 30 days before the date set for the Hearing on Final Approval. The Request for Exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed. Copies of submitted Requests for Exclusion shall be provided to Defense Counsel and to Class Counsel upon request.

31.     Any Settlement Class Member who submits a Request for Exclusion may not file an Objection to the Settlement.

32.     Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement as set forth in Paragraphs 26-29. An Objector who has not timely requested exclusion from the Settlement will be bound by the terms of this Agreement upon Final Approval.

### VII.   <u>SETTLEMENT RELIEF AND SETTLEMENT CONSIDERATION</u>

**Structural Relief**

33.     Justice agrees to make or has already made changes to its prior advertising campaign at issue in this Action. Justice agrees that it will abide by all applicable laws with respect to price comparison advertising.

24

**Settlement Fund**

34.     Defendant shall pay the Cash Settlement Amount ($50,800,000.00) into escrow in an interest-bearing account established by the Claims Administrator and for the benefit of Plaintiffs and the Settlement Class Members.  The Cash Settlement Amount shall be paid within twenty (20)  days after the later of: (i) entry of the order granting Preliminary Approval of the Settlement, or (ii) notification by Class Counsel to Defense Counsel of the wire transfer instructions, tax identification number associated with the escrow fund and physical address of the bank which will hold the interest-bearing escrow account.

35.     Prior to the Effective Date, no withdrawal or payment may be made from the Gross Settlement Fund by any Person, except where otherwise authorized in this Agreement, without the prior written consent of Justice, the consent to which shall not be unreasonably withheld by Justice.

36.     Plaintiffs and Settlement Class Members shall look either to the Cash Settlement Amount or a voucher (gift card), as fully set forth in Paragraph 40, as sole satisfaction of all claims that are released under this Agreement.   Under no circumstances will Defendant be required to pay cash in amounts more than the Cash Settlement Amount, including for Claims Administration Expenses, including Class Notice, and/or any Fee Award and Incentive Awards. Defendant, however, is required to issue and honor vouchers and gift cards, as set forth in Paragraph 40.  Plaintiffs and Settlement Class Members acknowledge that as of the Effective Date, the releases given herein shall become effective immediately by operation of the Order and Final Judgment and shall be permanent, absolute, and unconditional.

37.     All taxes on the income of the Gross Settlement Fund and (i) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without

limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid by Justice and shall not be considered to be Claims Administration Expenses.

## VIII.   <u>ADMINISTRATION OF SETTLEMENT</u>

38.     The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court.  The Claims Administrator agrees to be subject to the jurisdiction of the Court with respect to the administration of the Settlement and the distribution of relief to the Settlement Class Members pursuant to the terms of this Agreement.

39.     Class Counsel must pay from the Cash Settlement Amount to the Claims Administrator, without further approval from the Defendant or the Court, the reasonable costs and expenses up to the sum of Eight Million Dollars ($8,000,000.00) for Claims Administration Expenses, including without limitation, the Notice Expenses.   Any amount in excess of $8,000,000.00 shall be paid out of the Cash Settlement Amount and reduce the distributions to Claimants as set forth in Paragraph 40.  If the Claims Administration Expenses are less than $8,000,000.00, the remaining funds will be allocated to the Net Settlement Fund.

## IX.   <u>DISTRIBUTION TO CLAIMANTS</u>

40.     For each Claimant, the Claims Administrator shall pay from the Net Settlement Fund the following, as set forth herein.

a.   <u>Option One</u>:

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member | Total |
|---|---|---|---|---|
| **Cash Value** | $7 | $13 | $20 | |
| **Voucher** | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 | |

26

| Number of States | 7 | 26 | 17 (plus DC) | 50 (plus DC) |
|---|---|---|---|---|
| Identity of States contained in respective categories | AL, GA, LA, MS, MT, SC, TN | AK, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI | |
| Est. Number of Identified Settlement Class Members | 1,917,675 | 8,398,780 | 8,106,329 | 18,422,784 |

For Option One, a Claimant may choose either the cash value or the voucher value, based on the Claimant's state of residence at the time the claim is submitted. The vouchers for Claimants residing in "Limited Recovery" and "Single Recovery" states will be in the form attached as Exhibit 7. Vouchers for Claimants residing in "Treble Recovery" states will be in the form attached as Exhibit 8. For Claimants who reside in Hawaii or Alaska, instead of a Voucher, Claimants will receive directly from Justice, via first class mail, a gift card in the value set forth above for Claimant's state of residence.

For those Claimants who choose Option One, but who did not receive Direct Notice in a form similar to those attached as Exhibit 3, Claimants must submit a Claim Form with proof of purchase (receipt, bank statement or credit card statement) demonstrating that Claimant made at least one purchase from Justice during the period from January 1, 2012 to February 28, 2015.

     b. <u>Option Two</u>: In the alternative, Claimants who made: (i) more than five (5) purchases from Justice from January 1, 2012 to February 28, 2015; and/or (ii) one or more purchases of $105 or more from January 1, 2012 to February 28, 2015, may submit a Claim Form with receipts or bank/credit card statements to receive, at their option, either:

FINAL AND EXECUTABLE

     i.  A check for fourteen percent (14%) of their total purchases; or

    ii.  A voucher for twenty percent (20%) of their total purchases, the amount of which may be rounded up to the next dollar amount.

For Claimants who reside in Hawaii or Alaska, instead of a Voucher, Claimants will receive directly from Justice, via first class mail, a gift card in the value set forth in b. above.

    c.  <u>Pro Rata Distribution.</u> In the unlikely event that the Net Settlement Fund is not sufficient to pay all of the claims made pursuant to both section (a) and section (b) above (Options One and Two) then the amounts paid to the Claimants under both sections shall be reduced on a pro rata basis.

    d.  <u>Excess Costs of Administration.</u> If at the time of the distribution to Claimants, the Claims Administration Expenses have exceeded the sum of $8,000,000.00, the distributions to Claimants shall be reduced pro rata by the amount of any total excess $8,000,000.00.

    e.  <u>Automatic Voucher (or Gift Card) Distribution</u>:  Settlement Class Members who do not submit a Claim Form but for whom the Claims Administrator has a valid email or postal address will automatically receive a voucher (or Gift Card) as set forth in Option One, based on the current state of residence of that Settlement Class Member.

    f.  <u>Distribution</u>:  All payments will be made by check, and payments or vouchers will be sent by email or First Class Mail to the Claimants not later than 180 days after the Effective Date.

    41.    If all Claimants have been paid according to this Agreement and funds remain in the Net Settlement Fund 180 days following the Effective Date, the remaining funds shall revert

to Justice following payment of any outstanding Claims Administration Expenses, Fee Award and Incentive Awards.

## X.     FEE AND INCENTIVE AWARDS

**The Fee Award**

42.     Class Counsel will apply on behalf of Class Counsel and other Plaintiffs' Counsel listed herein to the Court for a Fee Award from the Gross Settlement Fund not to exceed Fifteen Million Dollars ($15,000,000.00), which is Twenty Nine and one-half percent (29.5%) of the Gross Settlement Fund.   Defendant shall neither object to nor challenge Class Counsel's application for a Fee Award that does not exceed $15,000,000.00.

**Application and Payment of the Cash Settlement Amount Fee and Incentive Awards**

43.     Class Counsel's application for any Fee Award and Incentive Award, and any documents submitted in support thereof, shall be filed no later than fifty (50) days before the Hearing on Final Approval.   Any Fee Award and Incentive Awards approved by the Court shall be paid within twenty (20) days of the Effective Date, wired by the Claims Administrator for distribution to Plaintiffs' Counsel.

44.     Notwithstanding any other provision of this Agreement to the contrary, a Fee Awards approved by the Court in an amount not to exceed $15,000,000.00, shall be paid directly by the Claims Administrator out of the Gross Settlement Fund as the Court shall direct.   In no event shall any payment be made to Class Counsel in excess of $15,000,000.00.   Class Counsel represent that they will divide the Fee Award between them in a manner to which they have all

29

agreed. Justice shall not have to pay any monies on account of a Fee Award other than the $15,000,000.00 that is included within the total $50,800,000.00 Cash Settlement Amount.

### The Incentive Award to Named Plaintiffs

45. Subject to approval by the Court and in recognition of Plaintiffs' time and effort expended on behalf of the Settlement Class Members, Plaintiffs will seek an Incentive Award in the amount of Six Thousand Dollars ($6,000.00) each to be paid from the Gross Settlement Fund.

## XI.    FINAL APPROVAL

### Motion for Final Approval

46. No later than sixty (60) days before the Hearing on Final Approval, Class Counsel shall petition the Court for a final order that: (1) confirms the certification of the class of Settlement Class Members as defined above for settlement purposes only; (2) dismisses this Action, with prejudice, upon the Effective Date; (3) decrees that neither the Final Approval nor this Agreement constitutes an admission of liability, fault or wrongdoing; (4) enjoins the Releasing Parties from pursuing the Related Actions or asserting any Released Claims against any Released Parties; (5) releases the Released Parties from any and all of the Released Claims of the Releasing Parties; (6) finds that this Agreement is entered into in good faith, is reasonable, fair and adequate, and is in the best interest of the Settlement Class Members; (7) directs the actions required by this Agreement; (8) preserves the Court's continuing and exclusive jurisdiction over the Settling Parties, including Justice and all Settlement Class Members, to administer, supervise, construe, and enforce this Agreement in accordance with its terms and conditions, but without affecting the finality of the Final Approval; and (9) makes such other

30

orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement and the Settlement.

### Hearing on Final Approval

47.     No later than 210 days after Preliminary Approval and no earlier than 150 days after Preliminary Approval, the Court shall schedule and conduct the Hearing on Final Approval so that the Court may review any Objections, consider the fairness, reasonableness and adequacy of this Agreement, consider Class Counsel's petition for a Fee Award and Incentive Award, and consider Class Counsel's petition for Final Approval.  The time, date and place of the Hearing on Final Approval shall be posted on the Settlement Website in advance of the hearing.  If the time, date, or place of the Hearing on Final Approval is subsequently modified by the Court, it shall be posted on the Settlement Website and no further notice of the change is required to be published to Settlement Class Members, except that the Settling Parties will notify any Objector in writing of any modifications to the date, time or place of the Hearing on Final Approval.

### Dismissal of this Action

48.     Upon Final Approval, the Order and Final Judgment shall provide that this Action shall be dismissed, with prejudice, upon the Effective Date.

### Cooperation

49.     The Settling Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Agreement, to seek Final Approval of the Settlement, to defend any appeal from an order granting Final Approval, to respond to any collateral attack on the Settlement, this Agreement and/or its preclusive effect, and to take any reasonable appeal from an order denying Final Approval.

FINAL AND EXECUTABLE

## XII.   TERMINATION

**Right to Terminate**

50.     This Agreement is contingent on the final certification of the class of Settlement Class Members and Final Approval.  Justice may terminate this Agreement in its entirety at any time and without further obligation if: (1) the Court rejects or denies approval of this Agreement; (2) the Court makes any order purporting to alter, amend or modify any term or condition of this Agreement; (3) the Court fails to certify the class of Settlement Class Members; (4) the Court makes any order purporting to preclude Plaintiffs and/or Justice from proceeding in whole or in part with any provision of this Agreement; or (5) more than 10% of the Settlement Class Members submit timely and valid Requests for Exclusion.

51.     Justice has provided, as Exhibit 9, a declaration executed by an appropriate employee of Justice, verifying that the following data provided to Class Counsel in negotiating this Settlement Agreement is accurate including the following: (1) the total number of Settlement Class Members, broken down by state; (2) the average dollar ranges of purchases by the Settlement Class Members; (3) the number of Settlement Class Members eligible for an Option Two claim under Paragraph 40(b); and (4) the average total purchases for Settlement Class Members eligible for an Option Two claim under Paragraph 40(b).  In the event information provided by Justice to Class Counsel is materially inaccurate, then Class Counsel can terminate this Agreement within thirty (30) days of Preliminary Approval.

**Notice of Termination**

52.     In the event either Plaintiffs or Defendant exercises a right to terminate this Agreement, it shall promptly notify the Court and Counsel for the Settling Parties and cause the Claims Administrator to notify the Settlement Class Members by posting information on the

FINAL AND EXECUTABLE

Settlement Website and email to those Claimants who provided an email address to the Claims Administrator.

### Effect of Termination

53.     In the event either party exercises its right to terminate this Agreement, this Agreement shall be considered null and void and have no force or effect, no Person or entity shall be bound by any of its terms or conditions, and the rights of all Persons or entities with respect to the claims and defenses asserted in this Action shall be restored to the positions existing immediately prior to the execution of this Agreement, except as set forth herein and the Settling Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, and any portion of the Cash Settlement Amount previously paid by or on behalf of Defendant, together with any interest earned thereon, and less costs from the Settlement Administrator for Claims Administration Expenses actually incurred and paid or payable from the Cash Settlement Amount, shall be returned to Defendant.  For purposes of clarification, in the event either party terminates this Agreement, all monies paid to the Claims Administrator by Class Counsel pursuant to Paragraphs 38 and 39 will not be returned to Defendant, and all outstanding Claims Administrator invoices for Claims Administration Expenses will be paid in full from the Cash Settlement Amount.   Any balance of the $8,000,000.00 will then be returned to the Defendant.

## XIII.  RELEASE

### Release

54.     Upon Final Approval, each of the Releasing Parties shall be deemed to release and forever discharge any and all Released Parties of and from liability for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting, and/or

33

prosecuting any Released Claims against any Released Parties in any court or forum. This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties. No Released Parties shall be subject to liability or expense of any kind to any Releasing Parties with respect to any Released Claims. The Releasing Parties waive and release all legal rights (including statutory) to the extent that such rights conflict with the foregoing release, including to the fullest extent possible, all rights and benefits afforded by state law regarding known and unknown claims, including Section 1542 of the Civil Code of the State of California which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

55.     Upon Final Approval, Defendant shall be deemed to release and forever discharge Plaintiffs, Class Counsel, and/or any counsel representing Plaintiffs in this Action of any and all Settled Defendant's Claims.

**Binding Effect**

56.     The Settling Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. The Settling Parties agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect its decision to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released Claims and the Settling Parties shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The Settling Parties

hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable the release contained in this Agreement.

## XIV.    SETTLEMENT PURPOSES ONLY

**Non-Admission**

57.    This Agreement, whether or not consummated and whether or not approved by the Court, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement are for settlement purposes only.  Neither the fact of nor the contents of this Agreement or its exhibits, nor any communications exchanged nor actions taken pursuant to or during the negotiation of this Agreement, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim asserted or fact alleged in this Action or any Related Actions or of any wrongdoing, fault, violation of law or liability of any kind on the part of Justice.

**Non-Admissibility**

58.    This Agreement and all negotiations, correspondence and communications leading up to its execution shall be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles.  Neither this Agreement, nor any terms, conditions, contents or provisions hereof or exhibits hereto, nor any negotiations, correspondence or communications leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, or to enforce or assert a claim or defense of res judicata, collateral estoppel, claim preclusion, issue preclusion, settlement, release,

merger and bar, or any similar claim or defense against the Plaintiffs, any Settlement Class Member, or any third party.

### Reservation of Rights

59.    This Agreement is made without prejudice to the rights of Justice to: (1) oppose class certification in the Action or any other proceeding should this Agreement not be approved or implemented; (2) oppose class certification in any Related Actions or in any other putative or certified class action should those actions not be dismissed; or (3) use the certification of the Settlement Class Members to oppose certification of any other proposed or existing class arising out of or related to the Released Claims should those actions not be dismissed.

## XV.    WARRANTIES AND REPRESENTATIONS

### Authority to Execute

60.    The Settling Parties warrant and represent that the Persons executing this Agreement are duly authorized to do so.

### Assignment of Claims

61.    The Settling Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other entity or Person.

### Reading and Understanding

62.    The Settling Parties warrant and represent that they have carefully read this Agreement, have consulted their attorneys regarding this Agreement, and fully understand and voluntarily accept the terms and conditions of this Agreement.

**Reliance on Own Judgment**

63.     The Settling Parties warrant and represent that they have relied upon their own judgment and that of their legal counsel regarding the sufficient and agreed upon consideration for this Agreement and that no statement or representation by any of the other Settling Parties or their agents, employees, officers, directors or legal representatives influenced or induced them to execute this Agreement.

## XVI.   INTERPRETATION AND ENFORCEMENT

**Governing Law**

64.     This Agreement shall be construed under and governed by the laws of the United States and the Commonwealth of Pennsylvania, applied without regard to laws applicable to choice of law.

**Entire Agreement**

65.     This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Settling Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Settling Parties with respect to the subject matter of this Agreement.

**Joint Preparation**

66.     This Agreement shall be construed as if the Settling Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any of the Settling Parties.

**Recitals**

67.     The Recitals are a material part of this Agreement and are incorporated herein in their entirety.

FINAL AND EXECUTABLE

**Captions**

68.    The captions used in this Agreement are for convenience and identification purposes only and are not part of this Agreement.

**Modification**

69.    This Agreement may not be changed, modified, or amended except in writing signed by all Settling Parties and approved by the Court where required.  Notwithstanding the foregoing, however, the claims process set forth above may be modified in reasonable ways without material detriment to the Settlement Class Members by mutual agreement of the Settling Parties without Court approval and the Settling Parties may agree to reasonable extensions of time in which to accomplish the tasks required by the terms and conditions of this Agreement, which shall not be unreasonably withheld.

**Waiver**

70.    The waiver of any term or condition or breach of this Agreement shall not be deemed to be a waiver of any other term or condition or breach of this Agreement and shall not be deemed to be a continuing waiver.

**Binding Effect**

71.    This Agreement shall be binding upon and inure to the benefit of the Settling Parties and each of their representative heirs, successors, assigns, executors and legal representatives.

**Continuing Jurisdiction**

72.    The Settling Parties agree that the Court shall retain exclusive and continuing jurisdiction of the Action, Settling Parties, Settlement Class Members and the Claims Administrator to interpret and enforce the terms, conditions, and obligations of this Agreement.

## XVII.  MISCELLANEOUS TERMS AND CONDITIONS

**Litigation Brought in Good Faith**

73.    The Settling Parties to this Agreement intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members against the Released Parties with respect to the Released Claims.  Accordingly, Class Counsel and Defendant agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendant in bad faith or without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure or of 28 U.S.C. §1927 relating to the prosecution, defense, or settlement of the Action.

74.    The Settling Parties agree that the amount paid and the other terms of the Agreement were negotiated at arm's-length in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

**Notices**

75.    Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement, or any document to be given by any Settling Party to any other Settling Party shall be in writing and delivered personally or sent by overnight courier with tracking enabled, to Class Counsel at the following addresses:

MANSOUR GAVIN LPA
c/o Anthony J. Coyne
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
c/o Kevin E. Raphael
1818 Market Street
Suite 3402
Philadelphia, PA 19103

And to Justice's counsel at the following address:

FINAL AND EXECUTABLE

MORGAN, LEWIS & BOCKIUS LLP
c/o Gregory T. Parks
1701 Market St.
Philadelphia, PA 19103

**Execution**

76.     This Agreement may be executed by facsimile or e-mail signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid binding agreement.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF,** each of the Settling Parties has caused this Agreement to be executed on its behalf by its duly authorized counsel, all as of the day first set forth above.

_____
Kara Bell
Class Representative


_____
Tiffany Bolton
Class Representative


_____
Carol Cowhey
Class Representative


_____
Marguerite Sinkler Gilder
Class Representative


_____
Fonda Kubiak
Class Representative


_____
Caroline Mansour
Class Representative


_____
Melinda Mehigan
Class Representative


_____
Carol Rougvie
Class Representative

_____

Kara Bell
Class Representative

_____

Tiffany Bolton
Class Representative

_____

Carol Cowhey
Class Representative

_____

Marguerite Sinkler Gilder
Class Representative

_____

Fonda Kubiak
Class Representative

_____

Caroline Mansour
Class Representative

_____

Melinda Mehigan
Class Representative

_____

Carol Rougvie
Class Representative

_____
Kara Bell
Class Representative

_____
Tiffany Bolton
Class Representative

_____
Carol Cowhey
Class Representative

_____
Marguerite Sinkler Gilder
Class Representative

_____
Fonda Kubiak
Class Representative

_____
Caroline Mansour
Class Representative

_____
Melinda Mehigan
Class Representative

_____
Carol Rougvie
Class Representative

**IN WITNESS WHEREOF,** each of the Settling Parties has caused this Agreement to be executed on its behalf by its duly authorized counsel, all as of the day first set forth above.

_____
Kara Bell
Class Representative


_____
Tiffany Bolton
Class Representative

*Carol Cowhey*
Carol Cowhey
Class Representative


_____
Marguerite Sinkler Gilder
Class Representative


_____
Fonda Kubiak
Class Representative


_____
Caroline Mansour
Class Representative


_____
Melinda Mehigan
Class Representative


_____
Carol Rougvie
Class Representative

41

**IN WITNESS WHEREOF,** each of the Settling Parties has caused this Agreement to be executed on its behalf by its duly authorized counsel, all as of the day first set forth above.

_____
Kara Bell
Class Representative

_____
Tiffany Bolton
Class Representative

_____
Carol Cowhey
Class Representative

_____
Marguerite Sinkler Gilder
Class Representative

_____
Fonda Kubiak
Class Representative

_____
Caroline Mansour
Class Representative

_____
Melinda Mehigan
Class Representative

_____
Carol Rougvie
Class Representative

41

**IN WITNESS WHEREOF,** each of the Settling Parties has caused this Agreement to be executed on its behalf by its duly authorized counsel, all as of the day first set forth above.

_____
Kara Bell
Class Representative


Tiffany Bolton
Class Representative

_____
Carol Cowhey
Class Representative

_____
Marguerite Sinkler Gilder
Class Representative

_____
Fonda Kubiak
Class Representative

_____
Caroline Mansour
Class Representative


Melinda Mehigan
Class Representative


Carol Rougvie
Class Representative

41

_____
Kara Bell
Class Representative


_____
Tiffany Bolton
Class Representative


_____
Carol Cowhey
Class Representative


_____
Marguerite Sinkler Gilder
Class Representative


_____
Fonda Kubiak
Class Representative

*Caroline Mansour*
_____
Caroline Mansour
Class Representative


_____
Melinda Mehigan
Class Representative


_____
Carol Rougvie
Class Representative


40

**IN WITNESS WHEREOF,** each of the Settling Parties has caused this Agreement to be executed on its behalf by its duly authorized counsel, all as of the day first set forth above.

_____
Kara Bell
Class Representative

_____
Tiffany Bolton
Class Representative

_____
Carol Cowhey
Class Representative

_____
Marguerite Sinkler Gilder
Class Representative

_____
Fonda Kubiak
Class Representative

_____
Caroline Mansour
Class Representative

_____
Melinda Mehigan
Class Representative

_____
Carol Rougvie
Class Representative

41

_____
Kara Bell
Class Representative


_____
Tiffany Bolton
Class Representative


_____
Carol Cowhey
Class Representative


_____
Marguerite Sinkler Gilder
Class Representative


_____
Fonda Kubiak
Class Representative


_____
Caroline Mansour
Class Representative


_____
Melinda Mehigan
Class Representative

_____
Carol Rougvie
Class Representative

Ernest P. Mansour
Anthony J. Coyne
Brendon P. Friesen
MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
Telephone: 216-523-1500

_____

William Pietragallo, II
Kevin E. Raphael
Edward H. Skipton, III
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: 215-320-6200

Robert G. Mansour
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
Telephone: 216-514-3127

_____

Edward J. Westlow
111 East Main St. 16th Floor
Richmond, VA 23219
Telephone: 804-780-0305

Counsel for Plaintiffs Kara Bell, Tiffany Bolton, Carol Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mehigan, and Carol Roguvie

Ascena Retail Group, Inc.,

by:

_____

[Name]

[Title]

Ernest P. Mansour
Anthony J. Coyne
Brendon P. Friesen
MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
Telephone: 216-523-1500

William Pietragallo, II
Kevin E. Raphael
Edward H. Skipton, III
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: 215-320-6200


Robert G. Mansour
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
Telephone: 216-514-3127


Edward J. Westlow
111 East Main St. 16th Floor
Richmond, VA 23219
Telephone: 804-780-0305

Counsel for Plaintiffs Kara Bell, Tiffany Bolton, Carol Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mchigan, and Carol Roguvie


Ascena Retail Group, Inc.,

by:


[Name]


[Title]

42

Ernest P. Mansour
Anthony J. Coyne
Brendon P. Friesen
MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
Telephone: 216-523-1500

William Pietragallo, II
Kevin E. Raphael
Edward H. Skipton, III
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: 215-320-6200

Robert G. Mansour
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
Telephone: 216-514-3127

Edward J. Westlow
111 East Main St. 16th Floor
Richmond, VA 23219
Telephone: 804-780-0305

Counsel for Plaintiffs Kara Bell, Tiffany Bolton, Carol Cowhey, Marguerite Sinkler Gilder,
Fonda Kubiak, Caroline Mansour, Melinda Mehigan, and Carol Roguvie

Ascena Retail Group, Inc.,

by:

[Name]

[Title]

Ernest P. Mansour
Anthony J. Coyne
Brendon P. Friesen
MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
Telephone: 216-523-1500


William Pietragallo, II
Kevin E. Raphael
Edward H. Skipton, III
PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: 215-320-6200


Robert G. Mansour
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
Telephone: 216-514-3127


Edward J. Westlow
111 East Main St. 16th Floor
Richmond, VA 23219
Telephone: 804-780-0305

Counsel for Plaintiffs Kara Bell, Tiffany Bolton, Carol Cowhey, Marguerite Sinkler Gilder, Fonda Kubiak, Caroline Mansour, Melinda Mehigan, and Carol Roguvie


Ascena Retail Group, Inc.,

by:

Name:

    David Jaffe

Title: CEO

42

Tween Brands, Inc. d/b/a Justice

by:

Name: _____

Title: _____

_____
Gregory T. Parks
Ezra Dodd Church
Christopher John Mannion
MORGAN LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103
Telephone: 215-963-5710

Counsel for Ascena Retail Group, Inc.,
and Tween Brands, Inc.

## EXHIBITS

1.      Exhibit 1 – Claim Form

2.      Exhibit 2 – Preliminary Approval Order

3.      Exhibit 3 – Short Form Notice – Email and Post  Card Notices

4.      Exhibit 4 – Long Form Notice

5.      Exhibit 5 –Press Release

6.      Exhibit 6 – Publication Notice

7.      Exhibit 7 – Voucher for Limited Recovery and Single Recovery Category

8.      Exhibit 8 – Form of Voucher for Treble Recovery Categories

9.      Exhibit 9 – Justice Declaration

3006787

# EXHIBIT 1

JUSTICE CLASS ACTION SETTLEMENT CLAIM FORM

This claim form must be submitted and postmarked no later than [__ days after notice date] in order to be considered for payment under this Settlement.

"Class Period" means the time period between January 1, 2012 through February 28, 2015.

"Proof of Purchase" means a credit card statement, bank statement, or Justice receipt demonstrating that the Class Member made a purchase/purchases during the Claims Period.

I.      Provide your information

Name of Class Member:


Current Mailing Address:

City:                State:                    Zip Code:

Day Time Telephone Number:                    Evening Telephone Number:


Email Address:  (if provided, you authorize the Class Administrator to use it to communicate with you regarding your claim and/or to distribute vouchers).

II.     Choose Your Relief

        A. Access Code:_____ (located on the e-mail or postal Notice that
           you received if Justice had your contact information) – (link to sample)
           If you did not receive an access code, please contact _____ at _____
           to see if you are listed as an identified class member.  If you do not have an access
           code, you can still choose Option One by submitting this claim form with proof of
           purchase of one transaction during the class period.

           (1)    Print, scan and submit claim form with a proof of purchase at
           www.JusticeClassAction.com  or
           (2)    Print and mail this signed form with a proof of purchase to:

        B. Option One:  If you are not eligible for Option Two, or if you are eligible for
           Option Two but prefer cash or voucher as set forth below, please select one of the
           following:

           State of Residence: _____

                o  A check in the amount set forth in the chart below.
                o  A Justice voucher in the amount set forth in the chart below

C.  Option Two:  Claim with Documentation

If you made more than five (5) purchases during the Class Period AND/OR you made one or more purchase of $105 or more during the Class Period, you can submit proofs of purchase and choose to receive:

- o  A check equal to 14% of your total purchases.  Enter the <u>total amount</u> of your purchases during the class period for which you are attaching proofs of purchase: $_____

- o  A Justice voucher equal to 20% of your total purchases.  Enter the <u>total amount</u> of your purchases during the class period for which you are attaching proofs of purchase: $_____

If you choose Option Two, or if you do not have an access code, YOU MUST PRINT OUT THIS CLAIM FORM, and submit it with proofs of purchase (bank statement, credit card statement, and/or receipt) by doing one of the following:

(3)  Print, scan and submit claim form with all proofs of purchase at www.JusticeClassAction.com  or

(4)  Print and mail this signed form with proofs of purchase to:

III.    Verification

I certify under penalty of perjury that I have read this claim form, I believe I am eligible for class membership, and all of the information on this claim form (or provided with this claim form) is true and correct to the best of my knowledge.

If you choose Option One, click here to acknowledge above ☐

If you choose Option Two, please sign below:

_____        _____
DATE                         SIGNATURE

CHART DESCRIBING CASH AWARD OR VOUCHER AWARD FOR OPTION ONE (BASED ON STATE OF RESIDENCE).

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member |
|---|---|---|---|
| Cash Value | $7 | $13 | $20 |

| Voucher | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 |
|---|---|---|---|
| **Applicable States** | AL, GA, LA, MS, MT, SC, TN | AK*, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI*, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI |

\*Alaska and Hawaii residents will receive a gift card via first class mail instead of a voucher.

3003732

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CLASS ACTION |
| | : | |
| vs. | : | No. 15-724 |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |

[PROPOSED] ORDER PRELIMINARILY APPROVING
THE SETTLEMENT, PRELIMINARILY CERTIFYING THE CLASS, APPOINTING
CLASS COUNSEL, APPROVING OF NOTICE TO THE CLASS,
AND SCHEDULING OF HEARING ON FINAL APPROVAL

**WHEREAS,** Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton ("Plaintiffs") and Defendants Tween Brands, Inc. and Ascena Retail Group, Inc., d/b/a Justice Brand ("Justice") (collectively, the "Settling Parties") have entered into a Settlement Agreement dated September 23, 2015, in full and final settlement of each and every Released Claim against Justice, the terms of which are set forth in the Settlement Agreement (the "Proposed Settlement" or "Settlement");

**WHEREAS,** the Settling Parties have submitted a joint motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Proposed Settlement in accordance with the terms of the Settlement Agreement and directing that notice of the Proposed Settlement be given to the Settlement Class; and

**WHEREAS,** the Court, having read and considered the Settlement Agreement and exhibits thereto, including the proposed: (i) methods of notice; (ii) Long Form Notice to the Settlement Class; (iii) Summary Notice; (iv) Publication Notice and (v) Proof of Claim; and Plaintiffs' Memorandum in Support of the Joint Motion for Preliminary Approval of the Settlement, and finding that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement. Any inconsistencies between the Settlement Agreement and the Long Form Notice approved herein will be controlled by the language of the Settlement Agreement. A copy of the Settlement Agreement is attached as Exhibit A and incorporated herewith.

2.      The Proposed Settlement, as set forth in the Settlement Agreement, is preliminarily approved as fair, reasonable and adequate.

3.      The Court hereby preliminarily certifies this action to proceed as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Settlement Class or class members: All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015. Residents of Ohio who are within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty OH), which included all Ohio residents who made purchases from Justice stores in Ohio between July 1, 2012 and August 31, 2014 are excluded ("Excluded Ohio residents"). However, those Excluded Ohio residents who also purchased from Justice from January 1, 2012 – June 30, 2012 or from September 1, 2014 to February 28, 2015 are included as class members for purchases in those time frames.

4.      The Court preliminarily finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Plaintiffs are typical of the claims of the class they seek to represent; (d) Plaintiffs and Pietragallo Gordon Alfano Bosick & Raspanti, LLP,

Mansour Gavin, LPA, and Edward J. Westlow, Esq. (collectively, "Plaintiffs' Counsel") have and will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of these classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The Court also finds that the settlement class is readily ascertainable.

5.    The Court preliminarily finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, Plaintiffs are adequate representatives of the Settlement Class, and certifies them as representatives for the Settlement Class.

6.    Plaintiffs' Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Settlement Agreement or such other acts that are reasonably necessary to consummate the Proposed Settlement set forth in the Settlement Agreement.

7.    The Settlement Fairness Hearing shall be held before this Court on _____, 2016 at _____, [a date at least 200 days from the date of this Order to allow notice, requests for exclusion or objections, filing of claim forms, and the mandatory waiting period under 28 U.S.C. § 1715(d)]  at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom _____, Philadelphia, Pennsylvania 19106 ("Hearing on Final Approval") to determine:

    a.    Whether the Settlement Class should be finally certified as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure for settlement purposes only;

    b.    Whether the Proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, and adequate and should be finally approved;

c.    Whether the Released Claims against Justice should be dismissed with prejudice as set forth in the Settlement Agreement;

c.    Whether the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved;

d.    The amount of the incentive award to Plaintiffs for their efforts as representatives of the class; and

e.    Such other matters as the Court may deem appropriate.

8.    The Court reserves the right to approve the Settlement, even if modified by the Settling Parties, with or without further notice of any kind.

9.    Within ten (10) days of the date of this Order, Justice shall provide notice to the Attorney General of the United States and the Attorneys General of each state or territory in which a Settlement Class Member resides under 28 U.S.C. § 1715. The Court finds that such notice will satisfy the obligations of 28 U.S.C. § 1715.

10.    The Court approves the form, substance, and requirements of the Long Form Notice, the Summary (email and post card) Notice, the Press Release, and the Publication Notice of the Justice Class Action Settlement (collectively referred to as the "Settlement Notices"), and the Proof of Claim Form (the "Claim Form"), and finds that the procedures established for publication, mailing, and emailing of such Settlement Notices meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances. The Claims Administrator is hereby authorized and directed to issue the Settlement Notices, in substantially their present forms, to the class members as described in the Settlement Agreement.

11.    The Claims Administrator shall, at or before the Hearing on Final Approval, file with the Court proof of mailing and emailing of the Summary Notice. The Claims Administrator shall cause the Short Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 3, to be mailed and emailed within sixty (60) days

4

from the date of entry of this Order to all members of the Settlement Class for whom Justice has an email or mailing address.  The date of such initial emailing or mailing shall be referred to as the "Notice Date."

12.     On or before the Notice Date, the Long Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 4, and Claim Form, substantially in the form appended to the attached Settlement Agreement as Exhibit 1, shall be published on the web site maintained by the Claims Administrator, as approved herein by the Court.

13.     To effectuate the provision of notice, and the collection, analysis, and determination of Claim Forms submitted in accordance with the terms of the Long Form Notice, and other actions required by this Order, the Court hereby appoints McGladrey LLP to serve as the Claims Administrator.

14.     Plaintiffs' Counsel shall submit their papers in support of final approval of the Settlement, their application for attorney fees and reimbursement of litigation expenses, and the request for incentive awards for Plaintiffs by no later fifty (50) days before the Hearing on Final Approval.

15.     Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the class in a timely and proper manner, as set forth in the Settlement Agreement.

16.     Class members requesting exclusion from the Settlement Class shall not be entitled to receive any of the benefits described in the Settlement Agreement and Long Form Notice.

17.     Any class member who has not requested exclusion from the Settlement Class may appear at the Hearing on Final Approval to show cause why the Proposed Settlement should or should not be approved as fair, reasonable, and adequate; why the Order and Final Judgment should or should not be entered; why Plaintiffs' Counsel should or should not be

awarded attorneys' fees and reimbursement of litigation expenses in the amounts sought by Plaintiffs' Counsel with the approval of Plaintiffs; or why Plaintiffs should or should not be awarded an incentive award in the amount sought by Plaintiffs, provided, however, that no class member shall be heard or entitled to contest the approval of the terms and conditions of the Proposed Settlement, the Order and Final Judgment to be entered approving the same, Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award unless, no later than forty-five (45) days before the Hearing on Final Approval, such Class Member has properly and timely served by hand or by first-class mail for receipt by such date written objections and copies of any supporting papers and briefs upon Plaintiffs' and Justice' counsel. Any member of the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. Members of the Class who do not enter an appearance will be represented by Plaintiffs' Counsel. Any individual who excludes himself or herself from the Settlement Class may not object to the Proposed Settlement, the Order and Final Judgment, Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award.

18.     Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Proposed Settlement or the Order and Final Judgment to be entered approving the Settlement, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, or Plaintiffs' request for an incentive award.

19.     Any response to any Objections shall be filed no later than fifteen (15) days before the Hearing on Final Approval.  Only class members shall have any rights with respect to approval of or objection to the Proposed Settlement, the application by Plaintiffs'

Counsel for an award of attorney' fees and reimbursement of litigation expenses, and Plaintiffs' request for an incentive award.

19.    Pending final determination of whether the Proposed Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings relating to the Proposed Settlement expressly allowed by this Order.

20.    At or after the Hearing on Final Approval, the Court will determine whether the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of out-of-pocket expenses and for an incentive award to Plaintiffs for their efforts as representatives of the Settlement Class should be approved.

21.    All reasonable costs incurred in identifying and notifying class members, as well as administering the Settlement and distributing payments under the Settlement, shall be paid as set forth in the Settlement Agreement.

22.    If the Proposed Settlement is not approved or consummated for any reason whatsoever, the Proposed Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Settlement Agreement, except as otherwise set forth in the Settlement Agreement.  In such instance, the Proposed Settlement and Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as set forth in the Settlement Agreement.

23.    The administration of the Proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Benefits shall be under the authority of this Court.

24.    Pending final determination of whether the Proposed Settlement should be approved, Plaintiffs and all class members, and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute, pursue, seek discovery in or in any other

way progress any of the Related Actions or any other action that asserts Released Claims against Justice.

        **IT IS SO ORDERED,** this_____ day of _____, 2015.


                                  _____
                                  MARK A. KEARNEY
                                  United States District Court Judge

3018009v1

# EXHIBIT 3

To:       [customer email address]

From:    administrator@JusticeClassAction.com [Justice Class Action Settlement]

Subject: Legal Notice about a $50.8 million class action settlement with Justice stores

---

Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.

Legal Notice

# If you shopped at Justice, you could get cash or a voucher from a class action settlement.

## Your Access Code: <0000000>

<CUSTOMER NAME>
<ADDRESS 1>
<ADDRESS 2>
<CITY>, <ST> <ZIP CODE>

**You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-800-000-0000 to get a Detailed Notice.

## Who is included?

Individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015 are included in the Settlement Class. This includes individuals who purchased

merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement. **You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

## What can I get?

As part of the settlement, you may select from two options:

> OPTION ONE:  As a Justice shopper living in <State>, you are eligible to claim either a <$NN> check or <$NN> Justice voucher <off a purchase of $25 or more> without submitting any documentation of your Justice purchases.

> OPTION TWO:  If between January 1, 2012 and February 28, 2015, you shopped at Justice more than five times (including in-store, online, and by phone) AND/OR spent $105 or more in a single visit/order, you may submit proofs of purchase (including Justice receipts, bank statements, and/or credit card statements) to claim a check for 14% or a voucher for 20% of your total documented purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%) or $200 voucher (20%)

As a resident of <State>, if you do nothing you will automatically be sent a Justice voucher for <$NN> <(off a purchase of $25 or more> after the settlement is approved.  If you are a resident of Hawaii or Alaska, you will receive a gift card directly from Justice instead of a Justice voucher.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims.  If money remains after all class members' claims, and all fees and costs are paid, the remaining money will be returned to Justice.

## How do I get a payment?

To receive Option 1 or Option 2, you must submit a claim by **Month 00, 201Y**. Use Access Code <0000000> to submit your claim on the website or call 1-800-000-0000 to request a claim form by mail.

## What are my other options?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **Month 00, 201Y**, or you will not be able to sue, or continue to sue,

Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement and cannot object. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **Month 00, 201Y**. The Detailed Notice explains how to exclude yourself or object.

## The Court's Fairness Hearing.

The Court will hold a hearing in the case, known as *Rougvie v. Ascena Retail Group,* No. 2:15-CV-724-MAK, on Month 00, 201Y, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Detailed Notice explains how to request to appear and speak at the hearing.

## How can I get more information?

Get a Detailed Notice, Claim Form and other information by visiting www.JusticeClassAction.com. If you have questions, call 1-800-000-0000 or send an email to info@JusticeClassAction.com.

SOURCE: United States District Court for the Eastern District of Pennsylvania

3002386v1

Legal Notice

# If you shopped at Justice, you could get cash or a voucher.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says it did nothing wrong. This notice is only a summary. Go to [the website] or call 1-800-000-0000 to get a Detailed Notice.

**Who is included?** The settlement generally includes people who purchased merchandise from Justice between 1/1/12 and 2/28/15.

**What can I get?** You may select one of two options.

(1) As a Justice shopper living in <State>, you are eligible to claim either: 1) a <$NN> check or 2) a <$NN> Justice voucher.

(2) If between 1/1/12 and 2/28/15, you shopped at Justice more than five times (including in-store, online and phone) AND/OR spent $105+ in a single visit/order, you may submit proofs of purchase to claim a check for 14% or a voucher for 20% of your documented purchases.

As a resident of <State>, if you do nothing you will automatically be sent a voucher for <$NN> <(off a purchase of $25+> after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, it will be returned to Justice.

**How do I get a check or voucher?** To receive option (1) or (2), you must submit a claim by **Month 00, 201Y**. Use Access Code <0000000> to submit your claim on the website or call 1-800-000-0000 to request a claim form by mail.

**Your other options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **Month 00, 201Y**. If you stay in the settlement, you may object to it by **Month 00, 201Y**. The Detailed Notice explains how to exclude yourself or object. On Month 00, 201Y, the Court will hold a hearing on whether to approve the settlement and a $15 million request for attorneys' fees and expenses.

**1-800-000-0000 ■ www.JusticeClassAction.com**

---

**Use Access Code**

# <0000000>

**to make a claim for cash or a voucher from a class action settlement with**

# Justice.

**www.JusticeClassAction.com**

Justice Class Action Settlement
PO Box 0000
Portland OR 97208-0000

PRESORTED
FIRST-CLASS
MAIL
US POSTAGE
PAID
CITY, ST
PERMIT #000

JANE ANNE SMITH
123 WALNUT STREET
ANYTOWN TX 00000-0000

# EXHIBIT 4

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_Rougvie et al v. Ascena Retail Grp., Inc. et al,_ Civil Action No. 2:15-cv-00724-MAK

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
HEARING FOR PRELIMINARY APPROVAL

**If you purchased products from Justice during the period from January 1, 2012
through February 28, 2015, then you may be entitled to cash or a voucher under a
proposed Settlement of a class action lawsuit pending in this Court.**

PLEASE READ THIS NOTICE CAREFULLY BECAUSE THIS SETTLEMENT
MAY AFFECT YOUR LEGAL RIGHTS

_A federal court authorized this notice. This is not a solicitation from a lawyer._

Please be advised that the Court-appointed Class Representatives, Carol Rougvie, Marguerite
Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell
and Tiffany Bolton ("Plaintiffs"), have reached a settlement (the "Settlement") of the above-
referenced consolidated lawsuits (collectively, the "Lawsuit") that will resolve all claims of
Plaintiffs and the Settlement Class (as defined below) against Tween Brands, Inc., who operates
Justice stores, and Ascena Retail Group, Inc., its parent company ("Justice", the "Company" or
Defendant). This Notice explains important rights you may have, including the benefits you may
be entitled to under this Settlement.

**Plaintiffs' Statement of Recovery:** This Settlement will provide certain Settlement Benefits to
settle claims of individuals who purchased products from Justice, by in-store purchase or by
direct order (internet or phone), from January 1, 2012 through February 28, 2015 (the "Class
Members" or "Settlement Class"). There are Two Options. All eligible Class Members will have
a choice from **Option One**: 1) a cash recovery (as set forth below based on state of residence); or
2) a Justice voucher for a purchase from Justice (as set forth below based on state of residence).

Alternatively, under Option Two, certain Class Members who, from January 1, 2012 through
February 28, 2015 made: 1) more than 5 purchases; and/or 2) one or more purchases each totaling
$105 or greater can submit proofs of purchase and choose either: 1) a check for 14% of their total
purchases; or 2) a Justice voucher for 20% of their total purchases.

The Settlement totals $50,800,000 (Fifty Million Eight Hundred Thousand). That amount
provides $27,800,000 (Twenty Seven Million Eight Hundred Thousand Dollars) to pay the cash
award to Class Members who choose a cash award, Eight Million Dollars ($8,000,000) for
administration of the class Settlement, and Fifteen Million Dollars ($15,000,000) for the lawyers

for the Plaintiffs and the Class. If money remains after all class members' cash claims, and all fees and costs are paid, the money will be returned to Justice.

**Reasons for the Settlement:** Plaintiffs, on behalf of the Class Members, have brought claims against Justice for its alleged deceptive sales and marketing practices under state common law and state consumer fraud statutes. Plaintiffs allege that Justice misleadingly represented that everything in its stores was 40% off the regular price. Plaintiffs allege these sales were illusory, as the "sale" price was in reality the regular price. Justice denies these allegations and denies that any of the Class Members suffered any harm. The Settlement will resolve claims for Class Members in all fifty (50) states and the District of Columbia, inclusive of both in-store and direct order (phone and Internet) sales. By entering into this Settlement, Justice has not admitted liability to any of Plaintiffs' allegations. The parties disagree on liability and damages issues. Plaintiffs' counsel believes this Settlement is in the best interests of the Class Members considering the risks posed by further litigation. See Question 4 below for further explanation.

**Statement of Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel intend to ask the Court to award them attorneys' fees and reimbursement of out-of-pocket expenses incurred in the prosecution of the Lawsuit, in the amount of Fifteen Million Dollars ($15,000,000). Such amounts will be paid by Defendant into the Settlement Fund and will not reduce the recovery for Class Members. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be compensated for their efforts. In this type of litigation, it is customary for a defendant to pay plaintiffs' counsel their attorneys' fees and reimburse their expenses. Approval of the Settlement by the Court is not contingent upon the Court awarding attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in any amount.

**Statement of Incentive Payments for Plaintiffs' Sought:** Plaintiffs, as Class Representatives, intend to ask the Court to award Incentive Payments up to $6,000 each for their efforts prosecuting the Lawsuit on behalf of the Settlement Class, which included providing documents and testimony. Approval of the Settlement by the Court is not contingent upon the Court granting Incentive Payments to Plaintiffs in any amount.

**Deadlines:** The following is a list of deadlines by which you must take any action you wish to take with respect to the Settlement:

Submit Claim: [_____], 2015
Request Exclusion: [_____], 2015
File Objection: [_____], 2015
Court Hearing on Fairness of Settlement: [_____], 2015

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM** | You may submit a claim for the Settlement Benefits by visiting the Settlement Website at www.JusticeClassAction.com or by contacting the Claims Administrator at 1-XXX-XXX-XXXX.<br><br>By submitting a claim, you will be releasing any claims you may have against Justice relating to the claims in this class action Lawsuit.   Claims   must   be   submitted   no   later   than _____. |
| **EXCLUDE YOURSELF** | You may exclude yourself or "opt-out" of this Settlement in which case you will not be able to recover any of the Settlement Benefits. "Opting out" is the only option that allows you to ever bring a lawsuit or be a part of any other lawsuit against Justice concerning the legal claims resolved by the Settlement. If you wish to exclude yourself from this Settlement, you must mail your written objections to the address listed in Question 15.  If you exclude yourself from the Settlement, you cannot object to it. Your written letter requesting exclusion must be post-marked by, _ |
| **OBJECT BUT REMAIN A PART OF THE SETTLEMENT** | You may write to the Court about why you don't like the Settlement, the Settlement Benefits, Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses, or Plaintiffs' request for Incentive Payments.  You can also have a lawyer make an objection on your behalf, but you must pay for the lawyer yourself.  If you wish to object to the Settlement, then you cannot request to be excluded from this class action Lawsuit. If you wish to object to this Settlement, you must mail your written objection  NO LATER THAN _____ to the address listed in Question 20 |
| **GO TO A HEARING** | You may request to speak in Court about the fairness of the Settlement. A hearing will be held on _____, 2015 and is open to the public. |

| DO NOTHING | If you do nothing, you may—depending on whether Justice has accurate contact information for you—receive a voucher (as set forth below based on state of residence) and you will release any claims you may have against Justice relating to the claims settled in this Lawsuit. |
|---|---|

**LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

- These rights and options—and **the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Cash payments and distribution of vouchers will be made if the Court approves the Settlement and after appeals are resolved and claims are processed. Please be patient.

  <u>More Information:</u>

You can obtain additional information about the Lawsuit and this Notice by: (i) visiting www.JusticeClassAction.com; (ii) calling the Claims Administrator at xxx-xxx-xxxx; (iii) writing the Claims Administrator at:

## <u>WHAT THIS NOTICE CONTAINS</u>

Page

BASIC INFORMATION ...................................................................................... 1
   1.   Why did you get this Notice package?............................................. 1
   2.   What is this Settlement about?......................................................... 1
   3.   Why is this a class action? .............................................................. 1
   4.   Why is there a settlement? ............................................................... 1

WHO IS IN THE SETTLEMENT ........................................................................
   5.   How do I know if I am part of the Settlement?............................... 2
   6.   Are there exceptions to being included in the Settlement Class? .... 2
   7.   I'm still not sure if I am included ................................................... 2

THE SETTLEMENT BENEFITS — WHAT YOU GET ........................................
   8.   What does the Settlement provide to Class Members?................... 2

HOW YOU CAN OBTAIN THE BENEFITS UNDER THIS SETTLEMENT ......
   9.   How do I choose my benefits as a class member?........................ 3
   10.   I wish to choose the basic cash award, how do I submit a claim for cash payment? ............................................................................. 4
   11.   I wish to choose the basic voucher award, how do I submit a claim for voucher payment?........................................................................ 4
   12.   I wish to submit a claim for cash or voucher with proof of purchase because between July 1, 2012 and February 28, 2015 I made more than five (5) separate purchases OR I made one or more purchases that totaled $105. .............................. 4
   13.   When will I receive my payment? ................................................... 4
   14.   What am I giving up if I stay in this Class Action? ....................... 5

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................
   15.   How do I exclude myself from the Settlement?............................. 5
   16.   If I do not exclude myself, can I sue Justice for the same thing later? ............ 6
   17.   If I exclude myself, can I receive money from this Settlement?...................... 6

THE LAWYERS REPRESENTING YOU ............................................................ 6
   18.   Do I have a lawyer in this case? ...................................................
   19.   How will the lawyers be paid?........................................................ 6

OBJECTING TO THE SETTLEMENT
   20.   How do I tell the Court that I do not like the Settlement? ................ 7
   21.   What is the difference between objecting and requesting exclusion? ............ 8

THE COURT'S HEARING FOR FINAL APPROVAL ........................................ 8
   22.   When and where will the Court decide whether to approve the Settlement? .............. 8
   23.   Do I have to come to the hearing? .................................................. 8
   24.   May I speak at the hearing? ........................................................... 9

IF YOU DO NOTHING ....................................................................................... 9

25.    What happens if I do nothing at all? ....................................................................9

GETTING MORE INFORMATION ................................................................................9

26.    How do I obtain more information about the Settlement? ...................................9

INQUIRIES ...................................................................................................................10

**BASIC INFORMATION**

1.      **Why did I get this Notice package?**

According to Justice's records, you may have purchased merchandise from Justice in the period from January 1, 2012 through February 28, 2015.

You have received this Court-approved notice because you have a right to know about the proposed Settlement of this class action Lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement (and there are no appeals), you will be releasing any claims you may have against Justice relating to the claims in this Lawsuit in exchange for the Settlement benefits. You may track the progress of the Settlement by visiting: www.JusticeClassAction.com.

**This package explains the Lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to obtain them.**

The Court in charge of the Lawsuit is the United States District Court for the Eastern District of Pennsylvania.

2.      **What is this Settlement about?**

Justice does not believe it has done anything wrong, and it believes that it would ultimately prevail in this Lawsuit. However, in order to avoid the costs and risks associated with any litigation, Justice has agreed to the terms of this Settlement in order to reach a final and amicable resolution of these claims.

3.      **Why is this a class action?**

In a class action, one or more persons called class representatives sue on behalf of all persons who have similar claims. All of these persons are referred to as a class, or individually, as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

4.      **Why is there a settlement?**

The Settlement allows both sides to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay.

Plaintiffs have agreed to settle the Lawsuit based on the facts they have discovered during the Lawsuit, the risks that will be involved in a trial, and their conclusions that the proposed Settlement is fair, reasonable and adequate, and serves the best interests of the Class Members. Plaintiffs have determined that by settling, they avoid the cost and risks of a trial, while at the same time providing substantial compensation to the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement is best for all Class Members.

Justice does not believe it has done anything wrong. However, in order to avoid the costs and risks associated with any litigation, Justice has agreed to the terms of this Settlement in order to reach a final and amicable resolution of these claims.

Plaintiffs and Defendant do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim asserted. The issues on which the parties disagree include: (1) whether Plaintiffs and the Settlement Class suffered damages; (2) whether Justice violated state consumer fraud statutes; and (3) whether Justice violated state common law.

## WHO IS IN THE SETTLEMENT

To see if you will receive any Settlement Benefits from this Settlement, you first have to determine if you are member of the Settlement Class.

**5.     How do I know if I am part of the Settlement?**

The Settlement Class consists of all individuals who purchased merchandise from Justice during the period from January 1, 2012 through February 28, 2015, except for those who were eligible to be Class Members in an earlier class action against Justice in Ohio.

**6.     Are there exceptions to being included in the Settlement Class?**

Ohio residents who purchased merchandise from Justice stores in Ohio between July 1, 2012 and August 31, 2014 are not included in this settlement because they were eligible to participate in an earlier settlement in the case titled *Perez v. Tween Brands, Inc.*, No. 14-CV-001119, Court of Common Pleas, Lake County, Ohio.

**7.     I'm still not sure if I am included.**

If you still are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Claims Administrator at: xxx-xxx-xxxx; or by visiting www. JusticeClassAction.com for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8.     What does the Settlement provide?**

This Settlement will provide certain Settlement Benefits to settle claims of any person who purchased merchandise from Justice, by in-store purchase or by direct order (internet or phone), from January 1, 2012 through February 28, 2015. There are Two Options.

All eligible Class Members will have a choice from Option One: 1) a cash award (as set forth below based on state of residence); or 2) a voucher for a purchase at Justice stores or by Internet order (as set forth below based on state of residence).

Alternatively, in Option Two, certain Class Members who, from January 1, 2012 through February 28, 2015 either made: 1) more than five purchases; AND/OR 2) one or more purchases each totaling $105 or greater can choose either: 1) a check for

14% of total purchases; or 2) a voucher for 20% of total purchases. These amounts may be rounded to the next dollar amount.

A Class Member who does not submit a claim will automatically receive a voucher in the amount set forth below, based on the state of residence and depending on whether accurate contact information for the Class Member is available.

If the amount needed to pay valid claims exceeds the total funds available to pay Class Members' clams, payments may be reduced and paid in proportion to other valid claims. If any money remains after all Class Members' cash claims, and all fees and costs are paid, the money will be returned to Justice.

CHART DESCRIBING CASH AWARD OR VOUCHER AWARD FOR OPTION ONE
(BASED ON STATE OF RESIDENCE OF CLASS MEMBER)

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member |
|---|---|---|---|
| Cash Award | $7 | $13 | $20 |
| Voucher Award | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 |
| Applicable States | AL, GA, LA, MS, MT, SC, TN | AK*, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI*, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI |

*Alaska and Hawaii residents will receive a gift card via first class mail instead of a voucher.

## HOW YOU CAN OBTAIN THE BENEFITS UNDER THIS SETTLEMENT

9.    **How do I choose my benefits as a Class Member?**
Log onto the Settlement website at www.JusticeClassAction.com. If you choose Option One – the basic cash award or the basic voucher award – you can submit your claim electronically through the website. If you do not have Internet access or wish to receive a paper Claim Form through the mail, or you have any questions, please contact _____, at _____.

For Option Two, which requires submitting proof of purchase, log onto the Settlement website at www.JusticeClassAction.com. Read the instructions carefully, fill out the claim information and submit with the proof of purchase documents – bank statements, credit card statements and/or Justice receipts. If you

do not have Internet access or wish to receive a paper Claim Form through the mail, or you have any questions, please contact _____, at _____.

10.   **I wish to choose the basic cash award, how do I submit a claim for a cash payment?**

Log onto the Settlement website at www.JusticeClassAction.com.  If you choose Option One - the basic cash award or the basic voucher award – you can submit your claim electronically through the website or you can print the Claim Form and mail it to the address listed on the form.  If you did not receive an Access Code, you must submit proof of one purchase during the Class Period to receive either the basic cash award or the basic voucher award.

11.   **I wish to choose the basic voucher award, how do I submit a claim for voucher payment?**

Log onto the Settlement website at www.JusticeClassAction.com.  If you choose Option One - the basic cash award or the basic voucher award – you can submit your claim electronically through the website or you can print the Claim Form and mail it to the address listed on the form.  If you did not receive an Access Code, you must submit proof of one purchase during the Class Period to receive either the basic cash award or the basic voucher award.

12.   **I wish to submit a claim for cash or voucher with proof of purchase because between July 1, 2012 and February 28, 2015 I made more than five (5) separate purchases AND/OR I made one or more purchases that totaled $105 or more.**

For Option Two, which requires submitting proof of purchase, log onto the Settlement website at www.JusticeClassAction.com or submit a paper claim by mail. Read the instructions carefully, fill out the claim information, and submit proof of purchase documents – bank statements, credit card statements and/or Justice receipts.

13.   **When will I receive my payment?**

The Court will hold a hearing on _____ , 2015, to decide whether to approve the Settlement. If the Court approves the Settlement, one or more Class Members who objected to the Settlement could file an appeal. If there is an appeal, it is always uncertain when or if such appeals will be resolved favorably for the Settlement. Resolving an appeal

can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. If there are no appeals, and depending on the number of claims submitted, the Settlement Administrator could distribute payments as early as six months after the Court approves the Settlement. You may track the progress of the Settlement by visiting the Settlement Website at www.JusticeClassAction.com  Please be patient.

14.    **What am I giving up if I stay in this class action Lawsuit?**

Unless you exclude yourself, you are a member of the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Justice about the matters at issue and the claims that were or could have been raised in the lawsuit. If the Settlement is approved, you will be deemed to have released all "Released Claims" set forth below in exchange for the benefits of this Settlement.

> "Released Claims" means any case, claim, cause of action, cross-claim, liability, right, demand, suit, action, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action, of every kind and description that the Releasing Parties had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Parties either in the Action or in the Related Actions or in any action or proceeding this Court or any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or relating to the allegations in the Complaint, Amended Complaint, Second Amended Complaint, or Third Amended Complaint and prior to the Effective Date of this Settlement, including but not limited to all claims that were brought or could have been brought in the Action or the Related Actions.

To fully understand the impact of the Settlement and release, please refer to the Settlement Agreement. *See* Question No. 25 for information on how you can access a copy of the Settlement Agreement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

15.    **How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from this Settlement. Be sure to include your name, address, telephone number, your Access Code, if you have one, which is listed on the top of the

Summary Notice (that was e-mailed or mailed to you) and your signature. You must mail your exclusion
request so that it is **postmarked** no later than _____, 2015 to:

Justice Class Action Exclusions
P.O. Box 0000
Portland, OR 97208-0000

You cannot exclude yourself by phone or by e-mail. If you do not send your written request for exclusion on time, you will be legally bound by all the proceedings in this Lawsuit and this Settlement, including all court orders and judgments in the Lawsuit, even if you have a lawsuit pending against Justice that concerns Released Claims, or if you subsequently start a lawsuit or an arbitration or any other proceeding against Justice that concerns Released Claims.

**16.   If I do not exclude myself, can I sue Justice for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Justice for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement to continue your own lawsuit. Remember, the exclusion deadline is _____ , 2015.

**17.   If I exclude myself, can I receive money from this Settlement?**

No. If you exclude yourself, you may not obtain any of the monetary benefits or vouchers available under this Settlement. Once you exclude yourself, you will not receive any Settlement Benefits even if you also submit a Claim Form, unless you withdraw your notice of exclusion before the deadline.

**THE LAWYERS REPRESENTING YOU**

**18.   Do I have a lawyer in this case?**

The Court has approved Plaintiffs' selection of Pietragallo Gordon Alfano Bosick & Raspanti, LLP and Mansour Gavin, LPA to serve as Plaintiffs' Counsel for Plaintiffs and the other Class Members, including you. You will not be charged for these lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**19.   How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, it is customary for

6

a defendant to pay plaintiffs' counsel their attorneys' fees and reimburse their expenses. Justice has agreed not to oppose these fees and expenses. After reaching the core terms of the Settlement on behalf of Plaintiffs and the Class Members, Plaintiffs' Counsel and Justice separately negotiated for Justice to pay Plaintiffs' Counsel Fifteen Million Dollars ($15,000,000) for Plaintiffs' Counsel's attorneys' fees and expenses. Plaintiffs' Counsel will ask the Court to approve this payment. The Court may award more or less than this amount. The payment of attorneys' fees will not affect your benefits in any way.

## OBJECTING TO THE SETTLEMENT

20.    **How do I tell the Court that I do not like the Settlement?**

If you are a member of the Settlement Class (and you have not excluded yourself), you can object to the proposed Settlement if you do not like any part of it, the request for attorneys' fees and reimbursement of expenses, or the Plaintiffs' request for Incentive Payments. You may state why you think the Court should not approve the Settlement. The Court will consider your views. Your Objection must be in writing and include:

- Statement of each objection being made;

- Description of the facts and legal basis for each objection;

- Statement of whether the objector intends to appear at the Final Approval Hearing;

- List of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Approval Hearing; and

- List of exhibits which the objector may offer during the Final Approval Hearing along with copies of all of the exhibits.

You must mail your Objection so that it is **postmarked** no later than 2015 to:

Justice Class Action Exclusions
P.O. Box 0000
Portland, OR 97208-0000

Be sure to include your name, address, telephone number, Your Access Code which is listed on the top of the Summary Notice that was e-mailed or mailed to you, and your original signature (no copies). You should also send copies of your Objection to:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| | | |

| Clerk of the Court<br>United States District Court<br>Eastern District of Pennsylvania<br>601 Market Street, Room 2609<br>Philadelphia, PA 19106 | PIETRAGALLO GORDON ALFANO<br>BOSICK & RASPANTI, LLP<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br><br>MANSOUR GAVIN LPA<br>1001 Lakeside Avenue, Suite 1400<br>Cleveland, Ohio 44114 | Gregory T. Parks<br>MORGAN, LEWIS &<br>BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |

You may object either on your own or through an attorney that you hire at your own expense. If you do hire an attorney to represent you, your attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Plaintiffs' Counsel and Defendant's counsel **no later than** _____ **1, 2015.**

21.   **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**THE COURT'S HEARING FOR FINAL APPROVAL**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak.

22.   **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Hearing for Final Approval at _____ .m. on _____, 2015, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Courtroom _____, Philadelphia, PA 19106. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to Class Members (or their counsel) who have submitted written objections and written indication(s) of their intention to speak at the hearing, as long as they are filed with the Court and served on Plaintiffs' Counsel and Defendant's Counsel and are **postmarked no later than** _____ **, 2015.** The Court may also decide whether to approve the payment of fees, costs and expenses to Plaintiffs' Counsel and the payment of Incentive Payments to Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision about the Settlement on that day or sometime later.

23.   **Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have about the Settlement. If you would like to attend the hearing, you are welcome to do so, at your own expense. If you send an objection, you do not have to come to Court to talk about it.

The Court will consider your written objection, as long as you mailed your objection in on time *(see* Question 19). You may also pay your own lawyer to attend, but it is not necessary.

24.   **May I speak at the hearing?**

If you object to the Settlement, you may ask the Court for permission to speak at the hearing. To do so, you must include with your objection *(see* Question 19) a statement saying that it is your "Notice of Intention to Appear in *Roughvie, et al. v. Tween Brands, Inc. and Ascena.*" Persons who intend to object to any part of the Settlement and wish to present evidence at the hearing must also include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

***You cannot speak at the hearing if you exclude yourself.***

## IF YOU DO NOTHING

25.   **What happens if I do nothing at all?**

If you do nothing, you may receive a voucher in the amount described under Question 8, above, based on your state of residence and depending on the availability of your contact information. *However,* unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant concerning the Released Claims in this case ever again.

## GETTING MORE INFORMATION

26.   **How do I obtain more information about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which has been filed with the Court. You can inspect a copy of the Settlement Agreement at the office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106 during regular business hours and a copy is available on the Settlement Website at www.JusticeClassAction.com.

For additional, detailed information concerning the matters involved in this Lawsuit, you may inspect the pleadings, the orders of the Court, and other papers filed in this Lawsuit at the office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, during regular business hours. You can also contact the Claims Administrator at the address and phone number below or Plaintiffs' Counsel (see response to Questions 17 and 19). Please do not call the Court or the Clerk of the Court for additional information about the Settlement.

## INQUIRIES

All inquiries concerning this Notice, the Claim Form, or any other questions by Class Members should be directed to:

**xxx-xxx-xxxx**
www.JusticeClassAction.com

PLEASE **DO NOT** CONTACT **THE COURT REGARDING THIS NOTICE**

DATED: _____, 2013

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____   _____

10

3001066v1

# EXHIBIT 5

## COURT TO NOTIFY CURRENT AND FORMER JUSTICE CUSTOMERS
## ABOUT A $50.8 MILLION CLASS ACTION SETTLEMENT

PHILADELPHIA, PA, Month 00, 201Y/ PR Newswire/ --- A notification program began today, as ordered by the United States District Court for the Eastern District of Pennsylvania, to alert current and former Justice customers about a $50.8 million proposed class action settlement with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice").

This settlement resolves a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

Notices will be sent to potential Settlement Class Members and are scheduled to appear in nationwide media leading up to a hearing on Month 00, 201Y, when the Court will consider whether to grant final approval to the settlement.

The Settlement Class includes individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015. This includes individuals who purchased merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement in the Ohio State class action, *Perez v. Tween Brands, Inc.*, No. 14-CV-00119, Court of Common Pleas, Lake County, Ohio.

As part of the settlement, you can choose from two options:

OPTION ONE:

You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13 or $20, depending on the state you reside in; or a Justice voucher in the amount of $10, $20, or $30 , depending on the state in which you live.

OPTION TWO:If you have documented purchases between 1/12/12 and 2/28/15 and you (1) shopped at Justice five or more times and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

Claims may be submitted online at www.JusticeClassAction.com. A claim form may also be requested by mail by calling 1-800-000-0000.

Known Settlement Class Members who do not submit a claim will automatically be sent a Justice voucher after the settlement is approved for $10, $20 or $30 depending on the state they reside in. This Justice voucher may require a purchase of $25 or more depending on the state.

The Court has appointed the law firms of Pietragallo Gordon Alfano Bosick & Raspanti, LLP and Mansour Gavin, LPA as Plaintiffs' Counsel to represent the Settlement Class.

Those affected by the settlement can ask to be excluded from, or object to, the settlement and its terms. The deadline for exclusions and objections is **Month DD, 201Y**.

A toll free number, 1-800-000-0000, has been established in the case known as *Rougvie v. Ascena Retail Group*, No. 2:15-CV-724-MAK, along with a website, www.JusticeClassAction.com, where the notice, claim form and other information may be obtained. Those affected may also send an email to info@JusticeClassAction.com or write to Justice Class Action Settlement, P.O. Box 0000, Portland, OR 97208-0000.

### ###

/CONTACT: Press Only: Plaintiff's Counsel: [TBD], (000) 000-0000; Counsel for Defendants: [TBD], (000) 000-0000
/URL: http://www.JusticeClassAction.com
/SOURCE: The United States District Court for the Eastern District of Pennsylvania

# EXHIBIT 6

<u>Legal Notice</u>

# If you shopped at Justice, you could get cash or a voucher from a class action settlement.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.  This notice is only a summary. Go to the website or call 1-800-000-0000 to get a Detailed Notice.

**Who is included?**

Individuals who purchased merchandise from Justice between 1/1/12 and 2/28/15 are generally included in the Settlement Class. Purchases from a Justice store as well as phone and online purchases are included.

**What can I get?**

As part of the settlement, you can choose from two options:

OPTION ONE:

You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13 or $20, depending on the state you reside in; or  a Justice voucher in the amount of $10, $20, or $30 , depending on the state in which you live.

OPTION TWO: If you have documented purchases (bank statements, credit card statements, or receipts) between 1/12/12 and 2/28/15 and you (1) shopped at Justice more than 5 times and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims.  If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

**How do I get a payment?**

To receive a payment or voucher, you must submit a claim by **Month 00, 201Y**. You may submit a claim on the website or call 1-800-000-0000 to request a claim form.

**What are my other options?**

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **Month 00, 201Y**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again.  If you exclude yourself, you cannot get a cash payment or voucher from the settlement.  If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **Month 00, 201Y**.  The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Rougvie v. Ascena Retail Group,* No. 2:15-CV-724-MAK, on Month 00, 201Y, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million.  Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

To submit a claim or get more information, visit the website or call 1-800-000-0000.

**www.JusticeClassAction.com ■ 1-800-000-0000**

# EXHIBIT 7





Justice Class Action Settlement
PO Box 0000
Portland, OR 97208-0000



PRSRT. STD. MAIL
U.S. POSTAGE
PAID





Justice Class Action Settlement
P.O. Box 0000
Portland, OR 97208-0000

PRSRT. STD. MAIL
U.S. POSTAGE
PAID







Justice Class Action Settlement
PO Box 0000
Portland, OR 97208-0000

PRSRT. STD. MAIL
U.S. POSTAGE
PAID



# EXHIBIT 8





Justice Class Action Settlement
PO Box 0000
Portland, OR 97208-0000

PRSRT. STD. MAIL
U.S. POSTAGE
PAID







Justice Class Action Settlement
PO Box 0000
Portland, OR 97208-0000



PRSRT. STD. MAIL
U.S. POSTAG
PAID

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ROUGVIE et al. | : |
| Plaintiffs, | : CIV. NO. 2:15-cv-00724-MAK |
| v. | : |
| ASCENA RETAIL GROUP, INC. and TWEEN BRANDS, INC., d/b/a JUSTICE STORES | : |
| Defendants. | : |

## DECLARATION OF MICHELLE BLAIR

Pursuant to 28 U.S.C. § 1746, I, Marjorie Michelle Blair, declare the following statements to be true under the penalties of perjury:

1.      I am over the age of 18 years and am fully competent to testify to the matters stated in this Declaration.

2.      I am Manager – CRM for Tween Brands, Inc.  In that role, have responsibility for managing the CRM database which contains customer purchase and contact information for Justice.

3.      I have personal knowledge of the facts set forth in this Declaration and/or have relied on Justice records generated and maintained in the ordinary course of business, and, if called to do so, would and could testify to the matters stated herein.

4.      The numbers set forth herein are based on queries of our business records that occurred at various points from March to August of 2015.  Justice systems are updated on a regular basis to consolidate duplicate entries that are actually the same person and eliminate contact information determined to be inaccurate.

5.      As of August 6, 2015, the results of a query of our database systems for individuals, by state of residence, who purchased from Justice during the period January 1, 2012 to February 28, 2015 (except Ohio purchasers during July 1, 2012 to August 31, 2014) is shown on the document attached as Exhibit A (TWEEN00003130).

6.      Based on my knowledge of the CRM database and Justice's business operations, the number of individuals on Exhibit A reflects approximately 93.6% of customers who made purchases from Justice between January 1, 2012 to February 28, 2015.

7.      As of May 12, 2015, the average dollar ranges of purchases by individuals who purchased from Justice during January 1, 2012 to February 28, 2015 are shown on the document attached as Exhibit B (TWEEN00003121).

8.      As of August 6, 2015, the number of individuals, by state of residence, who purchased from Justice during January 1, 2012 to February 28, 2015 (except Ohio purchasers during July 1, 2012 to August 31, 2014) and who made more than 5 purchases or one purchase exceeding $105 during that period is shown on the document attached as Exhibit C (TWEEN00003131).

9.      The average amount of total purchases for individuals described in Paragraph 8, above, is $489.45.

10.     As of June 17, 2015, the number of individuals who purchased from Justice during January 1, 2012 to February 21, 2015 for which Justice has email addresses, postal addresses, or both are set forth on the document attached as Exhibit D (TWEEN00003124-3125).

11.     The documents bates-labeled TWEEN00000001–4 and TWEEN00003126–3129 were generated from Justice records maintained in the ordinary course of business.

Dated:  Columbus, Ohio
        September 18, 2015

*Marjorie Michelle Blau*

2

# Exhibit A

| State | Total Address and Email Only* |
|-------|------------------------------:|
| AK | 6,849 |
| AL | 278,514 |
| AR | 157,934 |
| AZ | 318,441 |
| CA | 1,808,704 |
| CO | 257,195 |
| CT | 256,046 |
| DC | 7,689 |
| DE | 65,224 |
| FL | 1,424,728 |
| GA | 564,414 |
| HI | 8,744 |
| IA | 209,796 |
| ID | 58,743 |
| IL | 877,045 |
| IN | 477,215 |
| KS | 191,519 |
| KY | 312,483 |
| LA | 283,286 |
| MA | 392,969 |
| MD | 314,728 |
| ME | 49,382 |
| MI | 602,307 |
| MN | 364,093 |
| MO | 396,612 |
| MS | 142,791 |
| MT | 22,463 |
| NC | 521,942 |
| ND | 59,195 |
| NE | 144,866 |
| NH | 86,910 |
| NJ | 726,898 |
| NM | 66,406 |
| NV | 158,217 |
| NY | 1,024,048 |
| OH | 456,364 |
| OK | 237,866 |
| OR | 146,383 |
| PA | 906,094 |
| RI | 53,226 |
| SC | 252,075 |
| SD | 48,667 |
| TN | 374,132 |
| TX | 1,863,102 |
| UT | 156,406 |
| VA | 456,389 |
| VT | 18,622 |
| WA | 307,140 |
| WI | 330,264 |
| WV | 163,288 |
| WY | 14,370 |
| Total | 18,422,784 |

*For the period 1/1/2012 through 2/28/2015, except for OH, where the numbers are limited to the periods 1/1/2012-6/30/2012 and 9/1/2014-2/28/2015.

# Exhibit B

| ADS Group | % Of Total Transactions | % Less than Group |
|---|---|---|
| $0-$4.99 | 4.61% | 4.61% |
| $5-$9.99 | 7.90% | 12.51% |
| $10-$14.99 | 8.21% | 20.71% |
| $15-$19.99 | 8.10% | 28.81% |
| $20-$24.99 | 8.32% | 37.13% |
| $25-$29.99 | 8.38% | 45.51% |
| $30-$34.99 | 6.17% | 51.68% |
| $35-$39.99 | 5.03% | 56.71% |
| $40-$44.99 | 3.92% | 60.62% |
| $45-$49.99 | 2.63% | 63.25% |
| $50-$54.99 | 6.14% | 69.39% |
| $55-$59.99 | 3.70% | 73.09% |
| $60-$64.99 | 2.90% | 75.99% |
| $65-$69.99 | 2.34% | 78.33% |
| $70-$74.99 | 1.99% | 80.32% |
| $75-$79.99 | 2.10% | 82.42% |
| $80-$85.99 | 1.72% | 84.14% |
| $85-$89.99 | 1.38% | 85.52% |
| $90-$94.99 | 0.95% | 86.46% |
| $95-$99.99 | 0.71% | 87.18% |
| $100-$104.99 | 1.84% | 89.02% |
| $105+ | 10.98% | 100.00% |

CONFIDENTIAL

# Exhibit C

**Individuals With More Than 5 Purchases or One Purchase Exceeding $105***

| | |
|---|---:|
| AK | 2595 |
| AL | 78665 |
| AR | 50428 |
| AZ | 89935 |
| CA | 483230 |
| CO | 73335 |
| CT | 75412 |
| DC | 1994 |
| DE | 18521 |
| FL | 397617 |
| GA | 162217 |
| HI | 2479 |
| IA | 64738 |
| ID | 14631 |
| IL | 268799 |
| IN | 146152 |
| KS | 59102 |
| KY | 102592 |
| LA | 78059 |
| MA | 122514 |
| MD | 93358 |
| ME | 13021 |
| MI | 184033 |
| MN | 105716 |
| MO | 118312 |
| MS | 43346 |
| MT | 6747 |
| NC | 146179 |
| ND | 18199 |
| NE | 44196 |
| NH | 21707 |
| NJ | 245033 |
| NM | 17290 |
| NV | 45447 |
| NY | 317581 |
| OH | 106719 |
| OK | 76745 |
| OR | 39290 |
| PA | 289840 |
| RI | 16888 |
| SC | 68064 |
| SD | 14486 |

| | |
|---|---:|
| TN | 108675 |
| TX | 566033 |
| UT | 44245 |
| VA | 133623 |
| VT | 4934 |
| WA | 79794 |
| WI | 87538 |
| WV | 55842 |
| WY | 5067 |
| Total | 5410963 |

* For the period 1/1/12-2/28/15, except for OH, where date range is 1/1/2012-6/30/2012, 9/1/2014-2/28/2015

CONFIDENTIAL

TWEEN00003131

# Exhibit D

| State | Total Address Individuals | Address Indviduals with an Email | Address Individuals Without Email | | Email only Individuals* |
|---|---|---|---|---|---|
| AK | 6,849 | 4,647 | 2,202 | | |
| AL | 232,656 | 131,770 | 100,886 | | 45,858 |
| AR | 129,579 | 76,896 | 52,683 | | 28,355 |
| AZ | 244,840 | 149,082 | 95,758 | | 73,601 |
| CA | 1,300,703 | 844,825 | 455,878 | | 508,001 |
| CO | 208,750 | 124,557 | 84,193 | | 48,445 |
| CT | 218,175 | 126,550 | 91,625 | | 37,871 |
| DC | 7,689 | 4,523 | 3,166 | | |
| DE | 51,835 | 28,098 | 23,737 | | 13,389 |
| FL | 951,592 | 574,912 | 376,680 | | 473,136 |
| GA | 463,875 | 270,975 | 192,900 | | 100,539 |
| HI | 8,744 | 5,766 | 2,978 | | |
| IA | 182,620 | 98,677 | 83,943 | | 27,176 |
| ID | 46,945 | 27,553 | 19,392 | | 11,798 |
| IL | 748,369 | 431,488 | 316,881 | | 128,676 |
| IN | 395,442 | 226,728 | 168,714 | | 81,773 |
| KS | 158,601 | 92,482 | 66,119 | | 32,918 |
| KY | 273,435 | 152,188 | 121,247 | | 39,048 |
| LA | 232,958 | 135,543 | 97,415 | | 50,328 |
| MA | 339,212 | 201,264 | 137,948 | | 53,757 |
| MD | 264,981 | 152,243 | 112,738 | | 49,747 |
| ME | 39,476 | 23,802 | 15,674 | | 9,906 |
| MI | 515,060 | 296,395 | 218,665 | | 87,247 |
| MN | 303,543 | 162,635 | 140,908 | | 60,550 |
| MO | 323,422 | 190,985 | 132,437 | | 73,190 |
| MS | 117,925 | 70,725 | 47,200 | | 24,866 |
| MT | 18,354 | 11,508 | 6,846 | | 4,109 |
| NC | 433,974 | 244,835 | 189,139 | | 87,968 |
| ND | 47,827 | 23,995 | 23,832 | | 11,368 |
| NE | 123,529 | 66,811 | 56,718 | | 21,337 |
| NH | 57,783 | 36,441 | 21,342 | | 29,127 |
| NJ | 611,505 | 353,779 | 257,726 | | 115,393 |
| NM | 48,593 | 29,848 | 18,745 | | 17,813 |
| NV | 108,544 | 66,062 | 42,482 | | 49,673 |
| NY | 845,547 | 504,086 | 341,461 | | 178,501 |
| OH | 766,272 | 427,320 | 338,952 | | 111,245 |
| OK | 192,214 | 112,546 | 79,668 | | 45,652 |
| OR | 112,964 | 65,575 | 47,389 | | 33,419 |
| PA | 798,955 | 432,688 | 366,267 | | 107,139 |
| RI | 48,648 | 28,246 | 20,402 | | 4,578 |
| SC | 206,302 | 116,355 | 89,947 | | 45,773 |
| SD | 40,300 | 22,165 | 18,135 | | 8,367 |
| TN | 308,587 | 178,761 | 129,826 | | 65,545 |

| State | Total Address Individuals | Address Indviduals with an Email | Address Individuals Without Email | | Email only Individuals* |
|---|---|---|---|---|---|
| TX | 1,391,954 | 830,785 | 561,169 | | 471,148 |
| UT | 130,414 | 76,154 | 54,260 | | 25,992 |
| VA | 378,650 | 215,995 | 162,655 | | 77,739 |
| VT | 15,761 | 8,902 | 6,859 | | 2,861 |
| WA | 230,964 | 135,862 | 95,102 | | 76,176 |
| WI | 270,106 | 152,268 | 117,838 | | 60,158 |
| WV | 140,031 | 74,900 | 65,131 | | 23,257 |
| WY | 13,309 | 8,217 | 5,092 | | 1,061 |
| Total | 15,108,363 | 8,829,413 | 6,278,950 | | 3,735,574 |
| | | | | | |
| | | | | | *Based on Store location |
| | | | | | |
| | | | Total Unique Individuals: | 18,843,937 | (Total with address plus email only) |

CONFIDENTIAL

TWEEN00003125