IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Rougvie, et al., | CLASS ACTION |
| vs. | No. 15-724 |
| Ascena Retail Group, Inc., et al. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
THE SETTLEMENT, PRELIMINARILY CERTIFYING THE CLASS, APPOINTING
CLASS COUNSEL, APPROVING OF NOTICE TO THE CLASS,
AND SCHEDULING OF HEARING ON FINAL APPROVAL**

**WHEREAS,** Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton ("Plaintiffs") and Defendants Tween Brands, Inc. and Ascena Retail Group, Inc., d/b/a Justice Brand ("Justice") (collectively, the "Settling Parties") have entered into a Settlement Agreement dated September 23, 2015, in full and final settlement of each and every Released Claim against Justice, the terms of which are set forth in the Settlement Agreement (the "Proposed Settlement" or "Settlement");

**WHEREAS,** the Settling Parties have submitted a joint motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Proposed Settlement in accordance with the terms of the Settlement Agreement and directing that notice of the Proposed Settlement be given to the Settlement Class; and

**WHEREAS,** the Court, having read and considered the Settlement Agreement and exhibits thereto, including the proposed: (i) methods of notice; (ii) Long Form Notice to the Settlement Class; (iii) Summary Notice; (iv) Publication Notice and (v) Proof of Claim; and Plaintiffs' Memorandum in Support of the Joint Motion for Preliminary Approval of the Settlement, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement. Any inconsistencies between the Settlement Agreement and the Long Form Notice approved herein will be controlled by the language of the Settlement Agreement. A copy of the Settlement Agreement is attached as Exhibit A and incorporated herewith.

2. The Proposed Settlement, as set forth in the Settlement Agreement, is preliminarily approved as fair, reasonable and adequate.

3. The Court hereby preliminarily certifies this action to proceed as a class action for purposes of the Settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Settlement Class or class members: All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015. Residents of Ohio who are within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty OH), which included all Ohio residents who made purchases from Justice stores in Ohio between July 1, 2012 and August 31, 2014 are excluded ("Excluded Ohio residents"). However, those Excluded Ohio residents who also purchased from Justice from January 1, 2012 – June 30, 2012 or from September 1, 2014 to February 28, 2015 are included as class members for purchases in those time frames.

4. The Court preliminarily finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Plaintiffs are typical of the claims of the class they seek to represent; (d) Plaintiffs and Pietragallo Gordon Alfano Bosick & Raspanti, LLP,

Mansour Gavin, LPA, and Edward J. Westlow, Esq. (collectively, "Plaintiffs' Counsel") have and will fairly and adequately represent the interests of the class; (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of these classes; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court also finds that the settlement class is readily ascertainable.

5. The Court preliminarily finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of settlement only, Plaintiffs are adequate representatives of the Settlement Class, and certifies them as representatives for the Settlement Class.

6. Plaintiffs' Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Settlement Agreement or such other acts that are reasonably necessary to consummate the Proposed Settlement set forth in the Settlement Agreement.

7. The Settlement Fairness Hearing shall be held before this Court on _____, 2016 at _____, [a date at least 200 days from the date of this Order to allow notice, requests for exclusion or objections, filing of claim forms, and the mandatory waiting period under 28 U.S.C. § 1715(d)] at the United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Courtroom _____, Philadelphia, Pennsylvania 19106 ("Hearing on Final Approval") to determine:

    a. Whether the Settlement Class should be finally certified as a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure for settlement purposes only;

    b. Whether the Proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, is fair, reasonable, and adequate and should be finally approved;

3

      c.      Whether the Released Claims against Justice should be dismissed with prejudice as set forth in the Settlement Agreement;

      c.      Whether the application by Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved;

      d.      The amount of the incentive award to Plaintiffs for their efforts as representatives of the class; and

      e.      Such other matters as the Court may deem appropriate.

8. The Court reserves the right to approve the Settlement, even if modified by the Settling Parties, with or without further notice of any kind.

9. Within ten (10) days of the date of this Order, Justice shall provide notice to the Attorney General of the United States and the Attorneys General of each state or territory in which a Settlement Class Member resides under 28 U.S.C. § 1715. The Court finds that such notice will satisfy the obligations of 28 U.S.C. § 1715.

10. The Court approves the form, substance, and requirements of the Long Form Notice, the Summary (email and post card) Notice, the Press Release, and the Publication Notice of the Justice Class Action Settlement (collectively referred to as the "Settlement Notices"), and the Proof of Claim Form (the "Claim Form"), and finds that the procedures established for publication, mailing, and emailing of such Settlement Notices meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances. The Claims Administrator is hereby authorized and directed to issue the Settlement Notices, in substantially their present forms, to the class members as described in the Settlement Agreement.

11. The Claims Administrator shall, at or before the Hearing on Final Approval, file with the Court proof of mailing and emailing of the Summary Notice. The Claims Administrator shall cause the Short Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 3, to be mailed and emailed within sixty (60) days

4

from the date of entry of this Order to all members of the Settlement Class for whom Justice has an email or mailing address. The date of such initial emailing or mailing shall be referred to as the "Notice Date."

12. On or before the Notice Date, the Long Form Notice, substantially in the form appended to the attached Settlement Agreement as Exhibit 4, and Claim Form, substantially in the form appended to the attached Settlement Agreement as Exhibit 1, shall be published on the web site maintained by the Claims Administrator, as approved herein by the Court.

13. To effectuate the provision of notice, and the collection, analysis, and determination of Claim Forms submitted in accordance with the terms of the Long Form Notice, and other actions required by this Order, the Court hereby appoints McGladrey LLP to serve as the Claims Administrator.

14. Plaintiffs' Counsel shall submit their papers in support of final approval of the Settlement, their application for attorney fees and reimbursement of litigation expenses, and the request for incentive awards for Plaintiffs by no later fifty (50) days before the Hearing on Final Approval.

15. Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the class in a timely and proper manner, as set forth in the Settlement Agreement.

16. Class members requesting exclusion from the Settlement Class shall not be entitled to receive any of the benefits described in the Settlement Agreement and Long Form Notice.

17. Any class member who has not requested exclusion from the Settlement Class may appear at the Hearing on Final Approval to show cause why the Proposed Settlement should or should not be approved as fair, reasonable, and adequate; why the Order and Final Judgment should or should not be entered; why Plaintiffs' Counsel should or should not be

awarded attorneys' fees and reimbursement of litigation expenses in the amounts sought by Plaintiffs' Counsel with the approval of Plaintiffs; or why Plaintiffs should or should not be awarded an incentive award in the amount sought by Plaintiffs, provided, however, that no class member shall be heard or entitled to contest the approval of the terms and conditions of the Proposed Settlement, the Order and Final Judgment to be entered approving the same, Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award unless, no later than forty-five (45) days before the Hearing on Final Approval, such Class Member has properly and timely served by hand or by first-class mail for receipt by such date written objections and copies of any supporting papers and briefs upon Plaintiffs' and Justice' counsel. Any member of the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. Members of the Class who do not enter an appearance will be represented by Plaintiffs' Counsel. Any individual who excludes himself or herself from the Settlement Class may not object to the Proposed Settlement, the Order and Final Judgment, Plaintiffs' Counsel's application for an award of attorneys' fees and payment of expenses, or Plaintiffs' request for an incentive award.

18.  Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Proposed Settlement or the Order and Final Judgment to be entered approving the Settlement, Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, or Plaintiffs' request for an incentive award.

19.  Any response to any Objections shall be filed no later than fifteen (15) days before the Hearing on Final Approval. Only class members shall have any rights with respect to approval of or objection to the Proposed Settlement, the application by Plaintiffs'

Counsel for an award of attorney' fees and reimbursement of litigation expenses, and Plaintiffs' request for an incentive award.

19. Pending final determination of whether the Proposed Settlement should be approved, all discovery and all proceedings in the Action are stayed, except for proceedings relating to the Proposed Settlement expressly allowed by this Order.

20. At or after the Hearing on Final Approval, the Court will determine whether the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of out-of-pocket expenses and for an incentive award to Plaintiffs for their efforts as representatives of the Settlement Class should be approved.

21. All reasonable costs incurred in identifying and notifying class members, as well as administering the Settlement and distributing payments under the Settlement, shall be paid as set forth in the Settlement Agreement.

22. If the Proposed Settlement is not approved or consummated for any reason whatsoever, the Proposed Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Settlement Agreement, except as otherwise set forth in the Settlement Agreement. In such instance, the Proposed Settlement and Settlement Agreement shall be void *ab initio* and treated as if they never occurred, except as set forth in the Settlement Agreement.

23. The administration of the Proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Benefits shall be under the authority of this Court.

24. Pending final determination of whether the Proposed Settlement should be approved, Plaintiffs and all class members, and anyone who acts or purports to act on their behalf, shall not institute, commence, prosecute, pursue, seek discovery in or in any other

way progress any of the Related Actions or any other action that asserts Released Claims against Justice.

**IT IS SO ORDERED,** this _____ day of _____, 2015.


_____
MARK A. KEARNEY
United States District Court Judge

3018009v1