# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Melinda Mehigan, et al., | : |
| Plaintiffs, | : |
| v. | : |
| | :    CIV. NO. 2:15-cv-00724-MAK |
| Ascena Retail Group, Inc.,et al., | : |
| | : |
| Defendants. | : |

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

Upon review and consideration of the terms and conditions of the Settlement Agreement filed with this Court on September 24, 2015, between and among the Class Representatives and the Settlement Class, by and through the Class Representatives and Class Counsel, and the Defendants Ascena Retail Group, Inc., and Tween Brands, Inc., d/b/a Justice Brand, ("Justice") (collectively, "Parties"), by and through its authorized signatory;

Due and adequate notice having been given to members of the Settlement Class, as required in the Preliminary Approval Order, and following such notice, a hearing having been held before this Court on May 20, 2016 (the "Fairness Hearing") to determine the matters contemplated herein;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the Parties' Joint Motion for Final Approval of Class Action Settlement Agreement, and all memoranda, affidavits, and other papers and arguments submitted with respect thereto;

The Court finds that:

1.     The Settlement Class is defined as follows:

> All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015 ("Settlement Class").

2.     The Settlement Class excludes Ohio residents within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls. Lake Cty OH), which included all Ohio residents who made purchases from Justice stores in Ohio between July 1, 2012 and August 31, 2014 ("Excluded Ohio residents"). The Excluded Ohio residents remain members of the Settlement Class for purchases from Justice from January 1, 2012 to June 30, 2012 or from September 1, 2014 to February 28, 2015.

3.     The Settlement Class contains approximately 18,422,784 identifiable members, and is sufficiently numerous that joinder of all members would be impracticable.

4.     There are issues of law and fact common to the Settlement Class.

5.     The claims of the Class Representatives are typical of those of the Settlement Class.

6.     Plaintiffs and Class Counsel have adequately represented the Class. The Class Representatives have no conflicts with members of the Settlement Class and have participated in this action as required.

7.     The Settlement Class meets the requirements of Fed. R. Civ. P. 23(a).

8.     Common questions of law and fact predominate with respect to the members of the Settlement Class.

9.     A class action is a superior method for resolving the claims of the Class. This is the proper forum for the maintenance of this class action. Due to the settlement, there will be no issues of manageability.

10.     The Settlement Class meets the requirements of Fed. R. Civ. P. 23(b)(3).

11.     The Settlement is entitled to a presumption of fairness because: (a) the negotiations were conducted at arm's length; (b) there was substantial discovery, including review of records and documents from Justices; and (c) Class Counsel are experienced in this type of litigation.

12.     The Proposed Settlement is fair, reasonable and adequate.

13.     Notice of the pendency of this Action as a class action, of the Proposed Settlement, and of the request for certification of the Settlement Class was given to all persons reasonably identifiable as Class Members, as shown by the records of Justice, at the respective addresses set forth in Justice's records, as updated as provided for in the Settlement Agreement. The Court finds that the form, content, and method of dissemination of the notice given to the Class Members were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings, of the Proposed Settlement, and of the terms and conditions set forth in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.

14.     Justice has timely filed notifications of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 7-8 (2005), effective February 18, 2005, codified at 28 U.S.C. §§ 1711- 1715. These notifications apprised the appropriate officials that, in connection with the approval of this settlement, Justice would seek certification from this Court that their respective notifications complied with any

applicable CAFA requirements. The Court has reviewed such notifications and accompanying materials and finds that Justice's notifications comply fully with any applicable requirements of CAFA.

**IT IS THEREFORE ORDERED AND DECREED THAT A FINAL JUDGMENT BE ENTERED AS FOLLOWS:**

A.    This Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including, without limitation, the members of the Settlement Class.

B.    The above-defined Settlement Class meets all of the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and is finally certified. The Court hereby approves the Settlement Agreement and the payments and processes thereto as fair and adequate, and the Settlement Administrator is directed to administer the Settlement Agreement in accordance with its terms and conditions.

C.    William Pietragallo, II, and Kevin E. Raphael from Pietragallo Gordon Alfano Bosick and Raspanti, LLP; Ernest Mansour, Anthony Coyne, and Brendon Friesen from Mansour Gavin, LPA; Robert Mansour; and Edward J. Westlow are appointed as Class Counsel.

D.    The Class Settlement in this action is approved as being a fair, reasonable, and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and shall be consummated in accordance with its terms. Objections timely filed with the Court are overruled and denied.

E.    Subject only to the provisions of Paragraph G below, the Action is hereby dismissed with prejudice, without costs, except as expressly provided in the Settlement Agreement.

F.     Subject only to the provisions of Paragraph G below, by operation of this judgment, all Settlement Class Members who have not timely and properly opted out are deemed to have absolutely and unconditionally released and forever discharged the Released Parties from all claims, as set forth in the Settlement Agreement, and are forever barred and enjoined from commencing, instituting, or maintaining any such claims against the Released Parties in any action in this or any other forum.  All Settlement Class Members who have not timely and properly opted out are further deemed to have waived the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws.

G.     This Final Judgment shall not and does not apply to bind those individuals who have timely excluded themselves from the Settlement Class.  The Settlement Administrator shall file with the Clerk of the Court a record of class members who timely excluded themselves from the Settlement Class and shall, upon the request of either Party, confirm whether any given individual is on the list of exclusions.  In all other respects, the list of opt-outs shall be treated with the same confidentiality as the Class List.

H.     Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

I.     Upon consideration of the application for an individual settlement and service award, the Class Representatives, Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton are awarded the sum of six thousand dollars ($6,000.00) each in consideration of their individual claims against the Defendant and for the valuable service they have performed for and on behalf of the Settlement Class.

J.     McGladrey, the Claims Administrator, is awarded its reasonable fees and any unpaid costs and expenses, in the amount set forth in the McGladrey invoice filed separately as follows: 50% to be paid within ten (10) days of the filing of this Order; 25% to be paid within ninety (90) days of the filing of this Order; and 25% to be paid within one hundred and eighty(180) days of the filing of this Order.

K.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the notice, this Final Judgment, or the Settlement Agreement.

L.     In the event that the Settlement Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Parties, or this Final Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and, (iii) the Action shall proceed as provided in the Settlement Agreement.

M.     Neither the Settlement Agreement, the settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect; or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or

proceeding to enforce the terms of the Settlement Agreement or of this Final Judgment.


BY THE COURT:


_____
Mark A. Kearney, U.S.D.C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CLASS ACTION |
| | : | |
| vs. | : | No. 15-724 |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |

## PLAINTIFFS' AND DEFENDANTS' JOINT MOTION FOR
## FINAL APPROVAL OF SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23 and for the reasons set forth in the Memorandum of Law submitted by Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton ("Plaintiffs"), filed contemporaneously herewith, and Defendants' Memorandum of Law in Support, Plaintiffs and Defendants Tween Brands, Inc., d/b/a Justice and Ascena Retail Group, Inc. hereby jointly request final approval of the class action settlement preliminarily approved by this Court by Order dated October 27, 2015 (ECF Doc. No. 78).

Dated: March 18, 2016                    Respectfully submitted,

BY: _/s/ Kevin E. Raphael_               BY: _/s/ Gregory T. Parks_
William Pietragallo, II, Esquire         Gregory T. Parks, Esquire
Kevin E. Raphael, Esquire                Ezra D. Church, Esquire
PIETRAGALLO GORDON ALFANO                Christopher J. Mannion, Esquire
BOSICK & RASPANTI, LLP                   MORGAN, LEWIS & BOCKIUS LLP
1818 Market Street                       1701 Market Street
Suite 3402                               Philadelphia, PA 19103
Philadelphia, PA 19103                   Tel: 215.963.5000
Tel: 215.320.6200                        Facsimile: 215.963.5001
WP@pietragallo.com                       gparks@morganlewis.com
KR@pietragallo.com                       echurch@morganlewis.com
                                         cmannion@morganlewis.com

-and-                                        *Counsel for Defendants*

MANSOUR GAVIN LPA
Ernest Mansour, Esquire
Anthony Coyne, Esquire
Brendon P. Friesen, Esquire
emansour@mggmlpa.com
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523.1500

Edward J. Westlow, Esquire
EJW@Whitehall1756.us
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219-3532
(804) 780-0305

-and-

Robert Mansour, Esquire
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
(216) 514.3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CLASS ACTION |
| | : | |
| vs. | : | No. 15-724 |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT

### I.     INTRODUCTION

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton ("Plaintiffs"), by and through their attorneys Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin, LPA, and Edward J. Westlow, Esq. (collectively, "Class Counsel"), respectfully submit this Memorandum of Law in support of their Joint Motion for Final Approval of the Proposed Settlement of their class action lawsuit brought against Defendants Ascena Retail Group, Inc. and Tween Brands, Inc. d/b/a Justice Brand ("Justice") (collectively, the "Parties"). The terms of the Settlement are set forth in the Settlement Agreement submitted on September 24, 2015 (ECF Doc. No. 71), as amended by court order dated February 16, 2016 (ECF Doc. No. 94). The Proposed Settlement provides comprehensive marketplace and individual compensatory relief for the Settlement Class. It also meets all of the standards for settlement approval under Rule 23(e). Therefore, it should be granted final approval as fair, reasonable and adequate as to all Class Members.

The Settlement represents an excellent resolution for numerous reasons. First, Justice has confirmed that it has ceased the sales practices that gave rise to the underlying action. Second, as described below, the Settlement provides material benefits to the Settlement Class Members

through the payment of guaranteed compensatory damages, and through the automatic distribution of vouchers to known Class Members who do not affirmatively file a claim. Third, the extent of the proceedings demonstrates the fairness and reasonableness of the Settlement. Through discovery, Class Counsel received and analyzed voluminous marketing and sales data. Although settlement talks were entered into at a relatively early stage of the litigation, those talks were conducted by competent, experienced counsel and involved nearly six months of hard fought negotiation before a Settlement in Principle was achieved, and another several months of detailed negotiations finalizing the Settlement Agreement that was ultimately preliminarily approved by the Court. There can be no question that negotiations were conducted in an arms-length manner, and that the negotiations were intense, taking each side to the very edge of their positions on each and every issue.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties and Plaintiffs' Claims

Plaintiffs brought this class action suit against Justice on behalf of all persons in the United States who purchased items that were purportedly on sale for at least 40% off but which were actually sold at their regular, or everyday, price.

Justice is operated by Tween Brands, Inc., a subsidiary of Ascena Retail Group, a Delaware corporation headquartered in New Jersey. Tween Brands, a Delaware corporation, is headquartered in Ohio. There are over 900 brick and mortar Justice stores housed in shopping malls across the continental United States. Justice also maintains a website and accepts orders from customers over its website and by phone.

Plaintiffs, who were all Justice customers during the time of the underlying allegations, purchased items from Justice that were advertised as being at least 40% off. However, Plaintiffs allege that, because these sale items were never sold above the 40% off price, the "sale price" was

2

in fact the regular, or everyday, price. Plaintiffs further allege that such misleading advertising practices are in violation of state consumer protection statutes, state administrative regulations, and common law of the various states.

B. **Procedural Background**

Class Counsel began investigating the claims alleged against Justice beginning in early 2014. Class Counsel obtained documentary evidence and information as proof that the deceptive advertising practices at issue in the litigation were pervasive and nationwide. The investigation also included extensive research on consumer laws nationwide.

Following this critical legal and factual investigation, Plaintiff Carol Cowhey initially brought a Pennsylvania class action suit against Justice in the Philadelphia County Court of Common Pleas on February 6, 2015 ("*Cowhey* action"). That case was subsequently removed by Justice on March 19, 2015. Carol Rougvie, along with Fonda Kubiak and Melinda Mehigan, also filed suit against Justice, bringing identical allegations, in the United States District Court for the Eastern District of Pennsylvania on February 12, 2015 ("*Mehigan* action"). ECF Doc. No. 1. The *Mehigan* action was amended on February 17, 2015, ECF Doc. No. 3, and consolidated with the *Cowhey* action on April 8, 2015 under the master caption *Mehigan, et al. v. Ascena Retail Group, Inc., et* al., 2:15-cv-0724-MAK. ECF Doc. No. 33. A Second Amended Complaint was filed that same day. ECF Doc. No. 34.

Shortly after filing the initial complaints, Justice's Counsel and Class Counsel engaged in preliminary settlement discussions, based upon the extensive investigation conducted by Class Counsel prior to the filing of the complaints. Over the next several months, Justice produced thousands of pages of discovery in response to Plaintiffs' requests, including documents concerning the transactions by Class Members during the Class Period.

Armed with a detailed investigation of Justice and its practices, the Plaintiffs initiated settlement negotiations in March 2015. The Parties met, in person, in Philadelphia, more than ten times over five months. The Parties also participated in conference calls over a dozen times. Justice provided additional materials and documentation subject to an agreement to provide, as necessary, affidavits and depositions to verify and confirm the information provided by Justice. At the behest of the Court, the Parties engaged in a final effort to secure a settlement before the Fourth of July holiday. After an all-day in person meeting attended by Class Counsel and Justice's Counsel, including authorized representatives of Justice, the Parties finally reached a Settlement Agreement in Principle on July 2, 2015. Thereafter, for over two months, the Parties negotiated the remaining details and issues not addressed in the Settlement Agreement in Principle, modified some terms in the Settlement Agreement in Principle, and memorialized the final terms in a Settlement Agreement executed on September 23, 2015 ("Settlement Agreement"). ECF Doc. No. 71.

On September 24, 2015, the Parties filed their Joint Motion for Approval of Settlement, Preliminary Certification of the Class, Appointment of Class Counsel, Approval of Notice to the Class, and Scheduling of Hearing on Final Approval. ECF Doc. No. 71. Following a hearing, the Court granted preliminary approval of the Settlement and issued a Scheduling Order on October 27, 2015. ECF Doc. No. 78. Then on November 20, 2015, the Parties filed a Joint Motion to Amend the Court's October 27, 2015 Scheduling Order to allow the mailed and emailed short form notice to be sent to Class Members on or before January 4, 2016, and to allow the deadline for publication notice to be moved to January 4, 2016. ECF Doc. No. 87. The Joint Motion was granted the same day. ECF Doc. No. 88. On February 15, 2016, the Parties filed another Joint Motion seeking amendment of the Settlement Agreement to provide for a Supplemental Notice

Program. ECF Doc. No. 93. The court granted that order on February 16, 2016. ECF Doc. No. 94.

## III.   <u>SUMMARY OF THE SETTLEMENT</u>

The Parties have agreed, subject to this Court's final approval, to a settlement of this litigation on a class-wide basis. The terms of the Settlement are set out in the Settlement Agreement filed on September 24, 2015. ECF Doc. No. 71. The Settlement is fair, reasonable and sound in light of the relevant facts, the applicable law, and the economic, as well as noneconomic, value of the settlement to the class. As described below, the Settlement provides a substantial benefit for all Class Members, with a user-friendly claims process, a significant cash settlement fund, and a default voucher that will automatically provide value to *all known* Class Members *regardless* of whether or not they choose to affirmatively participate in the claims process. This final element of the negotiated settlement is very "user-friendly" and accommodates the interests of a great number of Class Members – they being the busy parents of preteen and teenage daughters.

### A.   The Settlement Class

The Settlement Class ("Settlement Class") is defined as:

> All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products at Justice stores from January 1, 2012 to February 28, 2015 (the "Class Period").

Justice customers who are within the scope of the class settlement in *Perez v. Tween Brands Inc.*, No. 14CV001119 (Ct. Comm. Pls., Lake Cty. OH) are excluded ("Excluded Class Members"). However, the Excluded Class Members who also purchased from Justice from January 1, 2012 to June 30, 2012 or from September 1, 2014 through February 28, 2015 are eligible for participation in this Settlement for purchases made in this particular timeframe.

According to Justice's records, there are approximately 18,422,784 unknown members of the Class. There are an estimated 1.2 million members of the Class who cannot be identified through Justice's records.

### B.    The Settlement Benefits

Rather than a "one size fits all" approach, the structure of the Proposed Settlement is sensitive to, and provides relief for, each of Justice's key demographics.

Justice's sales data revealed that their customers generally fell into three groups: the average customer (averaging four transactions during the Class Period); the more frequent customer (averaging over five transactions during the Class Period); and those customers who spent $105 or more on one or more transactions (approximately 11% of the transactions during the Class Period). The structure of the Settlement provides relief tailored to each of these distinct groups.

Under the Settlement, Class Members have two options from which to choose. In Option One, the value of the cash award was based on a formula derived from: weighted average transaction numbers for the Class Period; average transaction numbers for the Class Period; a liability factor; the Class Member's state of residence. Option One allows residents in treble recovery states[1] who submit a claim form to have the choice to receive either $20 in cash or a $30 Justice voucher (with no requirement to spend any additional money). Residents in single recovery states[2] who submit a claim form will have the choice to receive either $13 in cash or a $20 Justice voucher (usable on a purchase of $25 or more). And residents in limited recovery

[1] Those states whose consumer protection statutes provide for up to *treble* damages: Colorado, Hawaii, Idaho, Indiana, Massachusetts, New Hampshire, New Mexico, New Jersey, New York, Nevada, North Carolina, Ohio, Pennsylvania, Texas, Virginia, Washington, Wisconsin, and the District of Columbia.
[2] Those states whose consumer protection statutes provide for *actual* damages: Alaska, Arkansas, Arizona, California, Connecticut, Delaware, Iowa, Illinois, Florida, Kansas, Kentucky, Maryland, Maine, Michigan, Minnesota, Missouri, North Dakota, Nebraska, Oklahoma, Oregon, Rhode Island, South Dakota, Utah, Vermont, West Virginia, and Wyoming.

states[3] who submit a claim form will have the choice to receive either $7 in cash or a $10 Justice voucher (usable on a purchase of $25 or more).[4] Class Members for whom Justice does not have contact information can submit a claim under Option One by submitting the claim form with proof of one purchase (credit card statement, bank statement or receipt) during the Class Period.

Alternatively, in Option Two, any Class Member who, during the Class Period, either: (a) made more than five (5) purchases; and/or (b) spent $105 or more (in one or more purchases), may submit a claim (with receipts or bank/credit card statements as proof of purchase) to receive, at their choice, either: 1) a check for 14% of their total purchases or 2) a voucher for 20% of their total purchases.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. Those known Class Members who do not opt out, and who do not make an affirmative choice under Options One or Two, will *automatically* receive a Justice voucher in the amount appropriate for those Class Members' states of residence.

As there are no Justice stores in Alaska or Hawaii, residents of those states will receive gift cards instead of vouchers. This will occur whether the Alaska/Hawaii resident chooses a voucher under Option One or Two, or would be eligible to receive a voucher automatically.

The Settlement is thus structured to give Class Members a choice regarding the relief they feel provides them with the greatest value. The Proposed Settlement allows Class Members who no longer shop at Justice or who prefer cash to receive a cash recovery. Alternatively, Class

---

[3] Those states which *do not allow* class actions to be brought under their consumer protection laws or do not allow class actions: Alabama, Georgia, Louisiana, Mississippi, Montana, South Carolina, and Tennessee.
[4] The Option One amounts are based on 14% of the weighted average spend during the Class Period of Class Members, whose purchases fell within the range of $0.00 – $65.00, multiplied by the average number of transactions of all Class Members during the Class Period.

Members that continue to shop at Justice may prefer a voucher that gives them a greater dollar value than a cash award.

The Settlement also takes into account both the differences in the state consumer protection statutes, as well as the differences in state law concerning the availability of class actions. Those Class Members who reside in states in which their consumer protection statutes offer potential damages up to treble the amount purchased fall within the "treble recovery" category. Those Class Members who reside in states in which their consumer protection statutes permit only actual damages recovery fall within the "single recovery" category. And those Class Members who reside in states that recognize no class actions or whose consumer protection statutes do no permit class actions, fall within the "limited recovery" category. The treble recovery Class Members get a compromised enhancement of their damages in recognition of the possible right to receive enhanced damages. The limited recovery Class Members receive a compromised reduction of their damages in recognition of their states' limited ability to recover damages pursuant to a class action. All Class Members have the option to exclude themselves from the Settlement if they determine that pursuing an individual action may be more beneficial to them.

## C.    The Settlement Fund

Under the terms of the Settlement, Justice has set aside a cash Settlement Fund of $50,800,000. An amount of $27,800,000 has been designated to pay the claimants under Options One and Two. Additionally, $8,000,000 has been designated to pay for administration of the settlement[5]; and up to $14,111,455.85 has been designated for attorneys' fees and costs.[6]    In

---

[5] Any balance of the $8,000,000 not used for administrative costs will accrue to the Net Settlement Fund for distribution to the Class Members.

addition to the $27,800,000 in the Net Settlement Fund, the total possible voucher value to the class is estimated at approximately **Four Hundred Million Dollars ($400,000,000)**. Even assuming, for argument's sake, an extremely conservative voucher redemption rate of 10%, the value to the class from the automatic voucher distribution would be over Forty Million Dollars ($40,000,000). Finally, Justice has confirmed through the Settlement Agreement that it has ceased the sales and marketing practices that were of concern. Additionally, under the Settlement, Justice will honor the vouchers distributed to Class Members pursuant to the agreed upon terms of those vouchers. Any funds not claimed by the class will revert back to Justice.

### D.    Costs of Notice

Justice has agreed to pay virtually all costs of notice relating to the Settlement including, but not limited to: postage charges, printing costs, a telephone assistance program, and all other notice costs and other charges as may be approved by the Parties subject to further approval by the Court. Pursuant to the Joint Motion filed on February 15, 2016, Class Counsel have agreed to pay for half of the cost of the Supplemental Notice Program recommended by the Claims Administrator, so the Net Settlement Fund would not be reduced as a result of the Supplemental Notice Program. ECF Doc. No. 93.

### E.    Attorneys' Fees and Costs

Subject to the Court's approval, Justice has agreed to pay, and agrees not to object to, up to $14,111,455.85 for the combined attorneys' fees and costs incurred by Class Counsel in the prosecution of the litigation. This figure represents just 27.8% of the Cash Settlement Fund. The amount of attorneys' fees and expenses to be paid to Class Counsel was not agreed to by the

---

[6] Pursuant to the Joint Motion for Approval of Amendment to the Class Action Settlement Agreement (ECF No. 93), and the Court's Order approving same (ECF No. 94), Class Counsel reduced the ceiling on their fees by up to 50% of the cost of the Supplemental Notice Program, approximately $888,544.15.

Parties until agreement was reached in principle on the other terms of this Settlement Agreement. Class Counsel have simultaneously filed their Motion for Award of Attorneys' Fees, Expenses and Incentive Awards.

### F.  Class Notice

Where parties seek certification of a settlement class pursuant to Rule 23(b)(3) and approval of the settlement pursuant to Rule 23(e), "notice of the class action must meet the requirements of both Rule 23(c)(2) and Rule 23(e)." *In re CertainTeed Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 480 (E.D. Pa. 2010). The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

The Settlement Agreement provides for a mutually agreed-upon Settlement Administrator, RSM US, LLP, formerly known as McGladrey, LLP ("RSM"), to perform settlement administration responsibilities. RSM retained Epiq Class Action and Claims Solutions, Inc., ("Epiq") to assist in administering notice to the Class.

Beginning on December 1, 2015, Epiq sent Email Notice to 12,294,258 potential Class Members for whom RSM provided an email address. Declaration of Lauran Schultz of Epiq ("Schultz Decl."), attached as Exhibit A to the Declaration of Frank Barkan (attached hereto as Exhibit 1). Beginning December 4, 2015, Epiq sent Postcard Notice to 5,979,773 potential Class Members for whom RSM provided only a postal address. *Id.* Beginning December 31, 2015, Epiq sent Postcard Notices to 2,301,096 potential Class Members who were sent Email Notice and the email was returned as undeliverable, and a postal mailing address was also on file. *Id.* Beginning February 18, 2016, Epiq sent a supplemental Postcard Notice to 6,275,160 potential Class Members: 1) who were provided direct notice by email pursuant to paragraph 22.A. of the

Class Action Settlement Agreement; 2) whose email did not get returned; 3) who had not yet filed a claim or requested exclusion from the Class; and 4) for whom Justice provided postal addresses pursuant to the Class Action Settlement Agreement. *Id.*

As of the close of business on March 11, 2016, Epiq has mailed a total of 14,981,463 Postcards to potential Class Members. *Id.* These Postcards include initial and supplemental postcard mailings, as well as re-mails to: any Class Member: who requested a replacement Postcard via the toll-free number or correspondence received through the Post Office Box; whose original Postcard mailing was returned to Epiq with a postal forwarding address; and/or whose original Postcard was returned to Epiq as undeliverable and for whom a new address could be located via LexisNexis research. *Id.*[7]

Additionally, as per the terms of the Settlement Agreement, Epiq arranged for a Publication Notice to appear in the January 3, 2016 national edition of Parade magazine and the January 11, 2016 national edition of People magazine. *Id.* A press release was also distributed nationally via PR Newswire on December 1, 2015 and has been published by over two hundred and fifty (250) news outlets. *Id.*

Epiq also activated a dedicated toll-free number for the Settlement on November 30, 2015. *Id.* The toll-free number provides callers with automated answers to frequently asked questions in both English and Spanish, the ability to request a copy of the Detailed Notice and Claim Form by mail, and the option of connecting to a live claimant services representative for additional information. *Id.* As of the close of business on March 11, 2016, this toll-free number has received

---

[7] As of the close of business on March 11, 2016, 999,856 Postcards and 338 Claim Packages have been returned to Epiq as undeliverable. Epiq submitted these addresses for research against the LexisNexis database and re-mailed to any updated addresses thereby obtained. *Id.* As of the close of business on March 11, 2016, there are 380,888 records where a new address was not located via a LexisNexis search. *Id.*

85,731 calls representing 254,315 total minutes of use. *Id.* Of these, 17,768 calls have connected to a live claimant services representative for a total of 94,525 minutes of use. *Id.*

Epiq activated a website (under the URL www.JusticeClassAction.com) on November 30, 2015. *Id.* The website offers potential Class Members the ability to file a claim online, to access answers to frequently asked questions, and to download various important documents. *Id.* The website was optimized for mobile access and all aspects of the site are available in English and Spanish. *Id.* As of the close of business on March 11, 2016, website activity includes 4,299,061 hits, 745,816 visitor sessions and 659,268 users. *Id.*

As of the close of business on March 11, 2016, Epiq has received four (4) objections and 252 requests for exclusion from potential Class Members.[8] All objections and requests for exclusion received by Epiq are forwarded to Class Counsel and Defense Counsel. *Id.* The deadline to object to the Settlement is April 15, 2016, and the deadline to file a request for exclusion is April 20, 2016. *Id.*

Class Counsel will file a Supplemental Brief in Support of this Motion with final notice and claims data after the claims period, objection period, and exclusion period ends.

## IV.  ELEMENTS FOR CERTIFICATION OF A SETTLEMENT CLASS

When the Court preliminarily approved this Settlement, it considered whether the Settlement Class could be conditionally certified for settlement purposes. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (trial court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23). As final approval of the Settlement also involves the determination that certification of the Settlement Class is appropriate, the analysis applies again at this juncture.

---

[8] Class Counsel received a fifth objection on March 14, 2016 and forwarded it to RSM.

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, Plaintiffs would show the following:

## A.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no precise number for establishing numerosity, the Third Circuit has held that generally a class of more than forty will satisfy the numerosity requirement of Rule 23(a). *Stewart v. Abraham,* 275 F.3d 220, 226-27 (3d. Cir. 2001); *see also Sherman v. Am. Eagle Express, Inc.,* Civ. A. No. 09-575, 2012 WL 748400, *4 (E.D. Pa. Mar. 8, 2012).

Here, the Settlement Class is comprised of approximately 18,422,784 members for whom Justice has contact information and an estimated additional 1,250,000 members for whom Justice has no contact information. Given the size of the class, the numerosity requirement is satisfied as joinder is plainly impractical.

## B.     Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In the Third Circuit, a putative class satisfies the commonality requirement if "the named plaintiffs share at least one question of fact or law with the grievances of the

prospective class." *Rodriguez v. Nat. City Bank,* 726 F.3d 372, 382 (3d Cir. 2013) (quoting *Baby Neal v. Casey,* 43 F.3d 48, 56 (3d Cir. 1994)).

In this case, the common questions of fact and law are myriad, including: (1) whether Justice deceptively advertised as "discount" prices what were in fact everyday prices; (2) the length of time Justice was engaged in these advertising practices; (3) whether these practices violated state consumer protection laws; (4) whether these practices constituted a breach of contract; (5) whether these practices constituted a breach of the implied covenant of good faith and fair dealing; (6) whether these practices constituted a breach of an express warranty; (7) whether Justice was unjustly enriched; and (8) the nature and extent of class-wide injury and the measure of damages for the injury. Where, as here, a defendant engaged in standardized conduct toward putative Class Members, commonality is satisfied. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 310 (3d Cir. 1998).

## C.  Typicality

Rule 23(a)(3) requires that the claims of a representative plaintiff be "typical" of those of other Class Members. Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied if the representative plaintiff's claims arise from the same course of conduct that give rise to the same legal theories as those of absent Class Members. *Baby Neal,* 43 F.3d at 57-58. Even where some factual distinctions may exist between the injury of named plaintiffs and the Class Members, typicality exists so long as those injuries arise from the same course of conduct. *Id.* In other words, cases challenging the same unlawful conduct that affects both the named plaintiffs and the members of the class satisfy typicality. *Id.*

Here, all Class Members made purchases while Justice maintained substantially identical "40% off entire store" advertisements during the Class Period. These purchases during the

advertised sales form the basis of the class claim. Because this case challenges Justice's uniform course of conduct as it affects the entire class, typicality is satisfied.

### D.    Adequacy of Representation

Rule 23(a)(4) requires that "the representative part[y] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement "assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Allen v. Holiday Universal*, 249 F.R.D. 166, 180 (E.D. Pa. 2008) (citing *Baby Neal*, 43 F.3d at 55). Satisfaction of this requirement involves a two-pronged analysis that tests (1) whether plaintiff's counsel is qualified, experienced and generally able to conduct the proposed litigation, and (2) whether the plaintiff has interests antagonistic to those of the class. *See Allen*, 249 F.R.D. at 180; *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006). Here, both prongs are readily met.

As to the first prong, Class Counsel believe and aver that they are competent and able to conduct the litigation on behalf of the class. They have a wealth of experience in litigating complex litigation and class action lawsuits and have negotiated a very substantial settlement for the Class in this case.

As to the second prong, the Representative Plaintiffs have no conflicts with the Class Members, as their claims arise from the same course of conduct by Justice and seek the same remedies, and there is nothing to suggest that the Representative Plaintiffs have any interests antagonistic to the class. Given the identical nature of the claims and class damages between the Representative Plaintiffs and Class Members, there is no potential for conflicting interests in this class action. *See Allen,* 249 F.R.D. at 180.

Accordingly, the adequacy of representation requirement is readily met, as are all of the elements of Rule 23(a).

**E.      Rule 23(b)(3) Considerations**

Certification of a settlement class under Rule 23(b)(3) involves two components: predominance and superiority. *See* Fed. R. Civ. P. 23(b)(3). When assessing these components, the court may consider that the class will be certified for settlement purposes only, and that a showing of manageability at trial is not required. *See Amchem*, 521 U.S. at 618 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

In the Third Circuit, the inquiry into predominance focuses on "whether the defendant's conduct was common as to all Class Members, and whether all of the Class Members were harmed by the defendant's conduct." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 298 (3d Cir. 2011). This criterion is normally satisfied when there is an essential common factual link between all Class Members and the defendant for which the law provides a remedy. *See Lake v. First Nationwide Bank*, 156 F.R.D. 615, 625 (E.D. Pa. 1994). Here, and as mentioned above, myriad common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members. Again, all Class Members made purchases during the Class Period – the time during which Plaintiffs allege that Justice merchandise was being advertised as 40% off. Accordingly, the issues of fact and law are straightforward and predominate.

The second component of Rule 23(b)(3) is that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b)(3).

The Settlement Agreement and plan of notice provide members of the class with the ability to obtain prompt, predictable, and certain relief, and contain well-defined administrative procedures to assure due process, including leaving members free to opt-out and pursue their own actions if they wish. Efficiency is a primary focus in determining whether the class action is the superior method for resolving the controversy presented. *See Lake,* 156 F.R.D. at 625-26. Here, the Settlement would relieve the substantial judicial burdens potentially caused by repeated adjudication of the same issues in thousands of individualized trials against Justice.

In this case, there is no better method available for the adjudication of the claims that might be brought by each individual consumer subjected to Justice's advertising practices.

Additionally, the class is readily ascertainable. *See, e.g., Byrd v. Aaron's Inc.*, 784 F.3d 154 (3d Cir. 2015). Through its transactional data, Justice has identified approximately 18,422,784 Class Members for which the company has email and/or mailing addresses, with Justice estimating an additional 1.2 million Class Members for whom it does not have this information.

In sum, because the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, certification of this Settlement Class is appropriate.

## V.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED BY THE COURT

When a proposed class-wide settlement is reached, it must be submitted to the court for approval. Fed. R. Civ. P. 23(e). Preliminary approval is the first of three steps that comprise the approval procedure for settlement of a class action. The second step is the dissemination of notice of the settlement to all Class Members. The third step is a settlement approval hearing. *See* MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.63 (2004), *available at* http://public.resource.org/scribd/8763868.pdf. The first two steps have been completed.

The question presented on a motion for final approval of a proposed class action settlement is whether the proposed settlement is fair in light of the following factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation...

*Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir. 1975); *In re Prudential,* 148 F.3d at 317.

Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *See Eichenholtz v. Brennan,* 52 F.3d 478, 482 (3d Cir. 1995).

Thus, this Court is now asked to ascertain whether the Proposed Settlement is within a "range of reasonableness" which experienced attorneys could accept in light of the relevant risks of the litigation. *See Walsh v. Great Atl. & Pac. Tea Co.,* 96 F.R.D. 632, 642 (D.N.J. 1983), *aff'd,* 726 F.2d 956 (3d Cir. 1983). In determining what falls within this range, the Court should bear in mind "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion . . . ." *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972).

Recognizing that a settlement represents an exercise of judgment by the negotiating parties, courts have consistently held that the function of a judge reviewing a settlement is neither to rewrite the settlement agreement reached by the parties nor to try the case by resolving the issues intentionally left unresolved. *Bryan v. Pittsburgh Plate Glass Co.,* 494 F.2d 799, 804 (3d Cir. 1974); *Grunin v. Int'l House of Pancakes,* 513 F.2d 114, 123-24 (8th Cir. 1975). A settlement represents the result of a process by which opposing parties attempt to weigh and balance the factual and legal issues that neither side chooses to risk taking to final resolution. Courts,

therefore, have given considerable weight to the views of experienced counsel as to the merits of a settlement. *See Lake v. First Nationwide Bank*, 900 F. Supp. 726, 732 (E.D. Pa. 1995) ("Significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class").

Here, Class Counsel firmly believe that the Settlement, as structured and contemplated by the Parties, represents an educated and eminently reasonable resolution of the dispute. An evaluation of the relevant factors demonstrates that the Settlement fits well within the range of reasonableness and should be approved.

## A.    The Complexity, Expense, and Likely Duration of the Litigation

Absent the Settlement, the Court would be required to rule on the many issues likely to be raised in the Parties briefing on class certification and summary judgment. While the Plaintiffs believe they would prevail on all issues, there is at least some risk they would not.

Even if Plaintiffs were able to prevail on class certification and successfully defeat the expected motion for summary judgment, a lengthy and expensive trial would most likely ensue. Trial preparation on both sides would be necessary and a jury trial would eventually be before the Court. Such a trial presents numerous challenges for Plaintiffs, including the availability to Justice of the argument that the Class Members paid the value they believed the Justice merchandise was worth, and therefore they received the benefit of their conscious decision to purchase at the advertised price. Further, it would be unrealistic not to expect appeals from any result reached. Avoidance of this unnecessary expenditure of time and resources clearly benefits all parties. *See In re General Motors Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995) (concluding that lengthy discovery and ardent opposition from the defendant with "a

plethora of pretrial motions" were facts favoring settlement, which offers immediate benefits and avoids delay and expense).

**B.    The Reaction of the Class to the Settlement**

As set forth above, notice has been directly mailed and emailed to all identifiable Class Members advising them of the terms of the Settlement and their right to exclude themselves from the Class. Additionally, publication notice has been provided to the fraction of Class Members for whom Justice does not have contact information. The deadline for Class Members to exclude themselves and to object is April 20, 2016. As of March 11, 2016, Epiq has received only four objections and 252 requests for exclusion out of over 18,000,000 Class Members. A fifth objection was received by Class Counsel on March 14, 2016 and forwarded to RSM. The objectors are thus .00000028% of the Class, and the Class Members who requested exclusion comprise .00001% of the Class. This is convincing evidence of the Proposed Settlement's fairness and adequacy. *See In re Rite Aid Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (agreeing with district court that two objections out of 300,000 Class Members was a "rare phenomenon"); *In re Prudential*, 148 F.3d at 318 (affirming conclusion that class reaction was favorable where 19,000 policyholders out of 8 million opted out and 300 objected).

**C.    Stage of the Proceedings and the Amount of Discovery Completed**

The extent of the proceedings and the amount of discovery the parties have completed are other factors considered in determining the fairness, reasonableness and adequacy of a settlement. *Girsh*, 521 F.2d at 157. These factors allow the court to decide whether plaintiffs have had access to sufficient information to evaluate their case and fully assess the adequacy of the Proposed Settlement.

Here, the stage of the proceedings is a factor favoring approval of the Proposed Settlement. Class Counsel conducted a lengthy investigation of the facts underlying the claims as well as the extensive procedural challenges surrounding certification of a nationwide class. Additionally, Class Counsel reviewed extensive transactional and other confidential financial data provided by Justice, engaged in months of settlement talks where the strengths and weaknesses of the case were explored in detail by both sides, and structured a settlement to fairly compensate the Class Members through a straightforward claims process. This is not a situation where Class Counsel have only conducted a perfunctory investigation or failed to fully wrestle with the consequences of settlement. Thus, when the parties engaged in the final phase of settlement discussions, they had sufficient information to informatively participate in that proceeding. The settlement negotiations were contentious, adversarial and somewhat protracted, but eventually the Parties were able to reach an agreement in principle to settle. Thus, the final settlement occurred only after the Parties were able to assess its fairness adequately. As a result of the Parties' efforts, the litigation had reached the stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases." *Bonett v. Educ. Debt Servs., Inc.*, No. 01-6528, 2003 WL 21658267, at *6 (E.D. Pa. 2003) (internal quotation omitted). That Class Counsel were able to very effectively investigate and document Justice's conduct and to aggressively pursue a meaningful settlement without the time and expense of protracted litigation should inure to their benefit.

D.      **The Risks of Establishing Liability**

Class Counsel believe that Plaintiffs have a winning liability case against Justice. Nevertheless, Plaintiffs recognize that a finding of liability is by no means certain. In fact, Justice denied and continues to deny that its sales practices violated state consumer protection laws or

common law, and asserts that there are both legal and equitable defenses available to them. In assessing the Proposed Settlement, the Court should balance the benefits afforded the class, including the immediacy and certainty of a recovery, against the continuing risk of establishing liability and damages through litigation. *In re Prudential*, 148 F.3d at 317. While Class Counsel believe there would be sufficient evidence to support their claims, the complexities and uncertainties of this litigation clearly warrant approval of the Proposed Settlement.

Among the risks if this litigation continued is the possibility that the Court would not certify a nationwide class action because of the variations in the relevant state consumer protection laws. If the class was certified and went to trial, Plaintiffs would also face the risk that a jury would find that Justice's sales practices were not unlawful. Additionally, a jury could find that the Plaintiffs paid for what they wanted, and as such received the benefit of their bargain. *See, e.g., Shaulis v. Nordstrom Inc.*, Civ. A. No. 15-10326, 2015 WL 4886080 (D. Mass. Aug. 14, 2015).

E.     **The Risks of Establishing Damages**

If Plaintiffs were successful in proving liability on their consumer protection and related common law claims, the measure of damages for Plaintiffs would be largely formulaic based on what was spent at Justice and what penalty percentage could be attributable to the sales practices in dispute. Additionally, while Plaintiffs allege that Justice advertised discounts of 40% off all merchandise throughout the class period, that discount was a baseline which was often combined with other additional advertised savings – thus further complicating damages calculations. These inquiries would be magnified when trying to establish damages on a class-wide basis.

The challenge that Plaintiffs would have faced to establish a reliable measure of damages is a substantial one that supports the Proposed Settlement.

F.   **The Risks of Maintaining the Class Action Through Trial**

Plaintiffs believe that their case is well-suited for class certification, but recognize that there are always risks involved with maintaining a certified class, particularly a nationwide consumer class alleging violations of state law.

Assuming this action was certified as a class action and proceeded toward trial, there would always be the risk that the Court would reconsider or modify its decision at any time before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C).

Plaintiffs would have faced significant challenges both procedurally, in terms of getting a nationwide consumer class action certified, and substantively, specifically with regards to establishing and ascertaining damages. Consequently, the risks of maintaining this class action, weighed against the substantial and favorable terms of the Proposed Settlement, strongly favor its approval.

G.   **The Ability of Defendants to Withstand a Greater Judgment**

This factor addresses whether defendants "could withstand a judgment for an amount significantly greater than the [proposed] Settlement." *In re Cendant Corp. Litig.*, 264 F.3d 201, 240 (3d Cir. 2001). This factor should be considered neutral in this case. Here, the Proposed Settlement offers *every* Class Member for whom Justice has contact information a voucher for Justice *whether or not* they go online to fill out the electronic claim form. Those who submit an Option One claim will be entitled to choose between receiving cash or a voucher. Those Class Members eligible for, and who choose Option Two can receive a cash refund of 14%, or a voucher equal to 20%, of their total purchases. Class Members who choose a voucher, or who receive a voucher automatically because they did not opt to submit a claim form, receive considerable value. In addition to the $27,800,000 available in the Settlement Fund, assuming

full estimated participation for Option One and Option Two, the voucher value is estimated to be approximately $400,000,000. Even assuming for argument's sake an extremely conservative voucher redemption rate of 10%, the value to the class would be over $40,000,000. Interestingly, of the 498,327 Class Members who affirmatively filed Option One and Option Two Claims through March 11, 2016, 28% chose to receive vouchers instead of cash. This data confirms that the vouchers bring significant value to a large majority of the consumers comprising this Class.

Even assuming that Justice could withstand a larger judgment, this is not an obstacle to approving the Settlement. Settlements have been approved where a settling defendant has had the ability to pay greater amounts, but the risks of litigation outweigh the potential gains from continuing on to trial. *See Lazy Oil Co. v. Wotco Corp.*, 95 F. Supp. 2d 290, 318 (W.D. Pa. 1997) ("The Court presumes that Defendants have the financial resources to pay a larger judgment. However, in light of the risks that Plaintiffs would not be able to achieve any greater recovery at trial, the Court accords this factor little weight in deciding whether to approve the proposed settlement."); *Perry v. FleetBoston Fin. Corp.*, 229 F.R.D. 105, 116 (E.D. Pa. 2005) ("[Defendant] could certainly withstand a much larger judgment as it has considerable assets.").

While that fact weighs against approving the Settlement, this factor's importance is lessened by the obstacles the Class would face in establishing liability and damages. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 538 ("[T]he fact that [Defendant] could afford to pay more does not mean that it is obligated to pay any more than what the . . . Class Members are entitled to under the theories of liability that existed at the time the settlement was reached.").

## H.     The Reasonableness Of The Settlement In Light Of The Best Possible Recovery

In light of the questions of fact and law present in this litigation, the value of the Proposed Settlement substantially outweighs the mere possibility of future relief. The expense

of a trial and the use of judicial resources and the resources of the Parties would have been substantial. Moreover, in light of the contested liability, it would not be unusual that any judgment entered would have been the subject of post-trial motions and appeals, further prolonging the litigation and reducing the value of any recovery. Thus, a settlement is advantageous to all concerned. An appeal could seriously and adversely affect the scope of an ultimate recovery, if not the recovery itself. *See Backman v. Polaroid Corp.,* 910 F.2d 10 (1st Cir. 1990) (class won a jury verdict and a motion for judgment N.O.V. was denied, but on appeal the judgment was reversed and the case dismissed); *Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263 (2d Cir. 1979) (reversal of multimillion dollar judgment obtained after protracted trial); *Trans World Airlines, Inc. v. Hughes,* 312 F. Supp. 478, 485 (S.D.N.Y. 1970), *modified,* 449 F.2d 51 (2d Cir. 1971), *rev'd,* 409 U.S. 363, 366 (1973) ($145 million judgment overturned after years of litigation and appeals).

While Plaintiffs are confident of their ability to prevail at trial, no final adjudication has been made as to the validity of their claims. Plaintiffs also recognize that Justice has continued to deny all liability and allegations of wrongdoing and that Plaintiffs' claims would be threatened with dismissal in connection with dispositive motions which would be expected to be filed and briefed. In *In re Greenwich Pharm. Sec. Litig.,* Civ. A. No. 92-3071, 1995 WL 251293 (E.D. Pa. April 26, 1995), the court held in finding a $4.3 million settlement within the range of reasonableness where plaintiffs' estimate of damages was $100 million:

> [P]laintiffs most optimal estimate must be tempered by Defendants repeated and vigorous claim of no damages. When the probability of success at trial is factored into the equation, the settlement is obviously "within the range of reasonableness."

*Id* at *5. *See also, In re Ikon Office Solutions, Inc.,* 194 F.R.D. 166, 183-84 (E.D. Pa. 2000) (approval of settlement that provided 5.2% of best possible recovery). As the full extent

of recovery in this matter would be 40% of the amount spent by the Class Members, the percentage of recovery for the Class ranges from 35% – 50% as follows: Class Members who choose a cash award under either Option One or Option Two receive a 35% recovery;[9] Class Members who either choose or automatically receive vouchers obtain a 50% recovery.[10]

Through the Proposed Settlement, Plaintiffs have obtained very reasonable benefits for the Class. Moreover, as Justice has confirmed, the business practices that formed the basis of this lawsuit have ceased. Plaintiffs have thus achieved what essentially acts as a settlement injunction prohibiting Justice from engaging in the same sales practices in the future. This Settlement allows Plaintiffs to avoid the risks described above and ensures an immediate benefit to the Class.

### I.     The Range of Reasonableness of the Settlement to a Possible Recovery in Light of All the Attendant Risks of Litigation

Essentially, this factor is an amalgam of the analysis described above. When the risks of liability and damages are considered in light of the total potential recovery, this Settlement is an excellent result for the Class.

---

[9] Class Members who choose cash receive 14% of either the average amount purchased (Option One), or 14% of their total purchases (Option Two). Since a full recovery for the alleged conduct would be 40%, 14% divided by 40% indicates a 35% recovery.

[10] Class Members who choose the voucher receive 20% of either the average amount purchased (Option One) or 20% off their total purchases (Option Two). Since a full recovery for the alleged conduct would be 40%, 20% divided by 40% indicates a 50% recovery.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs request final approval of the Settlement.

Respectfully submitted,

BY:  /s/  *William Pietragallo, II*

William Pietragallo, II, Esquire
Kevin E. Raphael, Esquire
Edward H. Skipton, Esquire
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street
Suite 3402
Philadelphia, PA 19103
Tel: 215.320.6200

Dated: March 18, 2016

-and-

MANSOUR GAVIN LPA
Ernest Mansour, Esquire
Anthony Coyne, Esquire
Brendon P. Friesen, Esquire
emansour@mggmlpa.com
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523.1500

Edward J. Westlow, Esquire
EJW@Whitehall1756.us
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219-3532
(804) 780-0305

-and-

Robert Mansour, Esquire
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
(216) 514.3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

3106222v7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CLASS ACTION |
| vs. | : | No. 15-724 |
| Ascena Retail Group, Inc., et al. | : | |

## CERTIFICATE OF SERVICE

This is to certify that on March 18, 2016, true and correct copies of the Joint Motion for
Final Approval and Settlement, along with Plaintiffs' Memorandum in Support and
accompanying documents, were electronically filed and served on the following via the Court's
electronic filing system as well as Electronic Mail:

Gregory T. Parks
Ezra D. Church
Christopher J. Mannion
Morgan Lewis & Bockius
gparks@morganlewis.com
echurch@morganlewis.com
cmannion@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000

*Attorneys for Defendants*

Daniel Goetz
Eric Kennedy
dgoetz@weismanlaw.com
ekennedy@weismanlaw.com
Weisman, Kennedy & Berris, CO., LPA
101 W. Prospect Ave. Midland Building Suite 1600
Cleveland, OH 44115
(216) 781-6747

Gerard McCabe
Mitts Law, LLC
1822 Spruce St.
Philadelphia, PA 19103
(215) 866-0120

*Attorneys for Traynor-Lufkin Plaintiffs*

By:   */s/ Kevin E. Raphael*
KEVIN E. RAPHAEL, ESQ.
I.D. No. 72673
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 320-6200

*Attorney for Plaintiffs*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

CAROL ROUGVIE, et al.

        Plaintiffs,

    v.                             CIVIL NO. 2:15-cv-00724-MAK

ASCENA RETAIL GROUP, INC., et al.,

        Defendants.

---

### Declaration of Frank Barkan

I, Frank Barkan, declare as follows:

1. I am Senior Director of RSM US LLP ("RSM") which was appointed to serve as Claims Administrator and I was principally responsible for overseeing the dissemination of notice to members of the Class.

2. Pursuant to the signed Order dated October 27, 2015, we were provided with a mailing list of 18,363,637 individuals identified as all persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Tween Brands, Inc. and Ascena Retail Group, Inc. d/b/a Justice Brand ("Justice") during the period from January 1, 2012 to February 28, 2015, excluding all Ohio residents who made purchases from Justice stores in Ohio between July 1, 2012 and August 31, 2014.

3. RSM retained Epiq Class Action & Mass Tort, Inc. ("Epiq") to assist with the following procedures as further described in "Exhibit A":

   a. **NCOA Processing** – Prior to mailing, the mailing list was processed through the United States Postal Service National Change of Address database in order to obtain updated mailing addresses. In addition, this process is necessary in order to take advantage of postage discounts.

   b. **Email Notification** – A Notice was required to be emailed to all class members for whom an email address was provided by Justice.

   c. **Postcard Notification** – A Notice was required to be mailed via First Class Mail to all class members for whom only a postal address was available.

   d. **Undeliverable Processing** –

      i. All Notices that were sent via email and returned undeliverable were required to be recorded in the mailing database. For those email Notices that were returned undeliverable, and for which a postal address was available, a Notice was mailed via First Class Mail.
      ii. All Notices that were sent via First Class Mail and returned undeliverable were required to be recorded in the mailing database.

         1. For any undeliverable mailed Notice that was returned with a forwarding address was to be re-mailed to the forwarding address.

2. For any undeliverable mailed Notice that was returned without a forwarding address, an attempt to locate a new address via LexisNexis was performed and if found a new Notice was re-mailed.

e. **Publication** – A publication notice, as approved by the Court, was to be published in *People* magazine, *Parade* magazine. In addition, a press release with the Notice was to be issued via PR Newswire's national distribution list.

f. **Toll-Free Call Center Services** – A comprehensive phone system was required to be developed for the purpose to assist callers with questions, claim requests, and case specific information.

g. **Website Development including online claim filing** – a Settlement Website was to be established for the purposes of disseminating the Long Form Notice, the Settlement Agreement, information relating to filing a claim, opting out of the Settlement, objecting to the Settlement, deadlines relating to the Settlement, pleadings and other information relevant to the Settlement. The website was also required to contain an electronic Claim Form to allow on-line submission of claims.

h. **Supplemental Notification** – A Notice was mailed via First Class Mail to class members who met the following definition:

> *A Supplemental Postcard Notice, substantially similar to the postcard notice previously used, will be mailed to those Settlement Class Members: 1) who were provided direct notice by email pursuant to paragraph 22.A. of the Class Action Settlement Agreement; 2) whose email did not get returned; 3) who have not yet filed a claim; and 4) for whom Justice provided postal addresses pursuant to the Class Action Settlement Agreement*

i. **Claim Receipt and Review** – All timely submitted Claim Forms are to be reviewed to determine each Settlement Class Member's eligibility for class relief, and the amount, if any.

j. **Exclusion and Objection Receipt and Processing** – All requests for exclusion were to be recorded in the mailing database and copies of all requests were to be provided to Defense Counsel and to Class Counsel. Any Objections received are to be forwarded to the Court and Defense Counsel and Class Counsel.

4. This Declaration includes administration activity through March 11th, 2016. The deadline to file a claim for benefits is April 4, 2016. The deadline to object to the Settlement is April 15, 2016, and the deadline to file a request for exclusion is April 20, 2016. Pursuant to the Preliminary Order, we will provide another Declaration prior to May 3, 2016 which will contain updated results.

5. To insure compliance with the Court approved guidelines, RSM actively participated in the development and implementation of the above mentioned procedures and continuously oversaw the results of these procedures, including all weekly reports to Counsel, from a quality assurance standpoint. RSM also discussed with Counsel the potential utilization of alternative or additional processes that would possibly benefit the overall efficacy of the settlement.

I declare under penalty of perjury under the laws of the United States, and the State of Pennsylvania that the foregoing is true and correct and the this affidavit was executed on March 16, 2016.

Frank Barkan
Senior Director
RSM US LLP

Exhibit A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CAROL ROUGVIE, et al.<br><br>Plaintiffs<br><br>v.<br><br>ASCENA RETAIL GROUP, INC. d/b/a JUSTICE STORES<br><br>and<br><br>TWEEN BRANDS, INC. d/b/a JUSTICE STORES<br><br>Defendants. | CIVIL ACTION<br>No. 2:15-cv-00724-MAK |

## DECLARATION OF LAURAN SCHULTZ

I, Lauran Schultz, declare as follows:

1. I am Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq"). Epiq has been retained by RSM US LLP ("RSM"), the Court-approved Claims Administrator in the above-captioned case. The facts in this declaration are based upon my personal knowledge, as well as information provided to me in the ordinary course of my business by my Epiq colleagues.

2. Epiq was established in 1968 as a client services and data processing company. Epiq has been administering bankruptcies since 1985 and settlements since 1993, including settlements of class actions, mass tort litigations, Securities and Exchange Commission and Federal Trade Commission disgorgement actions, and other major litigation. Epiq has administered over 600 settlements in complex cases, including some of the largest and most complex cases ever settled. Epiq's class action case administration services include coordination

DECLARATION OF LAURAN SCHULTZ

of all notice requirements, design of direct-mail notices, establishment and implementation of notice fulfillment services, coordination with the United States Postal Service ("USPS"), notice website development and maintenance, dedicated phone lines with recorded information and/or live operators, receipt and processing of opt-outs, claims database management, claim adjudication, funds management, and award calculations and distribution services. Epiq works with the settling parties, the Court, and the Class Members in a neutral facilitation role to implement settlement administration services based on the negotiated terms of a settlement.

## INDVIDUAL NOTICE

3. On November 2, 2015, Epiq received from RSM an electronic listing which was provided by Defendants of the information for 18,363,637 individuals identified as likely members of the Settlement Class.

4. Epiq utilized the US Postal Service's National Change of Address service to search for newer mailing addresses for these individuals, where possible. Through this process, Epiq updated the mailing information for 344,685 records.

5. The original data contained 89,606 records that were not sent original notice. Of those records, 88,434 were true duplicates and 1,172 did not have sufficient information necessary for mailing by either postal mail or email. A file of the 1,172 records without sufficient mailing information was provided to RSM separately.

6. Beginning December 1, 2015, Epiq sent Email Notice to 12,294,258 potential Class Members for whom RSM provided an email address. Email Notices were generated individually for each potential Class Member with their expected cash, voucher, or gift card award amounts, based on the state of residence on file. Potential Class Members without a state of residence address on file were given the range of possible award amounts based on the Settlement

Agreement. This email notice effort concluded on December 16, 2015. Copies of the Email Notice sent to potential Class Members are attached hereto as **Exhibit 1.**

7.   Beginning December 4, 2015, Epiq sent Postcard Notice (a copy of which is attached hereto as **Exhibit 2**) to 5,979,773 potential Class Members for whom RSM provided only a postal address. This notice effort concluded on December 31, 2015.

8.   Beginning December 31, 2015, Epiq sent Postcard Notices to 2,301,096 potential Class Members who were sent Email Notice and the email was returned as undeliverable, and a postal mailing address was also on file. This notice effort concluded on January 7, 2016.

9.   Beginning February 18, 2016, Epiq sent a supplemental Postcard Notice to 6,275,160 potential Class Members: 1) who were provided direct notice by email pursuant to paragraph 22.A. of the Class Action Settlement Agreement; 2) whose email did not get returned; 3) who had not yet filed a claim or requested exclusion from the Class; and 4) for whom Justice provided postal addresses pursuant to the Class Action Settlement Agreement (hereafter "Supplemental Notice Program"), The Supplemental Notice Program used the same Postcard Notice form previously appended as Exhibit 2. This notice effort concluded on February 25, 2016.

10.  As of the close of business on March 11, 2016, 999,856 Postcards and 338 Claim Packages have been returned to Epiq as undeliverable. Epiq submitted these addresses for research against the LexisNexis database and re-mailed to any updated addresses thereby obtained. As of the close of business on March 11, 2016, there are 380,888 records where a new address was not located via a LexisNexis search.

11.  As of the close of business on March 11, 2016, Epiq has mailed a total of 14,981,463 Postcards to potential Class Members. These Postcards includes initial and supplemental

postcard mailings as well as remails to any Class Member who requested a replacement Postcard via the toll-free number, correspondence received through the Post Office Box, whose original Postcard mailing was returned to Epiq with a postal forwarding address, and/or whose original Postcard was returned to Epiq as undeliverable and for whom a new address could be located via LexisNexis research, as further described below.

## PUBLICATION NOTICE AND PRESS RELEASE

12. As per the terms of the Settlement Agreement, Epiq arranged for a Publication Notice (attached hereto as **Exhibit 3**) to appear in the January 3, 2016 national edition of *Parade* magazine and the January 11, 2016 national edition of *People* magazine which was mailed to subscribers and on sale on or about January 1, 2016.

13. As per the terms of the Settlement Agreement, Epiq arranged for a Press Release (attached hereto as **Exhibit 4**) to be distributed nationally via PR Newswire on December 1, 2015. The Press Release served a valuable role by providing additional notice exposures beyond that which was provided by the publication notice effort. Although it is impossible to capture all the news stories generated, as of March 14, 2016, Epiq identified 275 stories, several of which appeared in broad-reaching media such as Reuters, Yahoo!, *Boston Globe*, *Miami Herald*, *Minneapolis Star Tribune* and American Public Media's *Marketplace*. Coverage was across a variety of channels including mainstream newspapers, business publications, television, radio and the Internet. In addition to nationwide coverage, local media in every region of the country carried stories about the settlement. A list of press outlets with settlement-related coverage is included as **Exhibit 5**.

## OTHER ADMINISTRATION ACTIVITIES

14. Epiq activated a dedicated toll-free number for the Settlement on November 30, 2015. The toll-free number provides callers with automated answers to frequently asked questions in both English and Spanish, the ability to request a copy of the Detailed Notice and Claim Form by mail, and the option of connecting to a live claimant services representative for additional information. As of the close of business on March 11, 2016, this toll-free number has received 85,731 calls representing 254,315 total minutes of use. Of these, 17,768 calls have connected to a live claimant services representative for a total of 94,525 minutes of use. As of the close of business on March 11, 2016, Epiq has sent 15,468 Claim Packages (a copy of which is attached hereto as **Exhibit 6**) by first class mail.

15. Epiq activated a website (under the URL www.JusticeClassAction.com) on November 30, 2015. The website offers potential Class Members the ability to file a claim online, to access answers to frequently asked questions, and to download various important documents. The website was optimized for mobile access and all aspects of the site are available in English and Spanish. As of the close of business on March 11, 2016, website activity includes 4,299,061 hits, 745,816 visitor sessions and 659,268 users.

16. As of the close of business on March 11, 2016, Epiq has received a total of 498,327 Claim Forms in the Settlement. Among these claims, 485,422 claims were submitted via the website and 12,905 claims were submitted via the PO Box. The postmark deadline to file a Claim Form in the Settlement is April 4, 2016. As of the close of business on March 11, 2016, Epiq has processed 498,253 claims. 358,116 claims processed to date have selected the cash reward option and 140,137 claims processed to date have selected the voucher reward option. As of the close of business on March 11, 2016, Epiq has received 56,895 supporting documents from claimants as part of the claim submissions described above.

17. Epiq activated an email address at info@JusticeClassAction.com on November 30, 2015, to address questions related to the Settlement. As of the close of business on March 11, 2016, the inbox has received 14,028 total emails. Epiq has monitored the inbox and responded to emails as appropriate.

18. Epiq designated a Post Office Box (under the name of Justice Class Action Settlement, PO Box 3240, Portland, OR 97208-3240) to receive claim forms, correspondence, objections, and requests for exclusion from the Settlement. The Post Office Box address appeared in all notices mailed to potential Class Members.

19. As of the close of business on March 11, 2016, Epiq has received 256 pieces of postal correspondence related to the Settlement. This correspondence includes requests for claim forms and Settlement questions.

20. As of the close of business on March 11, 2016, Epiq has received four (4) objections and 252 requests for exclusion from potential Class Members. All objections and requests for exclusion received by Epiq are forwarded to Class Counsel and Defense Counsel. The deadline to object to the Settlement is April 15, 2016, and the deadline to file a request for exclusion is April 20, 2016.

I declare under penalty of perjury under the laws of the United States, and the state of Oregon that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on March 16, 2016 in Beaverton, Oregon.

Lauran Schultz

# Exhibit 1

To:      [customer email address]

From:    administrator@JusticeClassAction.com [Justice Class Action Settlement]

Subject: Legal Notice about a $50.8 million class action settlement with Justice stores

---

Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.

<u>Legal Notice</u>

# If you shopped at Justice, you could get cash or a <AwardType> from a class action settlement.

## Your Access Code: <0000000>

<CUSTOMER NAME>
<ADDRESS 1>
<ADDRESS 2>
<CITY>, <ST> <ZIP CODE>

**You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

## Who is included?

Individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015 are included in the Settlement Class. This includes individuals who purchased

merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement. **You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

## What can I get?

As part of the settlement, you may select from two options:

> OPTION ONE: As a Justice shopper living in <StateName>, you are eligible to claim either a <CashAward> check or <NoCashAward> without submitting any documentation of your Justice purchases.

> OPTION TWO: If between January 1, 2012 and February 28, 2015, you shopped at Justice more than five times (including in-store, online, and by phone) AND/OR spent $105 or more in a single visit/order, you may submit proofs of purchase (including Justice receipts, bank statements, and/or credit card statements) to claim a check for 14% or a <AwardType> for 20% of your total documented purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%) or $200 <AwardType> (20%).

As a resident of <StateName>, if you do nothing you will automatically be sent a <NoCashAward> after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all class members' claims, and all fees and costs are paid, the remaining money will be returned to Justice.

## How do I get a payment?

To receive Option 1 or Option 2, you must submit a claim by **April 4, 2016**. Use Access Code <AccessCode> to submit your claim on the website or call 1-877-854-5282 to request a claim form by mail.

## What are my other options?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or <AwardType> from the settlement and cannot object. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016**. The Detailed Notice explains how to exclude yourself or object.

**The Court's Fairness Hearing**

The Court will hold a hearing in the case, known as *Rougvie, et al. v. Ascena Retail Group, Inc., et al.,* No. 2:15-CV-724-MAK, on May 20, 2016, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Detailed Notice explains how to request to appear and speak at the hearing.

**How can I get more information?**

Get a Detailed Notice, Claim Form and other information by visiting www.JusticeClassAction.com. If you have questions, call 1-877-854-5282 or send an email to info@JusticeClassAction.com.

SOURCE: United States District Court for the Eastern District of Pennsylvania

To:      [customer email address]

From:    administrator@JusticeClassAction.com [Justice Class Action Settlement]

Subject: Legal Notice about a $50.8 million class action settlement with Justice stores

---

Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.

Legal Notice

# If you shopped at Justice, you could get cash or a voucher from a class action settlement.

**Your Access Code: <0000000>**
Justice Customer: <CUSTOMER NAME>

**You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

## Who is included?

Individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015 are included in the Settlement Class. This includes individuals who purchased merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement. **You are receiving this notice because Justice has identified you**

**as a potential member of the Settlement Class.**

## What can I get?

As part of the settlement, you may select from two options:

> OPTION ONE: You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13, or $20, depending on the state in which you live; or a Justice voucher in the amount of $10, $20, or $30, depending on the state in which you live (*See* Option 1 Benefit Matrix, below).

> OPTION TWO: If between January 1, 2012 and February 28, 2015, you shopped at Justice more than five times (including in-store, online, and by phone) AND/OR spent $105 or more in a single visit/order, you may submit proofs of purchase (including Justice receipts, bank statements, and/or credit card statements) to claim a check for 14% or a voucher for 20% of your total documented purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%) or $200 voucher (20%).

If you do nothing, you will automatically be sent a Justice voucher after the settlement is approved.

Known residents of Hawaii and Alaska will receive gift cards directly from Justice instead of Justice vouchers. If you are a resident of Hawaii or Alaska, you are receiving this email, and you would like to receive a gift card instead of a voucher, you must submit a claim as described in the "How do I get a payment?" section below and provide your mailing address.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all class members' claims, and all fees and costs are paid, the remaining money will be returned to Justice.

## How do I get a payment?

To receive Option 1 or Option 2, you must submit a claim by **April 4, 2016**. Use Access Code <AccessCode> to submit your claim on the website or call 1-877-854-5282 to request a claim form by mail.

## What are my other options?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot

get a cash payment or voucher from the settlement and cannot object. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016**. The Detailed Notice explains how to exclude yourself or object.

## The Court's Fairness Hearing

The Court will hold a hearing in the case, known as *Rougvie, et al. v. Ascena Retail Group, Inc., et al.,* No. 2:15-CV-724-MAK, on May 20, 2016, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Detailed Notice explains how to request to appear and speak at the hearing.

## How can I get more information?

Get a Detailed Notice, Claim Form and other information by visiting www.JusticeClassAction.com. If you have questions, call 1-877-854-5282 or send an email to info@JusticeClassAction.com.

**Option 1 Benefit Matrix** (based on your mailing address)

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member |
|---|---|---|---|
| **Cash Value** | $7 | $13 | $20 |
| **Voucher** | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 |
| **Applicable States** | AL, GA, LA, MS, MT, SC, TN | AK*, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI*, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI |

*Alaska and Hawaii residents will receive a gift card via first class mail instead of a voucher.

SOURCE: United States District Court for the Eastern District of Pennsylvania

To:       [customer email address]

From:     administrator@JusticeClassAction.com [Justice Class Action Settlement]

Subject: Legal Notice about a $50.8 million class action settlement with Justice stores

---

Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.

<u>Legal Notice</u>

# If you shopped at Justice, you could get cash or a gift card from a class action settlement.

## Your Access Code: <0000000>

```
<CUSTOMER NAME>
<ADDRESS 1>
<ADDRESS 2>
<CITY>, <ST> <ZIP CODE>
```

**You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

## Who is included?

Individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015 are included in the Settlement Class. This includes individuals who purchased

merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement. **You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

## What can I get?

As part of the settlement, you may select from two options:

> OPTION ONE: As a Justice shopper living in <Alaska >, you are eligible to claim either a $13.00 check or $20.00 Justice gift card without submitting any documentation of your Justice purchases.

> OPTION TWO: If between January 1, 2012 and February 28, 2015, you shopped at Justice more than five times (including in-store, online, and by phone) AND/OR spent $105 or more in a single visit/order, you may submit proofs of purchase (including Justice receipts, bank statements, and/or credit card statements) to claim a check for 14% or a voucher for 20% of your total documented purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%) or $200 voucher (20%).

As a resident of <Alaska>, if you do nothing you will automatically be sent a <$20.00 Justice gift card> after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all class members' claims, and all fees and costs are paid, the remaining money will be returned to Justice.

## How do I get a payment?

To receive Option 1 or Option 2, you must submit a claim by **April 4, 2016**. Use Access Code <0000000> to submit your claim on the website or call 1-877-854-5282 to request a claim form by mail.

## What are my other options?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement and cannot object. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016**. The Detailed Notice explains how to exclude yourself or object.

## The Court's Fairness Hearing

The Court will hold a hearing in the case, known as *Rougvie, et al. v. Ascena Retail Group, Inc., et al.,* No. 2:15-CV-724-MAK, on May 20, 2016, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Detailed Notice explains how to request to appear and speak at the hearing.

## How can I get more information?

Get a Detailed Notice, Claim Form and other information by visiting www.JusticeClassAction.com. If you have questions, call 1-877-854-5282 or send an email to info@JusticeClassAction.com.

SOURCE: United States District Court for the Eastern District of Pennsylvania

To:       [customer email address]

From:    administrator@JusticeClassAction.com [Justice Class Action Settlement]

Subject: Legal Notice about a $50.8 million class action settlement with Justice stores

---

Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.

Legal Notice

# If you shopped at Justice, you could get cash or a gift card from a class action settlement.

## Your Access Code: <0000000>

<CUSTOMER NAME>
<ADDRESS 1>
<ADDRESS 2>
<CITY>, <ST> <ZIP CODE>

**You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the settlement, so that benefits can be issued. Those included have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the settlement. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

## Who is included?

Individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015 are included in the Settlement Class. This includes individuals who purchased

merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement. **You are receiving this notice because Justice has identified you as a potential member of the Settlement Class.**

## What can I get?

As part of the settlement, you may select from two options:

> OPTION ONE: As a Justice shopper living in <Hawaii>, you are eligible to claim either a $20.00 check or $30.00 Justice gift card without submitting any documentation of your Justice purchases.

> OPTION TWO: If between January 1, 2012 and February 28, 2015, you shopped at Justice more than five times (including in-store, online, and by phone) AND/OR spent $105 or more in a single visit/order, you may submit proofs of purchase (including Justice receipts, bank statements, and/or credit card statements) to claim a check for 14% or a voucher for 20% of your total documented purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%) or $200 voucher (20%).

As a resident of <Hawaii>, if you do nothing you will automatically be sent a <$30.00 Justice gift card> after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all class members' claims, and all fees and costs are paid, the remaining money will be returned to Justice.

## How do I get a payment?

To receive Option 1 or Option 2, you must submit a claim by **April 4, 2016**. Use Access Code <0000000> to submit your claim on the website or call 1-877-854-5282 to request a claim form by mail.

## What are my other options?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement and cannot object. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016**. The Detailed Notice explains how to exclude yourself or object.

**The Court's Fairness Hearing**

The Court will hold a hearing in the case, known as *Rougvie, et al. v. Ascena Retail Group, Inc., et al.,* No. 2:15-CV-724-MAK, on May 20, 2016, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. The Detailed Notice explains how to request to appear and speak at the hearing.

**How can I get more information?**

Get a Detailed Notice, Claim Form and other information by visiting www.JusticeClassAction.com. If you have questions, call 1-877-854-5282 or send an email to info@JusticeClassAction.com.

SOURCE: United States District Court for the Eastern District of Pennsylvania

# Exhibit 2

# If you shopped at Justice, you could get cash or a voucher.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says it did nothing wrong. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

**Who is included?** The settlement generally includes people who purchased merchandise from Justice between 1/1/12 and 2/28/15.

**What can I get?** You may select one of two options:

**Option 1:** As a Justice shopper living in <State>, you are eligible to claim either: (1) a <$NN> check or (2) a <$NN> Justice voucher <off a purchase of $25+>.

**Option 2:** If, between 1/1/12 and 2/28/15, you shopped at Justice more than five times (including in-store, online and phone) AND/OR spent $105+ in a single visit/order, you may submit proofs of purchase to claim a check for 14% or a voucher for 20% of your documented purchases.

As a resident of <State>, if you do nothing, you will automatically be sent <a voucher for <$NN> off a purchase of $25+> after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, it will be returned to Justice.

**How do I get a check or voucher?** To receive option (1) or (2), you must submit a claim by **April 4, 2016.** Use Access Code <0000000> to submit your claim on the website or call 1-877-854-5282 to request a Claim Form by mail.

**Your other options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **April 20, 2016.** If you stay in the settlement, you may object to it by **April 15, 2016.** The Detailed Notice explains how to exclude yourself or object. On **May 20, 2016,** the Court will hold a hearing on whether to approve the settlement and a $15 million request for attorneys' fees and expenses.

O2161 v.07 12.02.2015

Justice Class Action Settlement
PO Box 3240
Portland OR 97208-3240

## Use Access Code

## <0000000>

## to make a claim
## for cash or a
## voucher from a
## class action
## settlement with

# Justice.

**www.JusticeClassAction.com**

<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>> <<State>> <<ZIP Code>>

# Exhibit 3

# If you shopped at Justice, you could get cash or a voucher from a class action settlement.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong. This notice is only a summary. Go to the website or call 1-877-854-5282 to get a Detailed Notice.

## WHO IS INCLUDED?

Individuals who purchased merchandise from Justice between 1/1/12 and 2/28/15 are generally included in the Settlement Class. Purchases from a Justice store as well as phone and online purchases are included.

## WHAT CAN I GET?

As part of the settlement, you can choose from two options:

OPTION ONE: You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13, or $20, depending on the state in which you live; or a Justice voucher in the amount of $10, $20, or $30, depending on the state in which you live.

OPTION TWO: If you have documented purchases (bank statements, credit card statements, or receipts) between 1/1/12 and 2/28/15 and you (1) shopped at Justice more than 5 times, and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

## HOW DO I GET A PAYMENT?

To receive a payment or voucher, you must submit a claim by **April 4, 2016**. You may submit a claim on the website or call 1-877-854-5282 to request a claim form.

## WHAT ARE MY OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016**, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016**. The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Rougvie v. Ascena Retail Group*, No. 2:15-CV-724-MAK, on **May 20, 2016**, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

To submit a claim or get more information, visit the website or call 1-877-854-5282.

**1-877-854-5282**
**www.JusticeClassAction.com**

# Parade

SUNDAY, JANUARY 3, 2016 | PARADE.COM

PLUS
Win a Health Makeover, p. 5
Guilt-Free Chocolate Pudding, p. 16

THE *BIGGEST LOSER* TAKEOVER ISSUE

# THE TEMPTATION BUSTERS

Jump-start a healthier new year
with Jen, Bob and Dolvett
from *The Biggest Loser*

GET VITAMINS HERE.
CHANGE LIVES EVERYWHERE.
SEE PAGE 9

*Walgreens*

LEGAL NOTICE

## If you shopped at Justice, you could get cash or a voucher from a class action settlement.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong. This notice is only a summary. Go to the website or call 1-877-854-5282 to get a Detailed Notice.

### WHO IS INCLUDED?

Individuals who purchased merchandise from Justice between 1/1/12 and 2/28/15 are generally included in the Settlement Class. Purchases from a Justice store as well as phone and online purchases are included.

### WHAT CAN I GET?

As part of the settlement, you can choose from two options:

OPTION ONE: You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13, or $20, depending on the state in which you live; or a Justice voucher in the amount of $10, $20, or $30, depending on the state in which you live.

OPTION TWO: If you have documented purchases (bank statements, credit card statements, or receipts) between 1/1/12 and 2/28/15 and you (1) shopped at Justice more than 5 times, and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

### HOW DO I GET A PAYMENT?

To receive a payment or voucher, you must submit a claim by **April 4, 2016.** You may submit a claim on the website or call 1-877-854-5282 to request a claim form.

### WHAT ARE MY OTHER OPTIONS?

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by **April 20, 2016,** or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement. If you stay in the settlement, you may object to any part of it, including a request for Plaintiffs' Counsel for attorneys' fees and expenses, by **April 15, 2016.** The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Rougvie v. Ascena Retail Group,* No. 2:15-CV-724-MAK, on **May 20, 2016,** to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

To submit a claim or get more information, visit the website or call 1-877-854-5282.

### 1-877-854-5282
### www.JusticeClassAction.com

# *Community* Table



CALORIES 150
FAT 3 G (2 G SAT)
PROTEIN I G; CARB 33 G
FIBER 3 G; CHOL 0 MG
SODIUM 330 MG

**BIGGEST LOSER**
TAKEOVER ISSUE

**LIGHTEN UP**

## THE BIGGEST LOSER
# Chocolate Pudding

Even smart eaters like *The Biggest Loser* nutritionist Cheryl Forberg, R.D., have to cope with cravings for sweet stuff. "I adore pudding," Forberg confesses. Her lightened-up version, from *A Small Guide to Losing Big: From the Nutritionist for NBC's The Biggest Loser* (Flavor First), delivers all the creamy, chocolaty deliciousness you want from pudding in just 150 calories. Visit **Parade.com/forberg** to find three more of Forberg's delicious recipes.

Combine ¼ cup **unsweetened cocoa powder,** ¼ cup **cornstarch** and ¼ tsp **salt** in a small saucepan. Gradually stir in 2 cups **unsweetened coconut milk** (start with enough to form a smooth paste, then stir in the rest) and ⅓ cup **agave nectar.** Bring to a boil over medium heat, stirring constantly. Cook 1 minute or until thickened. Remove from heat; stir in 2 tsp **vanilla extract.** Pour into 4 (½ cup) ramekins; cool. Garnish evenly with 2 tsp chopped toasted **pistachios** (optional). **Serves 4.**

## A SMARTER PUDDING

**Unsweetened cocoa powder** is a bona fide superfood, with all the antioxidant power of dark chocolate but none of the fat. It may even help lower blood pressure.

**Agave nectar,** a sweetener made from the agave plant (find it in many supermarkets near the honey), has a neutral flavor profile and a lower glycemic index than sugar.

A sprinkle of **pistachios** adds crunch, flavor and nutrition in the form of hearthealthy fats, fiber and protein. Plus, shelling pistachios encourages you to eat them more slowly.

PUDDING BY MARY BOUQHTON. STYLING BY TERESA BLACKBURN. ADAPTED FROM A SMALL GUIDE TO LOSING BIG: FROM THE NUTRITIONIST FOR NBC'S THE BIGGEST LOSER BY CHERYL FORBERG. R.D. (FLAVOR FIRST, LLC).



**TERESA GIUDICE**
HOME AFTER PRISON

EXCLUSIVE PHOTOS!

# People

January 11, 2016

**BEN & JEN**
## 6 Months After Split STILL LIVING TOGETHER!

**TRUE CRIME**
## 'I HAD TO KILL MY HUSBAND'
### An Abused Wife's Shocking Story

Exclusive
**THE NEW BACHELOR TELLS ALL**

Ben Higgins

$5.99

02>

HOW THEY DID IT
# HALF THEIR SIZE!

LOST 120 LBS.

LOST 105 LBS.

## Real People Real Diets Real Success

BEFORE 260 LBS.

BEFORE 220 LBS.

**Plus!** Easy & Tasty Recipes, Half-Their-Size Pets and much more!

LEGAL NOTICE

**If you shopped at Justice, you could get cash or a voucher from a class action settlement.**

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong. This notice is only a summary. Go to the website or call 1-877-854-5282 to get a Detailed Notice.

**WHO IS INCLUDED?**

Individuals who purchased merchandise from Justice between 1/1/12 and 2/28/15 are generally included in the Settlement Class. Purchases from a Justice store as well as phone and online purchases are included.

**WHAT CAN I GET?**

As part of the settlement, you can choose from two options:

OPTION ONE: You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13, or $20, depending on the state in which you live; or a Justice voucher in the amount of $10, $20, or $30, depending on the state in which you live.

OPTION TWO: If you have documented purchases (bank statements, credit card statements, or receipts) between 1/1/12 and 2/28/15 and you (1) shopped at Justice more than 5 times, and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

**HOW DO I GET A PAYMENT?**

To receive a payment or voucher, you must submit a claim by April 4, 2016. You may submit a claim on the website or call 1-877-854-5282 to request a claim form.

**WHAT ARE MY OTHER OPTIONS?**

If you do not want to be legally bound by the settlement, you must exclude yourself from the Settlement Class by April 20, 2016, or you will not be able to sue, or continue to sue, Justice about the legal claims this settlement resolves, ever again. If you exclude yourself, you cannot get a cash payment or voucher from the settlement. If you stay in the settlement, you may object to any part of it, including a request by Plaintiffs' Counsel for attorneys' fees and expenses, by April 15, 2016. The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *Rougvie v. Ascena Retail Group*, No. 2:15-CV-724-MAK, on May 20, 2016, to consider whether to approve the settlement, and a request by Plaintiffs' Counsel for attorneys' fees and expenses of $15 million. Plaintiffs' Counsel will also request an incentive award of $6,000 to each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

To submit a claim or get more information, visit the website or call 1-877-854-5282.

**1-877-854-5282**
**www.JusticeClassAction.com**

# People picks



On patrol but out of control: Samberg (left) and Lo Truglio.

## No. 7 Brooklyn Nine-Nine
### Andy Samberg's cop show is a 10

**TV COMEDY** Now in its third season, Samberg's precinct sitcom has lost none of its incidental silliness or sweet humor. Like all good ensemble comedies, it represents a sort of fool's paradise where the ordinary and even the subpar can find happiness, no matter how much time they spend scrambling after, over and around boneheaded mistakes. In the midseason opener, which involves Samberg's coming up with a plan to rescue samples of frozen sperm taken hostage, Joe Lo Truglio asks him, "You think that will work?" Samberg replies, "I don't just think it will—I know it might!"
*(FOX, Jan. 5, 9 p.m.)*

## No. 8 Anomalisa
### MOVIE

**ANIMATION** Curious and sad, *Anomalisa* is a stop-motion film for adults. Author Michael Stone (voiced by David Thewlis) is so disaffected, he hears the same voice (Tom Noonan) no matter who's talking. Then he meets Lisa (Jennifer Jason Leigh), a woman who, miraculously, sounds like herself. The wild conceit comes from writer-director Charlie Kaufman (*Adaptation*), an undisputed king of eccentric anomaly.
*(Dec. 30 in limited release, R)*



The existential drama is animated but not cartoonish.

FROM TOP: JOHN P. FLEENOR/FOX; PARAMOUNT PICTURES

# Exhibit 4

# COURT TO NOTIFY CURRENT AND FORMER JUSTICE CUSTOMERS ABOUT A $50.8 MILLION CLASS ACTION SETTLEMENT

PHILADELPHIA, PA, December 1, 2015/ PR Newswire/ --- A notification program began today, as ordered by the United States District Court for the Eastern District of Pennsylvania, to alert current and former Justice customers about a $50.8 million proposed class action settlement with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice").

This settlement resolves a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says that it did nothing wrong.

Notices will be sent directly to potential Settlement Class Members and will appear in nationwide media outlets leading up to a hearing on **May 20, 2016**, when the Court will consider whether to grant final approval to the settlement.

The Settlement Class includes individuals who purchased merchandise from Justice between January 1, 2012 and February 28, 2015. This includes individuals who purchased merchandise at a Justice store as well as those who purchased merchandise from Justice by phone or online. Ohio residents who purchased merchandise from Justice stores in Ohio <u>only</u> between July 1, 2012 and August 31, 2014 are not included in the Settlement Class because of a prior settlement in the Ohio State class action, *Perez v. Tween Brands, Inc.*, No. 14-CV-00119, Court of Common Pleas, Lake County, Ohio.

As part of the settlement, you can choose from two options:

**OPTION ONE:** You may submit a claim without any documentation of the amount of your Justice purchases for a cash payment of $7, $13, or $20, depending on the state in which you live; or a Justice voucher in the amount of $10, $20, or $30, depending on the state in which you live. If you did not receive an Access Code, you must submit proof of one purchase during the Class Period to receive either the cash payment or Justice voucher. If you received a postcard or email notice, an Access Code was included in that notice.

**OPTION TWO:** If you have documented purchases between January 1, 2012 and February 28, 2015 and you (1) shopped at Justice six or more times, and/or (2) spent $105+ in a single visit or order, you may claim a check for 14% or a voucher for 20% of your total documented purchases.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, the remaining money will be returned to Justice.

Claims may be submitted online at www.JusticeClassAction.com. A claim form may also be requested by mail by calling 1-877-854-5282. All claims must be submitted by **April 4, 2016**.

Known Settlement Class Members who do not submit a claim will automatically be sent a Justice voucher after the settlement is approved for $10, $20 or $30 depending on the state they reside in. This Justice voucher may require a purchase of $25 or more depending on the state.

The Court has appointed the law firms of Pietragallo Gordon Alfano Bosick & Raspanti, LLP and Mansour Gavin, LPA as Plaintiffs' Counsel to represent the Settlement Class.

Those affected by the settlement can ask to be excluded from, or object to, the settlement and its terms. The deadline to request exclusion from the Settlement Class is **April 20, 2016**; the deadline to object to the settlement is **April 15, 2016**.

A toll free number, 1-877-854-5282, has been established in the case known as *Rougvie, et al. v. Ascena Retail Group, Inc, et al.*, No. 2:15-CV-724-MAK, along with a website, www.JusticeClassAction.com, where the notice, claim form and other information may be obtained. Those affected may also send an email to info@JusticeClassAction.com or write to Justice Class Action Settlement, P.O. Box 3240, Portland, OR 97208-3240.

# # #

/CONTACT: Press Only: Plaintiff's Counsel: Kevin E. Raphael, Pietragallo Gordon Alfano Bosick &

Raspanti, LLP, (215) 320-6200; Counsel for Defendants: Gregory T. Parks, Morgan, Lewis & Bockius LLP, (215) 963-5000

/URL: http://www.JusticeClassAction.com

/SOURCE: The United States District Court for the Eastern District of Pennsylvania

# Exhibit 5

Justice Class Action Settlement
Rougvie, et al. v. Ascena Retail Group, Inc., et al.
Case No: 2:15-cv-724-MAK
**Earned Media Report**



| DATE | MARKET | MEDIA VEHICLE | HEADLINE | SOURCE |
|---|---|---|---|---|
| 12/01/15 | United States | ADVFN | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | AEC Newsroom | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | AssignmentEditor.com | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Atlanta Business Chronicle | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Austin Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | Aving Global News Network | English | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Baltimore Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Belleville News-Democrat | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Birmingham Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Bizjournals.com, Inc. | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Boston Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Boston Globe | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Bradenton Herald (Bradenton, FL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Buffalo News (Buffalo, NY) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business First of Buffalo | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business First of Columbus | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business First of Louisville | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business Journal of Greater Milwaukee | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business Journal of Phoenix | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business Journal of the Greater Triad Area | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Business Review (Albany) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Central PA Alerts | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Centre Daily Times | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Charlotte Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Chicago Business News | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Cincinnati Business Courier | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Columbus Ledger-Enquirer (Columbus, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Contra Costa Times | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Crowdfunding Lawsuits | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Crowdfunding Probate | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Daily Herald | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Dallas Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Dayton Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Denver Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | FinancialContent - PR Newswire | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Foreign Press Association | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Fort Worth Star-Telegram (Fort Worth, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Freeflys.com | Justice Class Action Settlement | Internet |
| 12/01/15 | Canada | Globe Advisor | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Greater Philadelphia CityRoom (Philadelphia, PA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Houston Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Inside Bay Area | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | International Business Times | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Island Packet (Bluffton, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Jacksonville Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Philippines | Journal Online Philippines | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Joyful Gifts by Julie | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KAIT ABC-8 (Jonesboro, AR) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Kansas City Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Kansas City Star | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |

Justice Class Action Settlement
Rougvie, et al. v. Ascena Retail Group, Inc., et al.
Case No: 2:15-cv-724-MAK
**Earned Media Report**

epiq

| DATE | MARKET | MEDIA VEHICLE | HEADLINE | SOURCE |
|------|--------|---------------|----------|--------|
| 12/01/15 | United States | KAUZ-TV CBS-6 (Wichita Falls, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KAZT IND-7 (Phoenix/Prescott, AZ) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KBMT-TV ABC-12 (Beaumont, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KCBD NBC-11 (Lubbock, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KCEN-TV NBC-9 (Temple, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KEYC-TV CBS-12 / FOX-12 (Mankato, MN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFDA CBS-10 (Amarillo, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFJX-TV FOX-14 (Pittsburg, KS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFMB 100.7 Jack-FM (San Diego, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFMB 760-AM (San Diego, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFMB-TV CBS-8 (San Diego, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFVE MyNetworkTV-5 (Honolulu, HI) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KFVS CBS-12 (Cape Girardeau, MO) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KHNL-TV NBC-8 (Honolulu, HI) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KHQ-TV NBC-6 (Spokane, WA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KIII-TV ABC-3 (Corpus Christi, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Kitchen Needs, Inc. | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KLKN ABC-8 (Lincoln, NE) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KLTV ABC-7 (Tyler, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KNDO-TV NBC / KNDU-TV NBC (Kennewick, WA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KOLD CBS-13 (Tucson, AZ) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KOTV-TV CBS-6 (Tulsa, OK) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KPLC NBC-7 (Lake Charles-Lafayette, LA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KQCW CW-12/19 (Tulsa, OK) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KRHD-TV ABC-40 (Bryan-College Station, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KSLA CBS-12 (Shreveport, LA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KSWO-TV ABC-7 (Lawton, OK) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KTEN NBC-10 (Denison, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KTRE ABC-9 (Lufkin, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KTVG-TV FOX-17 / KSNB-TV FOX-4 (Kearney, NE) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KTVN-TV CBS-2 (Reno, NV) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KUAM-TV NBC-8 / CBS-11 (Hagatna, Guam) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KUSI-TV IND-51 (San Diego, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KWES-TV NBC-9 (Midland, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KWTV-TV CBS-9 (Oklahoma City, OK) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KX News - KXMB / KXMC / KXMA / KXMD | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KXVO-TV CW-15 (Omaha, NE) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KXXV-TV ABC-25 (Waco, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | KYTX CBS-19 (Tyler, TX) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Lexington Herald-Leader (Lexington, KY) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Long Beach Press-Telegram (Long Beach, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Los Angeles Business from bizjournals | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Marketplace from American Public Media | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | MarketWatch | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Memphis Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Merrill Edge | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Miami Herald | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Milwaukee Journal Sentinel | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Minneapolis / St. Paul Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | MyMotherLode.com | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |

Justice Class Action Settlement
Rougvie, et al. v. Ascena Retail Group, Inc., et al.
Case No: 2:15-cv-724-MAK
**Earned Media Report**

epiq

| DATE | MKT | MEDIA VEHICLE | HEADLINE | SOURCE |
|---|---|---|---|---|
| 12/01/15 | United States | Mystery Shopping Teacher | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Nashville Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | NebraskaTV (Kearney, NE) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | New Mexico Business Weekly | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | New York Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | News & Observer (Raleigh, NC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | News Throttle | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | News Tribune (Tacoma, WA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | NorthStar News | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | NYCLA - New York County Lawyers' Association | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Oklahoman (Oklahoma City, OK) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Olympian (Olympia, WA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | One News Page Global Edition | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Operation Deepdown | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Orlando Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Our Good Life | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Pacific Business News | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | Panorama Daily | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Philadelphia Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Philadelphia City CityRoom (Philadelphia, PA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Pittsburgh Business Times | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Portland Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | PR Newswire | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Press-Enterprise | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | ProfitQuotes | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Puget Sound Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Retail Dive | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | Reuters | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Rockford Register Star | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Sacramento Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | San Antonio Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | San Francisco Business Times | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | San Jose Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Santa Cruz Sentinel (Santa Cruz, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Scribd.com | Justice Stores Detailed Notice | Internet |
| 12/01/15 | United States | Seeking Alpha | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | South Florida Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Spoke | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | St. Louis Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Star Tribune (Minneapolis, MN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | StockNod | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Street Insider | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Sun Herald (Biloxi, MS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Tampa Bay Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Telegraph-Macon (Macon, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | The Bellingham Herald | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | The Daily Herald | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | The Sacramento Bee | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | The State (Columbia, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | The State Journal (Charleston, WV) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |

Justice Class Action Settlement
Rougvie, et al. v. Ascena Retail Group, Inc., et al.
Case No: 2:15-cv-724-MAK
**Earned Media Report**

epiq

| DATE | MARKET | MEDIA VEHICLE | HEADLINE | SOURCE |
|------|--------|---------------|----------|--------|
| 12/01/15 | United States | The Sun News (Myrtle Beach, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | TheStreet.com | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Ticker Technologies | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Triangle Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Tribune (San Luis Obispo, CA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Value Investing News | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WAFB CBS-9 (Baton Rouge, LA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WAFF NBC-48 (Huntsville, AL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WALB NBC-10 (Albany, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Wall Street Select | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WAND-TV NBC-17 (Decatur, IL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Washington Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WAVE NBC-3 (Louisville, KY) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WBCB-TV CW-21 (Youngstown, OH) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WBOC CBS-16 (Salisbury, MD) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WBOC-TV FOX-21 (Salisbury, MD) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WBOY-TV NBC-12 (Clarksburg, WV) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WCIV-TV ABC-4 (Charleston, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WCSC CBS-5 (Charleston, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WDAM NBC-7 (Hattiesburg-Laurel, MS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WDRB FOX-41 (Louisville, KY) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire/Internet |
| 12/01/15 | United States | WDSI-TV FOX-61 (Chattanooga, TN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WECT NBC-6 (Wilmington, NC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WFIE NBC-14 (Evansville, IN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WFLX FOX-29 (West Palm Beach, FL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WFMJ-TV NBC-21 (Youngstown, OH) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WFMZ-TV IND-69 (Allentown, PA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WFXG-TV FOX-54 (Augusta, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WGFL-TV CBS-4 (Gainesville, FL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Wichita Business Journal | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | Wichita Eagle (Wichita, KS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WICU-TV NBC-12 (Erie, PA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WISTV NBC-10 (Columbia, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WLBT NBC-3 (Jackson, MS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WLNE-TV ABC-6 (Providence, RI) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WLOX ABC-13 (Biloxi, MS) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WLTZ-TV CW-38 (Columbus, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WMBF NBC-32 (Myrtle Beach, SC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WMC NBC-5 (Memphis, TN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WOIO-TV CBS-19 (Cleveland, OH) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WOLF-TV FOX-56 (Wilkes-Barre, PA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WPFO-TV FOX-23 (Portland, ME) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WRAL-TV CBS-5 (Raleigh, NC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WRCB-TV NBC-3 (Chattanooga, TN) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WSFA NBC-12 (Montgomery, AL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WSFX-TV FOX-26 (Wilmington, NC) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WTLH-TV FOX-49 (Tallahassee, FL) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WTOC CBS-11 (Savannah, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WTOL CBS-11 (Toledo, OH) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WTRF-TV CBS-7 (Wheeling, WV) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |



| DATE | REGION | MEDIA VEHICLE | TITLE | SOURCE |
|---|---|---|---|---|
| 12/01/15 | United States | WTVM ABC-9 (Columbus, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WUPV-TV CW-65 (Ashland, VA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WVNS-TV CBS-59 (Ghent, WV) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WVUE-TV FOX-8 (New Orleans, LA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WWBT NBC-12 (Richmond, VA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WXIX FOX-19 (Cincinnati, OH) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | United States | WXTX-TV FOX-54 (Columbus, GA) | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Global | Yahoo! | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/01/15 | Singapore | Yahoo! Singapore | Court To Notify Current And Former Justice Customers About A $50.8 Million Class Action Settlement | PR Newswire |
| 12/02/15 | United States | ClassActionRebates.com | Justice Tween Brand False Advertising Class Action Settlement | Internet |
| 12/03/15 | United States | Hubsly.com | Www.JusticeClassAction.com | Internet |
| 12/03/15 | Oklahoma City, OK | KFOR | Justice stores might cut you a check during $50 million class action lawsuit | Internet |
| 12/03/15 | National | KFOR.com | Justice stores might cut you a check during $50 million class action lawsuit | Internet |
| 12/03/15 | United States | TopClassActions.com | Justice Stores Sale Price Class Action Lawsuit | Internet |
| 12/03/15 | United States | Twitter (mawords.com) | JusticeClassAction.com domain info | Internet |
| 12/04/15 | United States | 16DollarHouse.com | Justice Class Action Settlement | Internet |
| 12/04/15 | United States | Free Money Info.xyz | Check Your Hdfc Credit Card Statement (includes info for filing a claim in the Justice settlement) | Internet |
| 12/04/15 | United States | WhatsYourDeal.com | Do You Shop Justice?  Justice Class Action Settlement | Internet |
| 12/06/15 | United States | Facebook Burgh Baby | Time to start digging for receipts. | Internet |
| 12/06/15 | United States | Hip2Save.com | Coupon Round-Up (includes info for filing a claim in the Justice settlement) | Internet |
| 12/06/15 | United States | Your Income Info.xyz | Easy Store Credit Cards To Get Approved For 2016 (includes info for filing a claim in the Justice settlement) | Internet |
| 12/07/15 | United States | 10News.com | Shop Justice stores? How to get a $20 refund. | Internet |
| 12/07/15 | National | AJ.com | Shop at Justice? Settlement means popular tween store may owe you money | Internet |
| 12/07/15 | United States | AJ.com | Shop at Justice? Settlement means popular tween store may owe you money | Internet |
| 12/07/15 | United States | Alabama.LocalCo.net | Shop at Justice? '40 percent off' pricing settlement | Internet |
| 12/07/15 | United States | GulfLive.com | Do you shop at Justice for your tween?  You might be entitled to money | Internet |
| 12/07/15 | United States | SampleADay.com | Free Sample Possible Cash From Justice Class Action Settlement | Internet |
| 12/07/15 | United States | WCPO.com | Shop Justice stores? How to get a $20 refund. | Internet |
| 12/08/15 | United States | ABC6OnYourSide.com | DWYM: Shop Justice stores?  How to get a $20 refund. | Internet |
| 12/08/15 | United States | Freebies For A Cause | Justice Facing a $50 Million Class Action Lawsuit for Deceiving Sale Practices | Internet |
| 12/08/15 | United States | HouseOfRana.Wordpress.com | Justice Class Action Lawsuit | Internet |
| 12/08/15 | United States | Top Investment Today | Can You Get Refunds On A Credit Card (includes info for filing a claim in the Justice settlement) | Internet |
| 12/09/15 | United States | Mommyish.com | Justice Class-Action Lawsuit Settlement Claim | Internet |
| 12/09/15 | United States | SheKnows.com | Tween store Justice may owe moms millions of dollars | Internet |
| 12/11/15 | United States | MashUpCom.com | Justice Class Action Settlement | Internet |
| 12/11/15 | United States | MyDallasMommy.com | Justice Stores Will Give Refunds to Shoppers through Class-Action Settlement | Internet |
| 12/12/15 | United States | SlickDeals.net | Justice Brand (girls clothing line) class action lawsuit. | Internet |
| 12/16/15 | United States | Urlquery.net | Do You Shop Justice?  Justice Class Action Settlement | Internet |
| 12/16/15 | United States | Weightwatchers (chat board) | Justice class action | Internet |
| 12/22/15 | United States | Link Prem.info | If you shopped at Justice, you could get cash or a voucher from a class action settlement. | Internet |
| 12/31/15 | United States | HustleMoneyBlog.com | Justice Class Action Lawsuit | Internet |
| 01/01/16 | United States | Imgur.com | Do You Shop Justice?  Justice Class Action Settlement | Internet |
| 01/01/16 | United States | YoungAndFrugalInVirginia.Blogspot.com | Justice Clothing Store Class Action Settlement | Internet |
| 01/04/16 | United States | Peeplo.com.br/justice | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | (CBS) Newsfolders.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | 1StHeadlines.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | CBSDFW.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | DallasEntertainmentJournal.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | DallasInformer.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/05/16 | United States | DFWBuzz.com | Justice Brand | Internet |



| DATE | MARKET | MEDIA VEHICLE | HEADLINE | SOURCE |
|---|---|---|---|---|
| 01/05/16 | United States | January Class Action Settlement Newsletter | Justice Brand | Internet |
| 01/05/16 | United States | NewsLookup.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | BE.WordPress.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Blogseek.info | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Facebook CBS DFW | Have your kids insisted that you shop at Justice? Could be some good news for you. I-Team Update: Justice Stores Refunding Customers $51 | Internet |
| 01/06/16 | United States | FreshDV.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | IS.WordPress.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Jaggermafia.Wordpress.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Muckrack.com/GingerCBS11 | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | News.Yahoo.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Newscastic.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | NewsLocker.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Plus.Google.com/+MariaeBui | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | SingaporeHealth.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Tollfree800Legal.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | Twitter.com/DallasTX_News | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/06/16 | United States | US.GeosNews.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/07/16 | United States | DFW.CBSLocal.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/07/16 | United States | Facebook Brandon Marshall KWTX | A popular retailer aimed at teenagers that has a local store is reimbursing customers to the tune of a total of $51 million after reaching a settlement | Internet |
| 01/07/16 | United States | Socialll.net/Alex-Hernandez-Jr | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 01/07/16 | United States | Waaytv.com | Justice clothing store reaches settlement, offers cash | Internet |
| 01/07/16 | United States | WHNT.com | Justice shoppers could be in for some money back from the popular retail store | Internet |
| 01/08/16 | United States | KWTX.com | Teenage retailer with local store to reimburse customers $51 million | Internet |
| 01/11/16 | United States | Vault.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |
| 03/09/16 | United States | LocalADZ.DFWCityGuideNetwork.com | I-Team Update: Justice Stores Refunding Customers $51 Million | Internet |

# Exhibit 6

# Claim Form

## Submit by April 4, 2016

The settlement provides cash payments and Justice vouchers related to purchases from Justice between January 1, 2012 and February 28, 2015. Purchases made from Justice stores are included along with online and telephone purchases from Justice. You may submit this Claim Form or submit your claim online at www.JusticeClassAction.com.

## Your Contact Information

First Name

MI

Last Name

Address

City

State

ZIP

Phone No.

Email*

\* By providing an email address, you authorize the Claims Administrator to communicate with you by email and/or to provide you a settlement voucher by email.

## Access Code

If you received a postcard or email notice, provide your Access Code:

If you do not know your Access Code, you may call 1-877-854-5282, and an agent can see if you are an identified Class Member who has been assigned an Access Code. If you do not have an Access Code, submit proof of purchase with your completed Claim Form. Acceptable proof of purchase includes a Justice store receipt, credit card statement, or bank statement that shows that you made a Justice purchase between January 1, 2012 and February 28, 2015.

## Settlement Benefit

Select ONE of the following options.

☐ **Option 1 Cash: Cash payment with no documentation of your Justice purchases**
Receive a $7 to $20 cash payment by check depending on your state (*see* Option 1 Benefit Matrix on next page).

☐ **Option 1 Voucher: Justice voucher with no documentation of your Justice purchases**
Receive a $10 to $30 Justice voucher depending on your state (*see* Option 1 Benefit Matrix on next page).

☐ **Option 2 Cash: 14% cash payment with documentation of your Justice purchases**
Enter the total amount of your eligible purchases for which you are attaching proof of purchase: $ _____
If you made more than five (5) Justice purchases or a single Justice purchase of $105 or more between January 1, 2012 and February 28, 2015, you can receive a cash payment equal to 14% of your eligible and documented Justice purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $140 check (14%). You must submit documentation with this claim. Acceptable documentation includes: Justice receipts, credit card statements that show Justice purchases, and/or bank statements that show Justice purchases.

☐ **Option 2 Voucher: 20% Justice voucher with documentation of your Justice purchases**
Enter the total amount of your eligible purchases for which you are attaching proof of purchase: $ _____
If you made more than five (5) Justice purchases or a single Justice purchase of $105 or more between January 1, 2012 and February 28, 2015, you can receive a Justice voucher equal to 20% of your eligible and documented Justice purchases. For example, if you spent $1,000 in six visits/orders, you could receive a $200 Justice voucher (20%). You must submit documentation with this claim. Acceptable documentation includes: Justice receipts, credit card statements that show Justice purchases, and/or bank statements that show Justice purchases.

*Please turn over.*

**Questions? Call 1-877-854-5282**
**or email info@JusticeClassAction.com**

01-CA8648
O2801 v.05 11.30.2015

If you do not select an option and do not submit purchase documentation, you may automatically be considered for an Option 1 Justice voucher. For Option 2, if the Claims Administrator is unable to validate that your documentation satisfies the requirements described above, you may be contacted to provide additional documentation. If your Option 2 documented purchases are less than the amount entered above, your check or voucher may be based on your documented purchases. If you do not provide minimal satisfactory purchase documentation for Option 2, you may be considered for an Option 1 cash payment or Justice voucher instead.

### Certification and Signature

By signing below, I certify under penalty of perjury that I have read this Claim Form, I believe I am eligible for class membership, and all of the information on this Claim Form (or provided with this Claim Form) is true and correct to the best of my knowledge. I understand that, if the Claim Form is not signed, my claim will not be valid, and I will not be eligible to receive a settlement cash payment.

| Signature | | Date | | | | |
|---|---|---|---|---|---|---|
| | | | MM | DD | YY | |

**Submit your claim postmarked by April 4, 2016 to:**

> Justice Class Action Settlement
> PO Box 3240
> Portland, OR 97208-3240

Refer to the Detailed Notice at www.JusticeClassAction.com for additional settlement information.

If the amount needed to pay valid claims exceeds total funds available, payments may be reduced and paid in proportion to other valid claims. Settlement checks and vouchers will not be issued until the Court approves the settlement and any appeals are resolved. This could take a year or longer. Please be patient.

Cash payment checks for approved claims will be sent by postal mail. Justice vouchers will be sent by postal mail or by email. If your postal and/or email address changes, it is your responsibility to update the Claims Administrator by calling 1-877-854-5282 or sending an email to info@JusticeClassAction.com.

**Option 1 Benefit Matrix** (based on your mailing address)

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member |
|---|---|---|---|
| **Cash Value** | $7 | $13 | $20 |
| **Voucher** | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 |
| **Applicable States** | AL, GA, LA, MS, MT, SC, TN | AK*, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI*, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI |

*Alaska and Hawaii residents will receive a gift card via first-class mail instead of a voucher.


**Questions? Call 1-877-854-5282
or email info@JusticeClassAction.com**

# If you purchased products from Justice during the period from January 1, 2012 through February 28, 2015, then you may be entitled to cash or a voucher under a proposed Settlement of a class action lawsuit pending in this Court.

**PLEASE READ THIS NOTICE CAREFULLY BECAUSE THIS SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | You may submit a claim for the Settlement Benefits by visiting the Settlement Website at www.JusticeClassAction.com or by contacting the Claims Administrator at 1-877-854-5282.<br><br>By submitting a claim, you will be releasing any claims you may have against Justice relating to the claims in this class action Lawsuit. Claims must be submitted no later than **April 4, 2016**. |
| **EXCLUDE YOURSELF** | You may exclude yourself or "opt-out" of this Settlement in which case you will not be able to recover any of the Settlement Benefits. "Opting out" is the only option that allows you to ever bring a lawsuit or be a part of any other lawsuit against Justice concerning the legal claims resolved by the Settlement. If you wish to exclude yourself from this Settlement, you must mail your written request for exclusion to the address listed in Question 15. If you exclude yourself from the Settlement, you cannot object to it. Your written letter requesting exclusion must be postmarked by **April 20, 2016**, in order to be valid. |
| **OBJECT BUT REMAIN A PART OF THE SETTLEMENT** | You may write to the Court about why you don't like the Settlement, the Settlement Benefits, Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses, or Plaintiffs' request for Incentive Payments. You can also have a lawyer make an objection on your behalf, but you must pay for the lawyer yourself. If you wish to object to the Settlement, then you cannot request to be excluded from this class action Lawsuit. If you wish to object to this Settlement, you must mail your written objection NO LATER THAN **April 15, 2016** to the address listed in Question 20. |
| **GO TO A HEARING** | You may request to speak in Court about the fairness of the Settlement. A hearing will be held on **May 20, 2016**, and is open to the public. |
| **DO NOTHING** | If you do nothing, you may—depending on whether Justice has accurate contact information for you—receive a voucher (as set forth below based on state of residence) and you will release any claims you may have against Justice relating to the claims settled in this Lawsuit. |

- These rights and options—and **the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Cash payments and distribution of vouchers will be made if the Court approves the Settlement and after appeals are resolved and claims are processed. Please be patient.

**More Information:** You can obtain additional information about the Lawsuit and this notice by: (i) visiting www.JusticeClassAction.com; (ii) calling the Claims Administrator at 1-877-854-5282; (iii) writing the Claims Administrator at: Justice Class Action Settlement, PO Box 3240, Portland, OR 97208-3240.

*Para obtener una notificación en español, póngase en contacto con nosotros o visite nuestra sitio www.JusticeClassAction.com.*

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, HEARING FOR PRELIMINARY APPROVAL

Please be advised that the Court-appointed Class Representatives, Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton ("Plaintiffs"), have reached a settlement (the "Settlement") of the above-referenced consolidated lawsuits (collectively, the "Lawsuit") that will resolve all claims of Plaintiffs and the Settlement Class (as defined below) against Tween Brands, Inc., who operates Justice stores, and Ascena Retail Group, Inc., its parent company ("Justice," the "Company" or "Defendant"). This notice explains important rights you may have, including the benefits you may be entitled to under this Settlement.

**Plaintiffs' Statement of Recovery:** This Settlement will provide certain Settlement Benefits to settle claims of individuals who purchased products from Justice, by in-store purchase or by direct order (internet or phone), from January 1, 2012 through February 28, 2015 (the "Class Members" or "Settlement Class"). There are Two Options. All eligible Class Members will have a choice from Option One: 1) a cash recovery (as set forth below based on state of residence); or 2) a Justice voucher for a purchase from Justice (as set forth below based on state of residence).

Alternatively, under Option Two, certain Class Members who, from January 1, 2012 through February 28, 2015 made: 1) more than five (5) purchases; and/or 2) one or more purchases each totaling $105 or greater can submit proofs of purchase and choose either: 1) a check for 14% of their total purchases; or 2) a Justice voucher for 20% of their total purchases.

The cash Settlement totals $50,800,000 (Fifty Million Eight Hundred Thousand). That amount provides $27,800,000 (Twenty Seven Million Eight Hundred Thousand Dollars) to pay the cash award to Class Members who choose a cash award, Eight Million Dollars ($8,000,000) for administration of the class Settlement, and Fifteen Million Dollars ($15,000,000) for the lawyers for the Plaintiffs and the Class. If money remains after all class members' cash claims, and all fees and costs are paid, the money will be returned to Justice.

**Reasons for the Settlement:** Plaintiffs, on behalf of the Class Members, have brought claims against Justice for its alleged deceptive sales and marketing practices under state common law and state consumer fraud statutes. Plaintiffs allege that Justice misleadingly represented that everything in its stores was 40% off the regular price. Plaintiffs allege these sales were illusory, as the "sale" price was in reality the regular price. Justice denies these allegations and denies that any of the Class Members suffered any harm. The Settlement will resolve claims for Class Members in all fifty (50) states and the District of Columbia, inclusive of both in-store and direct order (phone and Internet) sales. By entering into this Settlement, Justice has not admitted liability to any of Plaintiffs' allegations. The parties disagree on liability and damages issues. Plaintiffs' counsel believes this Settlement is in the best interests of the Class Members considering the risks posed by further litigation. See Question 4 below for further explanation.

**Statement of Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel intend to ask the Court to award them attorneys' fees and reimbursement of out-of-pocket expenses incurred in the prosecution of the Lawsuit, in the amount of Fifteen Million Dollars ($15,000,000). Such amounts will be paid by Defendant into the Settlement Fund and will not reduce the recovery for Class Members. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be compensated for their efforts. In this type of litigation, it is customary for a defendant to pay plaintiffs' counsel their attorneys' fees and reimburse their expenses. Approval of the Settlement by the Court is not contingent upon the Court awarding attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel in any amount.

**Statement of Incentive Payments for Plaintiffs Sought:** Plaintiffs, as Class Representatives, intend to ask the Court to award Incentive Payments up to $6,000 each for their efforts prosecuting the Lawsuit on behalf of the Settlement Class, which included providing documents and testimony. Approval of the Settlement by the Court is not contingent upon the Court granting Incentive Payments to Plaintiffs in any amount.

**Deadlines:** The following is a list of deadlines by which you must take any action you wish to take with respect to the Settlement: **Submit Claim:** April 4, 2016; **Request Exclusion:** April 20, 2016; **File Objection:** April 15, 2016; **Court Hearing on Fairness of Settlement:** May 20, 2016, 9:30 a.m.

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

# WHAT THIS NOTICE CONTAINS

Page

**BASIC INFORMATION**
1. Why did I get this notice package? ............................................................... 1
2. What is this Settlement about? ..................................................................... 1
3. Why is this a class action? .......................................................................... 1
4. Why is there a Settlement? .......................................................................... 1

**WHO IS IN THE SETTLEMENT**
5. How do I know if I am part of the Settlement? ............................................. 1
6. Are there exceptions to being included in the Settlement Class? ..................... 2
7. I'm still not sure if I am included. .............................................................. 2

**THE SETTLEMENT BENEFITS — WHAT YOU GET**
8. What does the Settlement provide to Class Members? ................................... 2

**HOW YOU CAN OBTAIN THE BENEFITS UNDER THIS SETTLEMENT**
9. How do I choose my benefits as a Class Member? ........................................ 3
10. I wish to choose the basic cash award, how do I submit a claim for cash payment? 3
11. I wish to choose the basic voucher award, how do I submit a claim for voucher payment? ......................................................................................... 3
12. I wish to submit a claim for cash or voucher with proof of purchase because between January 1, 2012 and February 28, 2015 I made more than five (5) separate purchases AND/OR I made one or more purchases that totaled $105 or more ................................................................................................ 3
13. When will I receive my payment? ............................................................... 3
14. What am I giving up if I stay in this class action Lawsuit? ............................ 3

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
15. How do I exclude myself from the Settlement? ............................................ 4
16. If I do not exclude myself, can I sue Justice for the same thing later? ............ 4
17. If I exclude myself, can I receive money from this Settlement? ...................... 4

**THE LAWYERS REPRESENTING YOU**
18. Do I have a lawyer in this case? ................................................................. 5
19. How will the lawyers be paid? .................................................................... 5

**OBJECTING TO THE SETTLEMENT**
20. How do I tell the Court that I do not like the Settlement? ............................. 5
21. What is the difference between objecting and requesting exclusion? .............. 6

**THE COURT'S HEARING FOR FINAL APPROVAL**
22. When and where will the Court decide whether to approve the Settlement? ...... 6
23. Do I have to come to the hearing? .............................................................. 6
24. May I speak at the hearing? ....................................................................... 6

**IF YOU DO NOTHING**
25. What happens if I do nothing at all? ........................................................... 6

**GETTING MORE INFORMATION**
26. How do I obtain more information about the Settlement? ............................... 7

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

**BASIC INFORMATION**

1. **Why did I get this notice package?**

You have received this Court-approved notice because you have a right to know about the proposed Settlement of this class action Lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement (and there are no appeals), you will be releasing any claims you may have against Justice relating to the claims in this Lawsuit in exchange for the Settlement benefits. You may track the progress of the Settlement by visiting: www.JusticeClassAction.com.

**This package explains the Lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to obtain them.**

The Court in charge of the Lawsuit is the United States District Court for the Eastern District of Pennsylvania.

2. **What is this Settlement about?**

Justice does not believe it has done anything wrong, and it believes that it would ultimately prevail in this Lawsuit. However, in order to avoid the costs and risks associated with any litigation, Justice has agreed to the terms of this Settlement in order to reach a final and amicable resolution of these claims.

3. **Why is this a class action?**

In a class action, one or more persons called class representatives sue on behalf of all persons who have similar claims. All of these persons are referred to as a class, or individually, as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

4. **Why is there a Settlement?**

The Settlement allows both sides to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay.

Plaintiffs have agreed to settle the Lawsuit based on the facts they have discovered during the Lawsuit, the risks that will be involved in a trial, and their conclusions that the proposed Settlement is fair, reasonable and adequate, and serves the best interests of the Class Members. Plaintiffs have determined that by settling, they avoid the cost and risks of a trial, while at the same time providing substantial compensation to the Settlement Class. Plaintiffs and Plaintiffs' Counsel believe that the Settlement is best for all Class Members.

Justice does not believe it has done anything wrong. However, in order to avoid the costs and risks associated with any litigation, Justice has agreed to the terms of this Settlement in order to reach a final and amicable resolution of these claims.

Plaintiffs and Defendant do not agree regarding the merits of Plaintiffs' allegations with respect to liability or the amount of damages that would be recoverable if Plaintiffs were to prevail on each claim asserted. The issues on which the parties disagree include: (1) whether Plaintiffs and the Settlement Class suffered damages; (2) whether Justice violated state consumer fraud statutes; and (3) whether Justice violated state common law.

**WHO IS IN THE SETTLEMENT**

To see if you will receive any Settlement Benefits from this Settlement, you first have to determine if you are member of the Settlement Class.

5. **How do I know if I am part of the Settlement?**

The Settlement Class consists of all individuals who purchased merchandise from Justice during the period from January 1, 2012 through February 28, 2015, except for those who were eligible to be Class Members in an earlier class action against Justice in Ohio, as described in Question 6, below.

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

1

**6. Are there exceptions to being included in the Settlement Class?**

Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in this settlement because they were eligible to participate in an earlier settlement in the case titled *Perez v. Tween Brands, Inc.*, No. 14-CV-001119, Court of Common Pleas, Lake County, Ohio. However, Ohio residents who were part of the *Perez v. Tween Brands, Inc.* class settlement but who also made purchases at Justice between January 1, 2012 and June 30, 2012, and/or between September 1, 2014 and February 28, 2015 are part of this Settlement Class and may submit a claim.

**7. I'm still not sure if I am included.**

If you still are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Claims Administrator at: 1-877-854-5282; or by visiting www. JusticeClassAction.com for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8. What does the Settlement provide to Class Members?**

This Settlement will provide certain Settlement Benefits to settle claims of any person who purchased merchandise from Justice, by in-store purchase or by direct order (internet or phone), from January 1, 2012 through February 28, 2015. There are Two Options.

All eligible Class Members will have a choice from Option One: 1) a cash award (as set forth below based on state of residence); or 2) a voucher for a purchase at Justice stores (as set forth below based on state of residence).

Alternatively, in Option Two, certain Class Members who, from January 1, 2012 through February 28, 2015 either made: 1) more than five purchases; AND/OR 2) one or more purchases each totaling $105 or greater can choose either: 1) a check for 14% of total purchases; or 2) a voucher for 20% of total purchases. These amounts may be rounded to the next dollar amount.

A known Class Member who does not submit a claim will automatically receive a voucher in the amount set forth below, based on the state of residence and depending on whether accurate contact information for the Class Member is available. Residents of Alaska or Hawaii will receive a gift card instead of a voucher, via first class mail directly from Justice, if the Claims Administrator has a mailing address. This applies to Alaska or Hawaii residents who either: 1) submit a claim and choose a voucher; OR 2) do nothing and for whom the Claims Administrator has a mailing address.

If the amount needed to pay valid claims exceeds the total funds available to pay Class Members' claims, payments may be reduced and paid in proportion to other valid claims. If any money remains after all Class Members' cash claims, and all fees and costs are paid, the money will be returned to Justice.

### CHART DESCRIBING CASH AWARD OR VOUCHER AWARD FOR OPTION ONE
### (BASED ON STATE OF RESIDENCE OF CLASS MEMBER)

| Class Category | Limited Recovery Class Member | Single Recovery Class Member | Treble Recovery Class Member |
|---|---|---|---|
| Cash Award | $7 | $13 | $20 |
| Voucher Award | $10 (off purchase of $25 or more) | $20 (off purchase of $25 or more) | $30 |
| Applicable States | AL, GA, LA, MS, MT, SC, TN | AK*, AR, AZ, CA, CT, DE, IA, IL, FL, KS, KY, MD, ME, MI, MN, MO, ND, NE, OK, OR, RI, SD, UT, VT, WV, WY | DC, CO, HI*, ID, IN, MA, NH, NM, NJ, NY, NV, NC, OH, PA, TX, VA, WA, WI |

*Alaska and Hawaii residents will receive a gift card via first class mail instead of a voucher.

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

# HOW YOU CAN OBTAIN THE BENEFITS UNDER THIS SETTLEMENT

**9.      How do I choose my benefits as a Class Member?**

Log onto the Settlement website at www.JusticeClassAction.com. If you choose Option One – the basic cash award or the basic voucher award – you can submit your claim electronically through the website. If you do not have Internet access or wish to receive a paper Claim Form through the mail, or you have any questions, please contact the Claims Administrator at 1-877-854-5282.

For Option Two, which requires submitting proof of purchase, log onto the Settlement website at www.JusticeClassAction.com. Read the instructions carefully, fill out the claim information and submit with the proof of purchase documents – bank statements, credit card statements and/or Justice receipts. If you do not have Internet access or wish to receive a paper Claim Form through the mail, or you have any questions, please contact the Claims Administrator at 1-877-854-5282.

**10.     I wish to choose the basic cash award, how do I submit a claim for a cash payment?**

Log onto the Settlement website at www.JusticeClassAction.com. If you choose Option One - the basic cash award or the basic voucher award – you can submit your claim electronically through the website or you can print the Claim Form and mail it to the address listed on the form. If you did not receive an Access Code, you must submit proof of one purchase during the Class Period to receive either the basic cash award or the basic voucher award. If you received a postcard or email notice, an Access Code was included in that notice.

**11.     I wish to choose the basic voucher award, how do I submit a claim for voucher payment?**

Log onto the Settlement website at www.JusticeClassAction.com. If you choose Option One - the basic cash award or the basic voucher award – you can submit your claim electronically through the website or you can print the Claim Form and mail it to the address listed on the form. If you did not receive an Access Code, you must submit proof of one purchase during the Class Period to receive either the basic cash award or the basic voucher award. If you received a postcard or email notice, an Access Code was included in that notice.

**12.     I wish to submit a claim for cash or voucher with proof of purchase because between January 1, 2012 and February 28, 2015 I made more than five (5) separate purchases AND/OR I made one or more purchases that totaled $105 or more.**

For Option Two, which requires submitting proof of purchase, log onto the Settlement website at www.JusticeClassAction.com or submit a paper claim by mail. Read the instructions carefully, fill out the claim information, and submit proof of purchase documents – bank statements, credit card statements and/or Justice receipts.

**13.     When will I receive my payment?**

The Court will hold a hearing on May 20, 2016, to decide whether to approve the Settlement. If the Court approves the Settlement, one or more Class Members who objected to the Settlement could file an appeal. If there is an appeal, it is always uncertain when or if such appeals will be resolved favorably for the Settlement. Resolving an appeal can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. If there are no appeals, and depending on the number of claims submitted, the Claims Administrator could distribute payments as early as six months after the Court approves the Settlement. You may track the progress of the Settlement by visiting the Settlement Website at www.JusticeClassAction.com. Please be patient.

**14.     What am I giving up if I stay in this class action Lawsuit?**

Unless you exclude yourself, you are a member of the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Justice about the matters at issue and the claims that were or could have

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

3

been raised in the lawsuit. If the Settlement is approved, you will be deemed to have released all "Released Claims" set forth below in exchange for the benefits of this Settlement.

"Released Claims" means any case, claim, cause of action, cross-claim, liability, right, demand, suit, action, matter, obligation, damage, restitution, disgorgement, loss or cost, attorney's fee or expense, action or cause of action, of every kind and description that the Releasing Parties had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, asserted or unasserted, suspected or unsuspected, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Parties either in the Action or in the Related Actions or in any action or proceeding this Court or any other court or forum, regardless of legal theory or the law under which such action may be brought, and regardless of the type or amount of relief or damages claimed, against any of the Released Parties arising out of or relating to the allegations in the Complaint, Amended Complaint, Second Amended Complaint, or Third Amended Complaint and prior to the Effective Date of this Settlement, including but not limited to all claims that were brought or could have been brought in the Action or the Related Actions.

To fully understand the impact of the Settlement and release, please refer to the Settlement Agreement. *See* Question 26 for information on how you can access a copy of the Settlement Agreement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from this Settlement. Be sure to include your name, address, telephone number, your Access Code, if you have one, which is listed on the top of the Summary Notice (that was e-mailed or mailed to you) and your signature. You must mail your exclusion request so that it is **postmarked** no later than **April 20, 2016** to:

Justice Class Action Exclusions
P.O. Box 3240
Portland, OR 97208-3240

You cannot exclude yourself by phone or by e-mail. If you do not send your written request for exclusion on time, you will be legally bound by all the proceedings in this Lawsuit and this Settlement, including all court orders and judgments in the Lawsuit, even if you have a lawsuit pending against Justice that concerns Released Claims, or if you subsequently start a lawsuit or an arbitration or any other proceeding against Justice that concerns Released Claims.

### 16. If I do not exclude myself, can I sue Justice for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Justice for the Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement to continue your own lawsuit. Remember, the exclusion deadline is **April 20, 2016**.

### 17. If I exclude myself, can I receive money from this Settlement?

No. If you exclude yourself, you may not obtain any of the monetary benefits or vouchers available under this Settlement. Once you exclude yourself, you will not receive any Settlement Benefits even if you also submit a Claim Form, unless you withdraw your notice of exclusion before the deadline.

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

4

## THE LAWYERS REPRESENTING YOU

### 18.   Do I have a lawyer in this case?

The Court has approved Plaintiffs' selection of Pietragallo Gordon Alfano Bosick & Raspanti, LLP and Mansour Gavin, LPA to serve as Plaintiffs' Counsel for Plaintiffs and the other Class Members, including you. You will not be charged for these lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19.   How will the lawyers be paid?

Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, it is customary for a defendant to pay plaintiffs' counsel their attorneys' fees and reimburse their expenses. Justice has agreed not to oppose these fees and expenses. After reaching the core terms of the Settlement on behalf of Plaintiffs and the Class Members, Plaintiffs' Counsel and Justice separately negotiated for Justice to pay Plaintiffs' Counsel Fifteen Million Dollars ($15,000,000) for Plaintiffs' Counsel's attorneys' fees and expenses. Plaintiffs' Counsel will ask the Court to approve this payment. The Court may award more or less than this amount. The payment of attorneys' fees will not affect your benefits in any way.

## OBJECTING TO THE SETTLEMENT

### 20.   How do I tell the Court that I do not like the Settlement?

If you are a member of the Settlement Class (and you have not excluded yourself), you can object to the proposed Settlement if you do not like any part of it, the request for attorneys' fees and reimbursement of expenses, or the Plaintiffs' request for Incentive Payments. You may state why you think the Court should not approve the Settlement. The Court will consider your views. Your Objection must be in writing and include:

- Statement of each objection being made;
- Description of the facts and legal basis for each objection;
- Statement of whether the objector intends to appear at the Final Approval Hearing;
- List of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Approval Hearing; and
- List of exhibits which the objector may offer during the Final Approval Hearing along with copies of all of the exhibits.

You must mail your Objection so that it is **postmarked** no later than **April 15, 2016** to:

Justice Class Action Objections
P.O. Box 3240
Portland, OR 97208-3240

Be sure to include your name, address, telephone number, Your Access Code which is listed on the top of the Summary Notice that was e-mailed or mailed to you, and your original signature (no copies). You should also send copies of your Objection to:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court Eastern District of Pennsylvania 601 Market Street Room 2609 Philadelphia, PA 19106 | PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP 1818 Market Street, Suite 3402 Philadelphia, PA 19103<br><br>MANSOUR GAVIN LPA 1001 Lakeside Avenue, Suite 1400 Cleveland, Ohio 44114 | Gregory T. Parks MORGAN, LEWIS & BOCKIUS LLP 1701 Market Street Philadelphia, PA 19103 |

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

You may object either on your own or through an attorney that you hire at your own expense. If you do hire an attorney to represent you, your attorney must file a notice of appearance with the Clerk of the Court and deliver a copy of that notice to Plaintiffs' Counsel and Defendant's counsel **no later than April 20, 2016.**

### 21. What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## THE COURT'S HEARING FOR FINAL APPROVAL

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak.

### 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Hearing for Final Approval at 9:30 a.m. on **May 20, 2016,** at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Courtroom 9A, Philadelphia, PA 19106. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to Class Members (or their counsel) who have submitted written objections and written indication(s) of their intention to speak at the hearing, as long as they are filed with the Court and served on Plaintiffs' Counsel and Defendant's Counsel and are **postmarked no later than April 20, 2016.** The Court may also decide whether to approve the payment of fees, costs and expenses to Plaintiffs' Counsel and the payment of Incentive Payments to Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision about the Settlement on that day or sometime later.

### 23. Do I have to come to the hearing?

No. Plaintiffs' Counsel will answer any questions the Court may have about the Settlement. If you would like to attend the hearing, you are welcome to do so, at your own expense. If you send an objection, you do not have to come to Court to talk about it. The Court will consider your written objection, as long as you mailed your objection in on time (*see* Question 20). You may also pay your own lawyer to attend, but it is not necessary.

### 24. May I speak at the hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the hearing. To do so, you must include with your objection (*see* Question 20) a statement saying that it is your "Notice of Intention to Appear in *Rougvie, et al. v. Ascena Retail Group, Inc., et al.*" Persons who intend to object to any part of the Settlement and wish to present evidence at the hearing must also include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

*You cannot speak at the hearing if you exclude yourself.*

## IF YOU DO NOTHING

### 25. What happens if I do nothing at all?

If you do nothing, you may receive a voucher in the amount described under Question 8, above, based on your state of residence and depending on the availability of your contact information. *However,* unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant concerning the Released Claims in this case ever again.

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

6

**GETTING MORE INFORMATION**

26.     How do I obtain more information about the Settlement?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which has been filed with the Court. You can inspect a copy of the Settlement Agreement at the office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106 during regular business hours and a copy is available on the Settlement Website at www.JusticeClassAction.com.

For additional, detailed information concerning the matters involved in this Lawsuit, you may inspect the pleadings, the orders of the Court, and other papers filed in this Lawsuit at the office of the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, during regular business hours. You can also contact the Claims Administrator at the address and phone number below or Plaintiffs' Counsel (see response to Questions 18 and 20). Please do not call the Court or the Clerk of the Court for additional information about the Settlement.

**INQUIRIES**

All inquiries concerning this notice, the Claim Form, or any other questions by Class Members should be directed to:

Justice Class Action Settlement
PO Box 3240
Portland, OR 97208-3240

1-877-854-5282
info@JusticeClassAction.com

PLEASE **DO NOT** CONTACT **THE COURT REGARDING THIS NOTICE**
DATED: October 27, 2015
BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Questions? Call 1-877-854-5282 or email info@JusticeClassAction.com**

7