## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA MEHIGAN, *et al.*, | / | CIVIL ACTION NO. 15-724 |
| | / | |
| Plaintiffs, | / | |
| | / | |
| v. | / | |
| | / | |
| ASCENA RETAIL GROUP, INC., *et al.* | / | |
| | / | |
| Defendants. | / | |
| | / | |

### OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class Member, Sheila Ference, hereby objects to the proposed class action settlement in the proceeding known as *Rougvie, et al. v. Ascena Retail Group, Inc., et al.*

My name is Sheila Ference, and I reside at 3920 Red Oak Rd, Oregonia, OH 45054, Telephone: 937-205-6035, e-mail skference@yahoo.com. I made a purchase from a Justice store between January 1, 2012 and February 28, 2015. On January 11, 2016, my claim was delivered to Class Counsel. Attached as Composite Exhibit A are copies of my claim, receipt, and Certified Green card confirming receipt. Therefore, I am a Class Member. I do not intend to attend the Final Approval Hearing and neither will my attorney. I have read the Class Notice and find the settlement unfair as follows:

### FAILURE TO MEET RULE 23 MANAGEABILITY REQUIREMENT

The Court should deny Final Approval because the single nationwide class proposed here does not meet Rule 23's predominance, superiority, and manageability requirements. Plaintiffs have incorrectly decided to exclude any discussion of manageability. See Pl.'s Memo. of Law at 16. Class Counsel and Defendant cite *Amchem* for the proposition that manageability issues are not relevant because the proposed class certification is for settlement purposes only. Class

Counsel and Defendant are incorrect and exclude the most significant statement made by the Supreme Court in Amchem, which is applicable here. The full quote provides:

> Confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the rule--those designed to protect absentees by blocking unwarranted or overbroad class definitions-- demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold. See Fed. Rule Civ. Proc. 23(c), (d). *Amchem Products, Inc. v. Windsor,* 521 U.S. 591 (1997).

*Amchem* directs courts to apply heightened scrutiny where certification is proposed for settlement purposes only. In fact, the Supreme Court ultimately affirmed an order decertifying a class because, among other reasons, "[d]ifferences in state law . . .compound[ed] the[ ] disparities" among class members' claims. Id. at 624.

By excluding any discussion of manageability, Plaintiffs have abdicated their responsibility to address how the proposed class definition addresses substantive differences across applicable state laws and serves absent class members. *See e.g., Lyon v. Caterpillar, Inc.,* 194 F.R.D. 206, 218-221 (E.D. Pa. 2000) (plaintiffs bear the burden to show by "extensive analysis" that variations in applicable state laws can be accommodated through class treatment); *see also, In re Panacryl Sutures Prods. Liab. Cases,* 263 F.R.D. 312, 318 (E.D.N.C. 2009) (explaining that the plaintiffs had not "identified and compared the laws of all interested states and ha[d] thus failed to carry [the Rule 23] burden").

It would be an abuse of discretion to certify this class. *See e.g. Sullivan v. DB Invs., Inc.,* 613 F.3d 134, 153 (3rd. Cir. 2010); *see also, Spence v. Glock,* 227 F.3d 308, 316 (5th Cir. 2000) ("By not providing the district court with a sufficient basis for a proper choice of law analysis or a workable sub-class plan, the plaintiffs failed to meet their burden of demonstrating that common questions of law predominate."). No court has certified a multi-state class where a

2

plaintiff fails to identify and compare the relevant state laws. The Third Circuit requires plaintiffs to conduct an "extensive analysis" of state law variations. *See In re Sch. Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986). Plaintiffs and Defendants are attempting to circumvent federal law by claiming that manageability is just another litigation risk that's avoided through the benefit of a settlement agreement. Where the state laws applicable to the claims of class members differ, courts generally will decline to certify the class on the ground that variations in state law defeat the commonality requirement under section (a)(2), the predominance, superiority, and manageability standards of section (b)(3). The Parties cannot abrogate Rule 23 through a settlement and the Court should deny Final Approval.

Class Counsel has not adequately demonstrated that common issues of fact and law predominate over individual issues. *See e.g., In re Actiq Sales & Marketing Practices Litig.*, 307 F.R.D. 150, 172 (E.D. Pa. 2015) (denying motion to certify proposed litigation class asserting unjust enrichment claims and holding "[h]ere, the largest impediment to a finding of superiority is the difficulty of managing a class action in which the laws of [class plaintiffs'] various home states apply and individual questions of fact predominate."); *Blain v. Smithkline Beecham Corp.*, 240 F.R.D. 179, 192 (E.D. Pa. 2007) (denying certification of proposed litigation class and holding "[c]onflicts among the laws of the various jurisdictions render a class action as proposed by the plaintiffs unmanageable."). Plaintiffs alleged five different causes of action: (1) violations of the consumer protection statutes of forty-three states and the District of Columbia, see Third Am. Compl. ¶¶ 50-103 (Dkt. No. 70); (2) breach of contract under the laws of all fifty states and the District of Columbia, see id. at ¶¶ 104-109; (3) breach of contract under the implied covenant of good faith and fair dealing under the laws of all fifty states and the District of Columbia, see id. at ¶¶ 110-112; (4) breach of express warranty under the laws of all fifty states and the District of Columbia, see id. at ¶¶ 113-120; and (5) unjust enrichment under the laws of all fifty states

3

and the District of Columbia, see id. at ¶¶ 121- 130. The Court must conduct a choice of law analysis, determine if there are any material differences between state law, and then determine whether a single nationwide class addresses those difference. If the laws of the potentially relevant jurisdictions differ, the Court must apply the forum state's choice of law rules to determine which state's substantive law will apply to each class member's claim. *See In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 55 (D.N.J. 2009) (explaining the "government interest" test). After conducting a choice of law analysis, the Court must determine whether or not the laws of every state and the District of Columbia should be applied to the entire Class and whether a single nationwide class definition addresses material differences in state law. If the single nationwide class does not address material differences across legal standards in state law, then individual issues of fact and law predominate and the class cannot be certified.

The subclasses created for claimant relief are insufficient. The "Limited Recovery Class," "Single Recovery Class," and "Treble Recovery Class" categories do not adequately account for the material differences in state laws. The proposed relief subclasses address only the issues of damages across consumer protection statutes. They do not, for example, address, similar key differences across consumer protection laws, such as scienter, reliance, and whether or not plaintiffs must establish injury in fact in order to establish standing.

Material differences in state law across multiple jurisdictions, however, are not wholly fatal to certification in the future. In the event that there are material variations in the law of the fifty states, the Court may employ subclasses or decertify those state law subclasses whose adjudication becomes unmanageable. *See In re LILCO Securities Litigation,* 111 F.R.D. 663, 670 (E.D.N.Y. 1986). In *In re School Asbestos Litigation,* the Third Circuit affirmed the district court's certification of a nationwide class when the plaintiffs had grouped relevant state law into

4

four categories. *See* 789 F.2d at 1010. The Third Circuit expressed some doubts about the manageability of four legal regimes, but based on the plaintiffs' "extensive analysis" that "satisfied the district court," the court affirmed the certification. *Id.* Here, Plaintiffs have proposed a single nationwide class of anyone that made a purchase at Justice stores from January 1, 2012 through February 28, 2015. Such a class does not address material differences in state law. Plaintiffs have not demonstrated how the proposed class meets Rule 23's predominance, superiority, and manageability requirements. The Court should deny Final Approval to allow Plaintiffs to create subclasses that address the differences in state law.

## INADEQUATE CLASS NOTICE

The Class Notice is inadequate. The class notice must "concisely and clearly state . . . the class claims, issues or defenses." *See* FED. R. CIV. P. 23(c)(2)(B). Unless the applicable substantive state law is identified in the Notice, class members do not have sufficient information to make an informed choice about whether to opt out of the class (or to intervene in a (b)(1) or (b)(2) proceeding. The Class Notice does not identify the Class' claims, the specific legal issues, or Defendant's defenses. The Class Notice also does not explain how this Settlement is more beneficial or as beneficial to prior settlements, such as the settlement in Perez v. Tween Brands. The Class cannot determine the fairness, reasonableness, or adequacy of the Settlement without knowing the claims and defenses at issue, and how the settlement compares against others. As a result, the Notice does not meet the requirements of due process or Rule 23. The Court should order a new round of notice.

## REDUCTION OF FEE AWARD DUE TO LACK OF BASIS FOR REVERTER

If the Court chooses to award any fees to Class Counsel, the Court should reduce the award in light of the fact that unused/unclaimed funds revert back to Defendant. *See* Settlement Agreement at ¶ 41. The Parties have not put forth any reasonable basis for a reverter. "In a

5

reversionary common fund or a claims-made settlement, the defendant is likely to bear only a fraction of the liability to which it agrees." *In re TJX Cos. Retail Sec. Breach Litig.*, 584 F.Supp. 2d 395, 405 (D. Mass. 2008); *see also Sylvester v. Cigna Corp.*, 369 F. Supp. 2d 34, 52 (D. Me. 2005) (stating that parties' evidence indicated that "'claims made' settlements regularly yield response rates of 10 percent or less"; adding that "the parties' expectations of a low response rate gives the reverter clause real value for Defendants"). This Settlement will necessarily result in a low claims rate because proof of purchase is necessary in order to claim relief.

The presence of a reverter clause and Defendant's agreement not to oppose Class Counsel's fee request, suggests that the Court should look at actual payouts to class members when it determines a reasonable fee award. *See In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 170 (3d Cir. 2013) ("[C]ourts need to consider the level of direct benefit provided to the class in calculating attorneys' fees."); *see also, In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178 (9th Cir. 2013) ("Where both the class and its attorneys are paid in cash ... [t]he district court can assess the relative value of the attorneys' fees and the class relief simply by comparing the amount of cash paid to the attorneys with the amount of cash paid to the class."); *see also Pearson v. NBTY, Inc.*, 772 F.3d at 778, 781 (7th Cir. 2014) (quoting *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014), the "ratio that is relevant . . . is the ratio of (1) the fee to (2) the fee plus what the class members received."). By tying Class Counsel's fee award to actual benefits, the Court is aligning both Class Counsel's and the Class' interests. The Court should further reduce Class Counsel's fee in proportion to the amount of money that reverts back to Defendant.

Sheila Ference, Objector

Dated: April 14, 2016

6

*/s/ Mardi Harrison*
Mardi Harrison, Esq.
*Licensed in PA # 72647*
The Law Office of Mardi Harrison
125 Edison Furlong Road
Doylestown, PA  18901
www.suetheboss.com
267-252-1035
267-880-3823 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on April 14, 2016, and served by the same means on all counsel of record.

*/s/ Mardi Harrison*
Mardi Harrison, Esq.