# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL ROUGVIE, et al. | : | |
| Plaintiffs | : | Case No. 2:15-cv-00724 MAK |
| v. | : | |
| ASCENA RENTAL GROUP, INC., et al. | : | |
| Defendants. | : | |

## OBJECTION OF KELSEY D. FOLIGNO

LIGHTMAN & MANOCHI

Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 545-3000

*Attorneys for Objector Kelsey Foligno*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. I

TABLE OF AUTHORITIES ......................................................................................... II

INTRODUCTION ......................................................................................................... 1

STANDING AND PROCEDURES TO OBJECT ...................................................... 1

OBJECTIONS ................................................................................................................. 3

THE PROPOSED SETTLEMENT IS NOT FAIR ADEQUATE AND REASONABLE ......................... 3

INTRA-CLASS CONFLICTS AND ADEQUACY OF REPRESENTATION ........................... 8

CLASS COUNSEL'S FEE REQUEST IS EXCESSIVE ................................................ 10

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997) ...................................... 8, 9

*Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir.2000) ............................ 5

*Dewey v. Volkswagen AG*, 681 F.3d 170, 184 (3d Cir. 2012) .................................. 8

*Figueroa*, 517 F.Supp.2d at 1321 ..................................... 7

*First State Orthopaedics v. Concentra, Inc.*, --- F.Supp.2d ----, 2007 WL 3054815 at *20
    (E.D.Pa. Oct.16, 2007) ......................................... 11

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) ..................................... 4

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ............................ 4

*In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 341 (E.D. Pa. 2007) ........................ 4

*In re Baby Products Antitrust Litigation*, 708 F.3d 170 (3d Cir. 2013) .......................... 10

*In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) ........................... 4, 5

*In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir.2001) ............................. 11

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 805
    (3d. Cir. 1995) ............................................. 4

*In re Literary Works*, 654 F.3d 242, 249-57 (2d Cir. 2011).................................. 8, 9

*Jackson v. Wells Fargo Bank, N.A.*, No. 2:12CV1262, 2015 WL 5732090, at *22 (W.D.
    Pa. Sept. 30, 2015), *appeal dism'd* (Nov. 25, 2015) ............................ 11

*Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000)............................ 5

*Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 681
    (7th Cir.1987) (Posner, J.) ....................................... 4

*Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir.2004) (Posner, J.) ....................... 5

*Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir.2006) ........................ 5

*Neuberger v. Shapiro*, 110 F. Supp. 373, 380 (E.D. Pa. 2000)................................ 4

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999) ..................................... 8, 9

*Perez v. Tween Brands, Inc.* ........................................... 2

*Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) ............................... 11

*Sullivan v. DB Investors, Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) .................................................... 10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir.2006) ........................... 7, 8

*Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir.1991) ............................................... 5

*Weinberger v. Kendrick,* 698 F.2d 61, 73 (2d Cir.1982) (Friendly, J.) ..................................................... 4

## **Other Authorities**

2005 U.S.C.C.A.N. 3, 27 ........................................................................................................................ 7

*Manual for Complex Litig.* § 21.612 (4th ed.2004) ............................................................................. 4

S.Rep. No. 109–14, at 27 (2005) ......................................................................................................... 7

## **Rules**

FED. R. CIV. P. 23(a)(4) ......................................................................................................................... 9

FED. R. CIV. P. 23(h) ............................................................................................................................ 7

Rule 23 ................................................................................................................................................. 3

# INTRODUCTION

Before the Court is a proposed common fund settlement in a false advertising case involving allegations of violations of State Consumer Protection statutes, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of express warranty, and unjust enrichment against Defendants Ascena Retail Group, Inc. and Tween Brands, Inc. d/b/a Justice Stores, with a $50.8 million fund that covers costs of settlement administration, service awards, attorneys' fees and expenses, and payments to the class following a claims procedure.

Shortly after the filing of Plaintiffs' initial Complaint on February 12, 2015, Plaintiffs' counsel and Defendants negotiated a settlement agreement on July 2, 2015, and then filed the instant Motion for Approval of the Settlement Agreement on September 24, 2015, while at the same time moving to certify the class. The proposed settlement is not fair, adequate and reasonable; it creates intra-class conflicts and implicates adequacy problems; and the proposed award of attorneys' fees is excessive.

## STANDING AND PROCEDURES TO OBJECT

Objector's full name, address and telephone number are as follows:

Kelsey D. Foligno
1909 Uplands Road
Plano, Texas 75025
(214) 673-9099

Access Code:  6888478483881

The Settlement Class consists of all individuals who purchased merchandise from Justice during the period from January 1, 2012 through February 28, 2015, except for those who were eligible to be Class Members in an earlier class action against Justice in Ohio.

Ohio residents who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014 are not included in this settlement because they were eligible to participate in an earlier settlement in the case titled *Perez v. Tween Brands, Inc.*, No. 14-CV-001119, Court of Common Pleas, Lake County, Ohio. However, Ohio residents who were part of the *Perez v. Tween Brands, Inc.* class settlement but who also made purchases at Justice between January 1, 2012 and June 30, 2012, and/or between September 1, 2014 and February 28, 2015 are part of this Settlement Class and may submit a claim.

Objector is a class member who has timely filed a claim and therefore has standing to make this objection. *See* Declaration of Kelsey D. Foligno, Exhibit A hereto, incorporated by reference as though set forth in full. Objector is represented by Lightman & Manochi, contact information below, and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm. The Bandas Law firm does not presently intend on making an appearance for himself or his firm. The statement of the objections and the grounds are set forth below. Objector does not intend on appearing at the fairness hearing either in person or through counsel but asks that this objection be submitted on the papers for ruling at that time. Objector relies upon the documents contained in

the Court's file in support of these objections. Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein on grounds that such requirements seek irrelevant information to the objections, are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate Objector's and counsel's due process rights and/or Rule 23.

## OBJECTIONS

### The Proposed Settlement Is Not Fair Adequate And Reasonable.

The proposed settlement agreement provides a total settlement fund of $50.8 million of which only $27.8 million in cash payments will be available to compensate an estimated 18,422,784 potential class members, while an outrageous $14 million goes to class counsel.[1] Eligible class members will receive between and $7 and $20 in cash per claim, or alternatively between $10 and $30 in vouchers. This is inadequate compensation for each class member given the value of the claims being released. Further, if even a small percentage of class members claim a cash settlement, the $27.8 million will quickly be depleted.

Where, as here, the settlement agreement was negotiated prior to formal class certification, there is greater potential breach fiduciary duties owed the class, and such agreements "must withstand a higher level of scrutiny for evidence of collusion or

---

[1] Brief in Support of Motion for Award of Attorneys' Fees, Expenses and Incentive Awards, Doc. 99, at 1-2.

other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.*, 55 F.3d 768, 805 (3d. Cir. 1995) (courts must be "even more scrupulous than usual in approving settlements where no class has yet been formally certified"); *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 681 (7th Cir.1987) (Posner, J.) ("[W]hen class certification is deferred, a more careful scrutiny of the fairness of the settlement is required."); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982) (Friendly, J.) (reviewing courts must employ "even more than the usual care"); *see also Manual for Complex Litig.* § 21.612 (4th ed.2004)).

District Courts in this Circuit are required to analyze a class action settlement agreement pursuant to the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). In addition to the *Girsh* factors, the courts should "ensure that the proposed settlement is not the product of collusion or fraud." *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 341 (E.D. Pa. 2007) (citing *Neuberger v. Shapiro*, 110 F. Supp. 373, 380 (E.D. Pa. 2000)); *see also Bluetooth*, 654 F.3d at 947.

In the often-cited *Bluetooth* opinion, the Ninth Circuit identified three primary considerations for determining whether such collusion is present:

(1) "counsel receive a disproportionate distribution of the settlement, . . ." *Bluetooth*, 654 F.3d at 947 (quoting *Hanlon*, 150 F.3d at 1021 and citing *Murray v.*

*GMAC Mortg. Corp.,* 434 F.3d 948, 952 (7th Cir.2006); *Crawford v. Equifax Payment Servs., Inc.,* 201 F.3d 877, 882 (7th Cir.2000));

(2) the parties negotiate a "clear sailing" arrangement which provides for payment of attorneys' fees separate from class funds, and which carries "the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class," *Bluetooth,* 654 F.3d at 947 (quoting *Lobatz v. U.S. W. Cellular of California, Inc.,* 222 F.3d 1142, 1148 (9th Cir. 2000), and citing *Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir.1991) ("lawyers might urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees")); and

(3) when the parties arrange for fees (or settlement funds) not awarded to revert to defendants rather than be added to the class fund. <u>See</u> *Bluetooth,* 654 F.3d at 947 (citing *Mirfasihi v. Fleet Mortg. Corp.,* 356 F.3d 781, 785 (7th Cir.2004) (Posner, J.)).

Here, all three factors point towards collusion of class counsel and Defendant, and against fairness for the class members.

(1) Counsel will clearly receive a disproportionate distribution of the settlement. Although the settlement purports to award class counsel 29.5% of the Gross Settlement Fund of $50.8 million, which standing alone is a disproportionate amount considering the size of the settlement, once administration expenses are taken from the Gross Settlement Fund, the class members will receive $27.8 million in cash

payments, and class counsel will receive $14 million,[2] *more than 50% of the amount of cash designated for class members.*

(2) The settlement contains a "clear sailing" provision in which the parties agreed that "Defendant shall neither object to nor challenge Class Counsel's application for a Fee Award[.]" Settlement Agreement, p. 29, ¶ 42.

And, (3) the parties expressly arranged for cash not awarded to the class members to revert to Defendant rather than be added to the class fund. *Id.* at 28-29, ¶ 41. Additionally, if the administration costs exceed $8 million, the excess is taken from the Class Members' settlement amount, whereas Class Counsel's $14 million remains untouchable. *Id.* at 28-30, ¶ 40(d)-44. These patent indicators of collusion demonstrate the proposed settlement is neither, fair, adequate, nor reasonable for the Class Members.

The settlement is also inadequate and unfair inasmuch as some eligible class members, based on the state of their residence, will receive 4 times the amount of other eligible class members. Moreover, although the proposed settlement contains a formula that compensates class members differently, it fails to compensate class members in a way that fairly reflects the amount of damages actually sustained by the class members. Thus, Treble Recovery Class Members who spent $1.00 on purchases will be entitled to $20 in cash settlement, whereas a Single Recovery Class Member

---

[2] *See* Amendment to Class Action Settlement Agreement Regarding Supplemental Notice Program, Doc. 94, at 2; *see also* Brief in Support of Motion for Award of Attorneys' Fees, Expenses and Incentive Awards, Doc. 99, at 1.

who spent $104.00 on purchases will be entitled to $13 in cash settlement. This is just one of the many inequitable results yielded from the proposed settlement.

Objection is further made to the adequacy of the settlement, which provides vouchers for members who chose not to take cash, or for members of the class who do not submit a claim form but the claims administrator has a valid email or postal address. Several courts have interpreted the Class Action Fairness Act as imposing a heightened level of scrutiny in reviewing such settlements. *See, e.g., Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir.2006); *Figueroa,* 517 F.Supp.2d at 1321. *See also* S.Rep. No. 109–14, at 27 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 27 (Section 5 of CAFA "requires greater scrutiny of coupon settlements"); FED. R. CIV. P. 23(h), 2003 Advisory Committee Notes ("Settlements involving nonmonetary provisions for class members also deserve careful scrutiny to ensure that these provisions have actual value to the class.").

The vouchers are of limited value because, in general, they can only be redeemed with a purchase in excess of the amount of the voucher. For example, a class member entitled to a $10 voucher can only use it on a minimum purchase of $25 spent in-stores at Justice.

Moreover, the fine print on the vouchers specifically limits customers in the manner in which the vouchers may be used, rendering them redundant with existing offers at Justice. Specifically, they provide that vouchers "cannot be combined with style perks, entire store events, category sales, associate discount, or any other offer

unless otherwise stated on that offer."

Further, some percentage of the vouchers will never be used and, as a result, will not constitute a cost to Defendants. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir. 2006). Further, the voucher "'require[s] the claimant to return to the Defendant to do business with him,' something at least some class members likely would prefer not to do." *Id.* Because vouchers will likely be submitted to a significant percentage of the class, the limited value of the vouchers further illustrates the inadequacy of the settlement.

For these reasons, the proposed settlement is not fair, adequate and reasonable and the proponents of this settlement have failed to discharge their burden of proof on the issue of fairness.

**Intra-Class Conflicts And Adequacy of Representation.**

Objection is made, to the extent separate representation has not been procured, that the proposed settlement creates fundamental intra-class conflicts of interest requiring separate legal representation of all the various competing groups that are compensated differently. *See Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 856 (1999); *Amchem Prods. v. Windsor,* 521 U.S. 591, 625-26 (1997); *see also Dewey v. Volkswagen AG,* 681 F.3d 170, 184 (3d Cir. 2012) ("A conflict concerning the allocation of remedies amongst class members with competing interests can be fundamental and can thus render a representative plaintiff inadequate"); *In re Literary Works,* 654 F.3d 242, 249-57 (2d Cir. 2011).

The proposed settlement divides the class into three groups: (1) Limited Recovery Class Members, which includes members in states whose laws allow only limited recovery in connection with the Defendant's deceptive advertising practices; (2) Single Recovery Class Members, which includes members in states whose laws allow fully recover for the Defendant's deceptive advertising practices, but not treble recovery; and (3) Treble Recovery Class Members, which includes members in states whose laws allow treble recovery the Defendant's deceptive advertising practices. The division of the class into these three groups puts them in inherent conflict, as each group will benefit from having as few members as possible from the remaining group recover under the settlement. FED. R. CIV. P. 23(a)(4); *In re Literary Works*, 654 F.3d 242, 249 (2d Cir. 2011). Thus, intra-class conflicts exist between multiple groups that are being compensated differently and are competing for the same finite pool of money under this settlement.

Objector, as a Treble Recovery Class Member, is not being adequately represented. She should have received more, but since there was no separate representation of the different groups, the Limited Recovery Members and Single Recovery Members received more than they should have to the detriment of Objector. *Ortiz*, 527 U.S. at 856; *Amchem Prods.*, 521 U.S. at 625-26 (1997); *see also Dewey*, 681 F.3d at 184.

Objection is additionally made that the cash to voucher ratio is irrational as applied to the different member groups.  For example, the Treble Recovery Class has

a lower recovery ratio than the Limited Recovery Class, i.e. the Limited Recovery Class is eligible to receive more of its member's claims in cash (70%) than the Treble Recovery Class (67%).   See Long Form Notice, p. 2 (chart) Recovery for Treble Recovery Class vs. Limited Recovery Class.

**Class Counsel's Fee Request Is Excessive.**

Class counsel's fee request for $14 million in this case is excessive.  The Third Circuit has held in *In re Baby Products Antitrust Litigation*, 708 F.3d 170 (3d Cir. 2013), it is not enough for class counsel to merely point to the size of the settlement fund and deem it fair. One must calculate the actual benefit to the class, what the class actually receives, and ensure that the class counsel has not received a disproportionate share of the settlement benefit.

Here, the Settlement Agreement contains a clause which specifically provides that all remaining cash settlement funds revert back to Defendant.   The settling parties have the burden of proving settlement fairness, but provide no data as to what the claims rate is expected to be. Empirical evidence reveals claims rates in these types of settlements are extremely low. See, *e.g.*, *Sullivan v. DB Investors, Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (*en banc*) (noting evidence that "consumer claim filing rates rarely exceed seven percent, even with the most extensive notice campaigns.").

Objector is confident that once class counsel provides the Court with the actual number of claims made, the fee request will exceed the cash value of the settlement, if

not the combined cash and coupon settlement value for claims made. Therefore, under any analysis, an award of $14 million to class counsel would be excessive.

In addition, the request is inconsistent with the class notice. The class notice provides that class counsel will seek a 29.5% attorneys' fee. This figure improperly relies on the Gross Settlement Fund without deducting administrative expense. *See Redman v. Radioshack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). Once these expenses are deducted, class counsels' fees are 33% of the maximum potential settlement fund. Class counsel should have advised class members that they are seeking a 33% fee.

Regardless, even a 29.5% fee is excessive here given the poor settlement and the brief period of time this case has been on file. In fact, given the inadequacy of class counsel (*see supra*), class counsel should not be entitled to any fee in this case. *First State Orthopaedics v. Concentra, Inc.*, --- F.Supp.2d ----, 2007 WL 3054815 at *20 (E.D.Pa. Oct.16, 2007) ("Many courts have considered 25% to be the benchmark figure for attorney fee awards in class action lawsuits, with adjustments up or down for case-specific factors ..."). "In most instances, [the determination] will involve a sliding scale dependent upon the ultimate recovery, the expectation being that, absent unusual circumstances, the percentage will decrease as the size of the fund increases." *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 736 (3d Cir.2001). It is the "mega funds," those in excess of $50 million, as in this case, which tend to be at the low end of this sliding scale. *Jackson v. Wells Fargo Bank, N.A.*, No. 2:12CV1262, 2015 WL 5732090, at *22 (W.D. Pa. Sept. 30, 2015), *appeal dism'd* (Nov. 25, 2015). Given the

considerable size of the Gross Settlement Fund, the 33% fee, or even the claimed 29.5% fee, here is excessive.

## CONCLUSION

Objector request that this settlement be rejected. In the alternative, Objector requests that the proposed award of attorneys' fees be rejected or, at minimum, substantially reduced.

DATED: April 15, 2016

Respectfully submitted,
LIGHTMAN & MANOCHI

By: _/s/ Glenn A. Manochi_
Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
1520 Locust Street, 12th Floor
Philadelphia, PA 19102
(215) 545-3000

_Attorneys for Objector Kelsey Foligno_

For the foregoing reasons, I object to this settlement.

DATED:  April 14, 2016

_Kelsey D. Foligno_

_____

Kelsey Foligno
1909 Uplands Road
Plano, Texas 75025
(214) 673-9099

# EXHIBIT

# "A"

### DECLARATION OF KELSEY D. FOLIGNO IN SUPPORT OF OBJECTIONS TO CLASS ACTION SETTLEMENT IN *ROUGVIE, ET AL. V. ASCENA RETAIL GROUP, INC., ET AL.,* CIVIL ACTION NO.: 2:15-cv-00724-MAK

Comes now KELSEY D. FOLIGNO and states the following under oath and under penalty of perjury in support of her objection:

"My name is Kelsey D. Foligno. I am over the age of eighteen (18) years. I have never been convicted of a felony. I am qualified and competent to make this affidavit."

The facts stated herein are within my personal knowledge."

"My current address is 1909 Uplands Road, Plano, Texas 75025. My cellular telephone number is (214) 673-9099 and my email is kfoligno@gmail.com."

"I am an individual who purchased merchandise from Justice during the period from January 1, 2012 through February 28, 2015, except for those who were eligible to be Class Members in an earlier class action against Justice in Ohio, as described in Question 6 of the Class Notice."

"I am not an Ohio resident who was eligible to participate in an earlier settlement in the case titled *Perez v. Tween Brands, Inc.*, No. 14-CV-001119, Court of Common Pleas, Lake County, Ohio who purchased merchandise from Justice stores in Ohio only between July 1, 2012 and August 31, 2014, therefore I am a class member"

"Attached as Exhibit 1 is a true and correct copy of the Post Card Notice I received in the mail."

"Attached as Exhibit 2 is a true and correct copy of my claim form receipt in the above settlement."

"Attached as Exhibit 3 are true and correct copies of my bank statements showing purchases I made at a Justice store between  January 1, 2012 through February 28, 2015."

"I have not opted out of the Settlement."

"I object to the proposed settlement of ***ROUGVIE, ET AL. V. ASCENA RETAIL GROUP, INC., ET AL.***, Civil Action No. 2:15-cv-00724-MAK for the reasons stated in my objection."

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this the 29th day of March, 2016, at Plano, Texas."

Kelsey Foligno

# EXHIBIT

# "1"

Justice Class Action Settlement
PO Box 3240
Portland OR 97208-3240

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2892

## Use Access Code
## 6888478483881

## to make a claim
## for cash or a
## voucher from a
## class action
## settlement with

# Justice.

www.JusticeClassAction.com

8648303117553

KELSEY FOLIGNO
1909 UPLANDS DR
PLANO, TX 75025-3053

97
82834



---

LEGAL NOTICE

# If you shopped at Justice, you could get cash or a voucher.

A $50.8 million settlement has been reached with Tween Brands, Inc. and Ascena Retail Group, Inc. ("Justice") in a class action lawsuit about whether Justice misled shoppers by marking items "40% off" when this price was in reality the regular price. Justice denies all of the claims and says it did nothing wrong. This notice is only a summary. Go to www.JusticeClassAction.com or call 1-877-854-5282 to get a Detailed Notice.

**Who is included?** The settlement generally includes people who purchased merchandise from Justice between 1/1/12 and 2/28/15.

**What can I get?** You may select one of two options:

**Option 1:** As a Justice shopper living in TX, you are eligible to claim either: (1) a $20.00 check or (2) a $30.00 Justice voucher.

**Option 2:** If, between 1/1/12 and 2/28/15, you shopped at Justice more than five times (including in-store, online and phone) AND/OR spent $105+ in a single visit/order, you may submit proofs of purchase to claim a check for 14% or a voucher for 20% of your documented purchases.

As a resident of TX, if you do nothing, you will automatically be sent a $30.00 Justice voucher after the settlement is approved.

If the amount needed to pay valid claims exceeds the total funds available, payments may be reduced and paid in proportion to other valid claims. If money remains after all claims, fees and costs are paid, it will be returned to Justice.

**How do I get a check or voucher?** To receive option (1) or (2), you must submit a claim by **April 4, 2016.** Use Access Code 6888478483881 to submit your claim on the website or call 1-877-854-5282 to request a Claim Form by mail.

**Your other options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **April 20, 2016.** If you stay in the settlement, you may object to it by **April 15, 2016.** The Detailed Notice explains how to exclude yourself or object. On May 20, 2016, the Court will hold a hearing on whether to approve the settlement and a $15 million request for attorneys' fees and expenses.

O2161 v.07 12.02.2015

**1-877-854-5282 • www.JusticeClassAction.com**

# EXHIBIT

# "2"

# Justice Class Action Settlement

*Rougvie, et al. v. Ascena Retail Group, Inc., et al.*
Case No: 2:15-cv-724-MAK

## Submit a Claim - Confirmation

Thank you. Your claim has been successfully submitted. Your Confirmation Code is:
**VRCNTL3V.**

This Confirmation Code also will be sent to the e-mail address you provided. Please keep this Code for your records.

Payments and vouchers will be sent to Class Members who submitted valid claims after the Court grants "Final Approval" to the Settlement and after any appeals are resolved. This process can take time. Please be patient.

It is your responsibility to update the Claims Administrator if you move or your contact information changes (including e-mail address). You can provide updated contact information by sending an e-mail to info@JusticeClassAction.com

**Questions? 1-877-854-5282 or info@JusticeClassAction.com**

## Important Dates

**April 4, 2016**

Deadline to submit a claim for benefits.

**April 15, 2016**

Deadline to object to the settlement.

**April 20, 2016**

Deadline to request exclusion from the settlement

**May 20, 2016**

Final Approval Hearing

# EXHIBIT "3"

H

NICK OR KELSEY FOLIGNO

## MyAccess Checking Subtractions

| ATM and Debit Card Subtractions - Continued | Date Posted | Amount($) |
|---|---|---|

Plano       TX 24299102144000092576728
CheckCard  0523 Justice #0007                          05-25                    113.01
Plano       TX 24445002145200113646906

H

Page 4 of 13
Statement Period
06-19-12 through 07-18-12
B 11  E I  E PI   11

Account Number:

NICK OR KELSEY FOLIGNO

## MyAccess Checking Subtractions

| ATM and Debit Card Subtractions - Continued | Date Posted | Amount($) |
| --- | --- | --- |

| | | |
| --- | --- | --- |
| Plano        TX 2429910217400133131311144 | | |
| CheckCard  0624 Justice #0652 | 06-26 | 51.96 |
| San Marcos   TX 2444500217720010139515152 | | |



H

Page 3 of 12
Statement Period
08-21-12 through 09-17-12
B 11  E I  E PI· ·11          005!

Account Number: ~~~~~~~~

NICK OR KELSEY FOLIGNO
~~~~~~~~~~~~~~
~~~~~~~~~~

## MyAccess Checking Subtractions

| ATM and Debit Card Subtractions | Date Posted | Amount($) |
|---|---|---|
| ~~~~~~~~~ 8/22 #000020415 Purchase | 08-23 | ~~~~~ |
| 300 Lexington Dri  Plano          TX | | |
| CheckCard  0821 Justice #0007 | 08-23 | 48.06 |
| Plano        TX 2444500223520010593 5052 | | |
| CheckCard  0821 ~~~~~~~~~~~~~~02 | 08-23 | ~~~~ |
| Mckinney      TX 24761972235400167000171 | | |
| CheckCard  0822 ~~~~~~~~~~064048 | 08-23 | ~~~~ |
| Plano        TX 24164072235355914638545 | | |
| CheckCard  0822 ~~~~~~~~~~~~ | 08-24 | ~~~~~ |
| Allen        TX 24707802236980152685792 | | |
| ~~~~~~~~~~~08/25 #000000245 Purchase | 08-24 | 5~~~ |
| 925 Market Street  Allen        TX | | |
| CheckCard  0822 ~~~~~~~~1400003038 | 08-24 | ~~~~~ |
| Irving        TX 24164072236609051353766 | | |
| ~~~~~~~~~#613  08/24 #000073900 Purchase | 08-24 | ~~~~ |
| 190 E Stacy Road   Allen        TX | | |
| CheckCard  0823 ~~~~~~~~Corp00064048 | 08-24 | ~~~~ |
| Plano        TX 24164072236355914736629 | | |
| ~~~~~~~~~  08/26 #000000180 Purchase | 08-27 | ~~~~~ |
| 721 N Central Exp  East Plano    TX | | |
| CheckCard  0824 ~~~~~~~229 | 08-27 | ~~~~ |
| Plano        TX 24431052238207488701538 | | |

H

Page 6 of 14
Statement Period
11-17-12 through 12-17-12
B 11 E I E PI 11

Account Number: ~~~~~~~~~~~~~

NICK OR KELSEY FOLIGNO


## MyAccess Checking Subtractions

| ATM and Debit Card Subtractions - Continued | Date Posted | Amount($) |
|---|---|---|
| CheckCard   1130 ~~~~~~~~~~~~~~~~ <br> Fairfield      TX 2407105233715810959895 | 12-03 | ~~~~ |
| CheckCard   1201 ~~~~~~~~~~~~~ <br> Cypress       TX 24692162337000935090923 | 12-03 | ~~~~ |
| CheckCard   1201 ~~~~~~~~~~~~ <br> 972-818-6882 TX 24692162336000660853876 | 12-03 | ~~~~ |
| ~~~~~~~~~~~~S 12/02 #000296674 Purchase <br> ~~~~~~~~~~~  Houston       TX | 12-03 | ~~~~ |
| CheckCard   1201 Justice #0401 <br> Cypress       TX 2444500233730039325841 | 12-03 | 36.31 |

## Certificate of Service

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing thus effectuating service.  The undersigned further certifies he caused to be served as indicated below, a copy of this Objection and associated exhibits upon the following in the manner so indicated:

DATED:  April 15, 2016

Justice Class Action Objections
P.O. Box 3240
Portland, OR  97208
(via first class mail)

Gregory T. Parks
MORGAN, LEWIS &
BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(via ECF)

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(via ECF)

Clerk of the Court
United States District Court
Eastern District of
Pennsylvania
601 Market Street
Room 2609
Philadelphia, PA 19106
(via first class mail)

MANSOUR GAVIN LPA
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
(via ECF)

_/s/ Glenn A. Manochi_
Glenn A. Manochi, Esquire