UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case No. 15-cv-00724

CAROL ROUGVIE, et al.,

    Plaintiffs,

vs.

ASCENA RETAIL GROUP, INC., *et. al.*

    Defendants.

_____/



FILED
APR 18 2016
MICHAEL E. KUNZ, Clerk
By_____ P. C. Clerk

## OBJECTION OF JILL M. BROWN

**NOW COMES** Jill M. Brown and objects to the Parties' Joint Motion for Final Approval of Class Action Settlement and Class Counsels' request for attorneys' fees and states that the proposed Settlement is not fair, reasonable or adequate for the following reasons;[1]

1.     The vouchers (coupons) do not represent an adequate form of relief since they require additional purchases from the culpable Defendants and the coupons do not have an ascertainable value.

2.     The provision in the Settlement Agreement that requires any undetermined remaining cash funds to revert back to the Defendants is unfair and unreasonable, as all cash funds should be paid for the benefit of the class, less reasonable attorneys' fees, costs, and administrative expenses.[2]

---

[1] Attached hereto as Exhibit "A" is the Declaration of Jill Brown with the information required per the Class Notice.
[2] (Class Action Settlement Agreement ("Settlement Agreement"), ECF No. 71-1 ¶ 41).

3. The named Plaintiffs do not have standing to assert claims as class representatives under various state laws, where the Plaintiffs neither reside nor purchased products from Justice. They are not adequate to represent persons in such states as class representatives.

4. The class is not compromised of any subclasses broken down by state, and the named Plaintiffs have an interstate conflict and lack standing to pursue claims for each of the states where they do not reside or purchased products.

5. The attorneys' fees requested are excessive, unreasonable and disproportionate to the claims of the class and the recovery to the class. They appear to represent a lodestar multiplier of nearly five (5) and at the very least are estimated at 29.5% of the gross settlement funds.[3] There also does not appear to be a reasonable lodestar cross-check or testing of lodestar. The Settlement Agreement also contains an unfair clear sailing agreement concerning Plaintiffs' counsel's fees and is not reasonable.

6. For example, the Ninth Circuit reversed approval of a claims-made settlement where, as in the instant case: (a) Counsel sought a disproportionate distribution of the settlement as attorneys' fees;[4] (b) the parties negotiated a "clear sailing" arrangement providing for the payment of attorneys' fees from class funds; and (c) the parties arranged for monies which are not paid to class members to revert to Defendants rather than be added to the class fund. *See In re Bluetooth Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011).

## CONCLUSION

The objector Jill M. Brown requests that the proposed Settlement not be granted final approval and that the requested attorneys' fees not be allowed in the amount requested.

Dated: April 14, 2016.

---

[3] (Class Action Settlement Agreement ("Settlement Agreement"), ECF No. 71-1 ¶ 42).
[4] Class Counsel is seeking $14,111,455.85 in fees and expenses. (ECF No. 99 ¶ 2).

Respectfully Submitted.

_____
David D. Dishman, Esq.
Law Offices of David Dishman, P.C.
224 Lewis Wharf
Boston, MA 02110
Tel: (617)523-5252
david@ddishmanlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Case No. 15-cv-00724

CAROL ROUGVIE, et al.,

    Plaintiffs,

vs.

ASCENA RETAIL GROUP, INC., et. al.

    Defendants.
_____/

FILED
APR 18 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## DECLARATION OF JILL M. BROWN

I, Jill M. Brown, hereby state the following under oath based upon personal knowledge:

1. I reside at 826 Sunset Lane, East Lansing Michigan, 48823.

2. During the class period of January 1, 2012 through February 28, 2015, I made *at least* 3 purchases from Justice, including on the following approximate dates and locations:

    (a) In January of 2012, I purchased items from a Justice store located in the Merdian Mall, in Okemos Michigan.

    (b) In April of 2012, I purchased items from a Justice store located in the Merdian Mall, in Okemos Michigan.

    (c) In June of 2012, I purchased items from a Justice store located in in the Merdian Mall, in Okemos Michigan.

3. I purchased the items from Justice because they indicated a substantial discount from the regular price.

4. I do not intend to appear at the Final Approval Hearing.

*Signed Under the Pains and Penalties of Perjury this 14th day of April 2016 in the* State *of Michigan.*

_____
Jill M. Brown

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2016, I caused be served via USPS First Class Mail, postage prepaid, a copy of this Objection and Notice of Intention Not to Appear upon the following:

| | |
|---|---|
| Clerk of the United States District Court for the Eastern District of Pennsylvania<br>601 Market Street, Room 2609<br>Philadelphia, PA 19106 | PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103 |
| MANSOUR GAVIN LPA<br>1001 Lakeside Avenue, Suite 1400<br>Cleveland, Ohio 44114 | Gregory T. Parks<br>MORGAN, LEWIS &<br>BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |
| Justice Class Action Objections<br>P.O. Box 3240<br>Portland, OR 97208-3240 | |

FILED
APR 18 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

David D. Dishman, Esq.