IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Rougvie, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>Ascena Retail Group, Inc., *et al.*,<br><br>         Defendants. | Civ. No. 2:15-CV-00724-MAK<br><br>OBJECTION TO CLASS ACTION SETTLEMENT IN *ROUGVIE ET AL. V. ASCENA RETAIL GRP., INC. ET AL.* |

Gretchen K. Carey, *Pro Se*, objects to the class action settlement for these reasons:

First, I purchased children's apparel, fashion accessories, or other products from Defendant, paying cash for my items, on at least six occasions during the period January 1, 2012, to February, 28, 2015, including one in Arizona in September 2014, and one in Oregon during this period. I reviewed the claims website and documents, and found that the settlement sets up a claims process for both those who received a "Direct Notice"—meaning someone who received a notice based on the records of the Defendant—and those who did not. Decl. at 2. I also found that, for those who received no Direct Notice, the process requires, as the Settlement Agreement states, a "Claim Form with proof of purchase (receipt, bank statement or credit card statement) demonstrating that Claimant made at least one purchase from Justice during the [specified period]." Settlement Agreement, at 27. This requirement essentially excludes cash payers without a receipt from receiving benefits under the settlement. In implementing this requirement, the website prevents even the application for benefits, because it requires the upload of purchase documents before permitting a claim. Notwithstanding this barrier, cash payers are included in the class definition to the full extent of their purchases—those with and without receipts—and all of their claims are released by the Settlement, regardless of whether

there are receipts or not. Settlement Class Members means "all individuals throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012, to February 28, 2015." Settlement Agreement, at 15. Though purchases lacking a receipt are excluded from the calculation of benefits, benefits are at some level based on the dollar amount of a consumer's purchases. Settlement Agreement, paragraph 40(b). The level is calculated without regard to cash purchasers who did not maintain their receipts—people like me and many of my friends. This approach unduly prejudices cash payers who did not retain receipts. Many cash payers are unlikely to keep non-business receipts from years ago. Cash payers are included in the class definition and all their claims, including those based on purchases for which they do not have receipts, would be released by the Settlement, yet they do not receive compensation for such purchases under the terms of the Settlement.

Nothing in relevant law precludes including cash payers who participate through an affidavit nor requires written documentation for participation. While Rule 23 might face ascertainability issues in a litigated class context, no such concern exists in the settlement context. *Carrera v. Bayer Corp.*, 727 F.3d 300 n.4 (3d Cir. 2013)(addressing affidavits and ascertainability in a litigated case, but noting settlement classes raise different certification issues than litigation classes, *citing Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 620 (1997)). Even if there was a problem here with using affidavits to establish class membership for claims, the problem was entirely avoidable. The Settlement could have limited the release to those whose can be identified through Defendant's records or bank/credit card records and excluded cash purchasers entirely. If done, the cash payers could have settled their claims in one of the other numerous states in which cases were filed, states where the law authorizes affidavits in

ascertaining class membership in the both litigation and settlement contexts. Besides, providing no benefit to a class member while releasing the claims is itself problematic. *Cf. Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 388 (C.D. Cal. 2007)(criticizing a settlement that released claims of class members while providing no economic benefits to them, and did so to those who received no notice of the wrongs). Worse, consumers who were solely cash payers did not receive notice of the claims—I only found out because during one of my purchases my mother also purchased a present for my child and, as a result, received a Direct Notice. Thus, those who solely paid cash were not notified of the Settlement, were excluded from claiming benefits, and are having their claims released by operation of the Settlement.

By limiting benefits solely to purchases for which there is a receipt unreasonably excludes damages suffered by consumers, an especially inappropriate approach when there is a reversion to Justice of any unused funds, for several reasons. First, consumer settlements routinely find declarations or affidavits of purchases sufficient. *See, e.g.,* http://topclassactions.com/lawsuit-settlements/lawsuit-news/330537-good-karma-flax-milk-class-action-lawsuit-settlement/; https://gilardigateway.com/agagsettlement/Claimant/CUnKnownClaimForm; https://www.tomsproductsclassaction.com/content/documents/Claim_Form.pdf. Second, reasonable limits could be employed to prevent abuse, making wholesale exclusion of all purchases for which there is no written documentation unnecessary and counterproductive. Third, by imposing a requirement that is not required by law, it results in disparate treatment of consumers who spent the same amount at Justice. The Settlement Agreement could easily ameliorate things by, for example, permitting claims by affidavit and limiting such claims to the greater of a percentage of the sales supported by receipts or $100.

Opting out does not solve this defect. As the *Acosta* court noted, the argument that opting out is a sufficient remedy is "farcical." *Acosta*, 243 F.R.D. at 388. There, just as should be the case here, the "structural deficiencies, by themselves, doom the Settlement and would require its rejection. *Id.* at 389; *see also Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785-786 (7th Cir. 2003) (rejecting settlement providing no relief to entire subclass having valid legal claims).

To summarize, I object because the Settlement includes cash payers with or without receipts, seeks to release their claims, and offers them nothing for purchases lacking a receipt when the law does not require such rigidity. Affidavits to could establish *settlement* class membership, or the class definition could be modified to exclude cash payers, allowing them to settle their claims in other states where class membership can be proven by affidavit. I object to exclusion of all purchases for which no receipt or written record exists when such claims could be compensated without risk of fraud or abuse.

Second, I object because the Settlement Agreement excludes purchases made after February 28, 2015, from the benefit calculation, but purports to release all claims that "relate to" the allegations in the complaints that exist before the Effective Date of the Settlement, which seems to include post-February 28, 2015, purchases. *Compare* paragraph HH of Settlement Agreement *with* paragraph CC of Settlement Agreement. Either the release must be cabined to the transactions occurring during the date range embedded in the description of the class or the purchases included in the release must be considered in the calculation of benefits—Justice should not receive a release for claims for which there were not associated benefits. *Acosta v. Trans Union, LLC*, 243 F.R.D. at 388. As the operative complaint demonstrates, the date used to cap the "relevant period" was just an approximation of when Justice ceased the wrongful

conduct, Third Amended Compl. § 4. Claims likely exist after that date, and if those claims are to be released, benefits should be afforded.

Third, I object to the Settlement Agreement's failure to consider the state laws addressing minimum consumer recoveries. The structure of the Settlement Agreement's payouts enhances the recovery for residents in states that permit the recovery of treble damages for consumer claims but ignores the generous result of states' minimum recovery laws for consumer claims. As the settlement materials illustrate, *see* Settlement Agreement, at 26-27, some states limit recoveries and some enhance recoveries. The Settlement Agreement institutes a three-tiered approach that gives a lesser amount to the "Limited Recovery Class Members," a higher amount to "Single Recovery Class Members," and an even higher amount to "Treble Recovery Class Members." The website notes these recoveries are based on the state of residence. Putting aside that the payouts should be based on the state of purchase, the payment range is manifestly designed to reflect the potential recovery a class member could achieve if successful. The Settlement Agreement, however, ignores the most powerful remedies available to consumers, minimum statutory damages. Unlike treble damages, these statutory provisions ensure that any consumer aggrieved by the false, deceptive, or misleading act of a merchant would receive no less than a specified amount, regardless of actual damage.

To illustrate the harm of ignoring such provisions, suppose a consumer spends $50 on a purchase at Justice. If the consumer resides in Utah, the consumer would be in the Single Recovery category and receive either $13 cash or $20 in a voucher, just as would a consumer in Arizona. A consumer in Nevada, because its statute provides for treble damages, would receive $20 cash or a $30 voucher. But Utah law, like many other states' laws, provides for a minimum statutory damage amount for violations of Utah's consumer protection act. Utah sets the ***floor***

for such claims at $2,000. *See* Utah Code Ann. § 13-11-19. A consumer in Nevada could, then, if successful, recover $150, an Arizona consumer could recover $50, and a Utah consumer could recover $2000. But under the Settlement Agreement, a Utah customer gets the same amount as a customer in Arizona, even though Arizona provides no enhanced recoveries, and gets much less than a Nevada customer despite statutory protections that should, on these facts, result in a significantly larger recovery. Minimum amounts vary by state, and treble damages could be more impactful in rare case, but generally that would not be the case and it is unreasonable to wholly ignore the dramatic impact of statutory minimums on transactions like clothing purchases. The Settlement Agreement bestows on some class members an enhanced recovery based on a belief that their claims are stronger or they could achieve a recovery greater than others. This is false—just the opposite is true when all laws are considered. This misconception has led to an inadequate and unreasonable schedule of benefits and generally underpays or overpays most class members. I believe the settlement agreement should consider the more powerful statutory damages and its claims benefits should be adjusted accordingly. It is unfair to those in states with better laws that the compensation does not reflect these differences. I do not want to be underpaid, nor do I want to be overpaid, and the Settlement Agreement recognizes that differences in state laws matter but it just got it wrong. The Settlement Agreement should accurately assess the strengths and weaknesses of claims, not arbitrarily consider only one aspect of damages. Decl. at 2. Based on a cursory review, consumers in these states would likely be underpaid under the Settlement Agreement: Alaska, Kansas, Michigan, Oklahoma, Oregon, Rhode Island, Utah, and West Virginia. Other states with both minimum statutory damage requirements and trebles could be harmed (e.g., New York). Adjusting the Settlement Agreement by adding or creating one more level—essentially, implementing or adopting a

four-tier approach or an approach proportionate with potential recoveries—could benefit their consumers just as it would for those with minimum statutory damage amounts only.[1]

To summarize, I believe the settlement agreement should be modified to consider minimum statutory damage requirements and then the claims benefits should be adjusted accordingly. The current distribution approach has blind spots that keep it from being fair, reasonable, and adequate. These can be rectified, and counsel is prepared to assist with any efforts to improve the terms of the Settlement Agreement. If these are not cured, the settlement should be rejected.

The Declaration of G. K. Carey is submitted to support the objection, and is attached as Exhibit A hereto.

Objector or her counsel, Amy Wilkins, who will be entering her appearance, intends to appear at the Final Approval Hearing.

Dated this 15th day of April, 2016.

*[signature]*

Gretchen K. Carey, *Pro Se*
Contact Information, via counsel:
Amy M. Wilkins (Arizona Bar #022762)
THE WILKINS LAW FIRM PLLC
1197 East Oak Street
Phoenix, Arizona 85006
Telephone: (602) 795-0789

---

[1] Some states require a heightened proof for the recovery, such as willful conduct, but that is true for both trebles and statutory minimum amounts.

## CERTIFICATE OF SERVICE

I certify that on April 15, 2016, I served the original of the foregoing by depositing the same in the United States mail in Phoenix, Arizona, First Class postage prepaid, addressed to:

Justice Class Action Objections
P.O. Box 3240
Portland, OR 97208-3240

and copies were deposited on April 15, 2016, in the United States mail in Phoenix, Arizona, First Class postage prepaid, addressed to:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of<br>Pennsylvania<br>601 Market Street<br>Room 2609<br>Philadelphia, PA 19106 | PIETRAGALLO GORDON ALFANO<br>BOSICK & RASPANTI, LLP<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br><br>MANSOUR GAVIN LPA<br>1001 Lakeside Avenue, Suite 1400<br>Cleveland, Ohio 44114 | Gregory T. Parks<br>MORGAN, LEWIS &<br>BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |

_____
Gretchen K. Carey, *Pro Se*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| Carol Rougvie, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Ascena Retail Group, Inc., *et al.*,<br><br>　　　　　　Defendants. | Civ. No. 2:15-CV-00724-MAK<br><br>DECLARATION OF GRETCHEN K. CAREY IN SUPPORT OF OBJECTION TO CLASS ACTION SETTLEMENT IN *ROUGVIE ET AL. V. ASCENA RETAIL GRP., INC. ET AL.* |

I, GRETCHEN K. CAREY, declare:

1. I submit this Declaration in Support of Objection to Class Action Settlement. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I am appearing *pro se* but can be contacted through my counsel, Amy Wilkins, who intends to file a notice of appearance on my behalf:

　　Amy M. Wilkins (Arizona Bar #022762)
　　THE WILKINS LAW FIRM PLLC
　　1197 East Oak Street
　　Phoenix, Arizona 85006
　　Telephone: (602) 795-0789

3. I reside in Scottsdale, Arizona, but frequently travel to Colorado and Oregon with or to see family.

4. I was not provided an access code or notification card.

5. I purchased children's apparel, fashion accessories, or other products from Defendant, paying cash for my items, on at least six occasions during the period January 1, 2012, to February, 28, 2015, including one in Arizona in September 2014 and one in Oregon during

this period. The settlement, if approved would release all claims of Settlement Class Members, which means "all individuals throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012, to February 28, 2015." Settlement Agreement, at 15. Based on my review of the claims website and documents, the settlement sets up a claims process for both those who received a "Direct Notice"—meaning someone who received a notice based on the records of the Defendant—and those who did not. For those who did not receive a Direct Notice, the process requires, as the Settlement Agreement states, a "Claim Form with proof of purchase (receipt, bank statement or credit card statement) demonstrating that Claimant made at least one purchase from Justice during the [specified period]." This requirement excludes cash payers from even applying for, let alone receiving, benefits under the settlement. The website accordingly requires the uploading of the requested documents before permitting a claim to be made. Yet, though cash payers are included in the class definition and their claims would be released by the Settlement, they either cannot participate or cannot receive any benefit under the terms of the Settlement for cash purchases for which there is no receipt. I object because the Settlement seeks to release cash payers' claims and offers them nothing if they have no written records.

      6.     I also object to the Settlement Agreement's failure to consider state laws addressing consumer protection minimum recoveries and unreasonably and unfairly considering only the impact of treble damage clauses. The settlement agreement should consider the more powerful statutory damages and its claims benefits should be adjusted accordingly. It is unfair to consumers in states with better laws to not have the proposed compensation reflect these differences. I do not want to be underpaid, nor do I want to be overpaid. I want the settlement to

accurately assess the strengths and weaknesses of my claim, not arbitrarily consider only one aspect of damages.

7. At this point, I intend to appear at the Final Approval Hearing, but my attorney may appear for me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2016.

_____
GRETCHEN K. CAREY

## CERTIFICATE OF SERVICE

I certify that on April 15, 2016, I served the original of the foregoing by depositing the same in the United States mail in Phoenix, Arizona, First Class postage prepaid, addressed to:

Justice Class Action Objections
P.O. Box 3240
Portland, OR 97208-3240

and copies were deposited on April 15, 2016, in the United States mail in Phoenix, Arizona, First Class postage prepaid, addressed to:

| COURT | PLAINTIFFS' COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Eastern District of<br>Pennsylvania<br>601 Market Street<br>Room 2609<br>Philadelphia, PA 19106 | PIETRAGALLO GORDON ALFANO<br>BOSICK & RASPANTI, LLP<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br><br>MANSOUR GAVIN LPA<br>1001 Lakeside Avenue, Suite 1400<br>Cleveland, Ohio 44114 | Gregory T. Parks<br>MORGAN, LEWIS &<br>BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103 |

Gretchen K. Carey, *Pro Se*