1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| CAROL ROUGVIE, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>ASCENA RETAIL GROUP, INC. d/b/a<br>JUSTICE STORES<br><br>and<br><br>TWEEN BRANDS, INC. d/b/a JUSTICE<br>STORES,<br><br>                    Defendants. | NO. 2:15-CV-00724-MAK<br><br><br>OBJECTION OF STEPHEN CASSIDY TO<br>MOTIONS FOR FINAL APPROVAL OF<br>SETTLEMENT AND ATTORNEYS' FEES<br>WITH DECLARATION AND PROOF OF<br>SERVICE |



FILED

APR 1 8 2016

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## STATEMENT OF FACTS

I received a postcard from the Justice Class Action settlement with the Access Code 3086908063960. My wife Amy Cassidy received a similar postcard with the Access Code 6463834304669. Together we purchased $874.21 in clothing and merchandise from Justice store No. 0611 in San Leandro, California, where we reside, during the class period. The purchases were as follows:

| | |
|---|---|
| 4-Feb-12 | $54.87 |
| 6-May-12 | $89.53 |
| 22-Jun-12 | $41.06 |
| 25-Jun-12 | $25.50 |
| 12-Nov-12 | $141.79 |
| 2012 Total | $352.75 |

| | |
|---|---|
| 6-Mar-13 | $81.07 |
| 8-Mar-13 | $19.01 |
| 12-Jul-13 | $10.93 |
| 12-Jul-13 | $21.27 |
| 18-Aug-13 | $30.17 |
| 18-Aug-13 | $143.88 |
| 14-Oct-13 | $17.25 |
| 14-Oct-13 | $102.56 |
| 15-Oct-13 | $9.55 |
| 2013 Total | $435.69 |

| | |
|---|---|
| 12-Jan-14 | $23.40 |

| | |
|---|---|
| 19-Aug-14 | $55.10 |
| 3-Sep-14 | $35.27 |
| 2014 Total | $113.77 |
| **Class Total** | **$874.21** |

We also purchased $727.60 in clothing and merchandise from Justice store No. 0611 in San Leandro, California, before and after the class period. The purchases were as follows:

| | |
|---|---|
| 5-Jul-11 | $36.42 |
| 5-Jul-11 | $148.44 |
| 16-Aug-11 | $165.68 |
| 26-Aug-11 | $62.13 |
| 29-Aug-11 | $38.70 |
| 24-Oct-11 | $21.53 |
| 24-Oct-11 | $58.20 |
| 24-Oct-11 | $7.82 |
| 8-Nov-11 | $140.61 |
| 10-Nov-11 | $34.88 |
| 2011 Total | $714.41 |

| | |
|---|---|
| 23-May-15 | $13.19 |
| **Non Class Total** | **$727.60** |

## OBJECTIONS

1. <u>The settlement shortchanges California residents</u>. The original complaint was filed on February 12, 2015. The first claim for relief asserts a claim under California's Unfair

Competition Law, Business & Professions Code Section 17200.  The statute of limitations under Section 17200 is *four* years.  Cal. Bus. & Pro. Code Section 17208.  The class period, for California class members, should have been listed in the complaint as commencing on February 12, 2011.  No responsible and competent consumer attorney would reduce the class period to less than the period covered by the statute of limitations.  Yet, that is what has occurred here.  The class period starts on January 1, 2012.  Justice operates 72 stores throughout California. (http://www.shopjustice.com/).  As such, tens of millions of dollars in damages were eliminated from the complaint by class counsel.  My wife and I purchased $714.41 in merchandise from one Justice store in San Leandro, California, in 2011.  The settlement should be rejected.  A subclass of California consumers should be created and represented by separate counsel to seek the full extent of damages California class members are entitled to under California law.

   2. <u>The settlement shortchanges consumers nationwide that purchased merchandise and clothing from Justice in 2015</u>.  The class period ends on February 28, 2015.  No evidence exists that as of March 1, 2015, Justice ceased its deceptive business practices.  The class period should extend to at least the date the parties entered into the settlement agreement.

   3. <u>The settlement amount is grossly inadequate</u>.  In its latest 10-Q report, dated March 1, 2016, Ascena Retail Group, Inc., states that it experienced a net decrease in sales at its Justice store of "a $66.0 million, or 17%, in comparable sales during the three months ended January 23, 2016, mainly as a result of an anticipated decrease in customer transactions, which was caused by the elimination of store-wide promotional activity. As a result of the new promotional strategy at Justice, the negative trend is expected to continue for the remainder of Fiscal 2016." https://biz.yahoo.com/e/160301/asna10-q.html).  This statement provides the Court strong evidence of the ill-gotten gains Justice generated through its omnipresent false sales pricing.  Absent the illegal sales strategy in just three months Justice sales dropped by $66 million.  Over the course of the class period, the damages incurred by the class numbered in the hundreds of millions of dollars given that the revenue Ascena annually obtains from its Justice stores exceeds $1 billion.  It is uncertain whether class counsel ever retained an expert to calculate

damages.  Its essential that such evidence be presented to the Court to determine the fairness of the settlement.  In the absence of such evidence, the $27 million allocated to the class is grossly inadequate compared to the damages the class incurred.

4.     The settlement omits critically important injunctive relief.  Justice engaged in an aggressive, systematic, and nationwide fraud.  We shopped at our local Justice store when it advertised a sale, as the store regularly had sales.  No rational consumer ever bought regularly priced items at Justice.  What we, and millions of other parents and teenage girls who patronized Justice stores, did not know was that Justice's sales were an illusion.  Justice's false sales were the basis of the company's entire marketing.  Justice will continue to seek to entice customers to shop at the store based upon purported sales.  Justice must be enjoined from making false, misleading, and illegal representations that its merchandise and clothing is highly discounted when in fact the "sales" price is the actual price.  Any meaningful settlement requires that this Court be provided ongoing jurisdiction to review Justice's price and sales advertising, and the methodology it uses for advertising sales.

5.     A reversion of settlement proceeds to Defendants is fundamentally unfair.  Not only is the settlement amount far too small compared to the economic harm the class suffered, if the volume of claims submitted is too low, which will likely be the case, the settlement provides that Defendants receive the unclaimed funds.  If the Court were to find the settlement amount adequate, at a minimum, it should insist that any remaining settlement proceeds, and the interest earned on the funds, be distributed on a pro rata basis to all class members that submitted claims for cash payments.

6.     The amount of attorneys' fees sought is grossly excessive.  Class counsel fails to make a showing that they expended considerable time and resources in investigating and litigating this action.  No fact or expert depositions were taken.  A mere 3,131 pages of documents were produced.  The docket is devoid of any substantive, contested motions.  No briefing for class certification was prepared.  The requested fee is grossly disproportionate to counsel's lodestar.  At most this case would have consumed the time of three attorneys working

-4-

full time for one year.  It appears the complaint was filed and parties immediately focused on reaching a low value, nationwide settlement that provided plaintiffs' counsel an unjustified windfall in attorneys' fees.  If the Court were to approve the settlement, it should limit the attorneys' fees to the lodestar with no multiplier, and shift the balance of funds to the class members that submitted claims.

7.     The amount of incentive awards is so excessive as to render the class representatives inadequate.  Class representatives are to represent the interest of all members of the class and must consider the interests of all class members just as they would consider their own interests.  This is impossible when the incentive award offered to the class representatives dwarfs both the injury class members suffered and the claim they may make under the settlement. Most class members will receive a voucher for $10, $20 or $30 to shop at Justice stores, whether or not they still wish to patronize the store.  A fraction of all class members – and none of the class representatives - will receive cash payments in excess of $100.  Yet, the class representatives are each entitled to $6,000 payment under the settlement.  Their support for the settlement has been purchased by class and defense counsel.  None of the class representatives were deposed or subjected to any litigation demands.  The settlement offers the class representative a substantial, unjustified windfall for merely approving for signing the agreement. If the class representatives considered the interests of class members they would have rejected the settlement as grossly deficient given the assets and revenues Defendants earned during the class period from their deceptive business practices.

Dated: April 15, 2016

Respectfully submitted,

Stephen Cassidy (in pro per)
778 Joaquin Avenue
San Leandro, CA 94577
stephenhcassidy@gmail.com
510-414-2145

-5-

# DECLARTION OF STEPHEN CASSIDY

I, Stephen Cassidy, hereby declare:

1.  I received a postcard from the Justice Class Action Settlement stating my access code to make a claim under the settlement is 3086908063960.  My wife received a similar postcard with the access code of 6463834304669.

2.  The following charges were incurred at the Justice store No. 0611 in San Leandro, California, where I reside, and recorded in electronic credit statements in my possession for joint credit card accounts held by myself and my wife Amy Cassidy during the class period:

| 4-Feb-12 | $54.87 |
|---|---|
| 6-May-12 | $89.53 |
| 22-Jun-12 | $41.06 |
| 25-Jun-12 | $25.50 |
| 12-Nov-12 | $141.79 |
| 2012 Total | $352.75 |

| 6-Mar-13 | $81.07 |
|---|---|
| 8-Mar-13 | $19.01 |
| 12-Jul-13 | $10.93 |
| 12-Jul-13 | $21.27 |
| 18-Aug-13 | $30.17 |
| 18-Aug-13 | $143.88 |
| 14-Oct-13 | $17.25 |

| | |
|---|---|
| 14-Oct-13 | $102.56 |
| 15-Oct-13 | $9.55 |
| 2013 Total | $435.69 |

| | |
|---|---|
| 12-Jan-14 | $23.40 |
| 19-Aug-14 | $55.10 |
| 3-Sep-14 | $35.27 |
| 2014 Total | $113.77 |
| **Class Total** | **$874.21** |

**3.** The following charges were incurred at the Justice store No. 0611 in San Leandro, California, where I reside, and recorded in electronic credit statements in my possession for joint credit card accounts held by myself and my wife Amy Cassidy outside the class period:

| | |
|---|---|
| 5-Jul-11 | $36.42 |
| 5-Jul-11 | $148.44 |
| 16-Aug-11 | $165.68 |
| 26-Aug-11 | $62.13 |
| 29-Aug-11 | $38.70 |
| 24-Oct-11 | $21.53 |
| 24-Oct-11 | $58.20 |
| 24-Oct-11 | $7.82 |
| 8-Nov-11 | $140.61 |
| 10-Nov-11 | $34.88 |

| | |
|---|---|
| 2011 Total | $714.41 |

| | |
|---|---|
| 23-May-15 | $13.19 |
| **Non Class Total** | **$727.60** |

While I strongly object to this settlement believe the Court should appoint new class counsel to litigate the case, given the expense of air travel, I do not intend to appear in person at the final approval hearing.

I make this declaration under penalty of perjury under the laws of the United States of America. This declaration was executed on April 15, 2016, in San Leandro, California.

Stephen Cassidy

## PROOF OF SERVICE

I hereby declare under penalty of perjury under the laws of the United States of America that on April 15, 2016, I caused to be served, via first class U.S. mail, the attached objection and declaration of Stephen Cassidy to the following persons/law firms:

Clerk of the Court

U.S. District Court for the Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

Gregory Parks

Morgan, Lewis & Bockius LLP

1701 Market Street

Philadelphia, PA 19103

FILED

APR 18 2016

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP

1818 Market Street, Suite 3402

Philadelphia, PA 19103

Mansour Gavin LPA

1001 Lakeside Avenue, Suite 1400

Cleveland, Ohio 44114

This declaration was executed on April 15, 2016, in San Leandro, California.

Stephen Cassidy

-9-