# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carol Rougvie, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Ascena Retail Group, Inc., et al., <br><br> Defendants. | COMPLAINT - CLASS ACTION <br><br> JURY TRIAL REQUESTED <br><br> CIV. NO. 2:15-cv-00724-MAK |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell and Tiffany Bolton ("Plaintiffs"), by and through their attorneys: Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin, LPA, and Edward Westlow, Esq. ("Class Counsel") hereby request that the Court award Class Counsel fees based on a percentage of the recovery made available to the Class.

### I.  INTRODUCTION

If this Court validates the fairness of the proposed nationwide settlement of the Justice Class Action, that settlement will accomplish the following:

1. A $50.8 million cash fund ("Cash Common Fund"), comprised of $27.8 million to fund cash and voucher claims, $9.3 million in administration expenses ("Administration Expenses"), and up to $14.1 million in attorneys' fees; and

2. The distribution of automatic vouchers, of which the "gift-card-like" vouchers are to be sent to 7.1 million Class Members in the Treble Recovery states, with an estimated value of $212 million ("Treble Recovery Common Fund");

and the remaining vouchers sent to approximately 9,143,807 Class Members in Limited and Single Recovery states, with an additional estimated value of $166 million.

Given the magnitude of the $50.8 million Cash Common Fund and the Treble Recovery Common Fund, and the additional potential magnitude of the Limited and Single Recovery vouchers, Class Counsel submits that it would be proper, fair and equitable to award fees in one of two manners. Plaintiffs respectfully request that the Court consider either of the following attorneys' fees awards:

A. Fees based on 27.8% of the $50.8 million Cash Common Fund, which is $14,111,455.85; or alternatively

B. Fees based on 25% of the approximately $37.1 million earmarked for funding the cash and voucher claims and the Administration Expenses, together with a fee based on 2% of the $212 million value of the Treble Recovery Common Fund, or $4,240,000; and reserve $596,455.85 for attorney's fees relating to the redemption of more than 2% of the Treble Recovery state gift-card-like vouchers and the entirety of the Single and Limited Recovery vouchers.

That Class Counsel has achieved a Settlement that justifies an award of attorneys' fees at a maximum of 27.8% is clear and certain.

Moreover, notwithstanding the clear and certain value of the Cash Common Fund created by Class Counsel, when provided with the Claims Administrator's recommendation to conduct a Supplemental Notice, Class Counsel agreed to reduce its maximum fee by nearly $900,000 to accommodate the additional costs for mailing and administrating the Supplemental Notice. It is with that very same attitude of fairness toward the Class that Class Counsel submits this

Memorandum in Support of its Motion for Award of Attorneys' Fees, Expenses and Incentive Awards.

## II. BACKGROUND

In the Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards, (ECF Doc. No. 99), Plaintiffs ask for an award of attorneys' fees based on the "percentage-of-recovery" approach. Specifically, Plaintiffs requested 27.8% of the $50.8 million Cash Common Fund, or $14,111,455.85. However, during the discussion of Class Counsel's Motion for Attorneys' Fees at the May 20, 2016 hearing, the Court initiated a dialogue regarding allocating fees in part on a "lodestar" analysis, and whether the fee-shifting provisions of the state consumer protection statutes that form the basis of the underlying Complaint require application of the lodestar analysis. As stated in more detail below, based on the clear guidance provided by the Third Circuit, Plaintiffs believe that the percentage-of-recovery approach is the proper basis for awarding attorneys' fees in this matter.

## III. DISCUSSION

### A. In "Common Fund" Class Action Cases, the Third Circuit Bases the Award of Attorneys' Fees On The Percentage-of-Recovery Rather Than the Lodestar Analysis

In common fund cases in the Third Circuit (as well as throughout the country), the percentage-of-recovery approach is the preferred framework for evaluating requests for attorneys' fees. Generally, there are two methods that courts use in assessing the reasonableness of attorneys' fees—the percentage-of-recovery method and the lodestar method. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 176 (3d Cir. 2013). Although the choice of method ultimately relies on the discretion of the trial judge, the Third Circuit has stated that "each method has distinct advantages for certain kinds of actions, which will make one of the methods

more appropriate as a primary basis for determining the fee." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 (3d Cir. 1995). While the lodestar method is generally appropriate in fee-shifting cases involving relief of little monetary value, *id.* at 821, the percentage-of-recovery approach is better suited to common fund cases, as it ensures that the class is not unjustly enriched by not having to compensate counsel for the valuable relief their work bestowed on the class, *Id.* Therefore, "a court making or approving a fee award should determine what sort of action the court is adjudicating and then primarily rely on the corresponding method of awarding fees." *Id*.

The Supreme Court has long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). Under the percentage-of-recovery method a court must (1) value the proposed settlement and (2) decide what percentage of the proposed settlement should be awarded as attorneys' fees. *Id*. at 811. The logic of this approach is rooted in equity principles – the idea being that the class, having reaped the benefits of the lawsuit, must also share in the burden of its cost. *See Boeing* 444 U.S. at 478 (holding that the percentage-of-recovery approach in common fund cases "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense").

The percentage-of-recovery method "is generally favored in common fund cases because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) (internal quotations and citations omitted). *See also, In re Nutella Mktg. & Sales Prac. Litig.*, 589

Fed. Appx. 53 (3d Cir. 2014) (affirming award of attorneys' fees based on percentage-of-recovery in common fund case based on consumer fraud allegations); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) (common fund case using percentage-of-recovery approach to award attorneys' fees); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 292 (3d Cir. 1998) (confirming trial court's view that percentage-of-recovery analysis was appropriate in common fund settlement).

The lodestar method, in contrast, is typically applied in statutory fee-shifting cases where no common fund has been made available and "reward[s] counsel for undertaking socially beneficial litigation in cases where the expected relief has a small enough monetary value that a percentage-of-recovery method would provide inadequate compensation." *In re Rite Aid*, 396 F.3d at 300 (internal quotations and citations omitted). *See, e.g., Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241 (E.D. Pa. 2011) (awarding attorneys' fees in FCRA case of $65,000 where the settlement was valued at $48,820). Civil rights cases are paradigmatic examples of instances where the lodestar analysis is applied. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554-55 (2010) (class action brought under § 1983 alleging foster child services in two Georgia counties were inadequate). Courts also recognize that the lodestar method is appropriate where the nature of the recovery "does not allow the determination of the settlement's value necessary for application of the percentage-of-recovery method." *In re Prudential Ins.*, 148 F.3d at 333 (internal citation omitted). *See, e.g., Weber v. Gov't Emp. Ins. Co.*, 262 F.R.D. 43, 450 (D.N.J. 2009) (adopting lodestar approach where settlement provided for prospective compensation for medical expenses in excess of limits provided in class members' policies but there was no common fund and the value of the settlement evaded precise calculation).

Under the lodestar method, attorney's fees are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Washington v. Phila. Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community. *Id*. The result of the lodestar calculation is strongly presumed to yield a reasonable fee. *Id*. In consequence, the United States Supreme Court has recently affirmed that *increasing* the result of the lodestar using a "multiplier" or some other method is *exceedingly* rare. *See Perdue*, 559 U.S. at 554-55 (rejecting enhancement of lodestar amount based on quality of representation and superior results obtained and holding that circumstances in which lodestar fee is inadequate are "rare" and "exceptional," requiring specific evidence that the lodestar fee would not have been adequate to attract competent counsel).

Here, even if the lodestar analysis were appropriate, the myriad of disparate fee-shifting provisions in the operative state consumer protection laws make the lodestar approach impracticable. While such provisions are mandatory under the consumer protection laws of some states, *see, e.g.,* Cal. Civ. Code Ann. § 1780, other states make them discretionary, *see, e.g.,* Ind. Code §24-5-0.5-4, and still others require a specific finding of willfulness, *see, e.g.,* Me. Rev. Stat. Tit. 10, § 1213. Additionally, other states, such as Delaware, have consumer protection laws which do not provide for attorneys' fees. *See, e.g., Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1078 (Del. 1983). And still other states, such as Alabama, do not allow private class actions to be brought under their consumer protection statutes at all. Ala. Code § 8-19-10(f).

Additionally, even though this is a case involving statutes with fee-shifting provisions, federal courts largely adhere to the precept that the percentage-of-recovery framework *also*

applies in cases involving statutory fee shifting claims when a common fund has been agreed to in *advance* of judgment. *In re TRS Recovery Services, Inc. and Telecheck Services, Inc., Fair Debt Collection Practices Act (FDCPA) Litig.,* 2:13-MD-2426-DBH, 2016 WL 543137, at *8 n. 19 (D. Me. Feb. 10, 2016) (noting in a case brought under the FDCPA and Maine consumer protection laws that "generally the circuits have agreed that common fund principles govern where a fee-shifting case settles in advance of judgment"). *See also Staton v. Boeing Co.*, 327 F.3d 938, 967–68 (9th Cir. 2003) (concluding in a class action brought under Title VII and 42 U.S.C. § 1981 that there is "no preclusion on recovery of common fund fees where a fee-shifting statute applies"); *Skelton v. General Motors Corp.,* 860 F.2d 250, 256 (7th Cir.1988) (holding in a class action brought under the Magnuson-Moss Act that "when a settlement fund is created in exchange for release of the defendant's liability both for damages and for statutory attorneys' fees, equitable fund principles must govern the court's award of the attorneys' fees."); *Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1327 (2d Cir. 1990) (holding in class action brought under federal RICO statute that "fee-shifting statutes are generally not intended to circumscribe the operation of the equitable fund doctrine").

The Third Circuit likewise follows this approach. *See Brytus*, 203 F.3d at 246-47 (holding in ERISA class action that common fund fees can be appropriate in both settled and litigated cases even where statutory fees are available) ("When there has been a settlement, the basis for the statutory fee has been discharged, and it is only the fund that remains."). *In re Diet Drugs* is illustrative. 582 F.3d 524 (3d Cir. 2009). In that case, the Third Circuit rejected the position that attorneys' fees should be assessed under the lodestar analysis simply because consumer fraud statutes with statutory fee-shifting provisions were involved, since defendant "voluntarily undertook the process of compensating opposing counsel, by establishing and funding various

escrow accounts dedicated to the payment of claimants' legal costs." *Id*. at 540. As a result, the Third Circuit held that the case fell under the common fund doctrine and that the percentage-of-recovery method was the more appropriate approach. *Id*.

Thus, under *Diet Drugs* and its progeny, if a class-action is brought under a fee-shifting statute but resolved through settlement, the fees should be calculated based on the percentage-of-recovery approach if (1) the benefits can be valued; (2) compensation to the class and to counsel comes from the same source; and (3) the source has agreed to pay counsel's fees. 582 F.3d 524; *O'Brien v. Brain Research Labs, LLC*, Civ. A. No. 12-204, 2012 WL 3242365 (D.N.J. Aug. 9, 2012); *Dewey v. Volkswagen of Am.*, 728 F. Supp. 2d 546, 588 (D.N.J. 2010) (reversed on other grounds) (noting in a case brought under New Jersey consumer fraud statute that "[i]f . . . the fee award has occurred as a result of the parties' private agreement in a federal class action settlement, no fee shifting occurs."). *See also, In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 456 (E.D. Pa. 1995) ("The fact that this case was brought under ERISA, a fee-shifting statute, does not preclude recovery of attorneys' fees from the common fund that arose from settlement. Fee-shifting statutes should not circumscribe the operation of the common fund doctrine unless that operation conflicts with an intended purpose of the statute.") (citing *Suffolk*, 907 F.2d at 1327).

The facts here fall squarely within the holding in *Diet Drugs*: while this class action was brought under state consumer protection laws, some but not all of which contain fee-shifting provisions, *see supra*, the case was settled by agreement of the litigants; benefits of the settlement can be valued; Defendants are compensating both the Class and Class Counsel from the same common fund; and Defendants have agreed to pay Class Counsel's fees as part of the

settlement. As a result, the percentage-of-recovery is the proper method for assessing Class Counsel's request for fees.

More broadly, given that this is a common fund case, Class Counsel asks the Court to follow the prevailing precedent and adopt the percentage-of-recovery analysis. Class Counsel has negotiated a $50.8 million Cash Common Fund for the Class. Additionally, if the Settlement is approved, vouchers valued at approximately $378 million will be sent automatically to the Class, including $212 million in gift-card like vouchers to Class Members in the Treble Recovery states.[1]

The Third Circuit, following long-established Supreme Court precedent, endorses the percentage-of-recovery approach in common fund cases like the one because it fairly and appropriately results in every Class Member equally contributing their share to Class Counsel's attorneys' fees, just as the Class equally and proportionally shares in the significant settlement Class Counsel achieved on their behalf. Given the enormous settlement fund Class Counsel has obtained for the Class, the equity principles underlying the percentage-of-recovery approach clearly govern here. *See Boeing, supra.*

In conclusion, the facts of the proposed settlement, supported by the case law, appropriately call for applying the percentage-of-recovery approach in assessing attorneys' fees.

B.     **The Court Has the Authority to Bifurcate Its Fee Award**

In their Motion for Award of Attorneys' Fees, Expenses and Incentive Awards (ECF Doc. No. 99), Plaintiffs asked that they be awarded 27.8% of the $50.8 million Cash Common Fund they secured on behalf of the class, or $14,111,455.85. Class Counsel remain confident that well-established precedent entitles the Court to award them that amount. *See, e.g.,* Plaintiffs'

---

[1] In the Third Circuit, the standard percentage range applied is between 25% and 33%. *See* Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards, (ECF Doc. No. 99).

9

Motion for Award of Attorneys' Fees (ECF Doc. No. 99).

However, in light of *Baby Products*, and its emphasis on value to the Class as the overriding concern in settlement and fee approval, Plaintiffs alternatively propose the following structure. The Court award Class Counsel:

> (a) 25% of the $37.1 million earmarked for funding the cash and voucher claims and administering the settlement;
>
> (b) 2% of the $212 million Treble Recovery Common Fund, which is $4.2 million, upon granting final approval (all pursuant to the schedule provided in the Court's Order) – representing 26.5% of the $50.8 million Cash Common Fund.; and
>
> (c) The Court may then award Class Counsel the remaining $596,455.85 based on the redemption rates of more than 2% of the Treble Recovery vouchers and the entirety of the Single and Limited Recovery vouchers.

Because the $30 vouchers require no additional out-of-pocket expense, they are more akin to gift cards then coupons, and therefore CAFA's requirement that any portion of attorneys' fees attributable to an award of coupons be based "on the value to class members of the coupons that are redeemed", 28 U.S.C. § 1712(a), is inapplicable. *See, e.g., Reibstein v. Rite Aid Corp.,* 761 F.Supp.2d 241, 255-56 (E.D. Pa. 2011) (holding that $20 gift card is not a coupon). *See also, Seebrook v. Children's Place Retail Stores, Inc.,* C 11-837 CW, 2013 WL 6326487, at *2 (N.D. Cal. Dec. 4, 2013) ("because much of the merchandise at Children's Place stores is priced for purchase at ten dollars or less, class members do not need to spend money in order to realize the settlement benefit. Accordingly, the Court finds that the ten dollar certificate is not a coupon and

thus does not trigger the provisions of 28 U.S.C. § 1712."); *Foos v. Ann, Inc.,* 11CV2794 L MDD, 2013 WL 5352969, at *2 (S.D. Cal. Sept. 24, 2013) ("The distinction between a coupon and a voucher is that a coupon is a discount on merchandise or services offered by the defendant and a voucher provides for free merchandise or services."); *Chakejian v. Equifax Info. Servs.,* LLC, 275 F.R.D. 201, 215 n. 17 (E.D. Pa. 2011) ("I do not find this case [where credit monitoring is the relief provided by settlement] to present a coupon settlement, as class members do not have to purchase a product in order to obtain a benefit.").

While there is precedent that none of the vouchers are "coupons" for CAFA purposes,[2] since all Class Members had a choice between cash and voucher, if the Court views the single and Limited Recovery state vouchers as coupons, it could wait until the redemption rates for all vouchers, including the Limited and Single Recovery state vouchers, were known before deciding whether to award Class Counsel the remaining $596,455.85. Additionally, dividing the attorneys' fees into pre-established "tranches" is wholly within the discretion of the Court. *See, e.g., In re Prudential Ins.*, 148 F.3d at 292 (approving trial court's decision to award attorneys' fees in two parts based on known and future claims).

## IV. **CONCLUSION**

For the reasons cited, Plaintiffs respectfully request that this Court apply the percentage-of-recovery methodology to Class Counsel's fee petition and award them $14,111,455.85 in fees and expenses.

---

[2] *See, e.g., O'Brien*, 2012 WL 3242365 at *19 (finding no coupon settlement where class members were given an option between a coupon or cash).

Dated: May 31, 2016  Respectfully submitted,

BY: */s/ Kevin E. Raphael*
William Pietragallo, II, Esquire
Kevin E. Raphael, Esquire
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street
Suite 3402
Philadelphia, PA 19103
Tel: 215.320.6200
WP@pietragallo.com
KR@pietragallo.com

-and-

MANSOUR GAVIN LPA
Ernest Mansour, Esquire
Anthony Coyne, Esquire
Brendon P. Friesen, Esquire
emansour@mggmlpa.com
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523.1500

-and-

Edward J. Westlow, Esquire
EJW@Whitehall1756.us
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219-3532
(804) 780-0305

-and-

Robert Mansour, Esquire
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
(216) 514.3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

12

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Carol Rougvie, et al., | COMPLAINT - CLASS ACTION |
| Plaintiffs, | JURY TRIAL REQUESTED |
| v. | CIV. NO. 2:15-cv-00724-MAK |
| Ascena Retail Group, Inc., et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2016, true and correct copies of the foregoing were electronically filed and served on the following via the method indicated below:

### *VIA ELECTRONIC CASE FILING*

Daniel Goetz
Eric Kennedy
dgoetz@weismanlaw.com
ekennedy@weismanlaw.com
Weisman, Kennedy & Berris, CO., LPA
101 W. Prospect Ave. Midland Building Suite 1600
Cleveland, OH 44115
(216) 781-6747`

-and-

Gerard McCabe
Mitts Law, LLC
1822 Spruce St.
Philadelphia, PA 19103
(215) 866-0120

*Attorneys for Traynor-Lufkin Plaintiffs*

## OBJECTORS – VIA FIRST CLASS MAIL

Christopher Todd Cain
Scott & Cain
550 South Main Street, Suite 601
Knoxville, TN 37902

Gretchen K. Carey, pro se
c/o Amy M. Wilkins, Esq.
The Wilkins Law Firm PLLC
1197 East Oak Street Phoenix, AZ 85006

Stephen Cassidy
778 Joaquin Avenue
San Leandro, CA 94577

Zoe Marie Chavis
c/o 906 Jackson Valley Court
Bowie, MD 20721

David D. Dishman, Esq.
Law Offices of David Dishman, P.C.
224 Lewis Wharf
Boston, MA 02110

Marian Freund
2000 Chestnut Avenue, Unit 305
Glenview, IL 60025

Jean Harmon
212 South Fork Street
Jackson Center, OH 45334

Leah Harrington
3144 Mariannwood Drive
Port Neches, TX 77651

Steven F. Helfand
1400 SW 137th Avenue, Unit F112
Hollywood, FL 33027

David S. Hoiriis
5410 Highland Road
Minnetonka, MN 55345

Cindy Jacobs
2081 Vallejo Drive
Tustin, CA 92782

Richard & Leslie Johnson
N11936 County Road
L Tomahawk, WI 54487

Keena Jones 911
Kearsley Road
Sicklerville, NJ 08081

Lorena Kaplan
3725 Skyline Drive
Plano, TX 75025

David J. Kupstas
9313 Skyview Drive
Henrico, VA 23229

Deborah Love
8150 SW 143 Street
Miami, FL 33158

Vicki Mager
1218 N. 2155 W.
Clinton, UT 84015

Jeffrey Paul Nash
The Nash Group
31500 Gates Mills Boulevard
Pepper Pike, OH 44124

Catherine Russo
1160 Shirecliffe Lane
Knoxville, TN 37934

Melissa Schultz
2135 N. 4500 W.
Hooper, UT 84315

Leighan Sonnier
14 Oakleigh Boulevard
Beaumont, TX 77706

Pamela Sweeney
2590 Richardson Street
Madison, WI 53711

Michael N. Ungar
Ulmer & Berne
1100 Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113

David D. Yeagley
Ulmer & Berne
1100 Skylight Office Tower
1660 W. 2nd Street Cleveland, OH 44113

Beth Yoes
4615 Littlefield Street
Beaumont, TX 77706

By: */s/ Kevin E. Raphael*
    KEVIN E. RAPHAEL, ESQ.
    I.D. No. 72673
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 320-6200

    *Attorney for Plaintiffs*

3164633v2