**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION No. 15-724 |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

**POST-HEARING MEMORANDUM IN SUPPORT OF
PLAINTIFFS' AND DEFENDANTS' JOINT MOTION FOR FINAL APPROVAL AND
CLASS COUNSELS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES,
AND INCENTIVE AWARDS**

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton ("Plaintiffs"), by and through their attorneys Pietragallo Gordon Alfano Bosick & Raspanti, LLP, ("Pietragallo") Mansour Gavin, LPA, ("Mansour") and Edward J. Westlow, Esq. (collectively, "Class Counsel"), respectfully submit this Post-Hearing Memorandum in Support of Plaintiffs' and Defendants' Joint Motion for Final Approval of the Proposed Settlement and Class Counsels' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards.

**I.      SUPPLEMENTAL CLAIMS ADMINISTRATION REPORT**

The Claims Administrator has prepared a Supplemental Claims Administration Report for the Court, attached as Exhibit 1.  As of the close of business on May 20, 2016, the Claims Administration data is as follows:

Total Claims: 607,215

Total Option One Cash Claims: 407,517
Total Option One Voucher Claims: 161,677
Total Option One Claims: 569,194

Total Option Two Cash Claims: 23,261
Total Option Two Voucher Claims: 14,781
Total Option Two Claims: 38,042

Total Cash for Affirmative Claims: $10,036,310.10
Total Voucher Value for Affirmative Claims: $6,682,314.51
Total Value to Class from Affirmative Claims: $16,718,624.60. *Id.*

The breakdown of Option One and Option Two claims across the three recovery

categories are set forth in the following table:

|  | Limited Recovery | Single Recovery | Treble Recovery |
|---|---|---|---|
| Option One Cash Claims - # | 25,409 | 166,656 | 214,818 |
| Option One Cash Claims - $ | $177,863 | $2,166,528 | $4,296,360 |
| Option One Voucher Claims - # | 5,810 | 66,459 | 89,030 |
| Option One Voucher Claims - $ | $58,100 | $1,329,180 | $2,670,900 |
| Option Two Cash Claims - # | 1,794 | 10,583 | 10,819 |
| Option Two Cash Claims - $ | $212,327.69 | $1,500,978.02 | $1,664,980.50 |
| Option Two Voucher Claims - # | 971 | 6,719 | 7,026 |
| Option Two Voucher Claims - $ | $157,500.07 | $1,167,378.64 | $1,285,986.89 |

The average Option Two cash claim is $146.58. The average Option Two voucher claim

is $178.32. *Id.*

## II.     CLASS COUNSELS' SUPPLEMENTAL DECLARATIONS WITH SUMMARIES OF WORK

Class Counsels' updated total fees on this matter through May 20, 2016 are $3,335,125.85.   *See* Exhibit 2 (Supplemental Declarations of Pietragallo, Mansour, and Ed Westlow, Esquire).  For purpose of the lodestar cross-check, Class Counsels' updated fees now reflect a multiplier of 4.23.   As requested by the Court, Class Counsels' Declarations contain monthly summaries of work performed by Pietragallo, Mansour, Ed Westlow, Esquire, and Robert Mansour, Esquire. *Id.*

## III.     INCENTIVE AWARDS FOR REPRESENTATIVE PLAINTIFFS

Class Counsel attach, as Exhibit 3, Declarations describing the role of the Representative Plaintiffs in pursuing this litigation and accomplishing this settlement.

In summary, the Representative Plaintiffs, in varying degrees, assisted counsel as follows:   providing documentation of purchase histories, in order to prepare Complaints; providing information concerning the role of Justice "40% Off" sales in their purchasing decisions; providing information concerning their purchase patterns, and that of other Justice consumers; discussing settlement strategy; discussing Settlement Negotiations; reviewing and approving settlement in principle terms; reviewing and approving settlement agreement.

Accordingly, Class Counsel respectfully requests that Plaintiffs' and Defendants' Joint Motion for Final Approval of Settlement and Class Counsels' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards be granted.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By:    /s/ William Pietragallo, II
       WILLIAM PIETRAGALLO II, ESQ.
       KEVIN E. RAPHAEL, ESQ.
       I.D. Nos. 16413 and 72673
       1818 Market Street, Suite 3402
       Philadelphia, PA 19103
       (215) 320-6200

       MANSOUR GAVIN LPA
       ERNEST MANSOUR, ESQ.
       ANTHONY COYNE, ESQ.
       BRENDON P. FRIESEN, ESQ.
       emansour@mggmlpa.com
       acoyne@mggmlpa.com
       bfriesen@mggmlpa.com
       1001 Lakeside Avenue, Suite 1400
       Cleveland, OH 44114
       (216) 523-1500

       EDWARD J. WESTLOW, ESQ.
       Bank of America Center
       1111 East Main Street, 16th Floor
       Richmond, VA 23219-3532
       (804) 780-0305

       ROBERT MANSOUR, ESQ.
       23611 Chagrin Blvd., Suite 270
       Beachwood, Ohio 44122
       (216) 514-3127
       Rmansour@competitivetitle.com

       Attorneys for Plaintiffs

Date: May 31, 2016

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION No. 15-724 |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

This is to certify that on May 31, 2016, true and correct copies of the Post-Hearing Memorandum, was electronically filed and served on the following via the method indicated below:

### *VIA ELECTRONIC CASE FILING*

Gregory T. Parks
Ezra D. Church
Christopher J. Mannion
Morgan Lewis & Bockius
gparks@morganlewis.com
echurch@morganlewis.com
cmannion@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
(215) 963-5000

*Attorneys for Defendants*

Daniel Goetz
Eric Kennedy
dgoetz@weismanlaw.com
ekennedy@weismanlaw.com
Weisman, Kennedy & Berris, CO., LPA
101 W. Prospect Ave. Midland Building Suite 1600
Cleveland, OH 44115
(216) 781-6747

Gerard McCabe
Mitts Law, LLC
1822 Spruce St.
Philadelphia, PA 19103
(215) 866-0120

*Attorneys for Traynor-Lufkin Plaintiffs*

## <u>OBJECTORS – *VIA FIRST CLASS MAIL AND ECF* (for counsel who have entered their appearance)</u>

Christopher Todd Cain
Scott & Cain
550 South Main Street, Suite 601
Knoxville, TN 37902

Gretchen K. Carey, pro se
c/o Amy M. Wilkins, Esq.
The Wilkins Law Firm PLLC
1197 East Oak Street Phoenix, AZ 85006

Stephen Cassidy
778 Joaquin Avenue
San Leandro, CA 94577

Zoe Marie Chavis
c/o 906 Jackson Valley Court
Bowie, MD 20721

David D. Dishman, Esq.
Law Offices of David Dishman, P.C.
224 Lewis Wharf
Boston, MA 02110

Marian Freund
2000 Chestnut Avenue, Unit 305
Glenview, IL 60025

Jean Harmon
212 South Fork Street
Jackson Center, OH 45334

Leah Harrington
3144 Mariannwood Drive
Port Neches, TX 77651


Steven F. Helfand
1400 SW 137th Avenue, Unit F112
Hollywood, FL 33027

David S. Hoiriis
5410 Highland Road
Minnetonka, MN 55345

Cindy Jacobs
2081 Vallejo Drive
Tustin, CA 92782

Richard & Leslie Johnson
N11936 County Road
L Tomahawk, WI 54487

Keena Jones 911
Kearsley Road
Sicklerville, NJ 08081

Lorena Kaplan
3725 Skyline Drive
Plano, TX 75025

David J. Kupstas
9313 Skyview Drive
Henrico, VA 23229

Deborah Love
8150 SW 143 Street
Miami, FL 33158

Vicki Mager
1218 N. 2155 W.
Clinton, UT 84015

Jeffrey Paul Nash
The Nash Group
31500 Gates Mills Boulevard
Pepper Pike, OH 44124

Catherine Russo
1160 Shirecliffe Lane
Knoxville, TN 37934

Melissa Schultz
2135 N. 4500 W.
Hooper, UT 84315

Leighan Sonnier
14 Oakleigh Boulevard
Beaumont, TX 77706

Pamela Sweeney
2590 Richardson Street
Madison, WI 53711

Michael N. Ungar
Ulmer & Berne
1100 Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113

David D. Yeagley
Ulmer & Berne
1100 Skylight Office Tower
1660 W. 2nd Street Cleveland, OH 44113

Beth Yoes
4615 Littlefield Street
Beaumont, TX 77706

By:*/s/ Kevin E. Raphael*
    KEVIN E. RAPHAEL, ESQ.
    I.D. No. 72673
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    (215) 320-6200

    Attorney *for Plaintiffs*

3167087v1

4

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CAROL ROUGVIE, et al.

        Plaintiffs,

  v.                          CIVIL NO. 2:15-cv-00724-MAK

ASCENA RETAIL GROUP, INC., et al.,

        Defendants.

---

### Declaration of Frank Barkan

I, Frank Barkan, declare as follows:

1. I am Senior Director of RSM US LLP ("RSM") which was appointed to serve as Claims Administrator and I was principally responsible for overseeing the dissemination of notice to members of the Class.

2. This declaration is being provided as a supplement to the previously filed declarations of Frank Barkan dated May 4, 2016 and March 16, 2016 and includes Exhibit A which reports on claim activity through the close of business on May 20, 2016.

3. To insure continued compliance with the Court approved guidelines, RSM actively participated in the development and implementation of all administrative procedures. RSM also discussed with Counsel the potential utilization of alternative or additional processes that would possibly benefit the overall efficacy of the settlement.

I declare under penalty of perjury under the laws of the United States, and the State of Pennsylvania that the foregoing is true and correct and the this declaration was executed on May 27, 2016 in Blue Bell, Pennsylvania.

Frank Barkan
Senior Director
RSM US LLP

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL ROUGVIE, et al.** | |
| **Plaintiffs** | |
| **v.** | **CIVIL ACTION** |
| **ASCENA RETAIL GROUP, INC. d/b/a JUSTICE STORES** | **No. 2:15-cv-00724-MAK** |
| **and** | |
| **TWEEN BRANDS, INC. d/b/a JUSTICE STORES** | |
| **Defendants.** | |

## DECLARATION OF CHARLES MARR, ESQ.

I, Charles Marr, Esq., hereby declare and state as follows:

1. My name is Charles Marr, Esq. I am over the age of twenty-one and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a Project Manager employed by Epiq Class Action and Claims Solutions, Inc. ("Epiq"). Epiq was retained by RSM US LLP ("RSM"), the Court-approved Claims Administrator in the above-captioned case.

3. This declaration follows up on the *Declaration of Lauran Schultz*, filed on March 18, 2016, and the *Declaration of Cameron Azari*, filed on May 10, 2016, and will report on the breakdown of affirmative claims across categories of states and the award amounts claimed by class

members in the above-captioned case. The facts in this declaration are based upon what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## ADMINISTRATIVE ACTIVITY

4.  As of the close of business on May 20, 2016, Epiq has received 607,215 Claim Forms including 584,320 claims submitted via the website and 22,895 claims submitted via the P.O. Box. Per the Court's order of May 19, 2016, all claims filed or postmarked on or before May 20, 2016 are to be accepted as valid and timely submissions.

5.  The 607,215 claims submitted include: (1) 407,517 Option One cash reward claims; (2) 161,677 Option One voucher reward claims; (3) 23,261 Option Two cash reward claims; and, (4) 14,781 Option Two voucher reward claims. Note that these four figures sum to 607,236 or a variance of 21 claims compared to the 607,215 total claims received. This small variance is related to claimants who selected either no option or multiple options.

6.  Of the Option One cash reward claims, 25,409 fall into the Limited Recovery class for a total award of $177,863; 166,656 fall into the Single Recovery class for a total award of $2,166,528; and 214,818 fall into the Treble Recovery class for a total award of $4,296,360. Note that these three figures sum to 406,883 claims, or a variance of 634 claims compared to the 407,517 total claims received. This small 0.16% variance is related to claimants who selected Option One cash but did not provide a state of residence or are located outside the United States. The total value of Option One cash reward claims is $6,640,751.

7.  Of the Option One voucher reward claims, 5,810 fall into the Limited Recovery class

for a total award of $58,100; 66,459 fall into the Single Recovery class for a total award of $1,329,180; and 89,030 fall into the Treble Recovery class for a total award of $2,670,900. Note that these three figures sum to 161,299 claims, or a variance of 378 claims compared to the 161,177 total claims received. This small 0.23% variance is related to claimants who selected Option 1 voucher but did not provide a state of residence or are located outside the United States. The total value of Option One voucher reward claims is $4,058,180.

8.      Of the Option Two cash reward claims, several class members have filed high value claims up to one million dollars. Those high value claims likely will be ultimately denied due to inadequate proof. However, in order to provide an estimate for reporting purposes, a cap of $3,500.00 was applied to the claimed purchase amounts. After this $3,500 cap is applied, the total amount claimed is $24,253,993.56. The total cash reward, representing 14 percent of the total amount claimed, is $3,395,559.10. Of the Option Two cash reward claims, 1,764 fall into the Limited Recovery Class for a total award of $212,327.69; 10,583 fall into the Single Recovery class for a total award of $1,500,978.02; and 10,819 fall into the Treble Recovery class for a total award of $1,664,980.50. Note that these three figures sum to 23,166 claims, or a variance of 95 claims compared to the 23,261 total claims received. This small 0.41% variance is related to claimants who selected Option Two cash rewards but did not provide a state of residence or are located outside the United States.

9.      Of the Option Two voucher reward claims, several class members have filed high value claims up to half a million dollars. Those high value claims likely will be ultimately denied due to inadequate proof. However, in order to provide an estimate for reporting purposes, a cap of

$3,500.00 was applied to the claimed purchase amounts. After the $3,500 cap is applied, the total amount claimed is $13,120,672.56. The total voucher reward, representing 20 percent of the total amount claimed, is $2,624,134.51 Of the Option Two voucher reward claims, 971 fall into the Limited Recovery Class for a total award of $157,500.07; 6,719 fall into the Single Recovery class for a total award of $1,167,378.84; and 7,026 fall into the Treble Recovery class for a total award of $1,285,986.89. Note that these three figures sum to 14,716 claims, or a variance of 65 claims compared to the 14,781 total claims received. This small 0.44% variance is related to claimants who selected Option Two vouchers but did not provide a state of residence or are located outside the United States.

10.     The average amount claimed for Option Two cash claims is $1,046.97 for an average payout of $146.58. The average amount claimed for Option Two voucher claims is $891.59 for an average payout of $178.32.

11.     Based on current claim processing, the estimated total value of the claims is approximately $16.7 million including cash claims of $10,036,310.10 and voucher claims of $6,682,314.51. Because claim processing is ongoing and some claims are currently incomplete, the final payment amount likely will change. Note that these numbers exclude the value of automatic vouchers that will be sent to class members who made no claims.

12.     There remain 91,122 claims to be processed. These claims are largely composed of claims either that were late but now are timely per the Court's recent order or are potentially duplicate submissions that are being further processed to ensure that only one valid claim is paid per each Class Member, consistent with the Settlement Agreement. It is anticipated that claim

processing will conclude in July 2016. The total amount of cash and/or voucher claims may still increase, depending on the final review of Option Two proof of purchase information.

I declare under penalty of perjury under the laws of the United States, and the state of Oregon that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on May 27, 2016 in Beaverton, Oregon.

_____

Charles Marr, Esq.

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Carol Rougvie, et al.,          :
                                 :

        Plaintiffs         :

                                 :    CIVIL ACTION No. 15-724

      v.                  :

                                 :

Ascena Retail Group, Inc., et al.    :

                                 :

        Defendants      :

## SUPPLEMENTAL DECLARATION OF WILLIAM PIETRAGALLO, II
## IN SUPPORT OF PLAINTIFFS'
## MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES
## AND INCENTIVE AWARDS

I, William Pietragallo, II, declare as follows:

1.     I am a partner and Managing Partner of the law firm, Pietragallo Gordon Alfano Bosick & Raspanti, LLP ("Pietragallo"). My firm worked on behalf of Plaintiffs and the Class in this litigation. I make this Supplemental Declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. I am over the age of 18, competent to testify including senior and personal knowledge as to the facts set forth in this Supplemental Declaration and, if called upon to do so, I could and would testify to them.

2.     The time and expenses that Pietragallo expended on this case were logged and recorded on a daily basis, and formatted collectively on a monthly basis in the ordinary course of our business. Only the time and expenses that my law firm expended on this case are being submitted in connection with this Supplemental Declaration.

3.     My firm has expended and recorded 2,720.5 hours on this case, from its inception through May 20, 2016. My firm's blended hourly rate is $537, comprised of the hourly rates charged for each professional staff member including senior and junior partners, associates, paralegals and clerks in effect at the time the work was performed and consistent with the applicable locale. Accordingly, as of May 20, 2016, the total Loadstar for Pietragallo is $1,432,456.25. The Loadstar amount is for work completed on behalf of Plaintiffs and the Class and was performed by our professional staff at Pietragallo.

4.     All of the work performed by Pietragallo was done so on a contingent basis pursuant to the contingent fee agreement with our clients at the negotiated rate of 35%. Pietragallo, along with co-lead counsel, negotiated a reduced percentage fee

of 27.8%. Pietragallo has not received any compensation for these services from any source.

5.    Pietragallo incurred costs in the prosecution of this matter in the amount of $82,436.27 from the inception of the case through May 20, 2016. These costs were incurred on behalf of Plaintiff and the Class on a contingent basis and have not yet been reimbursed. The percentage fee award includes the expenses of Pietragallo.

6.    Attached as Exhibit 1 is a summary description by month of the work performed by Pietragallo in this matter.

7.    I have reviewed the time and expenses reported by Pietragallo in this case which are included in our Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. I affirm that they are true and correct.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States. Executed this ___26th___ day of May, 2016 in Pittsburgh, Pennsylvania.

_____
WILLIAM PIETRAGALLO, II
Managing Partner

3155282v1

Page 2 of 2

# EXHIBIT 1



# January 2015

**Hours Entered**

5.8

**Timekeepers**

Three (3) timekeepers: WPII, JWK, DMH

**Description**

### *Case Conferences*

Initial extended discussion between Bill Pietragallo and Ernie Mansour regarding potential class action based upon whistleblower information; consider case issues and possible venue for action in Pennsylvania and, specifically, in Philadelphia; discuss existence of a separate Ohio-only action; initial preliminary discussion of case facts and internal assignments and case responsibility

#3167408


# February 2015

**Hours Entered**

258 hours

**Timekeepers**

Eight (8) timekeepers: WPII, KER, EHS, JSK, JWK, DMH, KDM, NG

**Description**

### *Case Conferences*

During the month of February 2015, extensive hours were spent in a dialogue by and between the Mansour and Pietragallo law firms, in particular, analyzing the information secured through the whistleblower investigation, and discussing the availability of Pennsylvania and other states' class actions.

Persistent dialogues with Mansour firm related to consumer fraud case facts and class certification issues.

Later, conferences focused on the legal issues pertinent to consumer fraud actions and class action, and the preliminary strategy for case handling.

Internal conferences regarding case handling and responsibility; two-hour meeting with representative Plaintiff Carol Cowhey to discuss her purchasing history at Justice, purchasing patterns, and legal theories for Complaint; telephone conferences with representative Plaintiffs Fonda Kubiak and Melinda Mehigan to discuss their purchasing history at Justice stores, purchase patterns, and case strategy

### *Research*

Multiple research issues regarding consumer fraud actions in Pennsylvania, Ohio, New Jersey, New York, California, Florida, Georgia, Texas, Illinois, Indiana, and assorted other state jurisdictions; class action and CAFA research; Lanham Act; and jurisdictional

and choice of law issues; conducting initial research on certification of multi-state consumer fraud class action

### *Drafting*

Drafting Pennsylvania Class Action lawsuit; multiple revisions, analysis, and restructuring of same; preparation for filing; drafting and revising federal Complaint concerning New York and New Jersey consumer fraud statutes and common law; drafting of Amended Federal Complaint to include additional plaintiffs from additional states

### *Related Activity*

Communicating with representative Plaintiffs concerning review and approval of Pennsylvania Complaint and federal Complaint

#3164972



# March 2015

**Hours Entered**

168

**Timekeepers**

Six (6) timekeepers:  WPII, KER, EHS, KDM, JSK, MTC

**Description**

### *Case Conferences*

Multiple case conferences with Mansour and Pietragallo lawyers applicable to appointment as Class Counsel, formulation of strategy for aggressive case handling and outline issues from whistleblower investigation in support of an early settlement dialogue; receipt of inquiry from Cleveland law firm and, in particular, Attorney Patrick Perotti, counsel for Ohio class action; participate in case meeting and conference with Patrick Perotti and colleagues applicable to participation as counsel for the Class; follow-up discussion with Mansour and Pietragallo lawyers; prepare for and participate in conference call with Judge Kearney and all counsel

### *Research*

Class certification research; conflict of law and choice of law research; jurisdictional research; research regarding notice, bond and voluntary payment in states of Florida, Texas and Illinois; research regarding original jurisdiction under CAFA; class action damages research in states of Arizona, Massachusetts, Alabama, Arkansas, Colorado, Connecticut, Delaware, Louisiana, Mississippi, Montana; research consumer protection laws of Iowa, Idaho, Kansas, Kentucky, Maine, Maryland and other jurisdictions. Conducting research concerning certification of national class based on state consumer fraud laws and appointment as class counsel

### *Related Activities*

Research and investigation of class action administrators; confer with all counsel regarding options available and qualifications and administrators as presented; consider cost and capability issues; telephone calls with several potential class action administrators

### *Negotiations*

After formulating a strategy for the presentation of our case, and recognizing the implications of a multi-state consumer fraud action, we formulated a plan to engage counsel for the defendants in a preliminary consideration of the very pertinent information gained through the whistleblower investigation, in order to initiate a dialogue with the defendant.

### *Drafting*

Drafting Second Amended Complaint to include national class; drafting written discovery; drafting Rule 26 Disclosures

#3167812


# April 2015

**Hours Entered**

201.90

**Timekeepers**

Five (5) timekeepers:   WPII, KER, EHS, KDM, JSK

**Description**

### *Case Conferences*

Numerous case conferences occurred during the month of April among Pietragallo and Mansour counsel.  Initially, the Pietragallo-Mansour team discussed a strategy to include the preparation of interrogatories and a request for production of documents, accompanied by a list of depositions, to disclose the strategic advantage of the plaintiffs' based on the whistleblower information.  During April, there were several telephone discussions with counsel for the defendant, and in-person meeting with counsel for defendant.

### *Drafting*

Revising Second Amended Complaint; draft Motion for Consolidation; revise Interrogatories, revise Request for Production of Documents; draft Motion for Leave to File Second Amended Complaint; revising Rule 26 Disclosures

### *Investigation*

Review Ascena/Justice SEC 10-K filings; continued investigations and interview of class administrator candidates

### *Research*

Continued state-by-state research of consumer fraud laws; prepare extensive chart providing state-by-state review of all consumer fraud laws for internal use, and separately

1

for presentation to counsel for defendant as a component of the initial negotiation strategy; research administrative codes and regulations regarding consumer protection laws in all 50 states

### *Negotiations*

Discuss, plan, strategize and rehearse presentation to defendant's counsel to demonstrate factual and legal predicates for class action and motivation for meaningful settlement dialogue in conjunction with presentation of interrogatories, request for production of documents, and list of deponents; meet with defendant's counsel concerning settlement negotiations

#3167850


# May 2015

**Hours Entered**

113

**Timekeepers**

Five (5) timekeepers:   WPII, KER, EHS, KDM, JSK

**Description**

### *Case Conferences*

During the month of May 2015, we were involved in numerous case conferences among the Pietragallo and Mansour lawyers, specifically discussing our receipt, review and analysis of financial documents, customer information, and other financial data received in response to our requests to Justice.  The review of the documents produced by Justice continued throughout the month and well into the next month.  In addition, we had internal conferences regarding the need for additional information and documentation, and the authentication and verification of that information by Justice.  The numbers and uniqueness of customers, stores sales and internet sale information, and other data, were analyzed in an effort to consider all members of the Class, and to organize the Class into appropriate groups.

There were numerous telephone discussions with counsel for the defendant, and a very significant meeting and settlement discussion of May 18.

### *Drafting*

Drafted and reviewed Motion to Appoint Interim Class Counsel; revised Motion to Consolidate; drafted Motion for Class certification

### *Research*

Legal research continued throughout the month of May, and included various CAFA issues including coupon settlement issues.

In addition, we engaged in web and media research of Justice and Ascena.

### *Negotiations*

Telephone and in-person meetings focusing on issues of Justice's liability and harm to Class members, the certification of the Class, the different but universal nature of the consumer fraud statutes, the customer numbers collectively and by state, and the verification of financial information and data provided by Justice

During these negotiations, we reiterated the list of deponents and countered Justice's arguments regarding absence of harm and damage with our knowledge obtained through whistleblower and subsequent investigation. During the negotiations, we developed the formula that ultimately led to the negotiated settlement. This included distinguishing Class groups, identifying average sale, identifying average number of sales, and engaging in a contentious and aggressive debate regarding liability.

### *Related Activity*

Continued investigation of potential class administrators; telephone calls with several potential class administrators; investigation of experts to assist with analysis of financial data from defendants

#3167859



# June 2015

**Hours Entered**

314.60

**Timekeepers**

Seven (7) timekeepers:  WPII, MSR, KER, EHS, KDM, JSK, KR

**Description**

### *Case Conferences*

Multiple settlement calls and meetings with Justice counsel negotiating settlement protocol, settlement formula, settlement issues, and settlement structure; numerous internal meetings, both in person and by telephone, discussing case issues, legal issues, and negotiating strategy

### *Drafting*

Pleadings in MDL and, in particular, Brief in Response to MDL Motion to Consolidate and Transfer to the Southern District of Ohio

### *Research*

Extensive research regarding multiple issues including common fund, common law states' settlement laws, absolute liability states, treble damage issues in various states, intervention motions, and proceedings before the Panel of Multi-District Litigation

### *Investigation/Analysis*

Multiple consultations with expert witnesses and expert consultants; investigate and analyze proposals of claims administrator including rates and capabilities; review and analyze supplemental data produced by Ascena/Justice; review and analysis of public statement and interview provided by Ascena CEO regarding changes to Justice store pricing structure; investigate SEC filings and Investor Calls

1

### *Negotiations*

Intense, aggressive and, at times, highly charged and confrontational settlement discussions with counsel for Justice; plaintiffs team met with Defense counsel three (3) times, engaged in five (5) telephone conferences concerning settlement negotiations, and exchanged offers and counterproposals via correspondence

### *Court Appearances*

Rule 16 Conference on June 2, 2016, and dialogue with Court establishing Fourth of July as date to conclude settlement negotiations

#3168176


# July 2015

**Hours Entered**

324.70

**Timekeepers**

Seven (7) timekeepers:   WPII, MSR, KER, EHS, KDM, JSK, KR

**Description**

### *Case Conferences*

Multiple internal case conferences discussing expert witness analysis, expert witness report regarding settlement value to class; discussions with and directives to class administrator; preparation for discussions with Justice counsel regarding settlement

### *Drafting*

Draft appearances and response to Motion to Transfer and Designate MDL; draft Motion for Preliminary Approval of Settlement; multiple revisions of draft Settlement Agreement and related documents (e.g. Notice to Class, Press Release)

### *Research*

Research class action settlements with nationwide consumer fraud and/or false advertising claims; multiple MDL issues in response to Motion to Transfer and Designate MDL; Motion for Preliminary Approval of Settlement

### *Negotiations*

Intense two-day negotiations on July 1 and July 2 – July 1 was an extensive telephone discussion with Justice counsel; July 2 was an all-day settlement meeting with Justice counsel and in-house counsel for Justice

During the July 2 conference, we reached an agreement in principle and prepared a preliminary settlement term sheet.

After July 2, negotiation with counsel for Justice continued as parties memorialized Agreement in principle into a Settlement Agreement, and parties continued to negotiate certain terms of Settlement Agreement, including scope of publication notice, and language of notices to class and press release.

### *Court Appearances*

On July 30, 2016, we prepared for, attended, and presented argument to the Panel on Multi-District Litigation in San Francisco.

### *Related Activity*

Continued investigation of potential claims administrators; conference calls with representative Plaintiffs concerning settlement negotiations; review of agreement in principle and approval of same

#3168181


# August 2015

**Hours Entered**

102.55

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

During the month of August 2015, Class Counsel conferred concerning the evolution of the negotiations on the language and content of the Settlement Agreement, the long and short form notices, the publication notice, the press release, and claims administration process.  Class Counsel held conference calls with counsel for Justice on the revisions to the Settlement Agreement, the long and short form notices, publication notice, vouchers and press release.  In addition, Pietragallo attorneys reviewed all documents to make sure that they conformed with each other as changes and revisions were made.  Pietragallo attorneys held conference calls with the Claims Administrator concerning the claims administration process, the budget for administration, the content and form of notice, and conferred concerning the Claims Administrator's suggested revisions to the notices and claims forms.

Pietragallo attorneys conferred with Rick Zayas of Smart Devine (now Marcum) concerning Mr. Zayas' declaration and report concerning his financial evaluation of the settlement structure.

### *Research*

Reviewed research in order to prepare for Motion for Preliminary Approval

1

### *Drafting*

Pietragallo attorneys revised the Settlement Agreement, reviewed Justice's proposed revisions to the Settlement Agreement, drafted and revised the long and short form notices, publication notices, press release, Third Amended Complaint, and began drafting Motion for Preliminary Approval and Supporting Brief. Pietragallo attorneys reviewed Justice's counsels' revisions to long and short form notices, publication notice, press release, and further revised same.

Pietragallo attorneys drafted and revised the escrow agreement for the $50.8 million common fund, and conferred with counsel for Justice and the Claims Administrators concerning the same.

#3167875


# September 2015

**Hours Entered**

162.95

**Timekeepers**

Five (5) timekeepers:  WPII, KDM, KER, AMO, EHS

**Description**

### *Case Conferences*

Counsel communicated with class representatives concerning the final draft of the Settlement Agreement for their approval, and/or met with Class representatives to review Settlement Agreement terms.   Counsel communicated with counsel for Justice concerning negotiations on escrow agreement. Class Counsel conferred repeatedly with claims administrators concerning budget for administration, administration plan and notice plan.

Class Counsel engaged in several conference calls to discuss the continuing negotiation and finalizing of the Settlement Agreement, publication notice, press release, claims administration budget, claims administration process, and preparing for preliminary approval.  Class Counsel met in Pittsburgh for an in-person strategy session concerning the Motion for Preliminary Approval.

### *Research*

Class Counsel conducted research concerning legal requirements for notice programs and research for Brief in Support of Motion for Preliminary Approval of the Settlement Agreement.  Class Counsel conducted additional research concerning approval standard for settlements with variations of state law, particularly state consumer protection, and updated research on Third Circuit case law concerning class-action approvals.

### *Drafting*

Class Counsel revised and reviewed various iterations of Settlement Agreement and notices as settlement negotiations continued, particularly on notice provisions. Class Counsel drafted and finalized Motion for Preliminary Approval, and drafted and finalized the Brief in Support of Final Approval. Class Counsel finalized the escrow agreement for the Cash Common Fund.

#3167915


# October 2015

**Hours Entered**

174.95

**Timekeepers**

Seven (7) timekeepers: WPII, KDM, KER, AMO, EHS, MSR, HFR

**Description**

### *Case Conferences*

Class Counsel conferred concerning claims administration budget and claims administration process. Class Counsel held several phone conferences to strategize concerning hearing on Motion for Preliminary Approval. Counsel met on the day prior to the hearing on Motion for Preliminary Approval to discuss final strategy. Upon receipt of Order of Preliminary Approval for Settlement, Class Counsel communicated with the Claims Administrator to begin the claims administration and notice process.

### *Drafting*

Drafted issue memos in preparation for hearing on preliminary approval concerning: attorneys' fees; reversion; approval of settlement with structure for various state consumer fraud actions; the <u>Nordstrom</u> case in which District Court dismissed action because consumer received benefit of bargain; cy pres; preliminary approval standard: and discovery prior to settlement. Drafted Supplemental Joint Motion and Proposed Order.

### *Investigation/Analysis*

Counsel reviewed and analyzed briefs filed by Objectors to settlement, captioned as Motion for Preliminary Approval, and conducted research concerning cases cited in same.



# November 2015

**Hours Entered**

63.60

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

Pietragallo counsel communicated repeatedly through November with Claims Administrator to ensure notice process begins and logistics for same; conference call with Court concerning Joint Motion to Extend Notice deadline until January 4.

### *Drafting*

Drafting Joint Motion to Extend Notice Deadline to January 4, and drafting Brief in Support of Joint Motion; drafting Motion to Strike regarding late-filed Response to Motion for Preliminary Approval by counsel not admitted in the Eastern District of Pennsylvania; drafting letter to Class representatives concerning status of case, including the Court Order granting preliminary approval and the notice program

### *Investigation/Analysis*

Reviewing invoices for administration expenses; reviewing and approving Claims Administrators' script for website for settlement and script for telephone agents, and the automated IVR telephone system to which Class representatives could call concerning questions; reviewing Claims Administrators' changes to the short and long form notices, publication notices, claims forms after Court grants extension of deadline; final review and approval of the Class Action Settlement Website

#3167789



# December 2015

**Hours Entered**

61.80

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

Communicating with Class Counsel concerning claims administration and continuation of notice program; several calls with Claims Administrator concerning claims administration process and notice process

### *Research*

Researching Federal Court cases in preparation for Motion for Final Approval and Response to Objectors' positions; researching case law on final approval, updating research done earlier in the year

### *Investigation/Analysis*

Reviewing filings by Objectors; reviewing claims administration report from Claims Administrators

### *Drafting*

Drafting Memorandum in Support of Motion for Final Approval

### *Related Activities*

Finalizing settlement notice on Pietragallo's website pursuant to Court Order; reviewing Justice's CAFA Notice to State Attorney Generals; reviewing and finalizing press

release; reviewing newspaper articles and digital media articles concerning settlement and notice of same

#3164972



# January 2016

**Hours Entered**

81.95

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

Numerous telephone calls between Class Counsel to discuss claims administration response, completion of direct and publication notice, re-mailing of Notices pursuant to Settlement Agreement, and logistics of claims administration; telephone calls with Claims Administrator reviewing weekly administration reports, and discussing instructions for re-mailings pursuant to the Settlement Agreement of notices that bounce back or were returned; meeting of all Class Counsel in Pittsburgh to discuss administration and notice to date and prepare for hearing on Motion for Final Approval; conference call with counsel for Justice concerning the completion of notice program, and re-mailing of notice pursuant to the Settlement Agreement; telephone calls with Justice counsel and Claims Administrator concerning expenses to date of notice program and budget for projected expenses

### *Research*

Researching issues raised by Objectors in preparing Response to Objections; continuing research on reversion and coupon settlements under CAFA in order to prepare responses to Objections, and to prepare for hearing on Motion for Final Approval

### *Investigation/Analysis*

Reviewing exclusions and objections filed by Class Members and Objectors

### ***Drafting***

Drafting Motion and Memorandum in Support of Motion for Final Approval and Class Certification; reviewing and revising Motion for Award of Attorneys' Fees drafted by Mansour attorneys; reviewing and revising drafts of Motions for Attorneys' Fees and Motion for Final Approval of Settlement

#3167722


# February 2016

**Hours Entered**

72.10

**Timekeepers**

Five (5) timekeepers:  WPII, KER, AMO, EHS, HFR

**Description**

### *Case Conferences*

During the month of February 2016, Pietragallo counsel spoke on a weekly basis with the Claims Administrator to answer Claims Administrator's questions regarding administration and to discuss the completion of notice program, budget and expenses; communication between all Class Counsel concerning preparing for Motion on Final Approval and updates on administration of settlement; conference calls with counsel for Justice concerning the expenses of  administration and notice program, budget of projected expenses and clarification on administration issues; telephone calls with counsel for Justice negotiating supplemental notice program; drafting Motion for Final Approval and revising Motion for Final Approval

### *Investigation/Analysis*

Reviewing claims administration reports and conferring with Claims Administrator regarding same

#3167722


# March 2016

**Hours Entered**

169.30

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

Multiple conference calls among Class Counsel concerning strategy for Motion for Attorneys' Fees and Motion for Final Approval with supporting briefs; telephone call with Mike Boni, Esq., concerning expert declaration in support of fee motion; telephone calls with Claims Administrator concerning declarations for support of Motion for Final Approval

### *Research*

Researching case law in support of Motion for Final Approval, including innovative settlement terms, percentage of recovery settlement analysis, and common fund class action analysis

### *Drafting*

Revising and finalizing Motion for Final Approval and supporting Brief along with supporting declarations; revising and finalizing Motion for Approval of Attorneys' Fees along with supporting declarations; drafting declarations of Class Counsel in support of Motion for Approval of Attorneys' Fees; reviewing email from Adam Shulman of Center for Class Action Fairness and responding to same concerning current administration and claims rates on settlement

#3167735



PIETRAGALLO
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

A T T O R N E Y S   A T   L A W

# April 2016

**Hours Entered**

258.70

**Timekeepers**

Four (4) timekeepers:  WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

Conference calls between Class Counsel concerning analysis of objections and strategy for responding to same; telephone calls with Claims Administrator concerning weekly administration reports

### *Research*

Researching case law cited in objections filed by the Objectors and researching the issues raised therein: reversion; application of CAFA to a settlement with option by all Class members to choose cash; case law concerning the vouchers and whether they fall under the CAFA redemption analysis; research on Tennessee and Utah law consumer fraud statutes; researching benefit created for Class by Class members, and  fairness and reasonableness of creation of fund versus "take rate" on fund; settlements with proof of purchase requirement; coupon and voucher redemption rates; and releases in class-action settlements; researching Shady Grove implications on objections raised by Tennessee class member

### *Drafting*

Drafting declarations in support of responses to objections; drafting Responses to Non-Appearing Objectors, Appearing Objectors, and Gallagher Objectors

## _Related Activities_

Preparing for Hearing on Final Approval

#3167825



# May 2016

**Hours Entered**

186.80

**Timekeepers**

Four (4) timekeepers: WPII, KER, AMO, EHS

**Description**

### *Case Conferences*

During the month of May 2015, Class Counsel spoke several times concerning the responses to the numerous objections to settlement filed, claims administration, budget expense and claims rate reports, and preparing for hearing on final approval.

Telephone call with Claims Administrator concerning supplemental declaration; telephone call with M. Boni, Esq., concerning supplemental declaration in support of Motion for Attorneys' Fees; separate telephone calls with Rick Zayas and Mike Boni concerning preparing for potential testimony at hearing; telephone call with Claims Administrator concerning potential testimony at hearing; telephone call with Rick Zayas regarding calculation of automatic voucher distribution value given claims data through April 2016; team meeting in preparation for Hearing on Final Approval and attorneys' fees.

### *Drafting*

Drafting, revising and finalizing Responses to Non-Appearing Objectors, Responses to Appearing Objectors, and Response to Gallagher Objectors; drafting Joint Motion for Acceptance of late claims; drafting Supplemental Brief in Support of Motion for Approval of Settlement and Motion for Attorneys' Fees; drafting Prehearing Memorandum and preparing Plaintiff's exhibits in advance of hearing on final approval and motion for fees; drafting Motion in Limine pursuant to Court Order; researching case law in support of Motion in Limine; drafting and revising PowerPoint presentation for Hearing on Final Approval

### _Court Appearance_

Attending hearing on Motion for Final Approval and Motion for Approval of Attorneys' Fees

### _Related Activities_

Preparing for Motion on Final Approval and Motion for Attorneys' Fees and review all relevant case law cited by Objectors in response objections and affirmative motions for approval of settlement and Motion for Attorneys' Fees

#3167847

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CIVIL NO. 2:15-cv-724-MAK |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| Ascena Retail Group, Inc., et al., | : | |
| | : | |
| Defendants. | : | |

## AMENDED AND SUPPLEMENTAL DECLARATION OF ANTHONY J. COYNE IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

I, Anthony J. Coyne, declare as follows:

I am a shareholder and president of the law firm, Mansour Gavin LPA. My firm along with Ohio Co-Counsel Robert Mansour worked on behalf of Plaintiffs and the Class in this litigation. I make this Declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. I am over the age of 18, competent to testify and have personal knowledge as to the facts set forth in this Declaration and, if called upon to do so, I could and would testify to them.

In supplement to the Declaration of Anthony J. Coyne in Support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards dated March 15, 2016, Mansour Gavin LPA and Robert Mansour (hereinafter "Mansour Gavin") have spent 2,507 hours on this case from its inception through May 25, 2016. The blended hourly rate is $532.80 which is comprised of the hourly rates charged for each professional staff member including senior partners, junior partners, and associates and Ohio Co-Counsel in effect at the time the work was performed and consistent with the applicable locale. Accordingly, the lodestar amount for Mansour Gavin is $1,335,729.60 for work completed on behalf of Plaintiffs and the Class by Mansour Gavin.

Mansour Gavin incurred costs in the prosecution of this matter in the amount of $71,917.72 from the inception of the case through May 25, 2016. These costs were incurred on behalf of Plaintiffs and the Class on a contingent basis and have not yet been reimbursed. The percentage fee award includes the expenses of Mansour Gavin.

Pursuant to the Court's request at the Fairness Hearing which took place on May 20, 2016, the undersigned provides this Amended Declaration description of legal services performed in evaluating this case, representing Class Plaintiffs, performing extensive legal research, preparing and filing the initial Complaint and the subsequent pleadings and negotiations which took place thereafter. Counsel states that this summary of services rendered are being provided at the Court's request and are in no way a waiver of attorney-client privilege or

attorney-client work product privilege that was undertaken by Mansour Gavin, and members of its firm and its affiliated Ohio co-counsel Robert Mansour.

In the Spring of 2014, the attorneys at Mansour Gavin were approached by an employee at Tween Brands, Inc. Said employee did not go into detail but was concerned about the Company's pricing strategies to have been implemented after a test marketing study was undertaken to encourage the Company to provide deep discounts of various product, apparel, and merchandise sold through its Justice stores. The original meetings had to do with the concern of possible fraudulent business practices that involved a 40% off marketing strategy on goods that were actually being sold at the standard ticket price and that no discount was being realized by consumers. Initial meetings and discussions during 2014 were more concerned about whether the conduct was a fraudulent and illegal practice. Without commenting on said investigation, it became apparent to the attorneys at Mansour Gavin regardless of the issue of personal liability, that the facts supported an evaluation of a Class Action Claim against Ascena Retail Group, Inc., and Tween Brands, Inc. This additional due diligence and investigation took place through the Fall of 2014 although stayed as a result of learning of a separate Class Action case being filed in Lake County, Ohio Common Pleas Court. After significant due diligence was undertaken, counsel had contemplated not pursuing the Class Action case having presumed that a national Class Action case was going to be amended and filed in Federal District Court in either Ohio, Delaware, New York or Pennsylvania. When counsel learned that the Class Action filed only included Ohio claimants and was only brought solely under the state law of Ohio, and after being advised that the attorneys were not pursuing a nationwide action; counsel re-evaluated taking legal action to represent a national Class to seek justice. Counsel then met in December and decided to complete its due diligence in preparation of filing a national Class Action in Federal District Court in the Eastern District of Pennsylvania.

Attorney Hours Expended    305

January 2015

Counsel undertook additional due diligence and performed research to plan the filing of a Class Action Lawsuit seeking national Class status against Ascena, Inc., dba Tween Brands, Inc., dba Justice. This legal research was in collaboration with and communications with counsel in Pittsburgh and Philadelphia.

Attorney Hours Expended    29

February 2015

Counsel began to draft pleadings and prepared for and attended a meeting with co-counsel in Pittsburgh , Pennsylvania to prepare the various legal memoranda and preliminary pleadings. Counsel met to discuss in conference with its Pittsburg and Philadelphia counsel for filing a nationwide Class analyzing the defendant corporation's business practices, its locations of doing business throughout the United States, and reviewed significant correspondence outlining legal strategies and pleadings. Counsel then conducted several phone conferences and

met with potential Plaintiffs taking statements and undertaking additional investigation and due diligence. Counsel also undertook several telephone conferences with counsel in Philadelphia and Pittsburgh. Counsel prepared for and attended meetings in Philadelphia to identify potential lead Plaintiffs. Counsel learned of several Plaintiffs from several different states that wanted to participate. Counsel reviewed various options of filing a Class Action case in several different states given the potential size of the Class and the location of Defendant's operations. Counsel subsequently met again in Pittsburgh, Pennsylvania to review the Attorney-Client Agreements with several lead Class Plaintiffs. Counsel traveled to Florida to meet with Plaintiffs as well as potential Plaintiffs from the state of Texas. Counsel retained local counsel in Texas to assist in meeting with potential lead Plaintiffs. Counsel also corresponded with lead Plaintiffs in California and in Illinois. Counsel participated in several telephone conversations with clients with assistance of counsel in Texas. Counsel arranged a meeting in Texas with potential Plaintiffs and executed appropriate Attorney-Client Agreements with said Plaintiffs. Counsel also communicated with other Plaintiffs in the state of California and conferred with said California Plaintiffs regarding being a lead party. As part of discussions with lead Plaintiffs, there were discussions about privacy and preparation for potential depositions and procuring their information from credit card statements and receipts. Counsel continued to meet and discuss lead Plaintiffs from the states of Indiana, Georgia, and Florida. Most of the client meetings resulted in retainer agreements being executed with lead Plaintiffs, however there were some who declined the lead for personal reasons. During this time, conference calls between counsel in Philadelphia and Pittsburgh occurred almost daily. Counsel traveled to Texas for two days to meet with potential Plaintiffs and also to undertake additional due diligence. Counsel outlined legal strategy and completed pleadings which included the admission of the Mansour Gavin firm pro hac vice. Counsel met and discussed in Philadelphia regarding legal research which had been completed and to address a nationwide strategy. Counsel made a cooperative agreement about pursuing lead counsel designation under Federal Rule 23 (G). The case was filed in the Eastern District of Pennsylvania.

Attorney Hours Expended     158

March 2015

Counsel continued to evaluate the laws of the 50 states that would be factored into any national Class. A state-by-state analysis was completed during the month. Counsel received dozens of phone calls from potential Plaintiffs in various states. Counsel also conferred at length with potential Plaintiffs in Arizona. The litigation team held regular conference calls between the Philadelphia and Pittsburgh offices of the Pietragallo firm and also the offices of the Westlow firm in Richmond, West Virgina. Counsel met with potential third-party co-counsels and also engaged in negotiations with potential objectors' counsel. Counsel hosted meetings with Pittsburgh and Philadelphia counsel in cooperation of discovery. Counsel also met to discuss potential Rule 26 disclosures. Counsel met to discuss the potential burden of litigation costs. Counsel began to evaluate cases brought in other jurisdictions. Counsel prepared various pleadings including a Motion for Being Designated Lead Counsel. Lengthy conference calls were held with principals of the Mansour Gavin firm and the Pietragallo firm to discuss litigation management strategy and assigning the roles of various counsel in the case. Counsel participated

in initial discussions concerning Rule 26 disclosures and also a potential litigation plan presented to Federal Court. Counsel participated in regularly scheduled conference calls with potential Plaintiffs and attorneys in other states for evaluating litigation on a state-by-state basis. A conference call with counsel at Morgan Lewis to discuss a litigation schedule and disclosures. Prepared for and participated in status conference (by phone) with Federal Judge Kearney. Review communications with Plaintiffs' litigation team and lawyer from Defendants' counsel Morgan Lewis. Reviewed the dockets of other counties in other states related to possible filings. Evaluated banking relationship and also evaluate possible forensic accounting services. Reviewed SEC filings.

Attorney Hours Expended     98

April 2015

Participate in several communications with Defendants' counsel. Research possible settlement parameters and evaluate the financial analysis of principal Defendant and the holding companies. Review MDL Complaint and participate in lengthy strategy discussions concerning the MDL and continue reviewing the case in light of other filings. Compare settlement structures in other consumer sales and fair trade practice cases in Federal and State Courts involving both statutory and common law claims. Review initial disclosures and strategies for meeting scheduled on April 10, 2015 in Pittsburgh. Review Third Circuit case law related to Class Action cases. Review and address media inquiries concerning Dallas broadcast and various emails related to filings in other states. Provide matrix and legal research for statutory issues in all 50 states. Travel to Pittsburgh for litigation strategy session and possible settlement strategy. Travel to Philadelphia for meeting with Philadelphia counsel related to litigation strategy and also settlement strategy. Meet with investigation team and determine claims basis and identify relevant witnesses for deposition testimony. View public filings of Tween Brands and Ascena. Review court schedule and participate in preliminary discussions with Morgan Lewis regarding economic terms of possible settlement framework. Participate in nearly daily conference calls or email exchanges concerning litigation strategy. Read final Rule 26 filing. Review confidential financial data provided from Morgan Lewis. Review state-by-state analysis of both consumer protection chart of statutory issues as well as sales data and store data by state. Prepare for and attend meeting with Pittsburgh and Philadelphia counsel. Prepare for and attend meeting in Philadelphia with Plaintiffs' legal team and Defendant's legal counsel Morgan Lewis.

Attorney Hours Expended     166

May 2015

Participate in twice weekly conference calls with counsel in Philadelphia, Pittsburgh, and Richmond. Prepare for strategy session on Motions to Consolidate and to address claims in other jurisdictions. Research issue concerning consolidation and the role of interim lead counsel. Prepare response for possible settlement conference. Confer with all counsel concerning possible settlement structure and discuss said structure with clients. Review settlement structure packages in other Consumer Sales Practices Act cases. Continue research concerning multiple-state substantive issues and potential conflicts of laws. Study extensive sales data received from

4

Defendant's counsel. Participate in strategy sessions concerning structured settlement. Appear for and travel to Philadelphia for settlement conference at Morgan Lewis. Review emails and motions filed by third-party Plaintiffs in other jurisdictions. Prepare counterproposal for settlement with Morgan Lewis. Prepare outline of economic counterproposal for settlement with Morgan Lewis. Review status of other cases in which Tween Brands or Ascena are defendants. Review answers and affirmative defenses and address same. Review complaints filed in Missouri, California, and other jurisdictions. Review and address confidentiality agreement with defendant's counsel. Phone conferences with counsel handling other cases in other jurisdictions.

Attorney Hours Expended        119

June 2015

Litigation team prepares for and attends internal meetings at the Pietragallo firm in Philadelphia. Participates in a lengthy litigation and settlement conference with Morgan Lewis. Litigation team prepares for and attends 16 (F) pretrial conference with Federal Judge Kearney. The litigation team reviews various emails from pleadings in other jurisdictions, Third Circuit Appellate decisions, supplemental sales of figures and information from defendants, consumer data from Defendants, review of new complaints filed in other states. Counsel has conference calls with counsel for Plaintiffs in other jurisdictions. Counsel meets in Philadelphia for discussions on possible settlement framework and prepares memoranda addressing related jurisdictional cases and strategizes for MDL proceedings. Counsel confers with other legal counsel participating in the MDL panel from Maryland, Missouri, Florida, Ohio and California. Counsel reviews JPMC Rules of Procedure, MDL entries. Counsel reviews complaints in other jurisdictions in Missouri, Maryland, Dakota, Ohio, and Pennsylvania. Counsel continues to participate in regularly scheduled conference calls with co-counsel and commences counter-settlement proposals with Defendant's counsel. Research regarding California decision, research matrix of financial liability of Defendant, settlement proposals regarding the statutory provisions of the 50 states. Research Circuit case law and other Class Action case law related to notice and administration issues. Travel to Pittsburgh, conference with litigation team. Participate in conference call and possible settlement discussion with Morgan Lewis. Review new filings versus Tween Brands in New Jersey and Florida. Address extensive motion practice. Prepare final proposed interrogatories and discovery requests including production of documents. Review unrevised pleadings to be filed in court. Research regarding MDL transfer issues and opposition to MDL jurisdiction. Series of conference calls concerning MDL strategy. Participate in conference calls concerning settlement strategy. Travel to Philadelphia to participate in extensive settlement negotiations. Revise memoranda concerning MDL panel jurisdiction.

Attorney Hours Expended        274

July 2015

Litigation worked on settlement counter-proposal, conference calls and meetings were had with the litigation team. Conference calls were held with Morgan Lewis to discuss settlement parameters. Prepare for and travel to Philadelphia for lengthy settlement conference.

Negotiate tentative settlement agreement with Defendant's counsel Morgan Lewis, outline and fine tune settlement proposal. Secure authorization from clients for settlement proposal. Commence drafting of extensive settlement agreement. After settlement establish an authorization from clients. Prepare settlement memorandum of law. Research fair and reasonable attorneys' fees award. Continue extensive work on settlement agreement. Address CAFA compliance issues and verify compliance with applicable state statutes. Address tax issues with accounting firm. Convene litigation team meeting to discuss final draft of settlement agreement. Travel to Texas to meet with named Plaintiffs and to explain settlement and seek formal authorization of settlement. Additional follow up communication of settlement with named Plaintiffs for formal authorization of settlement. Address MDL procedures. MDL notifications and confer with outside counsel. Travel to Pittsburgh to prepare for finalization of settlement agreement and discuss issues with MDL panel and related pleadings in Federal Court. Review McGladry proposal, Smart Devine information. Revise pleadings. Conference call with co-counsel in preparation of MDL panel and appearance for MDL panel in San Francisco. Final appearance handled by Pennsylvania counsel. Address various emails and pleadings in related cases and follow up to MDL Hearing.

Attorney Hours Expended     242

August 2015

Review series of emails regarding revised settlement agreement; confer with litigation team in regularly scheduled conference call. Review discovery requests and review memorandum regarding settlement position with other co-counsel. Meeting in Pittsburgh with Morgan Lewis and litigation team. Prepare for and attend follow-up meetings with Pittsburgh counsel and conference calls with Morgan Lewis attorneys. Follow-up discussions with named Plaintiffs regarding settlement agreement and settlement status. Review materials from McGladry, review materials from Epiq. Conference calls with McGladry and Epiq regarding accounting and Class Action administration. Review outstanding issues related to settlement with litigation team and with Morgan Lewis. Review follow-up correspondence and emails related to effective settlement agreement. Review issues raised concerning voucher language and notice. Review pleadings and notice of settlement. Conference calls with McGladry representatives. Review separate settlement papers and voucher language. Review notification issues on final settlement agreement. Review case law concerning the appropriateness of attorneys' fees and percentage of common fund. Review Third Circuit case law concerning settlement structure. Phone conferences with Federal Judge Kearney. Review series of emails concerning Class size. Discuss procedure for administration and knowledge related to postal addresses and email addresses.

Attorney Hours Expended     145

September 2015

Several conference calls with opposing counsel regarding settlement structure, several conference calls with objecting counsel and potential objecting counsel. Conference calls with Judge Kearney regarding status of settlement. Litigation team meeting regarding administration,

settlement, and fairly addressing Class claimant inquiries. Conference calls regarding objectors from California. Litigation team meeting regarding establishment of 1-800 number to field inquiries on the settlement and administration of settlement fund. Litigation team meeting regarding MDL timeline and discussions with California counsel regarding the objections. Litigation team meeting regarding formal response to potential objecting counsel. Phone conferences and meetings with named Plaintiffs confirming settlement memorandum authorization and confirmation of settlement. Review and enter into agreements with McGladry regarding administration of settlement. To Pittsburgh with litigation team to discuss administration of settlement and report of Smart Devine. Discuss potential expert witnesses regarding economic analysis of settlement. Review series of emails concerning settlement issues. Address attorneys' fees issues for purposes of fairness and reasonableness. Address inquiries from objecting counsel. Review other Circuit decisions regarding expenses and administrative fees as part of the common fund administration. Review Massachusetts decision; address MDL Appellate issues and also review MDL transcript.

Attorney Hours Expended     105

October 2015

Review research on attorneys' fee fairness and appropriateness, conference calls with litigation team regarding voucher administration. Phone calls with third party objector attorneys. Review other Circuit case law regarding governing law of administration fees, legal fees incurred in administration of Class settlement; review additional pleadings; review Massachusetts decision; review MDL transcript; participate in conference call with litigation team regarding MDL. Litigation team meeting in preparation for hearing on preliminary approval of settlement. Conference call with objector's counsel. Participate in a series of conference calls regarding preparation for hearing on Motion for Preliminary Approval. Prepare and revise legal memoranda concerning arguments for Motion for Preliminary Approval. Prepare briefing books for hearing in Philadelphia. Prepare for and attending meeting with Philadelphia counsel in advance of and in preparation for the hearing on the Motion for Preliminary Approval before Judge Kearney. Review court orders and settlement agreement and addendums. Prepare settlement agreement binders and chronology. Participate in phone conferences with Pittsburgh and Philadelphia counsel. Review memorandum regarding revisions to proposed court order. Review modifications of proposed order with litigation team. Approve final amended entry and send it to Judge Kearney. Participate in telephone conference regarding final hearing regarding motion and final hearing brief with counsel of Philadelphia, Pittsburgh and Richmond. Review and address California attorneys' objectors claims based on the settlement agreement.

Attorney Hours Expended     105

November 2015

Review notice documentation and address voucher language and potential conflicts with vouchers. Review notice materials; conference call with co-counsel from Pittsburgh, Philadelphia, and Richmond and address notification procedures. Various conference calls from administrator including information from Epiq and McGladry. A series of conference calls with

litigation team. Review emails information from McGlady, Epiq, and counsel to Ascena. Series of phone conferences with Philadelphia legal counsel and administrator. Review Motion to Strike and additional pleadings. Review and research Third Circuit case law regarding fairness and incentive fee awards, ratify data from Defendants; research regarding settlement agreement and structure of claim forms. Review emails from litigation team in preparation of limitation of court order provisions. Review invoices for administration and written direction and notice for Epiq and McGladry and correspond with Morgan Lewis and Philadelphia counsel. Review status of claim notice processing and management. Review various notices and review administration update. Review of emails and conference call with litigation team in Philadelphia, Pittsburgh, and Richmond, Virginia. Prepare for and participate in conference call with Judge Kearney. Address claim timeline with the Court and attend conference call with McGladry regarding revised timeline. Review subsequent court orders and review communications from administrator. Review revised timeline, notice edits and other changes. Review research in preparation for Motion for Approval of Attorneys' fees. Participate in a regular conference call with litigation team in Philadelphia, Pittsburgh, and Richmond, Virginia. Conference call with Epiq regarding publication for Class claimants. Review website notice, credits, and review banner ads and displays and notice requirements per settlement agreement. Review a series of emails from administrator and litigation team. Coordinate communications with clients regarding final settlement and timeline. Phone conferences with clients regarding settlement and possible court appearances. Phone conferences with Website designer regarding Website information.

Attorney Hours Expended     79


December 2015

Discuss banner ads for Website and meeting with consultant regarding Website banner for claim notice and correspondence. Review a series of emails and FAQs; review sample vouchers, review case law and standards for fairness hearing, review correspondence between Pietragallo firm and Morgan Lewis. Review and discuss email and website revisions with administrator. Review a series of news stories regarding litigation. Review notification results. Review various memos on administration issues. Review communications with Attorneys General. Review Epiq report on performance of notice program. Review and discuss bounce back issue with litigation team. Revise Websites of counsel. Conference call with litigation team regarding translations into Spanish. Review updates from Epiq and RSM. Review issues regarding claimants from Justice employees. Schedule a conference call with RSM. Review payment procedure for expenses. Review court order regarding the motion to strike; conference call with Philadelphia, Pittsburgh, and Richmond counsel. Review and schedule a conference call with litigation team regarding bounced back emails. Review of Florida objectors issues; conference calls with litigation team. Participate in conference call with representatives of Epiq regarding status of claims made; scheduled conference call with litigation team regarding claims made status. Review email correspondence from Philadelphia counsel and administrator regarding address issues, magazine advertising. Perform additional research regarding upcoming fairness hearing. Review claims administration statistics and report; confer with Pittsburgh

counsel and review Epiq information; conference call with litigation team. Review additional objectors motions in other jurisdictions and before the Eastern District of Pennsylvania. Review information regarding voucher issuance procedure. Review and analyze additional reports from Epiq; participate in conference call with Philadelphia counsel. Meeting regarding Epiq claims information from Ohio. Review Connecticut decision. Draft provisions for Motion for Attorneys' Fees; research case law from the Third Circuit. Review various objector letters; prepare brief in support of attorneys' fees; revise brief in support of attorneys' fees; perform extensive Westlaw research. Review Third Circuit decisions on attorneys' fees; review other Federal Circuits' decisions on attorneys' fees, fairness and appropriateness. Review additional objections.

Attorney Hours Expended      66

January 2016

Continue research regarding motions for attorneys' fees; review other settlement agreements. Review and schedule conference call regarding opt outs and objections; conduct additional Westlaw research regarding opt out and objector issues. Conference call and communications regarding advertising plan and publications with administrator. Conference calls with Philadelphia and Pittsburgh counsel regarding advertising plan. Finalize motion for attorneys' fees; review series of emails from Philadelphia, Pittsburgh and Richmond counsel. Review communications from administrator; review objections with Pittsburg and Philadelphia counsel. Participate in conference calls with administrator, Philadelphia and Pittsburgh counsel. Review administrative reports and review posting issues. Draft responses to objectors. Review MDL. Review series of Third Circuit cases regarding administrative fees and attorneys' fees. Meetings with attorneys to evaluate administration report. Revise chart regarding Third Circuit cases concerning fee awards. Review Loadstar case law and percentage of recovery and common fund case law. Prepare for and attend meetings in Pittsburgh with Philadelphia and Pittsburgh counsel. Confer with Richmond counsel. Review and address administrative report from Epiq and analyze and calculate claims and opt out statistics.

Attorney Hours Expended      121

February 2016

Review series of emails regarding increasing costs for administration. Conference call with all counsel regarding administrative costs and analyze same. Conference call with Philadelphia and Pittsburgh counsel regarding Epiq notice campaign. Series of conference calls regarding status of claims made. Conference call with Morgan Lewis. Litigation team conference call regarding email bounce backs and email claims. Address issues regarding administrative costs; review administrative report and schedule weekly conference call with litigation team. Careful scrutiny to administrative reports; participate in conference call regarding possible additional mailings. Series of conference calls regarding postcard notifications. Conference calls with the administrator regarding the effective rate of emails versus postcards for claims. Conference call with Morgan Lewis counsel regarding modification of notice system. Preparation of revised Motion for Pretrial Conference with the Court. Review

series of emails; participate in conference call with Judge Kearney regarding fairness hearing and possible modification of postcard notifications. Review settlement agreement; confer with opposing counsel. Review modification of Settlement Agreement; review series of emails regarding administration report. Review and execute directions to administrator regarding additional postcards and emails. Review court order directed with Epiq regarding postcard mailings. Review court docket and service issues with MDL legal counsel. Review administrative reports from Epiq. Finalize Motion for Attorneys' Fees. Conference call with objectors. Review case law regarding vouchers versus coupons. Review Memorandum in Support of Final Approval. Conference call with litigation team.

Attorney Hours Expended     47

March 2016

Review and confer on pleadings with litigation team in Cleveland. Review memorandum and procedures for final approval and motion for attorneys' fees and administrative fees. Participate in conference calls with Philadelphia, Pittsburgh, and Richmond co-counsel. Review various emails among co-counsel. Review briefs and pleadings in anticipation of fairness hearing. Review standards of review for fairness hearings and loadstar requirements in Third Circuit. Distribute legal memoranda concerning anticipated filing of motion prior to settlement. Conference calls with the administrator regarding written directives and claims rate. Prepare additional memoranda and legal support for pleadings regarding fairness hearing, motion to approve settlement and attorneys' fees. Review objectors' correspondence. Review the claims history and data on option one, option two claims for cash and vouchers. Prepare summary of objections. Participated in conference call with the entire litigation team regarding final motion. Review declaration of claims administrator and conference with counsel in Pittsburgh and Philadelphia. Review opt out count and latest administrative; conference call with Philadelphia counsel. Prepare for and participate in conference call with litigation team regarding objections status and response to institute a Class Action fairness inquiry. Follow-up calls with litigation team.

Attorney Hours Expended     114

April 2016

Review and chart objectors claims. Review proposed response to objectors. Review and discuss phone call inquiries regarding potential objectors. Review Class Action appeal bond issues. Review claims and forward same to co-counsel. Review administrative claims information. Review and analyze opt out and Option 1 and Option 2 claims and administrative inquiries. Review administrative report and new additional research concerning claims rate and administrative report, opt outs, and cash and voucher claims of option one and option two. Conference call with litigation team regarding claims rates and claims in general. Litigation team discussion regarding CCAF objections. Review several objection pleadings in cases cited and review memoranda regarding response to said claims; conference call with litigation team regarding applies. Participate in conference calls with Pittsburgh, Philadelphia, and Richmond counsel regarding response to various objections. There were lengthy conference calls with the

litigation team concerning various objectors' legal theories. Research and legal memoranda concerning case law cited in objectors' pleadings and letters. Several phone calls with miscellaneous objectors and their counsel. Research and prepare memorandum regarding objections made by CCAF in particular challenge to the settlement and request for attorneys' fees. Revise pleadings to address objectors' filings. Lengthy conference call with Philadelphia counsel regarding revised pleadings. Finalization of briefs regarding objectors' claims. Conference calls with Morgan Lewis regarding hearing schedule and filings. Lengthy conference call with litigation team regarding an omnibus response to objections. Prepare final briefs. Prepare for filing. Review memorandum concerning court's disfavoring cypres when Class members can be identified. Research regarding reversion procedures and amounts. Review and categorize all objector filings, preparation of fairness hearing in May. Review all responses of objectors' pleadings and participate in lengthy conference call concerning best response to objectors.

Attorney Hours Expended     181

May 2016

Review omnibus briefs. Prepare for and attend conference call with litigation team from Philadelphia, Richmond, and Pittsburgh. Review Morgan Lewis pleadings; review supplemental declarations; prepare for and attend attorney conference with litigation team regarding procedure for hearing and review of objectors. Prepare with litigation team regarding omnibus brief in preparation for argument at the scheduled fairness hearing. Review various affidavits and supplemental motions. Review objectors complaints and confirm calculation of loadstar. Review series of emails regarding objectors' requests for possible testimony and evidence at fairness hearing. Review and revise supplemental affidavits and communicate with administrator regarding claim status, notices and administrative declarations. Review Administrative reports from Epiq. Phone conference with Philadelphia counsel regarding communications with Morgan Lewis. Review issues with potential pro hac vice counsel. Prepare for and participate in lengthy conference call with litigation team in preparation of fairness hearing, review of administrative statistics, declarations, evaluation of objectors' claims. Review and discuss Smart Divine analysis and calculations; review all pleadings in anticipation of hearing; review all objector briefs; confer with litigation team regarding procedure for hearing. Prepare and participate in telephone conference in preparation for hearing. Travel to Philadelphia for preparation for fairness hearing. Prepare for and attend fairness hearing. Prepare supplemental declaration of description of legal fees at request of Court. Additional research regarding analysis of the case law under state consumer sales practices laws versus common law and also Federal Law.

Attorney Hours Expended     153

Total Attorney Hours Expended as of May 25, 2016     2,507

I have reviewed the time and expenses reported by Mansour Gavin and its Ohio co-counsel in this case which are included in our Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. I affirm that they are true and correct under penalty of perjury under the laws of the United States. Executed this _31st_ day of _May_, 2016 in Cleveland, Ohio.

ANTHONY J. COYNE

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CIVIL ACTION No. 15-724 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

### DECLARATION OF EDWARD J. WESTLOW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

I, Edward J. Westlow, declare as follows:

1. I am an attorney admitted to practice in the State of New York, First Department (Atty. Reg. No. 1651686). I am also admitted to the United States District Court for the Southern District of New York, as well as the Eastern District of Michigan and the Middle District of Pennsylvania. I have been admitted Pro Hac Vice herein, and I have worked on behalf of Plaintiffs and the Class in this litigation. I make this Declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. I am over the age of 18, competent to testify and have personal knowledge as to the facts set forth in this Declaration and, if called upon to do so, I could and would testify to the same.

2. I practice as a solo practitioner, and the time and expenses that I have expended on this case were logged and recorded on a daily to weekly basis, and tabulated further on a monthly basis in the ordinary course of my practice. Only the time and expenses that I expended on this case are being submitted in connection with this declaration.

3. Along with co-counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, Mansour Gavin LPA and Robert Mansour, Esq. I act as lead counsel on behalf of Plaintiffs in the Class. As co-lead counsel, I participated in the investigation of the allegations giving rise to the claims set forth in the Complaint; prepared various pleadings, motions and other documents filed with the Court; arranged and attended meetings and phone conferences with Plaintiffs; reviewed documents produced in discovery by Defendants; strategized with co-lead counsel as to the litigation and the resolution of this case; attended in-person meetings, phone conferences and other correspondence among co-lead counsel as well as with counsel for Defendants; aided in negotiating the resolution of this case on behalf of Plaintiffs and the Class; aided in preparation the voluminous documents to memorialize and effectuate the settlement of the litigation; attended hearings and numerous pretrial

conferences scheduled by the Court; as well as all other concomitant legal research, communication, analysis and strategy in connection with this case.

4.   I have spent 444.9 hours on this case, from its inception in February 2015, through May 20, 2016, i.e., through my Appearance at the Final Approval Hearing. My hourly rate is $600. This hourly rate is my standard rate, and has been a part of recent fee awards to me in two nationwide class actions: *In Re Static Random Access Memory Chips Antitrust Litigation*, MDL 1819 (N.D.Ca. 2011) (Wilken, J) and *In re TFT-LCD Flat Panel Antitrust Litigation*, MDL 1827 (N.D.Ca. 2014) (Illston, J.). Accordingly, my total Lodestar is $266,940.00. This Lodestar amount is entirely for work performed by me on behalf of Plaintiffs and the Class. I am the only time keeper reflected in these totals.

5.   Submitted herewith, pursuant to the Court's request is a narrative summary of work performed on this matter, together with a Lodestar calculation. My most recent Declaration in this regard, submitted on/or about May 15, 2016, incorrectly overstated, by some 26 hours, the number of hours I had expended up to that time. This was due entirely to an arithmetic/addition error on my part. I regret the error. I assure the Court that the hourly total set forth herein is true and correct and drawn directly from my monthly time sheets with contemporaneously recorded time entries.

6.   All of the work performed was done so on a contingent basis pursuant to the contingent fee agreement with the representative Plaintiffs at an initial negotiated rate of 35%, and a subsequently negotiated reduced percentage fee of 27.8%. I have not received any compensation for these services from any source.

7.   I have incurred out-of-pocket costs in the prosecution of this matter in the amount of $5,399.21 from February 1, 2015 through May 21, 2016. These costs were incurred on behalf of Plaintiffs and the Class on a contingent basis and have not yet been reimbursed. The percentage fee award includes these expenses.

8.   I affirm that the time and expenses reported by me in this case and included in the Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards are true and correct.

I declare that the foregoing is true and correct under penalty of perjury under the laws of

the United States. Executed this 27th day of May, 2016 in Richmond, Virginia.

_____
Edward J. Westlow

<u>In re: Tween Brands, Inc., Marketing and Sales Practices Litigation</u>
MDL No. 2646

<u>Melinda Mehigan, et al. vs. Ascena Retail Group, Inc., et al.</u>
ED PA: Civ. No. 2:15-cv-00724-MAK

Edward J. Westlow
Attorney at Law

Pursuant to the Court's request, below is a copious month-by-month narrative summary of tasks performed by me, as reflected in my individual and contemporaneously maintained time records, from the inception of my representation in this matter in February, 2015, through my appearance at the Final Approval Hearing, held on May 20, 2016, together with a lodestar calculation. I am the only time-keeper reflected in this summary.

My standard hourly rate for this type of work is $600.00. This rate has been a part of recent fee awards to me in two nationwide class actions: *In Re Static Random Access Memory Chips Antitrust Litigation*, MDL 1819 (N.D.Ca. 2011) (Wilken, J) and *In re TFT-LCD Flat Panel Antitrust Litigation*, MDL 1827 (N.D.Ca. 2014) (Illston, J.). I was brought into this case principally for my background and expertise in Class Action work.

<u>February, 2015 (inception)</u>:

Total hours: 10.0
Lodestar:  $6,000.00
Tasks performed:

Conference call re: Multi-State Class Action, diversity jurisdiction, and class-action strategy.  Review draft PA Complaint.  Review diversity jurisdiction and potential Lanham Act claims. Review and edit Multistate Class-Action Complaint.  Discuss Complaint with Mr. Raphael. Review "as-filed" Ascena Retail Group Complaint.  Conversation re: new strategy to file multistate Complaint for all states in which Justice operates.  Review as-filed Multistate Complaint.  Various telephone conversations and e-mail exchanges.

March, 2015:

Total hours: 02.75
Lodestar:   $1,650.00
Tasks performed:

Meetings re: class-action filing and California Cartwright Act.  Legal research re: Cartwright Act.  Review of documents. Various telephone conversations and e-mail exchanges.

April, 2015:

Total hours: 20.55
Lodestar:   $12,330.00
Tasks performed:

Conference re: filing of Ascena Complaint.  Prepare Motion for Pro Hac Vice Admission, and review final version. Conference re: Ohio actions, Pennsylvania Actions, and combination strategy. Refresher research re: preparation for telephone conference re: specifics of class-action practice. Review and edit draft of Class Counsel Motion and draft and final version of Rule 26 disclosures.   Review Judge Kearney's pre-trial conference order. Review chart re: State Consumer Protection Laws.  Review and edit draft of Plaintiffs' First Set of Requests for Production of Documents, and First Set of Interrogatories.   Review and edit final draft of 2nd Amended Complaint. Review series of 17 e-mail memos re: settlement negotiations and status of case.   Review and execute Independent Contractor Agreement.   Prepare Memorandum re: settlement negotiations prior to the certification of a class, duty of the judge in a class action, potential "professional" objectors, and cy-pres provisions.  Legal research re: cy-pres in a class action.  Review e-mail correspondence re: settlement negotiations.  Review documents and e-mail correspondence re: potential settlement agreement. Legal research re: class action settlement approval and method of awarding attorneys' fees. Review JE Capital settlement agreement.  Review 04/27 changes to Rule 26(f) Disclosure Statement and respond to the Group.    Review survey/compendium re: State Consumer Protection laws.  Review Memo re:

potential expert witness on damages. Review tabularization of Justice Company's sales/data charts during the 2012 Christmas Season. Review chart providing State Administrative Regulations dealing with Sales Price advertising. Review and respond to dialogue re: Justice sales data from six key states. Various telephone conversations and e-mail exchanges.

May, 2015:

Total hours: 44.60
Lodestar:  $26,760.00
Tasks performed:

Review and edit Memorandum of Law in Support of Motion to Appoint Co-Lead Class Counsel. E-mails and telephone calls discussing same. Review and respond to Proposed Order Appointing Co-Lead Class Counsel, also to proposed buy in form other class action. Prepare Memorandum of Law re: whether or not to move for consolidation of cases. Review timed-stamped version of Motion, Memorandum, and Supporting Papers to Appoint Co-Lead Class Counsel. Review Memorandum re: Settlement Discussions. Various e-mails and telephone calls discussing various class-action issues, e.g., choice of law, competing class actions, potential objectors and settlement classes. Review articles and respond to the Group re: choice-of-law, cy-pres settlements, and coupon settlements, Review article re: Trends in the Analysis of Choice-of-Law in National Class Actions. Review Article re: 3rd Circuit's Ascertainable Scrutiny of Cy-Pres Awards in Class Action settlements. Review Article re: Efforts to Provide Real and sustainable Relief in Coupon Settlements. Conference re: Meeting with Morgan Lewis lawyers re: settlement, need for depositions, Ascena financial documents, need for damages expert, need for Class Action Claims Administrator, need for settlement class for treble damage states, Cy-Pres proposals and potential objectors. Review certain Ascena financial documents. Prepare Memo of Law in favor of consolidating with class action in Ohio. Review Memo re: Settlement conference on 18 May.  Review newly disclosed Ascena documents re: unique customers.  Review draft letter to representative Plaintiffs. Review Morgan Lewis letter to Judge Kearney re: later-filed case. Review Motion to Appoint interim class counsel in the recently filed Traynor-Lufkin case.  Series of Calls to discuss Motions to Consolidate for Appointment as Class Counsel, and specifics of settlement, e.g., settlement

fund, identification of class, recent sworn interviews with Justice IT people, description of settlement classes, etc. Review Motion to Appoint Interim Class Counsel. Review Contract with Smart Devine to be Claims Administrator. Legal research re: re: class action settlement agreements, need for a settlement fund, claims made settlements. Review article on Ascena in the WSJ. Prepare Memorandum re: Settlement only Class Action, Claims-Made settlement agreement, and the need for a common fund or settlement fund, and the award of attorneys' fees in such cases. Review Justice Answer to 2nd Amended Complaint. Review Confidentially Agreement. Review Justice List of customers in NC, NH, & MT. Review Gallagher Complaint filed in MO and Metoyer Complaint filed in CA. Review Heffler Group Proposal to be Claims Administrator. Prepare Memorandum re: the MDL Panel, jurisdiction and procedure. Prepare and transmit responsive memo to Mr. Raphael's memo re: (1) The Weissenger firm's Motion to be Interim Lead Class Counsel; (2) Strategy for Handling the other two recently-filed class actions; (3) Pros and cons on going to the MDL Panel for consolidation of the several class actions; (4) potential filing of our Motion to Consolidate; (5) Status of voluntary discovery from Justice; (6) Establishment of a Settlement Fund; and (7) the push for automatic vouchers. Legal research into new (2011) Rules of the Judicial Panel on Multidistrict Litigation, specifically the new additions re: electronic filing, etc. Telephone conferences re: the MDL Panel. Prepare Memorandum on the MDL Panel, substance and procedure, including the doctrine of the first-filed case in selecting a Consolidation Court, the number of cases filed in other district courts, the settlement-approval process, and the doctrines of claim preclusion and issue preclusion. Review and respond to analysis, with assumptions, of Justice Brands' profits during the putative class period. Review Jason Kreps Memorandum on Attorney's Fees in Class Actions in the 3rd Circuit. Review documents and prepare for settlement conference on Monday and Court appearance on Tuesday. Various telephone conversations and e-mail exchanges. Various other tasks.

Total hours: 68.00
Lodestar:  $40,800.00
Tasks performed:

Meeting with Pietragallo and Mansour lawyers re: strategy in settlement and preparation for meeting with lawyers for Justice. Meeting re: Settlement with lawyers from Justice.  Meeting with Pietragallo and Mansour lawyers re: strategy in settlement after meeting with lawyers for Justice. Meeting with Pietragallo and Mansour lawyers in preparation for Court appearance and hearing. Court Appearance before Judge Kearney re: settlement, Pleadings, Motions, Consolidation of cases, schedule through the summer and fall and MDL Pleadings. Meeting re: settlement with lawyers for Justice after court appearance. Meeting with Pietragallo and Mansour lawyers re: further settlement strategy, response to MDL Panel filings; strategy re: other potential cases to be brought before the MDL Panel. Search files for previous MDL Panel filings and documents, transmit same to Petragallo, Raphael, and Skipton. E-mail exchange with Skipton re: the above MDL Panel filings. Review and edit Motion before the MDL Panel, and supporting documents, to transfer and consolidate (in SD OH) cases pending in ED PA (2), SD OH, ED MO, and D MD. Review and edit Brief in Support of Motion before MDL Panel. Review MD Joiner Complaint before MDL Panel.  Review e-mail chains re: MDL filing and MD Complaint. Review Draft Discovery, Interrogatories and Requests for Production to be served on Justice. Review Judge Kearney Minute Entry re: Hearing on 02 June. Review and respond to e-mail from Chambers of Magistrate Judge Heffley. Review Judge Kearney denial without prejudice of Motion to Appoint interim lead counsel. Various conferences re: Court Appearance in ED PA. Review Order for Settlement conference in January 2016, by Magistrate Judge Heffley. Review and edit draft Discovery Requests -- Interrogatories and Requests for Production of Documents. Review and edit Draft MDL Response. Various telephone conferences and e-mail exchanges re: procedure before the MDL Panel, and on-going settlement negotiations with Justice Lawyers. Review and respond to e-mail correspondence re: (1) Response from Justice lawyers to settlement proposal and (2) discussion re: same. Review e-mail correspondence from Magistrate Judge Heffley re: scheduling of a settlement conference. Continuing review editing of draft Response before the MDL Panel.

Continued review of and re-draft MDL Panel Response, draft Memo re: same and transmit Pietragallo attorneys. Various telephone calls and e-mail exchanges re: attempts to reach out to lawyers for other class actions filed against Ascena-Justice-Tween Brands. Review e-mail Kevin Raphael and Bill Pietragallo correspondence re: and substance of response to Justice counter settlement proposal. Reviews various Notices of Appearance and filings before the MDL Panel. Review Justice Counter-proposal re: settlement. Review and respond to draft counter-proposal re: settlement position. Review and respond to MDL Panel Order setting Oral Argument in San Francisco on 31 July 2015. Review various back-and-forth e-mails with Morgan Lewis lawyers for Justice re: continuing settlement negotiations. Teleconference with lawyers for Justice from Morgan Lewis to discuss settlement. Conference calls (2) to discuss settlement with Lawyers for Justice from Morgan Lewis. Various telephone calls and e-mail discussing settlement. Review Memo from Mr. Raphael re: working through of liability issues, i.e., compilation of percentages of liability. Review two newly filed class action complaints in district courts in California (Metoyer) and Missouri (Kallay). Initial Review of draft of Response before MDL Panel, and e-mail traffic from the group re: same. Review and respond to Damages research on Vermont, North Dakota, Wisconsin, Colorado, Nevada and Idaho. Review and respond to research re: stay of proceedings in original district court during pendancy of MDL Panel proceeding. Review proposal from McGladrey to be claims administrator. Review message from Mr. Raphael re: McGladrey proposal and discussions with lawyers for Justice from Morgan Lewis. Review Notices of Appearance before the MDL Panel by Patrick J. Perotti in the Ohio (Kallay) federal class action. Review e-mail correspondence re: Mr. Coyne's discussions with the lawyer for the California (Metoyer) federal class action. Continuing Group discussion of settlement with lawyers for Justice from Morgan Lewis. Review two new federal class actions filed against Justice in Maryland (Loor) and New Jersey (Legendre). Review Consolidation Order by Kearney, J., of the Mehigan and Traynor-Lufkin cases. Review draft Stipulation to consolidate Mehigan and Traynor-Lufkin cases. Review and participate in e-mail round-table discussion re: Stipulation of Consolidation and potential re-filing of Motion to be certified as Class Counsel. Review and critique Skipton re-draft of MDL Panel Response and memo to Mr. Skipton re: same. Discussion with Mr. Skipton and exchange of Memoranda re: MDL Panel rules on Responses and (new) Motions as they relate to consolidated cases such as Mehigan and Traynor-Lufkin and specifics of Justice/Tween

Brands MDL Panel filing. Review final draft of MDL Response and draft and transmit e-mail re: emendations. Conference call with entire group of counsel to discuss (1) settlement posture with Lawyers for Justice from Morgan Lewis (2) filing MDL Panel response requesting ED PA as Consolidation Court and (3) possible "gamesmanship" before the MDL Panel. Review Notices of Appearance (8) before the MDL Panel and Filing by Gary Rosen in the MD FL (Loor) action. Review actual filing before the MDL Panel in the Rougvie-Mehigan/Traynor-Lufkin actions in the ED PA. Review research, including cases (7), re: factors in the MDL Panel's choice of a consolidation court. Review CD CA (Metoyer) Response favoring SD OH before the MDL Panel. Review Justice (Morgan Lewis) Response before the MDL Panel requesting consolidation in the ED PA. Review e-mail messages (2) re: CD CA (Metoyer) Response and Justice (Morgan Lewis) Response before the MDL Panel requesting the ED PA. Draft and transmit Memorandum re: MDL factors in choosing Consolidation Court, Traynor-Lufkin Response before MDL Panel, strictures of law in naming any consolidation court, Lexicon mandate to remand cases to original districts for trial, possible procedures after consolidation, settlement as a bar to consolidation, post-settlement class action procedures, attorneys fees for other counsel, disposal of cases in other districts if no consolidation is made. Review and consider full text on-line of pricing speech given by Justice CEO David Jaffe and CFO Robb Giammatteo. Receive and review Justice 10-Q filing disclosures re: Mehigan, et al. lawsuits; draft and transmit response to same. E-mail exchange re: Justice 10-Q filing disclosures re: Mehigan, et al. lawsuits. Review new e-mail chain from Mr. Mansour and new link to Justice Chairman admitting that 40-50% off advertising was misleading. Review new discovery from Justice and e-mail chain discussing same. Review Ohio Counsel's Reply to the various Responses in the MDL Proceeding. Various other tasks.

<u>July, 2015</u>:

Total hours: 24.70
Lodestar:   $14,820.00
Tasks performed:

Telephone call from Mr. Raphael re: settlement in principle of the action and future steps at the MDL Panel, also forthcoming actions before the ED PA, i.e., Motion to Appoint Class Counsel, Motion to Certify the Class, and Motion to Approve the Settlement and schedule a Hearing for Preliminary Approval. Various telephone calls and e-mail exchanges re: settlement of the action in principle. Various discussions re steps to be taken after the settlement of the action in principle. Review Notice of Appearance by Attorneys for the Legendre Plaintiffs. Review Memo from Mr. Raphael re: list of items needing to be done before the MDL Conference on 31 July. Review initial draft of settlement agreement and various comments re: same. Review various and continuing Notices of Appearance before MDL Panel, including by interested parties. Review various Notices of Oral Argument before the MDL Panel. Review Letter from Mansour Gavin re: Settlement Agreement.  Engage in various discussions re: calculations under the draft settlement agreement. Review Settlement Agreement and prepare for conference call. Conference call with entire attorney group re: re-draft and modifications to draft Settlement Agreement. Search files for material relative to Notice Programs in TFT-LCD and SRAM settlements, and prepare and transmit Memorandum re: same. Review new draft of Settlement Agreement - redlined version in light of conference call. Review final draft of Settlement Agreement as sent to lawyers for Justice from Morgan Lewis, also Mr. Raphael's message about draft Short Notice, Long form notice and claims forms. Review and edit drafts of Proposed Notice of Pendency of Class Action, Proposed Class Action Claim Form, and Proposed Post-Card Notice of Pendency. Review Raphael Memo re: Relations with Morgan Lewis lawyers and retention of Claims Administrator. Review and edit draft of Motion for Preliminary Settlement Approval. Draft & transmit to Plaintiffs; Counsel Team Memo re: draft of Motion for Preliminary Settlement Approval and potential conference call for Monday evening. Review Morgan Lewis suggested changes to the Settlement Agreement and e-mail counsel group re: same. Proofread and emendate latest draft of Memorandum for Preliminary Approval of Settlement Agreement. Transmit memorandum to Counsel Group re: same. Review

memo about changes to the Settlement Agreement by the Morgan Lewis lawyers. Review McGladrery Claims-Administrator Proposal. Review final versions of all documents attendant to Settlement Agreement and Motion, with Supporting Memo, to Approve Settlement and schedule Preliminary Settlement Approval hearing, all as agreed to by lawyers for Justice at Morgan Lewis. E-mail exchange re: 3rd Amended Complaint. Proofread Third Amended Complaint and (Draft) and send memo re: same. Review correspondence re: Plaintiff and putative Class Representative Fonda Kubiak. Review and participate in discussion re: Memo re: anomalies in numbers provided by Justice for settlement purposes. Draft and transmit memorandum re: discrepancies and anomalies in numbers provided by Justice for settlement purposes. Review and suggest alternative wordings to Justice draft settlement agreement. Participate in e-mail discussion (5) re: Morgan Lewis changes in wording to settlement agreement. Review Justice (proposed) Notice of Settlement to the MDL Panel and participate in e-mail discussion (5) re: same. Review voucher language for exhibit to settlement agreement. Review Justice version of Notice of Settlement and emendate same. Review Smart-Devine expert report re: settlement recovery numbers and Mr. Raphael proposed changes to same. Review and e-mail o.k. re: Justice suggested Report to MDL Panel. Review data on option two class and e-mail chain. Review Letter Memorandum from Anthony Coyne re: MDL procedures and requirements. Review Mr. Raphael memo re: up-date from Morgan Lewis lawyers re: critique of the technical numbers in the draft settlement agreement. Review JPMDL ECF notice of filing or Settlement Agreement with Justice and review and respond to e-mail chain (5) re: same. Review e-mail correspondence (2) and supporting technical data between Mr. Raphael and Greg Parks of Morgan Lewis re: Justice settlement calculations. Review e-mail correspondence from Greg Parks of Morgan Lewis re: settlement calculations. Participate in various discussions re: preparation for oral argument before the MDL Panel. Various other tasks.

Total hours: 14.80
Lodestar: $8,880.00
Tasks performed:

Review Notice of Filing of official transcript of oral argument before MDL Panel. Participate in various discussions re: same. Review MDL Panel Order denying consolidation. Various discussions re: path forward in the case. Review Ninth Circuit case that requires that objectors have time after the Class Counsel's applications for fees to file objections. Review redlined version of Justice's declaration. Review Draft of Memo in Support of Joint Motion for Preliminary Approval of Settlement. Review draft of Post-Card Notice. Review draft banner and Facebook ad suggested by McGladrey. Review corrected Banner Advertisement. Review Justice Declaration by Michelle Blair, CRM Reporting and Analysis Manager for Tween Brands, Inc. Review transcript of hearing before the MDL Panel on 30 July 2015. E-mail discussion and draft and transmit Memo to Mr. Pietragallo re: attorney review of documents and potential lodestar crosscheck. Review Draft Legal Notice to Class members. Review Draft Press Release re: Settlement of Class Action. Review Draft E-Mail Notice to Class Members. Review Draft Short-Form Notice to Class Members. Discussion re: advice re: Justice Revision of Declaration. Review latest Draft of Justice Settlement Agreement. Comment re: Revision of Justice to the Proposed Time-Line. Review Draft Escrow Agreement. Review and advise re: Revised Settlement Agreement. Review revised versions of Postcard voucher. Provide comments re: Justice's inability to isolate numbers and the flow of Claims Administrators revisions from that inability. Review 3rd Cir. McDonough v. Toys r'us case and Mr. Skipton analysis to the effect that in a footnote, Judge Brody states that, contra the ratio method used in the Redman case, the Third Circuit continues to calculate attorneys' fees based on the gross settlement fund. Review Judge Kearney's call for a telephone status conference for 9/2/2015. Participate in various discussions re: Judge Kearney's call for a Status Conference. Review Mr. Raphael's negotiation re: final areas of disagreement in negotiating the settlement agreement. Review and respond to Mr. Raphael re: meeting with Justice lawyers from Morgan Lewis re: new language in vouchers and settlement agreement. Various other tasks.

September, 2015:

Total hours: 28.70
Lodestar:   $17,220.00
Tasks performed:

Review and comment on Side Letter Agreement on Vouchers. Review Mr. Raphael report on two telephone conference with Justice lawyers from Morgan Lewis, re: case authority for excluding Ohio Plaintiffs from Class; revisions to side letter agreement re: vouchers; issue of "payment" vs. "benefit" word choice; Justice's proposed voucher form; and Justice's concerns about Face Book and other social media sites. Prepare for and participate in conference call with Judge Kearney. Review case authority sent by Attorneys for Justice from Morgan Lewis re: opt outs and notice rates and e-mail discussion re: same. Review e-mail from Mr. Raphael re: an all print notice program. Review Minute Entry by Judge Kearney re: telephone status conference on 02 September. Review Applications of Attorneys Goetz, Kennedy, and Lavender to practice in The EDPA pursuant to Local Rule of Civil Procedure 83.5.2. Review Justices Stores Estimate on costs and Mr. Raphael Memo and supplemental Memo re: (1) Effect on Costs and (2) Objections. Review Mr. Raphael Memo re up-date on Settlement Discussions with Justice lawyers from Morgan Lewis. Review three cost proposals based on 18.4 million known class members, 20 million class total (may be 20.5 million) from Justice lawyers at Morgan Lewis and Potential Claims Administrator. Telephone calls (2) with Mr Pietragallo re: letter from lawyer for California class and potential response thereto. Review Mr. Raphael Memo re: USPS approval for standard rate mail for the second to last iteration (before changing PO address and adding "Class Action Settlement Voucher" sentence). Review letter and draft response from Attorney Douglas Caiafa for California class action. E-mail discussion re: same. Draft and transmit Memorandum re: Caiafa letter, the implicit and explicit objections therein, care and handling of Objectors, including a discussion of depositions, importance of finishing settlement agreement, and issue of "clear-sailing" agreement on attorneys' fees. Review Justice Revisions to Declaration of Michele Blair re: data. Review Final Smart-Devine Report re: financial aspects of proposed settlement. Review final draft Class Action Settlement Agreement. Review Final Draft Escrow Agreement. Review Justice final draft Settlement Vouchers.  Participate in continued discussion of final settlement

documents, especially Justice's objections to issuing a press release on the settlement. Review and comment on Justice revisions to (1) E-Mail Notice, (2) Notice of Pendency of Class Action, and (3) final Class Action Settlement Agreement. Participate in discussion re: finalizing Settlement Documents, and particularly the issue of mentioning fee agreement with Representative Clients. Review Final Draft of McGladrey retention letter, as Claims Administrator, and e-mail Mr. Raphael re: same. Review latest changes to draft of Escrow Agreement by Pietragallo lawyers and Justice lawyers from Morgan Lewis. Review Final Letter Report by Smart Devine. Review Plaintiffs' Motion to Exceed Page Limit and Order granting same. Review Claims Administrator McGladrey's breakdown of cost for claims administration. Proofread final version of settlement agreement. Review Mr. Pietragallo e-mail re: new class action filed in the WD PA against Justice Stores for different relief that our class action. Execute Settlement Agreement and fax signature page to Mr. Raphael. Review e-mail exchange between Mr. Raphael and lawyers for Justice from Morgan Lewis re: Proposed Order to Motion for Preliminary Approval. Participate in discussion between and among Mr. Mansour and Mr. Raphael re: Motion in Support of Preliminary Approval of the Settlement, and the Proposed Order re: same. Review (final draft) Motion in Support of Preliminary Approval of the Settlement, and the Proposed Order re: same, and e-mail comments to Mr. Raphael. Review e-mail chain (2) between Mr. Pietragallo and Mr. Raphael re addition of a footnote to Motion for Preliminary Approval to the relative size of the requested attorneys' fees; draft and transmit Memo to Justice Attorney Team re: same. Review Judge Kearney Order Granting Motion to Exceed Page Limit. Review 3rd Amended Complaint as filed. Telephone call with attorney group re: approval process and standards for award of attorneys' fees. Legal research, review documents, and prepare and transmit memorandum re: approval of attorneys' fees in a class action, standard and substance as they relate to Settlement Agreement with Justice Stores. Review Joint Motion, as filed for Approval of Settlement, Preliminary Certification of the Class, Appointment of Class Counsel, Approval of Notice to the Class, and Scheduling of Hearing on Final Approval, along with Attachments: # (1) Memorandum, # (2) Text of Proposed Order, # (3) Certificate of Service. Review e-mail exchange (2) re: Media enquiries on the filing of the Motion for Preliminary Approval of the Settlement, and the Settlement Agreement. Review e-mail exchange (2) re: Media enquiries on the filing of the Motion for Preliminary Approval of the Settlement, and the Settlement Agreement.

Review correspondence from Mr. Pietragallo to Mr. Caiafa re: lack of cooperation from other case counsel; draft and transmit e-mail re: same. Prepare and transmit memorandum in answer to question re: possible anticipated lodestar multiples. Review responses to memorandum on anticipated lodestar multiples; draft and transmit supplement to memorandum, based on said responses. Review correspondence to other class action lawyers, transmitting courtesy copy of the filings on the Motion for Approval of the settlement. Reply to Mr. Pietragallo's e-mail re: same. Review e-mail exchange (2) between Mr. Raphael and Judge Kearney's law clerk re: a courtesy copy of the filing of the Motion, and supporting papers, for Preliminary Approval of the settlement, to the Judge's Chambers. Various other tasks.

October, 2015:

Total hours: 25.45
Lodestar: $15,270.00
Tasks performed:

Review Judge Kearney's Order scheduling of a hearing on an Order to Show Cause why Plaintiffs and Defendants Motion to Set a Preliminary Hearing for Approval of the Settlement, to certify a Class, and to appoint Class Counsel, should not be approved. Review correspondence from Justice lawyers from Morgan Lewis to Judge Kearney re: Motions to Stay other pending actions. Review Notice by Tween Brands, Inc. Of Compliance with the Notice Provisions of the Class Action Fairness Act. Review Third Amended Complaint as filed on 10-08-15. E-mail (4) communication chain with Mr. Raphael and the group re: events and filings preceding hearing on Preliminary Approval, planning sessions re: same. E-mail chain (4) with Ed Skipton and the group re: Memoranda on questions that may arise at the Preliminary Fairness Hearing. Review Shallus v. Nordstrom case, re: compromised liability factor in consumer fraud action fro misleading and deceptive advertising practices. Review e-mail correspondence among, Skipton, Mansour and Raphael re: Memoranda to be handed up to the Judge at the Preliminary Fairness Hearing. Discussion with group re: preliminary conference on the 19th with entire group and conference call with lawyers for Justice from Morgan Lewis re: discussion of hearing and Settlement Agreement. Review Shallus v.

Nordstrom case, re: compromised liability factor in consumer fraud action from misleading and deceptive advertising practices. Review Memorandum re: General Standard on Attorneys' Fees in Class Actions. Review Memorandum and supporting cases re: Settlement Approval: Stage of Proceedings/Extent of Discovery. Review Memorandum and supporting cases re: Settlement Approval/Percentage of Actual Damages. E-mail discussion with Mr. Raphael and Mr. Skipton re: Memoranda re: Settlement Approval: Relief by Jurisdictional Grouping, Reversion, and actual v. Estimated Damages. Review Memorandum and supporting cases re: Reversion of portion of settlement fund to Defendants. Review Memorandum re: telephone calls between parties during Settlement Negotiations. Review memorandum re: Calculations supporting settlement. Review Memorandum re: List of Documents produced by Defendants. Conference at Pietragallo firm with Attorneys from Pittsburgh, Philadelphia, and Cleveland re: preparation for Preliminary Fairness Hearing. Conference call with Attorneys for Justice from Morgan Lewis firm re: preparation for Preliminary Fairness Hearing. Court Appearance in the E.D. PA for Preliminary Fairness Hearing. Discussions with Attorney Group following the Preliminary Fairness Hearing. Minute Entry for proceedings held before Honorable Mark A. Kearney re: Preliminary Fairness Hearing. Review e-mail re: Briefs from lawyers in other cases outside Philadelphia that were sent to the court for filing in the Justice/Mehigan case. Review MO Plaintiff Robert Gallagher's Objection to Preliminary Approval of the Settlement Agreement. Review MD Plaintiff Rebecca Joiner's Objection to Preliminary Approval of the Settlement Agreement. Review Kallay's (OH) Brief in Opposition to Plaintiffs' and Defendants' Joint Motion for Preliminary Approval of Settlement, Certification of Class, Appointment of Class Counsel, Approval of Notice and Scheduling of Hearing. Theresa Metoyer's (CA) Objection (1) to Motion for Preliminary Approval of Settlement (2) Joinder in Objection to Motion for Preliminary Approval of Settlement, Filed on behalf of Plaintiff Andrea M. Kalley (OH). Review Morgan Lewis suggested changes to the [Proposed] Order Preliminarily Approving the Settlement, and communicate approval of same to Mr. Raphael. Review Morgan Lewis suggested changes to the Supplemental Joint Motion for Order of Preliminary Approval of Settlement, and communicate approval of same to Mr. Raphael. Review and download Court Order granting Preliminary Approval of Settlement and scheduling date for Motion for Final Approval and date for the Final Approval Hearing. with Mr. Raphael and the Counsel group re: Funds transfer, Justice Data for Class

Members, and any outstanding Claims Administration Issues re: Notice, etc., and to schedule a call re: same for Monday, 02 November. Various other tasks.

November, 2015:

Total hours: 16.55
Lodestar:   $9,930.00
Tasks performed:

Review e-mail and information submitted by the Claims Administrator in advance of the conference call scheduled for Monday, 02 November 2015. Review Justice data and information distributed by Justice lawyers at Morgan Lewis in connection with conference call re: process of administering the claims process. Conference call with the Plaintiffs' attorney team, Justice lawyers from Morgan Lewis, and the Claims Administrator re: concerns in the administration of the settlement and the claims process.  Review draft letter to Court re: Claims Administration and e-mail Mr. Raphael. Review the latest round of draftsmanship on the claims procedure forms, to wit: 1.) The Justice Stores Claim Form mock-up, 2.) Justice Claims Administration Procedures, 3.) The Justice Stores web-site home page, and 4.) The e-mail notification document, and e-mail Mr. Raphael. Review Morgan Lewis distribution of Justice customer data. Review e-mail chain between programmer at Epic Systems and lawyer at Morgan Lewis re: Justice customer computer data; review Justice data. Review Mr. Raphael e-mail communication with Claims Administrator over proposed changes to the Claims Process documents. Review e-mail chain (3) re: Justice approval, through Morgan Lewis, of the design and presentation of the Claims Administrator's web-site home page. Review filings by the Traynor-Lufkin Group or Pleading previously rejected by the Clerk of the ED PA. Review revised versions of Claims Process documents, provided by the Claims Administrator, following comments by lawyers for both sides, to wit: web claim module, web-site home page, e-mail notice, paper claim forms, additional approvals and mail and print postage/invoices. Review e-mail chain (3) re: the reception by the Claims Administrator of the Justice Customer Information. Review e-mail discussion with the Claims Administrator re: claims forms and claims procedures.  Review Motion to Strike by Traynor-Lufkin Plaintiffs re: various objections filed by Counsel for

other class actions around the country, and Court's Order denying Motion to Strike. Review Motion to Strike by Defendant Justice Corp. re: various objections filed by Counsel for other class actions around the country, and Court's Order denying Motion to Strike. Review e-mail correspondence with Mr. Raphael confirming wire transfer of funds into the Settlement Fund. Review e-mail communication from Mr. Raphael re: 1. authorization the distribution of the media plan monies ($305,000), 2. Judge's request for a Motion for a phone call. 3. Discussion with McGladrey re: exploration of the cost of searching for addresses for returned postcard notices, 4. Request for McGladrey to estimate how much it would cost to run the email addresses through verification process, so we know whether the emails are still valid or not, and 5. Request of McGladrey for an estimate for the 3 million class members for whom we have only email addresses, and then for the 12 million for whom we have emails (many of whom also have postal addresses). Review 1.Written directions to pay Claims Administrator Expenses, 2. Raphael request for the Media Plan invoice and for the Email and Postal Card notice. Review Justice Stores 1. Live agent scripting. 2. IVR script, and 3. web-site. Review Justice Stores 1. Publication Proof, 2. Press Release, 3. Detailed Notice, 4. E-mail Notice (mailing address), 5. E-Mail notice (no mailing address), and 5. Post Card Notice. Review Motion for Conference Call with the Court. Review Order granting Motion for Conference Call with the Court and Order scheduling same. Prepare for Conference Call with the Court. Conference Call with the Court re: altering schedule of events in Claims Procedure. Review Joint Motion by Plaintiffs and Defendants to Amend the Claims Process. Review Order Granting Joint Motion by Plaintiffs and Defendants to Amend the Claims Process. Review carefully changes to 1) Justice Stores e-mail Notice; 2) Justice Stores Press release, and 3) Justice Stores post card Notice. E-Mail correspondence with Mr. Raphael approving changes to the above three (3) documents. Review (hopefully) last changes to Justice Stores Detailed Notice. Various other tasks.

<u>December, 2015</u>:

Total hours: 9.15
Lodestar:   $5,490.00
Tasks performed:

Review list of where the PR Newswire Press Release has been published, per our business development department. Review Justice Stores Press Release and internal hyper-links (29). Review news article re: Justice Class Action Settlement & e-mail Mr. Raphael re: same. Review Report by the Claims Administrator on Administration Activity, e-mails, web claims, post cards, phone calls, etc. Review Report from Claims Administrator re: initial bounce-backs of 2.4 Million e-mails, all of whom have postal addresses associated -- potential increase in administrative budget. Review Claims Administrator graphic of media and industry types in which the Press Release was published, e-mail Mr. Raphael re: same. Review Claims Administrator question as to whether Justice employees can submit claims. E-mail chain (4) with Mr. Pietragallo, Mr. Raphael, and Mr. Mansour saying, in essence, that there is nothing in the Settlement Agreement that excludes Justice employees as class members, and the Release would apply to them. Review most recent Report from the Claims Administrator re: preliminary e-mail and post card figures as of 16 December 2105. E-mail discussion (3) re: Success rates reported by the Claims Administrator, and possible increase in projected expenses. Prepare and transmit to Mr. Pietragallo and Mr. Raphael Memorandum re: Attorneys' fees filings and awards in other similar cases. Review up-dated cost estimates from the Claims Administrator. Review periodic report from the Claims Administrator re: claims (77,000), objections (1), and opt-outs (5). Review correspondence from a potential objector and e-mail correspondence with Counsel Group as to how to respond. Retrieve, review, and transmit (model) documents re: 1) Ultimate Distribution of the Settlement Fund, 2) Declaration of the Claims Administrator, 3) Statement of Account of the Claims Administrator, and 4) [Proposed] Final Order for Distribution of Residual Amounts. Re-master and re-transmit (model) documents re: 1) Ultimate Distribution of the Settlement Fund, 2) Declaration of the Claims Administrator, 3) Statement of Account of the Claims Administrator, and 4) [Proposed] Final Order for Distribution of Residual Amounts. Review Justice weekly Administrative report, week of

12/19-12/25-2015, and e-mail chain. Review enquiry from two potential Class-2 members, E-mail discussion re: proposed response to same.

January, 2016:

Total hours:12.00
Lodestar: $7,200.00
Tasks performed:

Review Justice Class Action Advertisement in Parade Magazine, and e-mail message to Mr. Raphael. Review Justice Claims Administrator weekly administrative report for 01/06/16, five (5) opt-outs, and one (1) extensive written objection, and e-mail Mr. Raphael. Review Mr. Raphael report of 134,367 claimants who selected Option 1 and 5,124 claimants who selected Option 2. Another 4 Million notices to be sent out. Review advertisement in People Magazine and e-mail attorney team. Continued e-mail discussion re: advertisement in People Magazine. Review Objection form MN Objector re: Counsel Fees. Draft and transmit Response to Counsel Group. Review report from Mr. Raphael re: conference with the Claims Administrator re: update on the Notice Program and the Claims rate. Review Final Distribution Order in TFT-LCD Litigation and transmit same to Messrs. Raphael and Skipton. Review Agenda for call on Thursday re: Status of Claims Rate and Expenditures; Additional Notice; Timeline for drafts of Motion for Attorney's Fees and Motion for Final Approval; a. Standards and Arguments for Motion for Attorney's Fees; b. Standards and Arguments for Motion for Final Approval; Objections Received to Date and Response to Same; Pursuit of Canadian Class Action – timing and mechanics; e-mail exchange with Mr. Raphael and Mr. Mansour. Prepare for conference call re: Status of Claims Rate and Expenditures ; Additional Notice; Timeline for drafts of Motion for Attorney's Fees and Motion for Final Approval; a. Standards and Arguments for Motion for Attorney's Fees; b. Standards and Arguments for Motion for Final Approval; Objections Received to Date and Response to Same; Pursuit of Canadian Class Action. Conference call with Mr. Pietragallo, Mr. Raphael, Mr. Skipton; Mr. Mansour; Mr. Coyne, and Mr. Freson re: the matters listed above. Review Mr. Raphael draft e-mail to lawyers for Justice at Morgan Lewis, re: Claims Administrator Weekly Administrative Report, etc. Review all Claims Administrator Weekly Status Reports. Review Order that the

Settlement Conference scheduled for Tuesday, 1/26/16 is canceled until further notice of the Court. Review draft Motion for Award of Attorneys' Fees, Expenses and Incentive Awards, and e-mail discussion re: same. Review Mr. Raphael e-mail re: potential second round of mailing postcards re: Justice Claims Administration, compose and transmit e-mail advising re: same. Review e-mail chain (5) re: Mr. Raphael e-mail re: potential second round of mailing postcards re: Justice Claims Administration. Review Mr. Raphael e-mail memo re: postcards sent, lack of response and cost of doing follow-up mailing, Review E-mail chain (3). Review Mr. Raphael report on telephone conference with Greg Parks of Justice Counsel firm Morgan Lewis. Review e-mail from Mr. Raphael re: invoice for mailing of 400,000 post cards.


February, 2016:

Total hours:15.95
Lodestar:   $9,570.00
Tasks performed:

Review correspondence between Mr. Raphael and Morgan Lewis, Counsel for Justice, re: 6.4 Million Class Members who did not respond to first e-mail. Review correspondence between Mr. Raphael and Mr. Pietragallo re: same. Compose and transmit Memorandum re: options for contacting 6.4 Million Class Members who did not respond to first e-mail. Review correspondence between Mr. Raphael and Greg Parks of Morgan Lewis, Counsel for Justice, re: enclosure email and Claims Administrator invoice and Written Direction for handling the returned postcards.  Review all weekly Claims Administrator weekly Administrative Reports. Review E-mail from claims administrator re: cost of doing sample of bounced back Emails for which there was no postal address. Review the Court's Grant of the Motion for a Conference Call with the Court to discuss the claims process. Review exchange between Mr. Raphael and Court Clerk Pamela B. Hyland re: Court's setting of conference call for 04:50 PM, Tuesday, 09 February 2016, to discuss the claims process. E-mail exchange with Mr. Raphael and Mr. Skipton re: mechanics of conference call with the Court. Review documents and prepare for conference call with the Court. Conference call with the Court re: post-card notice to Class Members who got e-mail notice, but where they did not respond and the e-mail did not bounce-back, and Review Judger Kearney

Minute Order re: same. Review Amendment to Settlement Agreement re: Claims Administration and sharing of costs. Review Draft Joint Motion for Approval of an Alteration in the Claims Administration Procedures, and advise Mr. Raphael. Execute Amendment to Settlement Agreement re: Claims Administration and sharing of costs, and transmit to Mr. Raphael. Review e-mail communication from Mr. Raphael re: Amendment to Settlement Agreement; Motion for Approval for an Alteration in the Claims Administration Procedure, and communications with attorneys for Justice at Morgan Lewis. Review final revisions to Settlement Agreement and Motion for an Alterations in the Claims Administration procedure, execute and transmit signature page for revised Settlement Agreement; e-mail exchange with Mr. Raphael. Review latest Morgan Lewis emendations to Amended Settlement Agreement; execute new signature page and transmit to Mr. Raphael. Review Motion for Approval of an Alteration in the Claims Administration Procedures and supporting papers, as filed. Engage in e-mail discussion re: Court's granting of the Motion for Approval and the Claims Administrators plan to prepare and mail supplemental Notices to Class Members beginning this week. Draft and transmit Memorandum on whether or not to serve the Court's Order Granting Motion for Approval formally upon Counsel for other pending cases, and who appeared at the MDL proceedings, but who have filed an objection and who have not been admitted to the ED PA in the Justice litigation. E-mail exchanges with Mr. Raphael, et al, re: adding vs not adding other Counsel as having received a "courtesy copy" to the Certificate of Service as mandated by the Court. Review cover letter to other Counsel, transmitting Court Order granting Plaintiffs' Motion for Approval of a change in the Claims Administration procedure. Review cover letters (4) to Objectors to the Claims Procedure, transmitting Court Order granting Motion for Approval of a change in the Claims Administration procedure. Review and proof read draft Motion for Final Approval and accompanying Proposed Order. Draft and transmit Memorandum re: (1) draft Motion for Final Approval, (2) Proposed Order, (3) Request for attorneys' fees and procedure to be followed, (4) Objections filed and to be filed, potential Discovery and potential Appeal. Review Proposed Order on Motion for Final Approval and e-mail correspondence with Mr. Raphael and Counsel Group. Review Mr. Pietragallo's comments and emendations re: Motion for Final Approval of Settlement. E-mail discussion re: (draft) Motion for Final Approval of Settlement. Review Mr. Raphael e-mail re: correspondence with reporter in Indiana. E-mail discussion re: the fact that

only one class-representative plaintiff has filed a claim to date. E-mail discussion re: suggestions for inducing more class representatives to file claims. Various other tasks.


March, 2016:

Total hours: 39.25
Lodestar:   $23,550.00
Tasks performed:

Review Memo from Mr. Friesen and Mr. Coyne re: Motion for Final Approval of Settlement and Motion for Award of Attorneys' Fees. Review initial and final drafts of Motion for Award of Attorneys' Fees. Compose and transmit Memorandum re: Attorneys' fee Motion to the Counsel Group. E-mail exchanges with Mr. Raphael re: potential expert testimony in conjunction with Motion for an Award of Attorneys' Fees. Transmit to the Counsel Group sample expert testimony from the TFT-LCD Antitrust Litigation. Review all Justice Administrative Reports and all Claims Administrator weekly Administrative Report. Review e-mail communication between Mr. Pietragallo and Mr. Skipton re: article in The New York Times re: false and misleading sales tactics by major companies with reference to setting falsely base prices for on-line merchandise. Review Article that appeared on the front page of The New York Times on Sunday, 06 March, regarding false and misleading sales tactics by major companies with reference to setting falsely base prices for on-line merchandise, and e-mail exchange. Review Mr. Pietragallo comments re: Motion for Award of Attorneys' Fees. E-Mail exchange with counsel group re: posting the Court's February 16 Order and the Amendment to the Settlement Agreement on the Settlement Website. Review emendations and re-writes by Mr. Pietragallo and Mr. Raphael to the Memorandum of Law in Support of the Motion for an Award of Attorneys' Fees. Draft and transmit Memorandum re: Memorandum of Law in Support of Motion for an Award of Attorneys' Fees, reviewing strategy and again calling for expert testimony. Telephone call to Professor Brian Fitzpatrick of the Vanderbilt Law School re: potential employment as an Expert Witness on the Motion for an Award of Attorneys' Fees, e-mail to the Counsel Group. Telephone call with Mr. Raphael re: Motion for an Award of Attorneys' Fees and potential hiring of an Expert Witness. Participate in discussion re:

Memorandum of Law in Support of Motion for an Award of Attorneys' Fees. Review e-mail communication from Mr. Raphael re: claims filed and to be filed by Representative Class Plaintiffs. E-mail to the Counsel Group amending and up-dating advice on when to file the collective lodestar with the Court. Conference call re: potential expert testimony. Call from and conversation with Prof. Brian Fitzpatrick of the Vanderbilt Law School in pursuit of an Expert Opinion in Support of our Motion for Attorneys' Fees, e-mail to Counsel Group re: same. Search, retrieve, and send to Mr. Raphael Affidavits of Edward J. Westlow in Support of Motions for an Award of Legal fees in the Airline Fuel Surcharge, SRAM, and TFT-LCD antitrust class-action litigation. Participate in conference call on the Motion for an Award of Legal Fees. Review Invoice from the Claims Administrator and Authorization to pay Invoice. Review e-mails re: claims filed by Representative Class Plaintiffs. Review In Re On-Line DVD Rental Litigation (9th Cir. 2015). Review Redman v. RadioShack Corp. (7th Cir 2014). Review In re IndyMack Mortgages (S.D.N.Y. 2015). Participate in Conf. Call re: Motion for an Award of Attorneys' Fees. Call to Prof. Miller of NYU Law School re: expert testimony. Call to Prof. Silver of Univ. Texas at Austin Law School. E-Mail to Counsel Group re: calls to Profs. Miller and Silver. Review Mr. Raphael memorandum re: conference call with Ohio Plaintiff Sylvia Goldsmith; respond with comments via e-mail. Review March 11 draft (dated march 13) draft of Motion for Final Approval of settlement and render comments. Review revised March 11 (dated march 13) draft of Motion for An Award of Attorneys' Fees and render comments. Review letter from and response to Tennessee Plaintiff. Review Mr. Raphael memo re: telephone call with Greg Parks of Morgan Lewis, Counsel for Justice. Review Law Review article "An Empirical Study of Class Action Settlements and Their Fee Awards, ABA Section on Litigation. Review form of Affidavit re: Attorneys' Fees, transmitted by Mr. Raphael and Mr. Friesen. Review revised section on collective lodestar for Brief in Support of Motion for Attorneys' Fees by Mr. Coyne and Mr. Friesen. Review draft affidavits of Notice by Mailing and Declaration of Charles Marr; transmit comments to Counsel Group. Review e-mail correspondence from Mr. Raphael re: inquiries from Class Members and non-Class Members. Review correspondence from Mr. Raphael re: efforts to procure Expert Declaration and Motion to Increase Page Limit. Review e-mail from Mr. Frieson re: alterations to Declaration re: attorneys' fees and lodestar, responding e-mail. E-mail correspondence with Mr. Skipton re: Motion to Increase Page Limit; review and comment upon draft Motion. E-mail

correspondence to Mr. Friesen re: lodestar method. Review Clean Draft of Motion for an Award of Attorneys' Fees. Prepare Westlow Declaration in Support of Motion for an Award of Attorneys' Fees. Review Memorandum from Mr. Raphael re: two (2) Objections, and the disposition thereof, from Drinnon and Paul. Review Mr. Raphael letters to Objectors Barkan and Russo re: initial disposition of objections. Review Mr. Raphael's red-lined version of latest clean draft of Motion for an Award of Attorneys' Fees. Finalize and transmit Westlow Declaration in Support of Motion for an Award of Attorneys' Fees; up-dated lodestar calculation, and expense report. Review Expert Declaration of Michael Boni in Support of Motion for an Award of Attorneys' Fees; e-mail to counsel group re: same. Review Mr. Raphael response ti Indiana reporter, e-mail to counsel group re: same. Exchange of e-mails with Mr. Skipton re: conference call with Morgan Lewis attorneys for Justice, to discuss joint brief on the Motion for Final Approval. Review Declarations (with exhibits) by Frank Barcan and Lauran Schultz on behalf of the Claims Administrator re: Notice, Publication Notice and claim, in Support of Motion for Final Approval; e-mail to Mr. Raphael. Review final draft of Motion for an Award of Attorneys' Fees and lodestar calculation; e-mail to Mr. Friesen. Review Mr. Raphael e-mail re: Indianapolis TV News story re: Justice Settlement, and news story itself. Review revised Boni Declaration, and add new emendation in the form of a footnote. Review Mr. Friesen emendations to revised Boni Declaration and e-mail re: same to counsel group. Review final draft of memorandum, including Mr. Friesen emendations, in Support of Final Approval of Settlement; e-mail to counsel group re: emendations. Prepare for and participate in conference call with Morgan Lewis lawyers for Justice re: joint filings on Motion for Approval of Settlement and Motion for an Award of Attorneys' Fees.   Review as-filed Motion for Approval of Settlement, with Exhibits. Review as-filed Motion for an Award of Attorneys' Fees (as filed) and lodestar calculation; with individual Declarations, Exhibits, and Boni Declaration. Review Memorandum of Law in Support of Motion for Approval of Settlement, with Exhibits, as filed by Morgan Lewis, Attorneys for Justice. Review Morgan Lewis Memo in Support of Joint Motion for Approval of Settlement, and Exhibits. Review Cover Letter transmitting to Counsel in other cases the Motion for Approval of Settlement and Motion for an Award of Attorneys' Fees. E-mail discussion re: an inquiry from the Center for Class Action Fairness. Draft and transmit memorandum re: the enquiry from the Center for Class Action Fairness and the possibility of affirmatively cooperating with them. Prepare and participate in conference call among the

Counsel Group re: enquiry from the Center for Class Action Fairness and the possibility of affirmatively cooperating with them. Review Mr. Pietragallo's e-mail to the Center for Class Action Fairness re: possible representation of an objector. Various other tasks.


April, 2016:

Total hours: 60.25
Lodestar: $36,150.00
Tasks performed:


Participate in on-going and continuing discussions among counsel Croup re: correspondence with Center for Class Action Fairness, and response to same. Review Mr. Raphael response to the "CCAF". Review all Claims Administrator weekly Administrative Reports. Review actual submission/report by Mr. Raphael, on behalf of the Counsel Group, responding to the enquiry from the "CCAF", and e-mail chain (3) with the Center discussing said submission/report. Participate in discussion re: whether or not to provide up-dated numbers to the "CCAF". Review actual up-dated submission of numbers to the Center for Class Action Fairness, and e-mail re: same. Prepare and transmit Memorandum re: filing of Notice of Intent to Appear by the "CCAF". Review Objection by "CCAF" (Memorandum) on behalf of Barbara Comlish and Kathryn Artlip. Review Declarations (3), by Schulman, Comlish, and Artlip in support of the Objection by the "CCAF". Review Exhibits (3) to the Schulman Declaration in Support of the Objection by the "CCAF". Review Plaintiffs 'Omnibus Response to Class Member Objections, and communicate emendations to Mr. Raphael and Mr. Skipton. Review Sheila Ference (PA) Objection by Mardi Harrison. Participate in discussion re: three (3) new Objections. Review correspondence from the Court containing 106 pages of non-docketed Objections received by the Court. Discussion re: non-docketed Objections received by the Court. Review numerous Notices of Appearance and Motions for pro hac vice admission by Counsel for numerous Objectors. Review Objection by Michelle Vullings. Review Objection by Manda Hipshire. Review Objection by Robert Gallagner, Rebecca Joiner, Andrea Kallay, David Legendre, Yanetsy Loor, Diana Amaya, Terri Holcomb, Dorlene Goldman, and Emily Mohr. Review Objection by Kelsey D. Foligno. Review article: Newberg, "Applying the percentage

method - Value of Fund - reversionary and claims made funds". Prepare for Conference Call among Counsel Group on Monday, 18 April. Review Mr. Skipton Memorandum on "Calculating Attorneys' Fees in Class Action Settlements" in preparation for Counsel Group conference call re: Joint Response to numerous objections. Counsel Group conference call re: Joint Response to numerous objections. Review Pro Se Objection of Pamela Sweeney (Wisconsin). Review Second filed Objection by Robert Gallagner, Rebecca Joiner, Andrea Kallay, David Legendre, Yanetsy Loor, Diana Amaya, Terri Holcomb, Dorlene Goldman, and Emily Mohr. Review Pro Se Objection by Kenna Jones (New Jersey). Review Pro-Se Objection to Attorneys' Fees Clear-Sailing Agreement by Steven Helfand. E-Mail exchange (3) with Mr. Skipton re: Perotti (Ohio) objections. Review Exhibits to Objection by Objector Keena Jones (New Jersey). Review hard-copy mailed version of Objection by Robert Gallagner, Rebecca Joiner, Andrea Kallay, David Legendre, Yanetsy Loor, Diana Amaya, Terri Holcomb, Dorlene Goldman, and Emily Mohr. Review Pro Se Objection by Beth Yoes fromTexas. Review Pro Se Objection by Cassidy from California. Review Pro Se Objections by Carey from Utah/Arizona. Review Pro Se Objection by Leighan Sonnier from Texas. Review Pro Se Objection by Harrington from Texas. Review Pro Se Objection by Jeffrey Weinstein from Texas. Review Certificate of Service by Zoie Marie Chavis (Maryland). Review Objection by Jill Brown of Michigan/Massachusetts. Review e-mail chain (5) re: request for assistance in filing a claim with the Claims Administrator for cash purchases by an Assistant Attorney General for the State of New York, in her personal capacity. Prepare and transmit Memorandum re: same. Conference call with Mr. Pirtragallo, Mr. Raphael, and Mr. Friesen re: request for assistance in filing a claim with the Claims Administrator for cash purchases by an Assistant Attorney General for the State of New York, in her personal capacity. Legal research and draft and transmit e-mail re: Eric Schneiderman, Attorney General of the State of New York. Review Mr. Pietragallo response to the request for assistance in filing a claim with the Claims Administrtator for cash purchases by an Assistant Attorney General for the State of New York, in her personal capacity. Review First and Second Notices of Appearance and Supplemental Objections by Paul Lawless on behalf of Leah Harrington, Beth Yoes, and Leighan Sonnier. E-Mail exchange with Mr. Pietragallo re: his call to Donna Cole Paul, Assistant Attorney General of the State of New York re: her personal claim under the Justice Settlement Agreement. Conference Call among Counsel Group and attorneys

from Morgan Lewis for Justice. Subsequent conference call with Plaintiffs' Counsel Group to discuss presentation to the Court. Review Defense Counsel's Motion for Leave to File Omnibus Response Memorandum to Objections to Motion for Approval of Settlement in Excess of Page Limit. Review Order granting Motion. Review and Offer emendations to, Plaintiffs Omnibus Response to various Objections. Review and Respond to Mr. Frieson's and Mr. Coyne's Draft Response to the Objections filed by the Perotti Group of Objectors, who also litigated and settled the previous Ohio State Class action against Justice. Review (Pro Se) Objection by Susan House of California. Review Notice of Appearance by Frank A. Rothermel of Bernhardt, Rothermel & Siegel on behalf of Objector Gretchen Cary. Review Memo by Mr. Raphael about his meeting with Justice Counsel Greg Parks from Morgan Lewis re: Reversion provisions of the Settlement Agreement. Participate in e-mail discussion re: same. Review Notice of filing of Amended Objection Brief by Robert Gallagher, Rebecca Joiner, et al. Review Omnibus Response to Objections by Non Appearing Objectors and prepare and transmit Memorandum offering emendations to same. Review (draft) Motion for Leave to File Memorandum of Law in Excess of Court's Page Limit of 20 Pages, and prepare and transmit memorandum re: said review. Participate in discussion re: Response to the Appearing Objectors. Review (draft) Response to Appearing Objectors and prepare and transmit Memorandum offering emendations to same. Review (draft) Responses to the Fogligno Objectors and prepare and transmit memorandum offering emendation to same. Review Mansour Gavin's emendations to the (draft) Plaintiffs' Responses to Objections of Class Members Manda Hipshire, et al. Review (draft) Plaintiffs' Responses to Objectors Robert Gallagher, Rebecca Joiner, Andrea Kallay, David LeGendre, et al., and prepare and transmit Memorandum offering emendations to same. Further review of (draft) Responses to Appearing Objectors, and draft and transmit Memorandum offering further emendations to same. Further review of (draft) Responses to Non-Appearing Objectors, and draft and transmit Memorandum offering further emendations to same. Review as-filed version of Plaintiffs' Responses to Objections of Robert Gallagher, Rebecca Joiner, Andrea Kallay, David LeGendre, et al. Review Defendant's Omnibus Response to Objections to Settlement Approval. Review Affidavit of Kevin Raphael and prepare and transmit, via e-mail, Memorandum re: same.

May, 2016:
Total hours: 52.20
Lodestar:    $31,320.00
(Through appearance at the Final Approval hearing,
 Held on May 20, 2016)
Tasks performed:

Review pro hac vice admissions process of Amy M. Wilkins of Phoenix, Arizona. Prepare and transmit to Mr. Raphael and the Counsel Group Memorandum analyzing Defendants' Response to Objections to Settlement Agreement. Review all Justice weekly Administrative Reports. E-Mail exchange (9) with Kelly Sklodowski and Mr. Raphael re: scheduling of meetings in conjunction with the Final Approval Hearing on the 20th, and e-mail adding my information to the Supplemental Boni Declaration. Review Memorandum by Mr. Owens re: (1) Procedure at, and requirements of the Final Approval Hearing, (2) whether or not testimony and cross examination may be permitted at said Final Approval Hearing, and (3) the requirements of, and procedure for serving subpoenas compelling witness and/or parties to appear at said Final Approval Hearing. E-mail exchange (4) regarding Mr. Owens' Memorandum, review further points offered by Mr. Owens, and give additional point in support of same. Review Mr. Skipton e-mail re: Motion by Alex Owens to accept late-filed Objections. Review e-mail exchange between Mr. Raphael and Gregory Parks of Morgan Lewis re: that firms proposed Motion for a Protective Order re: the potential calling of Counsel of Record as witnesses at the Final Approval Hearing: (1) Requiring Notice by 13 May of intent to call any such witness at the Hearing, and (2) for protection for any such Counsel so testifying from being disqualified to continue to serve as Counsel of Record. Review and participate in e-mail discussion (4) as to whether or not to support Mr. Park's proposed Motion. Review Supplemental Boni Declaration and respond via e-mail re: same. E-mail exchange (2) with Mr. Raphael re: presentation of lodestar cross-check numbers at the Final Approval Hearing. Review Motion to Accept Late Claims and prepare and transmit e-mail message re: content of said Motion. E-mail exchange with Mr. Owens re: Motion to Accept Late-Filed Claims. Review the Settlement Statistics Report of the Ohio/Perez case, as of 15 October 2015, and the Declaration Morgan Lewis intends to submit re: same. Review Consent Motion for Protective Order Regarding Counsel as Witnesses at Final Approval Hearing. Review Memorandum by Mr. Raphael re: subjects for

discussion on conference call with Greg Parks of Morgan Lewis, Counsel for Justice. Review e-mail chain (6) discussing conference call with Greg Parks of Morgan Lewis, Counsel for Justice. Review Declaration with emendations offered by Greg Parks of Morgan Lewis, Counsel for Justice by EPIQ, group hired by the Claims Administrator and draft and transmit Memo re: same. Review Order by the Court requiring that all participants in the Final Approval Hearing submit by Friday, 13 May, a 7-page brief setting forth what they intend to present at said Hearing. Prepare for conference call with h Greg Parks of Morgan Lewis, Counsel for Justice, to discuss up-coming Final Approval Hearing. Conference call with h Greg Parks of Morgan Lewis, Counsel for Justice, to discuss up-coming Final Approval Hearing. Follow-up conference call with Plaintiffs' Counsel Group to discuss arguments at the Final Approval Hearing and preparation of visual aids for oral argument. Review Court's Order granting uncontested Motion for a Protective Order re: testimony to be presented at the Final Approval Hearing. Review the Comlish Objectors Response to the Court Order of May 10, 2016. Review Declaration of Frank Brakan on behalf of Claims Administrator RSM US LLP re: Administrative Costs to date, and prepare and transmit Response to same. E-mail exchange (2) with Mr. Skipton re: Plaintiffs' Counsel conference call scheduled for Thursday, 12 May. Review Objector Michelle Vullings' Response to the Court's Order of May 10th, detailing her Order of Proof at the Final Approval Hearing. Review re-calculation of the automatic voucher distribution valuation by CPA Ric Zayas of the Marcum accounting firm. Review two (2) drafts of Pre-Hearing Memorandum by Morgan Lewis, lawyers for Justice. Review (as-filed) Joint Motion for Order allowing for Acceptance of Claims filed Between April 5, 2016 and May 20, 2016. Review Order by the Court calling for any objectors to the late-filed claims Motion file a Memorandum, not exceeding 5 pages, setting forth reasons for objection. Prepare and transmit e-mail to Plaintiffs' Counsel Group, after reviewing Report and Declaration by Mr. Zayas re: the Claims Administration Process, not objecting to same. Review Greg Parks of Morgan Lewis Declaration re: the Ohio State Court Settlement, and prepare and transmit e-mail re: same. Participate in e-mail discussion re: the specifics of the Ohio State-Court Settlement. Prepare for and conference call with Counsel Group, both Plaintiffs' Counsel and Defense Counsel. Review Mr. Raphael e-mail transmitting Final Supplemental Brief, with all declarations and opining that said brief effectively answers much of the Perotti (Ohio) Group's Objections. Review the Perotti (Ohio) Group's Pre-Hearing Memorandum, as filed. E-mail

message to Mr. Raphael signing off on draft of Plaintiffs' Pre-Hearing Memorandum Review Plaintiffs' Pre-Hearing Memorandum, as filed. Review Defendant's Pre-Hearing Memorandum, as filed. Review Motion to Withdraw Objections, filed by Jeffrey Weinstein. Review Reply in Support of Objections by Deborah Love. E-mail exchange with Mr. Skipton re: Plaintiffs' Motion in Limine to Preclude Class Counsel Testimony. Review and edit Plaintiff's Motion in Limine to Preclude Class Counsel Testimony. E-mail exchanges with Mr. Raphael and Mr. Skipton re: the Final Approval Hearing. Review Notice of Appearance and Supplemental Objections of Harrington, Yoes and Sonnier. Review as-filed Motion in Limine to Preclude Testimony at the Final Approval Hearing by Class Counsel. Participate in discussion re: agreement with Mr. Parks of Morgan Lewis on spending $2.6 million additional so that all vouchers can be sent by regular mail. Review of Demonstrative Exhibit for presentation at the Final Approval hearing, including slide presentation walking through argument in favor of approving Settlement Agreement. Further review of all Documents relative to Final Approval Hearing and in preparation for Counsel Meeting on 19 May. Review Court's Order that the Parties' Joint Motion is granted and Defendants and the Claims Administrator may accept claims submitted after 4/5/2016 but no later than 5/20/2016. Review (as filed) Notice of Unavailability for Appearance at the Fairness Hearing by Paul Lawless, Counsel for Objectors Harrington, Yoes and Sonnier. Meeting with Mr. Raphael and Mr. Skipton to discuss the presentation before the overall Counsel Meeting. Morning session of Plaintiffs' Counsel Meeting in anticipation of and to prepare for the Final Approval Hearing. Presentation to Plaintiffs' Counsel re: possibility of, and procedure during, appeal of Court's ruling. Afternoon session pf Plaintiffs' Counsel Meeting in anticipation of, and to prepare for, the Final Approval Hearing. Review e-mail chain re: discussion of Greg Parks' comment about Slide 16 in Plaintiffs' Presentation. Review Court Order accepting withdrawal of Objections by Attorney Jeffrey Weinstein. Review Court Order Granting Plaintiffs' Motion in limine to preclude class counsel testimony subject to Plaintiffs' decision to introduce evidence from their counsel and resultant cross-examination. Attend morning session of the Final Approval Hearing. Attend afternoon session of the Final Approval Hearing. Various discussions re: analysis of the Final Approval Hearing.

Totals: Feb., 2015 through May 20, 2016
i.e., Appearance at Final Approval Hearing
Total hours: 444.9
Lodestar:   $266,940.00

The Lodestar reflects the total number of hours stated in the narrative summary of tasks set forth above and the hourly rate of $600.00. I have in my possession all the monthly time-sheets for the stated period, each with the contemporaneously recorded time entries for each specific month. This document is submitted, pursuant to the Court's request, and is complimentary to my Declaration in Support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards.

Richmond, Virginia
May 27, 2016

_____
Edward J. Westlow

# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CIVIL ACTION No. 15-724 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

## SUPPLEMENTAL DECLARATION OF BRENDON P. FRIESEN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

I, Brendon P. Friesen, declare as follows:

1. I am a shareholder of the law firm, Mansour Gavin LPA. My firm is one of Class Counsel in this litigation. I am over the age of 18, competent to testify and have personal knowledge of the facts set forth in this Declaration. If called upon to do so, I could and would testify to them. This Declaration is without prejudice and shall not be construed as a waiver of the attorney work product doctrine or the attorney client privilege.

2. This Declaration is in further support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards. ("Motion for Fees", 23 – 24). Specifically, this Declaration outlines the work performed by the named plaintiff, **Carol Rougvie** from California ("Ms. Rougvie"), to justify the incentive award requested in the amount of $6,000.

3. In early February 2015, I began speaking with Ms. Rougvie about her case against the defendants and her experiences while shopping at the Justice stores during the relevant class period. She believed that she was deceived by the illegal sales practices of the defendants.

4. Over the course of the litigation, I spoke with Ms. Rougvie by telephone over twelve (12) times. The phone calls ranged in time from five minutes to an hour, with an average of a half hour. We also corresponded by email and facsimile.

BPF 5-26-16

5. During our lengthy phone conferences, we discussed the facts of her case, strategy, reviewed various pleadings, her obligations in and concerns with the case and her privacy, as well as initial preparation to testify in deposition, hearings or at trial.

6. Ms. Rougvie also reviewed at length with me the various aspects of the proposed settlement agreement between the parties.

7. The time Ms. Rougvie spent working with me and my office was separate and apart from preparing and filing a claim as a member of the class.

8. I also spoke with the named plaintiffs from Texas, **Tiffany Bolton** and **Kara Bell**, on multiple occasions by telephone throughout the course of the litigation to discuss status of the case, strategy and the proposed settlement terms. The phone calls ranged in time from five minutes to an hour, with an average of a half hour. This was time the two plaintiffs spent separate and apart from filing claims as members of the class.

9. I also corresponded with the named plaintiff from Illinois, **Caroline Mansour**, concerning the status of the case. Her time in corresponding with me was separate and apart from the time she spent filing a claim as a member of the class.

I declare that the foregoing is true and correct under penalty of perjury under the laws of

the United States. Executed this 26th day of May, 2016 in Cleveland, Ohio.

Brendon P. Friesen, Shareholder of
Mansour Gavin LPA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CIVIL ACTION No. 15-724 |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

**SUPPLEMENTAL DECLARATION OF ERNEST P. MANSOUR IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES**
**AND INCENTIVE AWARDS**

I, Ernest P. Mansour, declare as follows:

1. I am a shareholder of the law firm, Mansour Gavin LPA. My firm is one of Class Counsel in this litigation. I am over the age of 18, competent to testify and have personal knowledge of the facts set forth in this Declaration. If called upon to do so, I could and would testify to them. This Declaration is without prejudice and shall not be construed as a waiver of the attorney work product doctrine or the attorney client privilege.

2. This Declaration is in further support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards. (the "Motion for Fees", 23 – 24). Specifically, this Declaration summarizes the work performed by the named plaintiffs, **Kara Bell** and **Tiffany Bolton**, from Texas ("Ms. Bell" and "Ms. Bolton"), and **Caroline Mansour**, from Illinois ("Ms. Mansour"), to justify the incentive award requested for each in the amount of $6,000.

3. In early February 2015, I began speaking with Ms. Bell and Ms. Bolton, along with local counsel in Austin, Texas about their respective cases against the defendants and their experiences while at the Justice stores during the relevant class period. They both believed they were deceived by the illegal sales practices of the defendants.

4. During the course of the litigation, I made three trips to Austin, Texas to meet with Ms. Bell and Ms. Bolton.

5.  Ms. Bolton lives in Waco, Texas and was required to travel two hours each way for the meetings with me.

6.  Ms. Bell lives in Georgetown, Texas and was required to travel forty five minutes each way to meet with me.

7.  During the lengthy meetings with Ms. Bell and Ms. Bolton in Austin, Texas, we discussed the facts of their respective cases, strategy, reviewed pleadings, their obligations in and concerns with the case and their privacy, as well as initial preparation to testify in deposition, hearings or at trial.

8.  Ms. Bell and Ms. Bolton also corresponded with my partners at Mansour Gavin LPA by phone and email.

9.  We also reviewed at length the various aspects of the proposed settlement agreement between the parties.

10. The time Ms. Bell and Ms. Bolton spent working with me and my office was separate and apart from preparing and filing claims as members of the class.

11. I also traveled to Chicago, Illinois to meet with Ms. Mansour. Ms. Mansour is my daughter-in-law. Ms. Mansour also believes she was deceived by the illegal sales practices of the defendants.

12. During our meetings, we discussed the facts of her case, strategy, reviewed pleadings, her obligations in and concerns with the case and her privacy, as well initial preparation to testify in deposition, hearings or at trial.

13. We also reviewed at length the various aspects of the proposed settlement agreement between the parties.

14. The time Ms. Mansour spent working with me and my office was separate and apart from preparing and filing a claim as a member of the class.

I declare that the foregoing is true and correct under penalty of perjury under the laws of

the United States. Executed this 26th day of May, 2016 in Cleveland, Ohio.


Ernest P. Mansour, Shareholder of
Mansour Gavin LPA

| Carol Rougvie, et al., | : | CIVIL ACTION No. 15-724 |
|---|---|---|
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al. | : | |
| | : | |
| Defendants | : | |

## SUPPLEMENTAL DECLARATION OF KEVIN E. RAPHAEL IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

I, Kevin E. Raphael, declare as follows:

1.  I am a partner in the law firm, Pietragallo, Gordon, Alfano, Bosick, and Raspanti, LLP. My firm is one of the Class Counsel in this litigation. I am over the age of 18, competent to testify and have personal knowledge of the facts set forth in this Declaration. If called upon to do so, I could and would testify to them. This Declaration is without prejudice and shall not be construed as a waiver of the attorney work product doctrine or the attorney client privilege.

2.  This Declaration is in further support of Class Counsels' Motion for Award of Attorneys' Fees, Expenses and Incentive Awards. ("Motion for Fees", 23 – 24). Specifically, this Declaration outlines the involvement of Carol Cowhey ("Mrs. Cowhey"), Fonda Kubiak ("Mrs. Kubiak"), and Melinda Mehigan ("Mrs. Mehigan") with Class Counsel during the litigation, in support of the incentive award requested for each of them in the amount of $6,000.

3.  In early February 2015, I began speaking with Mrs. Cowhey about her case against the Defendants and her experiences while shopping at the Justice stores during the relevant class period. She believed that she was deceived by the illegal sales practices of the defendants.

4.  During the course of the litigation, I met with Mrs. Cowhey at least three times, each for at least one hour. Mrs. Cowhey and I also spoke several times by telephone during the course of the litigation.

5.  In our first meeting, Mrs. Cowhey and I spoke about her experience shopping at Justice, her understanding of the "40% off everything in the store" sales, her shopping patterns, the amounts she spent, and the documentation she possessed concerning her purchases. We also had a general discussion of the legal theories

underlying the complaint. In our second meeting, Mrs. Cowhey and I spoke about the legal foundation of the case, the strategy for the complaint, the Defendants' potential defenses, and the strategy for pursuing the action, and Mrs. Cowhey provided samples of the types of clothing she purchased from Defendants for her daughters. In a subsequent meeting, Mrs. Cowhey reviewed the draft Settlement Agreement, inquired about several aspects of the draft Settlement Agreement, and then approved the draft Settlement Agreement. Mrs. Cowhey then executed the Settlement Agreement.

6. During our phone conferences, we discussed the facts of the case, settlement discussions with Defendant, and the terms of the settlement discussions.

7. Mrs. Cowhey also reviewed with me the various aspects of the agreement in principle reached with Defendants on July 2, 2015. Mrs. Cowhey then approved the terms of agreement in principle.

8. The time Mrs. Cowhey spent working with me and my office was separate and apart from preparing and filing a claim as a member of the class.

9. I had several phone conversations with representative plaintiff Melinda Mehigan during the course of the litigation. During these calls, I spoke with Mrs. Mehigan about her shopping patterns at Justice during the "40% off everything in the store" sales, and the status of the case, strategy and the proposed settlement terms. Mrs. Mehigan provided proof of purchase at Justice prior to commencing the litigation. Mrs. Mehigan reviewed and approved the agreement in principle reached by the Parties on July 2, 2016. Mrs. Mehigan reviewed and approved the draft Settlement Agreement before it was executed. This time was spent separate and apart from filing claims as members of the class.

10. I also had several phone conversations with representative plaintiff Fonda Kubiak during the course of the litigation. During these calls, I spoke with Mrs. Kubiak about her shopping patterns at Justice during the "40% off everything in the store" sales, and the status of the case, strategy, ongoing settlement negotiations, and the proposed settlement terms. Mrs. Kubiak provided proof of purchase at Justice prior to commencing the litigation. Mrs. Kubiak reviewed and approved the agreement in principle reached by the Parties on July 2, 2016. Mrs. Kubiak reviewed and approved the draft Settlement Agreement and then executed the Settlement Agreement. This time was spent separate and apart from filing claims as members of the class.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States. Executed this 31st day of May 2016 in Philadelphia, Pennsylvania.

Kevin E. Raphael, Esq.

3168364