IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ROUGVIE, et al. | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 15-724 |
| ASCENA RETAIL GROUP, INC., et al. | : |

## ORDER

**AND NOW**, this 29th day of July 2016, upon consideration of Plaintiffs' and Defendants' Joint Motion for final approval of settlement (ECF Doc. No. 98), Objections (ECF Doc. Nos. 101, 103, 105, 107, 110, 112, 113, 114, 116-124, 131) following evaluation of evidence, affidavits and oral argument at our noticed Final Fairness Hearing where no party or Class Member sought to adduce testimony and for reasons in the accompanying Opinion, it is **ORDERED** the Joint Motion (ECF Doc. No. 98) is **GRANTED** and, subject only to further Orders resolving petitions for supplemental distributions from the $50.8 Million Settlement Fund consistent with the accompanying Opinion, this case is **dismissed with prejudice** under the Settlement Agreement and **FINAL JUDGMENT is entered:**

1. We have jurisdiction over the subject matter and parties and shall retain jurisdiction to resolve disputes arising as to the performance, validity, interpretation, enforcement or administration of the approved Notice, this Order or the Settlement Agreement;

*Class certification is warranted.*

2. The proposed Settlement Class satisfies the requirements for class action treatment under Federal Rules of Civil Procedure 23(a) and (b). The Settlement Class with 18,422,784 identifiable members are so numerous their joinder is impracticable. There are

questions of law and fact common to the Class. The claims of the Class Representatives are typical of the Settlement Class Members. The Class Representatives and Class Counsel have fairly and adequately represented the interests of all Settlement Class Members. The questions of law or fact common to the Class predominate over any questions affecting only individual Settlement Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

    3.    We **certify the Settlement Class** under Federal Rule of Civil Procedure 23 as:

> All persons throughout the United States who purchased any children's apparel, fashion accessories, or other products from Justice during the period from January 1, 2012 to February 28, 2015 ("Settlement Class").

The Settlement Class excludes Ohio residents within the scope of the class settlement in *Perez v. Tween Brands, Inc.*, No. 14-cv-001119 (Ct. Comm. Pls. Lake Cty OH), which included all Ohio residents who made purchases from Justice Stores in Ohio between July 1, 2012 and August 31, 2014 ("Excluded Ohio residents"). The Excluded Ohio residents remain members of the Settlement Class for purchases from Justice Stores from January 1, 2012 to June 30, 2012 or from September 1, 2014 to February 28, 2015;

    4.    The Settlement Class meets the requirements of Fed.R.Civ.P. 23(a). Common questions of law and fact predominate with respect to the members of the Settlement Class. A class action is a superior method for resolving the claims of the Class. This is the proper forum for the maintenance of this class action. Due to the settlement, there will be no issues of manageability;

    5.    The Settlement Class meets the requirements of Fed.R.Civ.P. 23(b)(3);

6. We appoint Class Counsel William Pietragallo, II, and Kevin E. Raphael from Pietragallo Gordon Alfano Bosick and Raspanti, LLP; Ernest Mansour, Anthony Coyne, and Brendon Friesen from Mansour Gavin, LPA; Robert Mansour; and Edward J. Westlow;

7. Plaintiffs and Class Counsel adequately represented the Class. The Class Representatives have no disabling conflicts with members of the Settlement Class and have participated in this action as required, although we decline to pay an incentive fee to one Class Representative arising from her undisclosed relationship with Class Counsel;

8. By operation of this Order, all Settlement Class Members who did not timely opt out are deemed to have absolutely and unconditionally released and forever discharged the Defendants from all claims as defined in the Settlement Agreement and deemed to have waived the protections under Section 1542 of the California Civil Code or similar laws;

### *The Settlement is fair, reasonable and adequate.*

9. We **approve** the Settlement as fair, reasonable and adequate.

10. The Settlement is entitled to a presumption of fairness because: (a) the negotiations were conducted as arm's length; (b) the parties exchanged pre-settlement documents, including review of records and documents from Justice Stores; and (c) Class Counsel are experienced in class action litigation. The parties provided notice of the pendency of this class action, of the Proposed Settlement, and of the request for certification of the Settlement Class to all persons reasonably identifiable as Class Members, as shown by the Defendants' records or by proof provided by Class Members after national publication notice, at the respective addresses set forth in Justice Stores' records, as updated as provided for in the Settlement Agreement. We find the form, content and method of dissemination of the notice given to the Class Members was adequate and reasonable, and constituted the best notice

practicable under the circumstances. The notice, as given, provided valid, due and sufficient notice of these proceedings, of the Proposed Settlement, and of the terms and conditions in the Settlement Agreement, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, constitutional due process and other applicable law;

11. Defendants timely filed notice of the proposed settlement under the Class Action Fairness Act of 2005 ("Act"), 28 U.S.C. §§1711-1715, apprising, in connection with the approval of this settlement, Defendant sought certification from this Court confirming their respective notifications complied with any applicable Act requirements. We reviewed the notifications and accompanying materials and they comply with the Act;

12. Claims Administrator RSM shall pay from the $50.8 Million Cash Settlement Fund under the terms of our October 27, 2015 Order: the claims of Class Members electing a cash settlement; up to $8 million from the Settlement Fund to reimburse demonstrated administrative costs and its reasonable fees and incurred but unpaid expenses; and, the attorneys' fees and incentive awards contemporaneously awarded today as described in the accompanying Order and Opinion;

13. The Settlement is not subject to change, modification, amendment or addition without our further approval; and,

14. If the parties terminate the Settlement Agreement under its terms or the terms of any other agreement between the Parties, or this Judgment is reversed on appeal or otherwise does not become Final, (i) this Judgment shall be rendered null and void and vacated *nunc pro tunc*; (ii) as specified in the Settlement Agreement, the Settlement Agreement and other related orders shall be rendered null and void and vacated *nunc pro tunc*; and, (iii) this case will proceed as provided in the Settlement Agreement.

_____
KEARNEY, J.