IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ROUGVIE, et al. | : CIVIL ACTION |
| | : |
| vs. | : |
| | : NO. 15-724 |
| ASCENA RETAIL GROUP, INC., et al. | : |

## ORDER

**AND NOW**, this 29th day of July 2016, upon consideration of Plaintiffs' Motion for an award of attorneys' fees, expenses and incentive awards (ECF Doc. No. 99) and supplemental memoranda (ECF Doc. Nos. 166, 167), following evaluation of evidence, affidavits and oral argument at our noticed Final Fairness Hearing after no interested party or Class Member sought to adduce testimony and for reasons in the accompanying Opinion, it is **ORDERED** Plaintiffs' Motion (ECF Doc. No. 99) is **GRANTED** in part and **DENIED** in part:

1. On or before **August 12, 2016,** Class Counsel shall file an affidavit identifying the customary hourly rates and hours billed by each professional to confirm its calculations of its May 31, 2016 proffered blended hourly rate per law firm along with a comparator affidavit as to the reasonableness of the proposed hourly rates in this District for class actions;

2. On or before **August 26, 2016,** any Objector who already timely challenged Class Counsel's attorneys' fees may supplement their filed Objection to challenge Class Counsel's affidavit of customary hourly rates and hours billed and show cause why we should not award the dollar amount of the lodestar incorporated as part of our awarded fees in paragraph 3 below;

3. Subject to our review of Class Counsel's affidavit and any timely objection resulting in us correcting an error in Class Counsel's hourly rates used to calculate the lodestar plus 1.75 multiplier awarded today, Class Counsel is awarded $5,311,470.24 in attorneys' fees

("Award") to be paid from the $50.8 Million Cash Settlement Fund with fifty percent (50%) of the Award paid contemporaneously with issuing cash payments and vouchers to Class Members and no later than twenty (20) days after the Effective Date; and twenty-five percent (25%) of the Award paid ninety (90) days after the Effective Date; twenty-five percent (25%) of the Award paid upon the earlier of one hundred eighty (180) days after the Effective Date or an Order providing early distribution based upon Class Counsel's certification describing complete efforts to distribute the cash and vouchers to the Settlement Class;

4. Plaintiffs Fonda Kubiak, Kara Bell and Tiffany Bolton are each awarded a $2,000 incentive award; Plaintiffs Carol Rougvie and Melinda Mehigan are each awarded a $2,500 incentive award; and, Plaintiff Carol Cowhey is awarded a $3,000 incentive award;

5. Within forty-five (45) days after the last expiration date for a voucher distributed under the approved settlement:

   a. Class Counsel are granted leave to move for distribution of additional proceeds from the $50.8 Million Cash Settlement Fund with supporting affidavits, including: a) reimbursement of reasonable expenses; and b) attorneys' fees based on a percentage of recovery method or additional lodestar;

   b. Defendants are granted leave to move for distribution of proceeds from the $50.8 Million Cash Settlement Fund, with supporting affidavits describing the face value of vouchers actually redeemed, up to a cap of $8 million;

   c. Parties shall jointly move for approval of a distribution plan for the remainder in the Cash Settlement Fund including the balance distributed to the Class Members and possibly appropriate *cy pres* recipients if compensation to Class Members is impracticable;

      d.      Any Objector having already timely filed an objection may supplement any objection by responding to the parties' motions under paragraph 5 within fourteen (14) days of filing;

      6.      Class Counsel and Defendants' counsel shall file joint status updates on the progress of the distribution under the Settlement Agreement, redeemed vouchers and any ongoing administrative expenses on **January 15, 2017** and every ninety (90) days thereafter until filing motions for final distribution.

_____
KEARNEY, J.