**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL ROUGVIE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASCENA RETAIL GROUP, INC. d/b/a/ JUSTICE STORES<br><br>and<br><br>TWEEN BRANDS, INC. d/b/a JUSTICE STORES<br><br>*Defendants*. | No. 2:15-cv-00724-MAK |

**MOTION OF OBJECTORS BARBARA COMLISH, KATHRYN ARTLIP, MANDA HIPSHIRE, ROBERT GALLAGHER, REBECCA JOINER, ANDREA KALLAY, DAVID LEGENDRE, YANETSY LOOR, DIANA AMAYA, TERRI HOLCOMB AND EMILY MOHR TO EXTEND THE FED. R. CIV. P. 54(d) DEADLINE TO FILE MOTION FOR ATTORNEYS' FEES**

In accordance with Fed. R. Civ. P. 6(b)(1)(A), objecting class members Barbara Comlish, Kathryn Artlip, Manda Hipshire, Robert Gallagher, Rebecca Joiner, Andrea Kallay, David Legendre, Yanetsy Loor, Diana Amaya, Terri Holcomb and Emily Mohr (collectively "Objectors") move this Court to grant them an extension of time under which to file Fed. R. Civ. P. 54(d) motions for attorneys' fees and objector incentive awards. In support of the motion, Objectors rely on the attached brief. As Exhibit 1 to this motion, Objectors attach a proposed form of order. Objectors consent to disposition on the papers without oral argument.

Good cause exists to grant Objectors' motion. Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 744 (3d Cir. 2001); *McDonough v. Toys "R" Us,* 80 F. Supp. 3d 626, 658-59 (E.D. Pa. 2015). In this case, the magnitude of Objectors' tangible benefit depends upon the additional fees that class counsel seeks and is awarded after the voucher redemption period. This Court's previous order gave class counsel and defendants forty-five (45) days after the vouchers' expiration date to petition the Court for additional fees, for a reversion of settlement proceeds (up to an $8 million cap), and for approval of a distribution plan of the left over funds. Dkt. 185 ¶5. Only after those submissions can Objectors begin to quantify the pecuniary benefit that they have conferred on the rest of the class.

Thus, Objectors' move the court to extend the Rule 54(d) deadline for objectors until fourteen (14) days after the deadline for submissions of the settling parties motions under paragraph 5 of its earlier order (Dkt. 185).

## INTRODUCTION

Objectors are absent class members who registered timely objections to the settlement in this case and appeared through counsel at the fairness hearing. *See* Dkts. 103, 110, 112, 187. The settlement proposed for this court's approval contained three components: $8,000,000 in

administration costs; $14,111,455.85 in attorney's fees; and $27,800,000 for class member payments. This Court was asked to approve a full reverter to defendants from any monies not distributed in the attorneys' fees and class member payments categories. See Dkt. 98 at 17. On July 29, the Court entered final judgment approving the class settlement with modifications and granting class counsel an interim fee award of $5.3 million of the $14.1 million they had sought unopposed by defendants. Dkts. 183, 184, 185. In conjunction with defendants' post-objection decision to disclaim its entitlement to the residual amount of the fee fund (Dkt. 138 at 7-8), Objectors have conferred up to an $8.8 million monetary benefit on the class as related to the attorneys fee category. But the quantum of the benefit depends upon the disposition of the residual fee fund. If, for example $100 million of the $378 million in unsolicited Justice vouchers are redeemed, then it would be reasonable for class counsel to seek the entirety of the residual fee fund and Objectors have conferred no pecuniary benefit upon absent class members (other than relatively minimal benefit of the $6000 incentive award reduction owing to Ms. Mansour's conflict of interest). On the other hand, if less than $2.9 million worth of vouchers are redeemed, then class counsel will have no grounds to seek an additional award and the difference between the $14.1 million fee request and $5.3 million initially awarded can redound to the benefit of absent class members.

As to the class member payment fund, the Court noted that only $10,036,310.10 cash has been claimed out of $27,800,000. Dkt. 183 at 46. To account for the voucher/coupon aspect of the settlement which all have a one year expiration date, the Court focused on the actual redemption of those items and required a final reporting of that amount. Dkt. 183 at 14. The Court further directed that the "[p]arties shall jointly move for approval of a distribution plan for the remainder in the Cash Settlement Fund including the balance distributed to the Class Members and possibly appropriate *cy pres* recipients if compensation to Class Members is impracticable." Dkt. 185 at 2.

Consistent with Third Circuit law, and the underpinnings of the Class Action Fairness Act itself, the requested extension will allow Objectors to base their fee motions on the actual benefits

that they have helped to confer on absent class members.

## ARGUMENT

Objecting class members who confer a material benefit upon other class members through their objections are entitled to fees as a matter of law. *E.g., In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 744 (3d Cir. 2001). There are various permutations by which objectors may confer a class benefit. They might successfully appeal a final approval order to the Third Circuit thereby impelling the settling parties to renegotiate a better settlement on remand. *See, e.g., McDonough v. Toys "R" Us,* 80 F. Supp. 3d 626 (E.D. Pa. 2015). By simply filing their objection, they may induce the settling parties to voluntarily amend their settlement in a way that improves the settlement for absent class members. *See, e.g., Arnett v. Bank of Am., N.A.*, No. 3:11-cv-1372-SI, 2014 U.S. Dist. LEXIS 149679 (D. Or. Oct. 22, 2014) (crediting objector for class counsel's unilateral withdrawal of $38,000 in questionable expenses). Third, their objection may be adopted by the district court in a way that either compels the settling parties to revise the settlement or in a way that automatically improves the class's recovery (*e.g*. reducing fees in a common fund settlement and thereby augmenting the class members' share of the fund). *See, e.g., Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994).[1]

In this case, Objectors will base their fee motion on the defendants' concession eliminating the segregated fee fund to "moot" objections (Dkt. 138 at 7-8) (ratified by class counsel at the fairness hearing), in conjunction with the Court's adoption of several of objectors' arguments for limiting class counsel's fee award, valuing the settlement based on cash and redemptions, and directing distribution of unclaimed class monies to the class members or cy pres. *Compare*

---

[1] Other courts have concluded that simply sharpening the adversarial debate is sufficient to award objectors' a fee even in the absence of a concrete benefit. *E.g., In re Ikon Office Solutions, Inc.*, *Secs. Litig.*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (awarding objector $10,000 in fees plus reimbursement of costs for "sharpen[ing] debate"). Objectors will not be moving for fees on this basis.

Comlish Obj. (Dkt 103) at 9-12, 18-19 (objecting that the fee award cannot be based upon the face value of the coupons distributed and suggesting that "it is appropriate for a court to award partial fees until the full benefit is known"), *id*. at 13-15 (objecting to settlement's segregated fee fund), *id.* at 19-20 (objecting to the excessive multiplier requested under the lodestar crosscheck), and Hipshire Obj. (Dkt. 110) at 13-15 (objecting to the reverter provision), *id*. at 16-17 (objecting to lodestar "well above the range" of appropriate multipliers, *id.* at 19 (objecting the "largely illusory" value of the vouchers), Gallagher Obj. (Dkt. 112) at 11 (objecting to settlement provision providing for reverter of unawarded attorneys' fees), *id.* at 12- 13 (objecting to award of full attorneys' fees where Objectors' counsel identified deficiencies and suggested changes which were ultimately included by class counsel and defendants in the final settlement agreement) *with* Opinion (Dkt. 183) at 44-63 (applying the Class Action Fairness Act and refusing to award fees based upon the coupon portion of the settlement pending determination of the ultimate redemption rates); *and with* Opinion at 67 (noting that "the parties addressed and cured meritorious objections"). Any significant material benefit, however, is contingent on the outcome of the Justice coupon redemption process. If the coupon redemptions are numerous enough to justify a supplemental award to class counsel of the remaining ~$9 million in the fee fund, then Objectors will have conferred no ultimate benefit from the interim fee reduction. There will still be a benefit to the extent of the non-reverter from the $27.8 million class payment fund, originally ~$17 million and now capped at $8 million.

      Fed. R. Civ. P. 54(d)(2)(B)(i) sets the deadline to file attorneys' fees motions at "no later than 14 days after the entry of judgment." Because the Court entered judgment on July 29, 2016, the deadline is currently set for August 12, 2016. However, Fed. R. Civ. P. 6(b)(1)(A) allows the Court to extend the deadline for "good cause" "if a request is made, before the original time or its extension expires." Thus, within the Rule 54 window, the potential fee applicant has the option to file either their fee motion or a motion for an extension under Rule 6. *See Planned Parenthood v. AG*, 297 F.3d 253, 261 (3d Cir. 2002).

With respect to Rule 6(b)(1)(A), the necessary "good cause" showing is "non-rigorous;" "a request for an extension of time pursuant to the Rule should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Davis v. Ace Hardware Corp.*, No. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 90657, at *96 (D. Del. July 2, 2014) (quoting *inter alia Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)); *see also* 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004). "In order to establish good cause pursuant to Rule 6(b)(1)(A), the moving party must demonstrate that it cannot reasonably meet the court's deadlines despite its diligence." *Davis*, 2014 U.S. Dist. LEXIS 90657, at *95.

Objectors satisfy the above standards. Because of the bifurcated structure of the coupon settlement and class counsel's fee award, the Objectors cannot yet accurately discern how much benefit has been conferred upon absent class members. And further, because the amount of value added is the prime consideration in assessing objector fee requests,[2] requiring the Objectors to file fee motions on the current record would be premature and prejudicial to their motions.

Neither the settling parties, nor the Court's docket would be prejudiced by the Objectors' extension of time. The Court's previous order (Dkt. 185) anticipates filings from the settling parties forty-five days after the expiration of the coupon redemption period, and it allows Objectors to respond to those filings within fourteen days thereafter. Deferring the fee award to consider actual benefit in this manner is endorsed by Third Circuit precedent, the Class Action Fairness Act and the Advisory Committee Notes to Rule 23(h). *See, e.g., In re Baby Products Antitrust Litig.*, 708. F.3d 163, 179 ("In evaluating a fee award, [the court] should begin by determining with reasonable accuracy the distribution of funds that will result from the claims process. This may require it to delay a final assessment of the fee award to withhold all or a substantial part of the fee until the

---

[2] *See, e.g., McDonough*, 80 F. Supp. 3d 626, 659 n.35; *Dewey v. Volkswagen*, 909 F. Supp. 2d, 373 395 (D.N.J. 2012) ("[O]bjectors must have economically benefitted the class or, at the very least, shown that a court adopted their objection.").

distribution process is complete.") (internal quotation omitted). Granting leave for Objectors to also file Rule 54(d) attorneys' fees and incentive award motions after the coupon redemption period has ended makes similar sense. Such a schedule will put Objectors' counsel on par with class counsel in considering actual benefit conferred. Moreover, the requested extension will not delay proceedings any further than already contemplated under the previous Order (Dkt. 185). Local Rule 7.1(c) of course will allow class counsel or defendants to oppose Objectors' fee motions within fourteen days if they so wish.

In light of the foregoing, Objectors respectfully request that the Court extend the Rule 54(d) deadline as described above.

Dated: August 11, 2016       Respectfully submitted,

/s/ Adam E. Schulman
Adam E. Schulman
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1899 L Street, NW, 12th Floor
Washington, DC 20036
adam.schulman@cei.org
(610) 457-0856

*Attorney for Objectors Comlish and Artlip*

/s/ Miles Dumack
Miles Dumack
PA ID# 202278
DUMACK LAW
1621 McKean Street
Philadelphia, PA 19145
(267) 259-3962
miles@dumacklaw.com

Christopher T. Cain
Scott & Cain
550 West Main Street, Suite 601
Knoxville, TN 37902
(865) 525-2150
cain@scottandcain.com

*Attorneys for Objector Hipshire*

  Maurice R. Mitts, Esq.
Gerard M. McCabe, Esq.
Jennifer M. Adams, Esq.
**MITTS LAW, LLC**
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0120 (telephone)
(215) 866-0121 (facsimile)
Email: *mmitts@mittslaw.com*
      *gmccabe@mittslaw.com*
      *jadams@mittslaw.com*

Daniel P. Goetz, Esq. (*pro hac vice*)
**WEISMAN KENNEDY BERRIS CO., L.P.A.**
1600 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115
(216) 781-1111 (216) 781-6747 Fax
Email: *dgoetz@weismanlaw.com*

Patrick J. Perotti, Esq. (#0005481OH)
Nicole T. Fiorelli, Esq. (#0079204OH)
Frank A. Bartela, Esq. (#0088128OH)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 (440) 352-3469 Fax
Email: *pperotti@dworkenlaw.com*

Christopher J. Morosoff, Esq. (#200465CA)
**Law Office of Christopher J. Morosoff**
77-760 Country Club Drive, Suite G
Palm Desert, CA 92211
(760) 469-5986 (760) 345-1581 Fax
Email: *cjmorosoff@morosofflaw.com*

Douglas Caiafa, Esq. (#107747CA)
**Douglas Caiafa, A Professional Law Corp.**
11845 West Olympic Boulevard, Suite 1245
Los Angeles, CA 90064
(310) 444-5240 (310) 312-8260 Fax
Email: *dcaiafa@caiafalaw.com*

William T. Dowd, Esq. (#39648MO)
Alex R. Lumaghi, Esq. (#56569MO)
**Dowd & Dowd, P.C.**
211 North Broadway, Suite 4050
St. Louis, Missouri   63102
(314) 621-2500 (314) 621-2503 Fax
Emails: *bill@dowdlaw.net*
          *alex@dowdlaw.net*

Hassan Zavareei, Esq. (456161DC)
Andrea Gold, Esq. (502607DC)
**Tycko & Zavareei, LLP**
1828 L. Street NW, Suite 1000
Washington D.C. 20036
(202) 973-0900 (202) 973-0950 Fax
Email Addresses: *hzavaree@tzlegal.com*
                  *agold@tzlegal.com*

Michael J. Deem, Esq. (#02037-1998NJ)
**R.C. Sea & Associates, LLP**
244 Main Street
P.O. Box 2627
Toms River, NJ 08753
(732) 505-1212 (732) 600-2548 Fax
Email Address: *mdeem@reshea.com*

*Counsel for Objectors Robert Gallagher,*
*Rebecca Joiner, Andrea Kallay, David Legendre, Yanetsy*
*Loor, Diana Amaya, Terri Holcomb and Emily Mohr*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.

DATED: August 11, 2016

>*/s/ Adam E. Schulman*
>Adam E. Schulman