**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et. al. | : | Civ. No. 2:15-cv-00724-MAK |
|     Plaintiffs | : | |
| | : | |
|       vs. | : | |
| | : | |
| Ascena Retail Group, Inc., et. al. | : | |
|     Defendants | : | |
| | : | |

**OBJECTOR MICHELLE VULLINGS' BRIEF IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR APPEAL BOND**

Michelle Vullings (Objector and Appellant), by and through her attorney, Brent F. Vullings, Esq., submits this Brief in Opposition to the Motion of the Plaintiffs for Appeal Bond in this matter.

**RELEVANT FACTS**

On July 29, 2016, this Court granted the Class Representatives' Motions for Final Approval of Settlement, subject only to further Orders resolving Petitions for supplemental distributions from the $50.8 million settlement fund consistent with the accompanying opinion, and granting in part and Denying in part Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards. On August 8, 2016, Plaintiffs filed a Motion for Reconsideration. On August 9, 2016, Plaintiffs' Motion was granted, and, among other things, references to the non-transferable nature of the vouchers were stricken. As approved, the Settlement will provide direct monetary compensation and vouchers to Class Members.

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 1 of 11

Twenty-one (21) class members objected to this Settlement, including Michelle Vullings. In her Objection, Michelle Vullings ("Vullings" or "Objector-Appellant") asked this Court, among other things, to:

1.      Reduce Class Counsel's fee request because the fee request was excessive;

2.      Provide injunctive relief to protect the class and the public from Defendant's conduct going forward;

3.      Increase the total settlement amount or limit the scope to the claims which were pled;

4.      Allow class members to opt out by phone and/or email; and

5.      Cap Administration Costs or increase Settlement Fund as opposed to having the Class bear the added Administration costs.

In its Final Approval decision, the Court Denied Vullings' Objection.

In turn, Vullings filed a Notice of Appeal to the Court's Final Approval Order and Judgment.

Counsel for the Class Representatives filed a Motion for Appeal Bond with a brief in support. In that brief, their arguments center around the alleged "meritlessness" of the objectors' arguments as well as their alleged "bad faith and vexation conduct" as an alleged basis to ask this Honorable Court to impose an appeal bond which includes impermissible administrative costs Thus, Class Counsel requested that this Court require Vullings and all objectors to post an appeal bond in the amount of $121,200 pursuant to Federal Rule of Appellate Procedure 7.

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 2 of 11

## LEGAL ARGUMENT

**I.**     **Whether Vullings is pursuing frivolous arguments as alleged by class counsel is a question best left to the Court of Appeals. This Court may not impose a high FRAP 7 bond amount on appeal based on its stated conclusions without impermissibly encumbering Vullings' right to appeal as well as effectively pre-empting the Court of Appeals' prerogative to determine these questions. Such an attempt to prevent an appeal is unwarranted and intolerable.**

The Federal Rules of Appellate Procedure empower district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7; see also Fed. R. App. P. 8 (permitting a court to impose bond for stay during appeal). The purpose of Rule 7 is to protect an appellee against the risk of non-payment by an unsuccessful appellant. *In re Nutella Mktg. & Sales Practices*, No. 11-cv-1086, 2012 WL 6013276, 1 (D. N.J. Nov. 20, 2012) ("In many cases, an appeal bond is necessary to provide some level of security to Lead Plaintiffs who have no assurance that Appellants have the ability to pay the costs and fees associated with opposing their appeals.") (internal quotations omitted), ajf'd, 589 Fed.Appx. 53 (3d Cir. 2014).

"Yet Rule 7 was never intended to be used as a means of discouraging appeals, even if perceived to be frivolous." *In re Am. Inv. Life Ins. Co. Annuity Mktg. & Sales Prac. Litig*., 695 F. Supp. 2d 157, 166 (E.D. Pa. 2010); see also Vaughn v. Am. Honda Motor Co., 507 F.3d 295, 300 (5th Cir. 2007) (Even if the objectors are using the appeal "as a means of leveraging compensation for themselves or their counsel [and even where the] detriment to class members can be substantial . . . imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court judgment in approving a class settlement from appellate review.") (Internal citations omitted).

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 3 of 11

In short, the alleged taint of frivolity or threat of detriment to class members are not substantial reasons to discourage an objector's right to appeal in cases where class settlements are presented for appellate review. Vullings' right to appeal this Court's decision trumps any assertion of frivolity or costs accrued through delay to class members as a result.

Although this Court has set forth its opinion as to Vullings' objection, it is clear that "the court of appeals is the best forum to litigate the merits of the appeal." *In re Am. Inv. Life Ins. Co. Annuity Mktg. & Sales Prac. Litig*., 695 F. Supp. 2d 157, 166 (E.D. Pa. 2010) (internal citations omitted). Specifically:

> the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines*, 779 F.2d 714,717 (D.C. Cir. 1985). Allowing districts court to impose high Rule 7 bonds where the appeals might be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination. *Id*. at 717, 718; see also *Adsani v. Miller*, 139 F.3d67, 79 (2nd Cir. 1998) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. Universal Builders, Inc*., 501 F.2d 324, 341 (7th Cir.1974))." *Azizian v. Federated Dept. Stores, Inc*., 499 F.3d 950, 960 (9th Cir. 2007).

As a result, this Court is not authorized by Fed. R. App. P. 7 to impose a bond even if this Court agrees that Vullings' appeal is frivolous or without merit. Such determinations are questions for the Court of Appeals and can be vetted by its screening process.

The fact that Class Counsel states that Vullings' appeal is frivolous does not bear on the imposition of an appeal bond. In fact, it supports the logical underpinnings of the conclusion in the case law that the Court of Appeals is in the best position to decide a question of frivolity. Thus, Class Counsel's opinion as to frivolity does not bear on the imposition of a Rule 7 bond on appeal. Class Counsel's Motion for Appeal Bond must be denied as a matter of law and fact.

**II.      The requested bond is beyond what Vullings can pay**

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 4 of 11

Imposition of an appeal bond in the amount of $121,200 would not only be unjust and unfair, but it would severely prejudice Vullings due to her meager means. Imposition of such an appeal bond acts to protect class counsel and the defendants but not the class since Vullings is arguing for a more positive result for the class for which she is a member.

Vullings does not have the financial ability to post a bond in the amount of $121,200. Vullings' ability to post a bond in any amount is limited [Declaration of Michelle Vullings].

### III.    The relevant question before this Court is whether this Court based its approval of the settlement terms on meritorious facts, law, and the application of fact to law. Judicial policy favors objectors to settlement agreements as crucial because they promote valuable information as to fairness, adequacy, and reasonableness of class action settlements.

Objectors play a valuable role in providing the court with information and perspective regarding the fairness, adequacy, and reasonableness of a class action settlement. *In re HP Inkjet Printer Litig.*, No. 5:05-cv-3580 JF, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011) (citation omitted) (the role of objectors is crucial because "in assessing settlements of representative actions, judges no longer have the benefit of the adversarial process")).

Imposing an exorbitant bond amount as a reflection of this Court's opinion as to Vullings' objection based on its answers to questions reserved for the Court of Appeals is an abuse of discretion; a result repugnant to the letter of the law as well as the policy expressed by the appellate courts in class action cases. For these reasons, the amount of bond may not be tied to this Court's perception of Vullings' chances on appeal as a matter of law.

Furthermore, if objections to a class action settlement:

(i)      result in additional benefits conferred on the class, or

(ii)     substantially improve the settlement under consideration, objectors are entitled to an

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 5 of 11

award of attorneys' fees under a common fund theory. *Cohorst v. BRE Props., Inc.*, No. 10-cv-2666-JM(BGS), 2012 WL 2001754, at *1 (S.D. Cal. June 5, 2012) (citation omitted); see also *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1123 (9th Cir. 2002); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

IV.     **As per FRAP 39 and 7, only anticipated costs for the cost of copying and binding briefs and appendices are includable in the amount of an appeal bond. All other amounts requested for delay, administration, or lost interest must be denied as impermissible.**

As Objectors/Appellants Barbara Comlish and Kathryn Artlip have so eloquently argued, "the purpose of a Rule 7 appeal bond is to ensure that the appellant, if he is unsuccessful on appeal, can pay the 'costs on appeal' incurred by his opponent. *Tennille*, 774 F.3d at 1254 (10th Cir. 2014) (citing 16A Wright et. al., Federal Practice and Procedures §3953). In *Tennille*, a $1,007,294 appeal bond entered by the district court included $647,674 for sending class members' notice of the appeal, $334,620 for increased administrative costs, and $25,000 for printing and copying costs. *Id.* at 1254. The Tenth Circuit reversed the district court's Order, holding that a Rule 7 appeal bond could not include any amount to cover notice to class members or increased class administrative costs. *Id.* at 1255. The Tenth Circuit also found that the district court abused its discretion in requiring $25,000 for copying costs and decreased the bond to $5,000. *Id.* at 1257. Consistent with other circuits interpreting Rule 7, the Tenth Circuit held that "costs on appeal" under Rule 7 are limited to those costs that are expressly permitted by rule or statute. *Id.* A Rule 7 appeal bond could not include class action administration because there was no rule or statute expressly permitting plaintiffs to recover such costs. *Id.* at 1255.

Further, as Objectors/Appellants Barbara Comlish and Kathryn Artlip have stated in their Opposition to the Plaintiff's Motion, Plaintiffs rely only on the Third Circuit's unpublished *Nutella*

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 6 of 11

decision and a handful of district court cases. The unpublished non-precedential *Nutella* decision is inapt and unpersuasive for several reasons. Most significantly, it relies on the fact that "objectors were unresponsive in their briefing objecting to the imposition of the appeal bond." 589 Fed.Appx. 53, 61.

The district court cases cited by plaintiffs are equally unpersuasive because they offer no underlying rule or statute that can provide the foundation for including administrative costs in the bond amount. In short, because plaintiffs cannot identify a rule or statute authorizing recovery of the settlement administration costs, the Rule 7 bond amount cannot include the $120,000 in estimated administration costs. The $120,000 in administration costs also cannot be included in the bond amount because even if plaintiffs were successful on appeal, plaintiffs could not recover such costs from objecting class members. A Rule 7 bond includes costs relating to the appeal "that is, costs which the appellee stands to have reimbursed should he prevail on appeal." *Tennille*, 774 F.3d at 1254.

A Rule 7 appeal bond only covers anticipated costs, not the alleged delay damages and/or "administrative costs" sought by Class Counsel. Yet delay and administrative costs constitute nearly the entirety of their astronomically high proposed appeal bond amount of $121,200. Such anticipated damages may not be required as part of a bond. *Embry v. ACER Am. Corp.*, No. 23 09-01808, 2012 WL 2055030, at *2 (N.D. Cal. June 5, 2012).

Therefore, the costs claimed by Class Counsel for purposes of this appeal bond are impermissible.

The only cost for which a bond may be required under Rule 7 is for the cost of copying and binding briefs and appendices. *In Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950 (9th Cir.

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 7 of 11

2007). Similar holdings as to the allowable costs for appeal bonds are: *In re Navistar Diesel Engine Products Liability Litigation*, 2013 WL 4052673 (N.D.Ill. August 12, 2013), *In re Bayer Corp. Combination Aspirin Products Mktg. and Sales Practices Litig*., 2013 WL 473564 (E.D.N.Y. Sept. 3, 2013), *Vaughn v. American Honda Motor Company, Inc*., 507 F.3d 295 (5th Cir. 2007), *Devi Khoday, et. al. v. Symantec Corp., et. al.*, No. 0:11-cv-00180-JRT-TNL (D. Minn. July 28, 2016). The Court held that FRAP Rule 7 authorizes a bond to cover only those "costs" on appeal as are defined by rule or statute, and motion related costs are not included. *Id*. at 958. Thus, the expenses that Class Counsel have asked for due to settlement delay and administration are not "costs" that are taxable to an appeal bond:

        The costs that may be included in an appeal bond are set forth in Federal Rule of Appellate Procedure 39(e) ("Rule 39"). These costs include:
        "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." (Rule 39(e); see also Ninth Circuit Rule 39-1, "Costs and Attorney's Fees on Appeal," and Ninth Circuit Form 10. Bill of Costs, similarly listing the excerpts of record, opening brief, answering brief, and/or reply brief as the standard taxable costs.) Appellee expenses outside of Rule 39 costs must have an express rule or statutory basis to be included in the Rule 7 appeal bond. *Azizian*, supra.

        In *Azizian*, the plaintiffs sought an appeal bond of $12,833,501.80 to secure repayment of (1) Rule 39 costs, (2) appellate attorney's fees, (3) interest on their hoped-for attorney's fees award, and (4) delay damages. *Azizian*, 499 F.3d at 954. In denying the request for a bond for interest and delay damages while sharply reducing the bond for attorney's fees, the District Court had stated that:

        [W]hile the decision to impose a cost bond is within the sound discretion of the Court, the Court may not order an appellant to post a bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal. *See Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972). Although this issue has not been squarely addressed in the Ninth Circuit, other circuit courts have held that Rule 7 was not intended to be used as a means of discouraging appeals, even when those appeals are perceived to be frivolous. *In re American*

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 8 of 11

*President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985); see also *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) (bond may not be imposed for the purpose of discouraging exercise of the right to appeal). So long as the bond is appropriately tailored to cover only those costs that may be incurred during an appeal, however, the imposition of a bond does not offend principles of Equal Protection or Due Process. *Adsani v. Miller*, 139 F.3d 67, 77 (2nd Cir. 1998).

On appeal, the Ninth Circuit ultimately reduced the $12.8 million bond to just the $2,000 sought for Rule 39 costs by ruling that attorney's fees could not be included in a Rule 7 bond. *Azizian*, 499 F.3d at 962.

The Court emphasized that a district court may not prejudge the frivolousness of an appeal when setting an appeal bond, noting that "award of attorney's fees for frivolousness under Rule 38 is highly exceptional," requiring a fully developed appellate record, and that "only the court of appeals may order the sanction of appellate attorney's fees under Rule 38." *Id*. at 960.

Yet in the present case, Class Counsel have invited this Court to prejudge the appeal in setting an appeal bond of a voluminous and appeal deterring amount. This is impermissible. Only the costs listed in the FRAP rules are allowable in a bond on appeal: amounts for the preparation and transmission of the record, the reporter's transcript, if needed to determine the appeal, premiums paid for a *supersedeas* bond or other bond to preserve rights pending appeal, and the fee for filing the notice of appeal.

In the present case, these actual amounts do not equal $121,200. Therefore, since the allowable amounts includable in an appeal bond have been significantly trimmed by excluding lost interest and the administrative costs listed by the Class Counsel, any bond on appeal must be limited to the amount of the costs actually allowed by the FRAP rules. Class Counsel's request for appeal bond of $121,200 is impermissible under the applicable FRAP rules.

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 9 of 11

Class Counsel has asked for an appeal bond based on factors that are beyond this Court's reach and are impermissible under both case law and the FRAP rules. There is no provision in FRAP for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what "just damages" and costs the appellate court might award." *Cobell v. Salazar*, 816 F.Supp.2d 10, 13 (D.D.C. 2011).

Class Counsel does not set forth the relevant legal rule and the relevant appellate precedent because *American President Lines* demonstrates that they are not entitled to the relief they request. Their frivolous appeal bond request, if granted, will cause more delay, as the parties engage in collateral litigation over the reversible error that the settling parties have asked this Court to commit.

Further, even if this Court were to conclude that some administrative costs are allowed, the bond amount requested here must be denied because it is entirely too high. Most of the administrative expenses claimed, and all of the lost interest claimed, are not allowable costs under FRAP. Nowhere have Class Counsel provided any accounting or a breakdown of actual, allowable estimated expenses. The proposed $7,500 per month costs are outrageous, completely random, and have no documentable justification. The absence of detailed support for the exponentially higher delay costs claimed supports denial of the requested bond. (See, e.g., *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc*. 2008 WL 2415340 (E.D. Mich., June 12, 2008) [denying bond where "defendant has not met its burden of justifying the amount of its request or providing a reasonable estimate of the actual costs it may incur on appeal," citing *Lundy v. Union Carbide Corp*. 598 F.Supp. 451, 452 (D. Or. 1984)].)

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 10 of 11

**CONCLUSION**

Vullings, as the Objector-Appellant asks this Court to deny the Motion for Appeal Bond or in the alternative, to impose a reasonable amount of appeal bond based on a documented estimate of the actually allowable costs pursuant to FRAP 39 and 7, and for any and all other just and proper relief in these premises.

Dated: October 3, 2016

Respectfully submitted,

BY:   */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
VULLINGS LAW GROUP, LLC
3953 Ridge Pike Suite 102
Collegeville, PA 19426
Tel: 610-489-6060

Objector Michelle Vullings' Brief in Opposition to Plaintiff's Motion for Appeal Bond
[Carol Rougvie, et. al. v. Ascena Retail Group, Inc., et. al., USDC, E.D. Pa., 2:15-cv-00724]
Page 11 of 11