**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL ROUGVIE, *et al.*,<br><br>                                *Plaintiffs*,<br><br>           v.<br><br>ASCENA RETAIL GROUP, INC. d/b/a/<br>JUSTICE STORES<br><br>and<br><br>TWEEN BRANDS, INC. d/b/a<br>JUSTICE STORES<br><br>                                *Defendants*. | No. 2:15-cv-00724-MAK |

**MOTION OF CLASS MEMBERS BARBARA COMLISH AND KATHRYN ARTLIP TO INTERVENE AND TO REQUIRE DISCLOSURE AND DISGORGEMENT OF SIDE-PAYMENTS**

In accordance with Fed. R. Civ. P. 24, class members Barbara Comlish and Kathryn Artlip (collectively "Comlish"), move this Court to allow them to intervene under Fed. R. Civ. P. 24(a)(2) as a matter of right, or alternatively for permissive intervention under Fed. R. Civ. P. 24(b)(1), for limited purposes attending to the dismissal of certain objectors' appeals of this Court's final approval of settlement. Specifically, Comlish moves this Court for three forms of relief: (1) an order requiring the class plaintiffs, Justice, and/or objector-appellant class members Gretchen Carey, Michelle Vullings, Manda Hipshire, Kelsey D. Foligno, Vicki Mager, and Melissa Schultz (collectively "objector-appellants") to disclose the terms of the side-agreements that precipitated objector-appellants' dismissals of their appeals in the Third Circuit; (2) an order requiring an accounting of any money paid to objector-appellants and/or their counsel as part of those agreements; and (3) to the extent that that money was unjustly obtained by objector-appellants and/or their counsel without conferring any concomitant benefit for the class, an order requiring objector-appellants and/or their counsel to disgorge that money back into the settlement fund available for class members.

Good cause exists to grant Comlish's motion. As an absent class member timely seeking disclosure of and disgorgement of side-settlements entered into between both or one of the settling parties and objector-appellants, Comlish satisfies the four factor test necessary for intervention as a matter of right under Fed. R. Civ. P. 24(a)(2). She also satisfies the criteria necessary for permissive intervention under Fed. R. Civ. P. 24(b).

This Court possesses "broad authority to exercise control over a class action" to supervise the proceedings and guard against "potential abuse" of class action proceedings and absent class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Authorities, both academic and judicial, are of the unanimous consensus that bad-faith objections and appeals, brought simply for the purpose of extorting an individual side-payment, are an abuse of the class action device. *E.g.,* Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 Vand. L. Rev. 1623 (2009); *In re*

*Polyurethane Foam Antitrust Litig.*, 165 F. Supp. 3d 664, 670-71 (N.D. Ohio. 2015) (disciplining under Rule 11 objector who sought to extort money from the class).

Bad-faith objections are a scourge. They impose a systemic tax on the proceedings by increasing the costs of litigation for plaintiffs and defendants, which at the end of the day imposes a systemic tax on class members' recoveries. They burden already-overworked courts with filings made not for the purpose of reaching the right result, but for the purpose of obfuscating the real mission: extracting an individual buyout. They inflict a direct harm by holding hostage the implementation of settlements, the distributions of class awards and the global peace that defendants seek. They inject unfairness into settlements by contravening the principle that class members with equal claims will receive equal treatment. They cast into disrepute the very of act of objection, undermining and discrediting the voices of good-faith, principled, and public-minded objectors.

Although the deals have already "gone down" and thus the good-faith motion for injunction that this Court declared it would entertain (Dkt. 233 at 2) is effectively moot, this Court still harbors the power to do something about it. Namely, it possesses the equitable power to require disclosure of the side-deals and disgorgement of any funds paid to objector-appellants or their counsel gained through leveraging the class settlement. *See Young v. Higbee*, 324 U.S. 204 (1945) (granting relief to intervening shareholder who sought equitable accounting and disgorgement of an objector side-settlement, arising from appeal of bankruptcy plan confirmation).[1] Use of the Court's equitable power in this manner would be in keeping with its duty as a "guardian of the rights of absent class members." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 787 (3d Cir. 1995). It would also further the policy of the 2003 Amendments to Rule 23, which added provisions requiring the identification of any side-agreements and conditioning withdrawal of

---

[1] If for some reason, the agreed-upon payments have not yet been disbursed to objector-appellants or their counsel, then those payments should be disgorged from class counsel and/or Justice (whoever agreed to make them) directly to the class's settlement fund.

objections on the court's assent. *See* Fed. R. Civ. P. 23(e)(3); 23(e)(5).

Beyond its equitable power, the Court also possesses inherent authority and statutory authority under 28 U.S.C. § 1927 to order disgorgement to remedy objector-appellants' vexatious abuse of the litigation process.

In support of this motion, Comlish relies on the memorandum attached as Exhibit 1 to this motion. As Exhibit 2 to this motion, Comlish attaches a complaint in intervention in compliance with Fed. R. Civ. P. 24(c). As Exhibit 3 to this motion, Comlish attaches a proposed form of order. Comlish consents to disposition on the papers without oral argument, but would be glad to present oral argument if the Court believes it would be beneficial.

Dated: May 12, 2017

Respectfully submitted,

*/s/ Adam E. Schulman*
Adam E. Schulman
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
adam.schulman@cei.org
(610) 457-0856

*Attorney for Putative Intervenors Comlish and Artlip*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.

DATED: May 12, 2017

                                                  */s/ Adam E. Schulman*
                                                  Adam E. Schulman