UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al. | ) | No. 2:15-CV-00724-MAK |
| Plaintiffs, | ) | |
| v. | ) | |
| Ascena Retail Group, Inc., et al., | ) | |
| Defendants. | ) | |

**OBJECTOR GRETCHEN CAREY'S MEMORANDUM SUMMARIZING
DISCLOSURE OF SETTLEMENT TERMS**

Objector Gretchen Carey, by and through undersigned counsel, hereby responds to the Court's order requiring Objectors to disclose the terms of their settlements with class counsel. (Doc. 357.) In the brief below, Ms. Carey provides a brief background of her objection and the settlement of her appeal. She then provides a description of the terms of her settlement with Class Counsel, which provided for funds from their attorney fees award and not from any monies designated for the Class. Last, she notes that Objectors should be permitted further briefing on the disgorgement issue.

**I. Background**

Objector Gretchen Carey timely filed her objection to the proposed Class Action Settlement on April 18, 2016. (Doc. 123) Ms. Carey objected that the Class Action

Settlement should not be approved because a) the settlement did not provide recovery for cash payers without a receipt; b) the Settlement excluded purchases after a set date, but released the claims of purchasers for purchases made after that date; and c) the Settlement failed to consider state laws providing minimum consumer recoveries, which might provide for a better recovery for class members in certain states. (*Id.*)

On May 20, 2016, this Court held a Final Fairness hearing on the Class Action Settlement, at which Objector Carey and her fellow objectors appeared. Ms. Carey filed a post-hearing memorandum after the hearing (Doc. 168) and a notice of supplemental authority supporting her objections. (Doc. 179.) The Court approved the Class Action Settlement on July 29, 2016, including the award of attorneys' fees of $5,311,470.24 to plaintiffs' counsel ("Class Counsel"). (Doc. 184, 185) The Court granted Class Counsel leave to move to distribution of additional proceeds within 45 days of the last expiration date for a voucher. (Doc. 185 ¶ 5.) The Court did not make changes to the Class Action Settlement based on Ms. Carey's objections. (*Id.*)

Ms. Carey filed a Notice of Appeal to the Third Circuit on August 11, 2016. (Doc. 191.) On October 25, 2016, the Third Circuit Court of Appeals assigned the matter to mediation before Chief Circuit Mediator Joseph A. Torregrossa. The mediation was scheduled for November 30, 2016. Prior to the mediation, the objectors submitted mediation statements discussing their positions. Objectors attended this mediation, but were unable to reach settlement.

On February 8, 2017, Objector Carey filed her Opening Brief in the Third Circuit. Shortly afterward, the Third Circuit set another mediation, this time for March 24, 2017. Counsel for Ms. Carey appeared by telephone. Although Ms. Carey reached a settlement in principle at the mediation, one of the objectors refused to settle, so the matter did not settle. That objector later agreed to a settlement.

As such, the Third Circuit Mediator, Mr. Torregrossa, emailed the parties confirming the settlement of each appeal. The appeal was to be dismissed upon execution of settlement documents; as such, each objector gave up their right to pursue their appeal.

2

1  Ms. Carey entered into a settlement agreement with Plaintiffs' counsel on or about April
2  20, 2017. She dismissed her appeal with prejudice on April 25, 2017. In exchange, Ms.
3  Carey gave up her right to appeal and to pursue the objections she had made on behalf of
4  the class.

5  Only after the appeals were dismissed, and the objectors had given up their rights
6  to pursue their appeals, did class members Barbara Comlish and Kathryn Artlip move to
7  intervene (on May 12, 2017). (Doc. 263.) They asked objectors to disclose the terms of
8  their settlements and requested an order disgorging any money received—no matter
9  why—"back into the settlement fund available for class members." (*Id.* at 2.) But as
10 discussed below, Ms. Carey did not receive any money from the settlement fund
11 available for class members; she received money from the Court-approved award of
12 attorneys' fees to Class Counsel in exchange for giving up her right to pursue her appeal.
13 Ms. Comlish and Ms. Artlip did not timely object to the award of attorneys' fees to Class
14 Counsel; they should not now, as intervenors, be allowed to collaterally attack an
15 agreement made between Class Counsel and an objector on distribution of those fees.
16 Those fees were reasonable given the claims being released, and taking away those fees
17 would also require unwinding the settlement and reinstating the appeal (and recovering
18 monies paid to class members, perhaps even immediately).

19 **II.  Terms of Settlement Agreement**

20 Ms. Carey made the following agreement with Class Counsel, which was
21 predicated in large part on the value of her claim and the value of her counsel's efforts to
22 secure her relief.

23 Class Counsel agreed to pay, from their attorney fee award, the sum of
24 $100,000.00 which was distributed in three parts. Fifty percent was paid upon Class
25 Counsel's receipt of 50% of Class Counsel's attorney fees under the Class Settlement
26 Agreement approved by the Court (Doc. 185); 25% was paid after receipt of Class
27 Counsel's receipt of the next 25% of Class Counsel's fees, and the remaining 25% was
28 paid upon Class Counsel's receipt of the remaining 25% of Class Counsel's attorneys'

3

fees. This settlement amount was for Ms. Carey's work in pursuing her objections and attorneys' fees for her counsel, who had filed objections, participated in the final fairness hearing, filed supplemental briefing, filed an Opening Brief in the Third Circuit, and participated in two mediations. In consideration for this settlement amount, Ms. Carey agreed to dismiss her appeal and "to take no further action" in the matter. Specifically, she agreed to refrain from further filings in the appeal or this action (the "Rougvie Matter"):

> The Objector Parties agree that they will not file nor will they cause to be filed any further motions, objections, notices of appeal, or other filings in the Rougvie Matter or the Appellate Matter other than that effectuating the withdrawal of their objections and the dismissal of their appeal and obtaining any sums from the District Court that the Objector Parties provided as security in the form of an appeal bond.

In addition, she agreed to release any objections, rights to appeal, or claims she had concerning the Class Settlement:

> The Objector Parties hereby irrevocably and unconditionally release, remise, and forever discharge any objections, rights to appeal, or claims they have, may have, or could have, now or in the future, concerning: (a) the Class Settlement; (b) certification of the class in the Rougvie Matter; (c) and/or Class Counsel's requests for attorneys' fees in the Rougvie Matter of any nature…

If Ms. Carey is required to disgorge her settlement payment, then Ms. Carey's rights to object would have to be reinstated.

### III. Ms. Carey Should Be Permitted to Brief the Effect of Disgorgement on Her Claims

Because this Court's Order only permits Ms. Carey to disclose the terms of her agreement, Ms. Carey has confined her discussion in this brief to that issue. In addition, her Settlement Agreement provides that she will not file additional motions or objections in this case.

4

That said, Ms. Carey is filing a joinder in the motion for leave to brief the issue filed by Objectors Mager and Schultz. (Doc. 372.) In brief, she will argue that this Court cannot order disgorgement of monies paid by class counsel pursuant to an agreement made through mediation in the Third Circuit without reopening the Class Action Settlement and reinstating the objections to the settlement. The Objectors' rights are being affected by the Court's decision, and they request the opportunity to be heard through briefing in addition to their appearance at the hearing.

Respectfully submitted this 21st day of December, 2018.

**THE WILKINS LAW FIRM, PLLC**

By: /s/ Amy M. Wilkins
Amy M. Wilkins *(pro hac vice)*
3300 N. Central Ave., Ste. 2600
Phoenix, AZ  85012

**BERNHARDT, ROTHERMEL & SIEGEL**

By   s/ Frank A. Rothermel
Frank A. Rothermel
1515 Market Street, Suite 1540
Philadelphia, PA 19102
*Attorneys for Objector Gretchen K. Carey*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/  Amy M. Wilkins
Amy M. Wilkins

6