## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | CIVIL ACTION No. 15-724 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Ascena Retail Group, Inc., et al., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO NOTICE OF TIME RECORDS SUBMISSION IN SUPPORT OF FEE PETITION (DOC. NO. 346) BY OBJECTORS ANDREA KALLAY, ROBERT GALLAGHER, REBECCA JOINER, DAVID LEGENDRE, YANETSY LOOR, DIANA AMAYA, TERRI HOLCOMB, EMILY MOHR AND DORLENE GOLDMAN**

Plaintiffs Carol Rougvie, Marguerite Sinkler Gilder, Caroline Mansour, Melinda Mehigan, Fonda Kubiak, Carol Cowhey, Kara Bell, and Tiffany Bolton (the "Plaintiffs"), through counsel, file this Response to the Notice of Time Records Submission in Support of Fee Petition (Doc. No. 346) by Objectors Andrea Kallay, Robert Gallagher, Rebecca Joiner, David Legendre, Yanetsy Loor, Diana Amaya, Terri Holcomb, Emily Mohr And Dorlene Goldman ("Kallay Objectors").

### I.     Introduction

Plaintiffs do not seek to relitigate the matters set forth in their December 7, 2018, Response to the Kallay Objectors' Fee Petition (Dkt. 351).[1]  Instead Plaintiffs seek to briefly expand on their opposition to the Kallay Objectors' Fee Petition now that the Kallay Objectors' counsel have submitted their time records.

Pertinently, while Plaintiffs oppose the Kallay Objectors' fee petition in total, even assuming *arguendo* that the Kallay Objectors conferred a benefit to the class worthy of any

---

[1] Plaintiffs incorporate those arguments by reference here.

award of fees related to their opposition to the reversionary interest, the Kallay Objectors' time records suggest that precious little time was spent on the objection for which they seek fees. The Kallay Objectors' lodestar and ultimate fee award should only relate to the time spent on their allegedly "successful" reversionary objection.[2]   Plaintiffs noted previously, in their Response to the Kallay Objectors' fee petition, that they expected that the Kallay Objectors' time records would reveal that much of the Kallay Objectors' time was not spent on this issue. The Kallay Objectors' time records confirm as much.

## II.     Time Actually Spent on the Reverter Issue

Plaintiffs' review of the Kallay Objector's time entries reveals time entries totaling approximately 6.4. hours that actually refer to their opposition to the reversionary interest. Dkt. 367, at p. 8, 76, 78, 84, 216, 241, 257.   Meanwhile, the Kallay Objectors' seek attorneys fees for extensive time before the official objection period was even open (and the Settlement Agreement even consummated), after the reversionary issue became moot, as well as after this Court had ruled on the Kallay Objectors' objections. For example, multiple time entries reference the Kallay Objectors' appeal which the Kallay Objectors voluntarily dismissed. Dkt. 367, at p. 163, 168, 216, 257.   Of course, their appeal did not benefit the class.

In many cases, the time entries explicitly relate to a Multidistrict Litigation Panel hearing, a related case management conference, or otherwise relate to the lawsuits that the Kallay Objectors filed against Justice in other jurisdictions (*e.g.*, *Perez v. Tween Brands, Inc.*, No. 14-CV-001119, Oh. Ct. of Com. Pl., Lake Cnty.).   *E.g.*, Dkt. 367, at p. 8, 9, 12, 21, 22, 23, 28, 42, 57, 238, 239, 255.

---

[2] *See In re: Petrobas Securities Litigation*, 320 F. Supp. 3d 597, 601 (S.D.N.Y. 2018) (where the majority of the objector's objections dealt with unsuccessful arguments, the Court granted a fee equivalent to 10% of lodestar); *see generally Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

In other cases, *context* suggests that the time is not related to the reverter issue.  In fact, the Kallay Objectors seek fees for huge sums of time spent before the Settlement Agreement was finalized and made publically available.  By way of example, the Dworken & Bernstein firm alone has well over *twenty pages* of billing entries that predate September 24, 2015, when the Settlement Agreement (which was not even finalized until September 23, 2015) was docketed. *Id.* at 9-32.  By way of another example, Mr. Morosoff seeks 51 hours for fees related to work he performed before the Settlement Agreement was docketed.[3]  *Id.* at 238-40.

While the Kallay Objectors' attorneys were provided a preliminary Term Sheet prior to September 24, 2015 (on or about July 30, 2015), even then the Term Sheet was not a final agreement and the majority of their challenges to the Term Sheet had *nothing* to do with the reverter provision.   Dkt. 346, 44-57 (a seven-plus page letter objecting to the Term Sheet involved *just half a page* of discussion on the reverter issue).

In addition, the letter makes clear that the Kallay Objectors *themselves* were not then objecting to the Term Sheet (nor does it suggest that they had even seen the Term Sheet).  To the contrary, the letter was explicitly written on behalf of the Kallay Objectors' *counsel*.  *Id.* at 44 ("This letter is written on behalf of counsel in the [various other Ascena lawsuits that were filed by the Kallay Objectors' attorneys].").  While a *class member* can indeed object to a class action settlement (and, in some cases, obtain fees for their efforts), an attorney alone cannot do so.  *See generally* Fed. R. Civ. P. 23(e)(5) ("Any *class member* may object to the proposal if it requires court approval under this subdivision (e).") (emphasis added).[4]  Thus, even beyond the fact that

---

[3] Mr. Deem is an exception to this pattern.  His submitted time entries address time spent only from September 24, 2015 onward.

[4] If the law were to the contrary, any attorney could review a class action settlement, raise "problems" with the settlement (no settlement is perfect), and then request fees if a single one of those objections bore an ounce of

the Term Sheet objections were mostly unrelated to the reverter issue, such time is completely non-compensable. Further, the letter does not pose an objection to any proposal pending before the Court[5] (as is required for an objection to be lodged per Rule 23) and was filed *on behalf of counsel*, not any Class Member(s) (which is also required by Rule 23).[6] At its most basic, if the Kallay Objectors' attorneys are due any fees, the award must be tied to the time related to their clients' actual formal objections to the Settlement Agreement and only then in relation to the time spent on the reverter issue.

### III.   Exemplary Time Entries Which are Overly Vague or Otherwise Unrelated to the Kallay Objectors' Alleged Benefit to the Class

Massive swathes of the Kallay Objectors' time records are unduly vague and, given that the vast majority of the Kallay Objectors' objections were unsuccessful and that the Kallay Objectors were involved in unrelated litigation with the Defendants in this case (including the MDL challenge), this is particularly problematic. A non-exhaustive sampling of these vague time entries and/or those which do not evince a relationship to the reversionary objection are as follows:[7]

- "Deadlines." 2.0 hours. Dkt. 367, at 147.
- "Conv. with PJP re: strategy going forward." 1.0 hour. *Id.* at 66.
- "Conv. with FAB re: strategy." 1.0 hour. *Id.*
- "Conv w/ FAB and PJB re strategy going forward." 0.5 hour. *Id.* at 68.

---

fruit. That would be contrary to Rule 23 as well as conventional principles of standing and the functioning of class actions generally.
[5] The Term Sheet predated the fully executed Settlement Agreement.
[6] Relatedly, there is no indication that the Kallay Objectors (*i.e.*, the Class Members themselves) even reviewed the Term Sheet at this juncture.
[7] This list does not seek to address the time entries which *explicitly* concern the Kallay Objectors' work on the MDL, their unsuccessful appeal to the Third Circuit, or the time these Objectors' attorneys spent on their own suits against Ascena which were filed in other jurisdictions. While that work was not related to the Kallay Objectors alleged benefit to the class here, Plaintiffs already addressed time entries which, on their face, relate to those unrelated matters *supra* at p. 2-3.

- "Meeting w/ client" 1.0 hour. *Id.* at 240.

- "Email from Gold re: strategy." 0.2 hour. *Id.* at 34.

- "Email from AMS to Co-Counsel re: next steps." 0.4 hour. *Id.* at 35.

- "Summary of Motion for Reconsideration." 4.5 hours.[8] *Id.* at 152.

- "Emails with Goetz, PJP & NTF re: Visa/Mastercard settlement." 0.1 hour. *Id.* at 144.

- "Voucher research." 7.0 hours.[9] *Id.* at 47.

- "Emails [among the Kallay Objectors' counsel] re: need to figure out next steps." 0.3 hours. *Id.* at 35.

- Numerous entries related to the fact that the Kallay Objectors, following the fairness hearing, filed a Supplemental Brief (Dkt. 173) which addressed issues unrelated to the reverter. At least 20.5 hours. *Id.* at 138-143, 234.

- "Call w/ co-counsel re: next steps." 1.0 hour. *Id.* at 36.

- "Call w/ co-counsel re: next steps." 2.0 hours. *Id.* at 37.

- "Call w/ PJP & Gold re strategy." 0.2 hours. *Id.* at 27.

- "Call w/ PJP re strategy." 0.2 hours. *Id.*

- "Review of case/developments." 1.0 hour. *Id.* at 38.

- "Review emails from co counsel and opposing counsel re stay, Rougvie settlement, etc." 0.3 hours. *Id.* at 255.

- "Conv. with PJP re: follow up from conference call with co-counsel." 0.7 hours. *Id.* at 69.

- "Call w co counsel, NTF PJP et al; follow up conf.; extensive review of Shelley's motion; edits; re-drafting." 7.0 hours. *Id.* at 42.

- "Emails with PJB re: cases." 0.1 hour. *Id.* at 48.

- "Emails with FAB re: cases." 0.1 hour. *Id.*

---

[8] The Motion for Reconsideration at issue was filed by Class Counsel. Dkt. 188. The Motion did not relate to the reverter issue. Further, the brief in support of the Motion for Reconsideration amounted to less than four pages. While different attorneys may work at different paces, **summarizing a three-and-a-half page brief should not take anywhere approaching four-and-a-half hours.** 22 other time entries refer to the Motion for Reconsideration, which (again) was completely unrelated to the, at that juncture, already addressed reverter issue. Dkt. 367, at p. 150-52, 160, 162-64.

[9] The Kallay Objectors' opposition to the voucher relief, like most of their other objections, was found to be meritless by this Court. Such objections conferred no benefit to the class.

- "Conv. with FAB re: follow up from conference call with co-counsel." 0.7 hours. *Id.* at 70.
- "Conv. with client." 0.6 hour. *Id.* at 71.
- "Review of Dan Goetz statement of law, send thoughts on same to SMF for research." 1.0 hour. *Id.* at 138.
- "Additional research on objections to Class Action Settlements in the Third Circuit." 8.0 hours. *Id.* at 14.
- "Email w/ Caiafa." 0.2 hours. *Id.* at 240.
- "[E]mails with counsel (0.2); Email with Morosoff (0.2)." 0.4 hours. *Id.* at 245.
- "Work on objection", "work related to objection," or "work re objection." 20.0 hours total. *Id.* at 72, 73, 82, 83, 86, 90, 95, 106.
- "Research for drafting objection." 4.8 hours. *Id.* at 81.
- "Research on cases where court denied preliminary approval of a class settlement and why [total time spent on assignment]." 11.0 hours. *Id.* at p. 40.
- "Find cases where court DENIED preliminary approval of a class settlement, and why." 4.5 hours. *Id.* at 41.
- "Summary of court's final approval order." 9.0 hours.[10] *Id.* at 149.
- "Draft research request." 0.2 hour. *Id.* at 69.
- "Conf. call with co-counsel." 1.0 hour. *Id.*
- "Call with objection co-counsel." 0.5 hour. *Id.* at 129.
- "Emails with Caiafa, jk re response to request." 0.1 hour. *Id.* at 183.
- "Call with client." 0.4 hours. *Id.* at 103.
- "Call with client." 0.3 hours. *Id.* at 99.

No doubt some of the Kallay Objectors' time entries are, as alluded to above, related to their objections to the settlement. However, even then, other than the approximately 6.4 hours related to the reverter issue, those time entries do not indicate what objection(s) the time was

---

[10] Beyond vagueness, nine hours summarizing a court order is highly suspect. Elsewhere, a single attorney billed 21.5 hours reviewing briefs related to *other* Objectors' objections and creating a memo summarizing same. Dkt. 367, at p. 260-261.

spent on. As Class Counsel has noted previously, the vast majority of the Kallay Objectors' objections were meritless.[11] In fact, while one of the Kallay Objectors' attorneys argued at the Fairness Hearing, those arguments did not focus on the reverter issue. Rather, at the hearing, the Kallay Objectors focused on other matters which this Court consequently rejected and thus provided no benefit to the Class (*i.e.*, the assertion that the potential damages were higher than Class Counsel's estimates such that the Settlement was allegedly unreasonable; that further discovery was needed; that the claims process was overly burdensome; and that the voucher relief was improper). N.T. Fairness Hearing, at p.132-46, 159-63.[12]

## IV.    Conclusion

Accordingly, while Plaintiffs continue to oppose the Kallay Objectors' assertion that they are due *any* fee award, to the extent that this Court decides to award them attorneys' fees, Plaintiffs respectfully submit that review of the Kallay Objectors' time records confirms that a substantial reduction of their lodestar is due.

---

[11] The issue of reversion is not a novel or complex one. While courts have come to differing conclusions as to whether a reversionary interest is objectionable, this is a well tread area of the law. In fact, counsel from the Center for Class Action Fairness similarly objected to the reversionary provision and billed but a fraction of the time that the Kallay Objectors' did – while litigating a great number of other additional issues such as disgorgement, a matter of first impression before this Court. *See Rose v. Bank of Am. Corp.*, 5:11-CV-02390-EJD, 2015 WL 2379562, at *3 (N.D. Cal. May 18, 2015) (denying objector fees and noting that the objector's $393,311.24 fee request, which is far less than that petitioned for here, "appear[ed] extraordinarily high"); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005), *as amended* (Feb. 25, 2005) (even under a percentage of the fund approach, the fee award should reflect the "efficiency" of counsel); *Park v. Thomson Corp.*, 633 F.Supp. 2d 8, 12 (S.D.N.Y. 2009) ("[A] district court can exclude excessive and unreasonable hours from its fee computation by making an across-the-board reduction in the amount of hours.") (internal quotation marks omitted).

[12] Time entries related to the Fairness Hearing amounted to at least ten hours. Dkt. 367, at 91, 92, 94, 116-131.

Respectfully submitted,

Date: December 31, 2018

BY: */s/ Kevin E. Raphael*
William Pietragallo, II, Esquire
Kevin E. Raphael, Esquire
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Tel: 215.320.6200
WP@pietragallo.com
KER@pietragallo.com

MANSOUR GAVIN LPA
ERNEST MANSOUR, ESQ.
ANTHONY COYNE, ESQ.
BRENDON P. FRIESEN, ESQ.
emansour@mggmlpa.com
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
(216) 523-1500

EDWARD J. WESTLOW, ESQ.
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, VA 23219-3532
(804) 780-0305

ROBERT MANSOUR, ESQ.
23611 Chagrin Blvd., Suite 270
Beachwood, Ohio 44122
(216) 514-3127
Rmansour@competitivetitle.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carol Rougvie, et al., | : | |
| Plaintiffs, | : | NO. 2:15-cv-00724-MAK |
| v. | : | |
| Ascena Retail Group, Inc., et al., | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2018, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's electronic case filing system.

         */s/ Kevin E. Raphael*
         I.D. No. 72673
         1818 Market Street, Suite 3402
         Philadelphia, PA  19103
         (215) 320-6200

         *Attorney for Plaintiffs*